Steven J. Moser (SM1133)MOSER LAW FIRM, P.C.
5 E. Main StreetHuntington, NY  11743
631.824.0200
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALVAREZ CHICAS and ALONSO VILLATORO, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    - *against* -<br><br>KELCO CONSTRUCTION, INC., E.L.M. GENERAL CONSTRUCTION CORP., JOHN KELLY and JOSEPH PROVENZANO,<br><br>         Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Case No.**<br><br><br>**JURY TRIAL DEMANDED** |

   Carlos Alvarez Chicas and Alonso Villatoro ("Named Plaintiffs), individually and on behalf of all others similarly situated, by the Moser Law Firm, P.C., hereby file this complaint against Kelco Construction, Inc., E.L.M. General Construction Corp., John Kelly and Joseph Provenzano ("Defendants") and allege as follows:

## INTRODUCTION

   1.  Kelco Construction, Inc. ("Kelco") is the largest landscape installation and construction company in the New York metropolitan area. During the six year and 198 day period preceding the filing of this complaint and up to the present time (the "relevant time period"), Kelco has worked on numerous public projects, including the 9/11 Memorial and Museum, the LGBTQ Memorial Site, Central Park, The Brooklyn Bridge Park, and Hudson River Park. As of 2016 Kelco's annual gross revenue was approximately $40 million. Named Plaintiffs and those similarly situated ("Plaintiffs") were laborers and

MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 1

workingmen employed by Kelco and E.L.M. General Construction Corp. ("ELM") who were not paid overtime for all hours worked and were not paid the prevailing wages to which they were entitled under the public works contracts.

2.     Kelco and ELM are jointly owned and/or operated by Defendants John Kelly and Joseph Provenzano.

3.     Kelco and ELM constitute a single integrated enterprise, and as such, each is jointly and severally liable for the causes of action asserted herein.

4.     Kelco and ELM are related entities which each issued payroll checks to the same employees covering the same workweek. However, the checks issued by ELM paid employees at rates less than the applicable prevailing wage for work performed on public works contracts entered into by Kelco. The checks issued by ELM did not pay Kelco employees at the agreed upon regular rate.  In addition, the hours paid by Kelco and ELM were not aggregated for the purpose of calculating overtime under the FLSA  and the NYLL, resulting in the failure to pay time and a half for overtime hours worked.

5.     This complaint is filed to recover:

A.  Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2;

B.  Straight wages under NYLL § 191;

C.  Unpaid  prevailing  wages, under public  works  contracts  entered  into  by Defendant Kelco;

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 2

D.  Statutory damages for failure to issue wage statements that comply with NYLL § 195(3).

E.  Statutory damages for failure to issue hiring notices as required by NYLL § 195(1).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Southern District of New York.

## PARTIES

**PLAINTIFF CARLOS ALVAREZ CHICAS**

4.      Plaintiff Carlos Alvarez Chicas ("Alvarez") is a natural person who resides in Suffolk County, New York.

5.      Alvarez was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF ALONSO VILLATORO**

6.      Plaintiff Alonso Villatoro ("Villatoro") is a natural person who resides in Suffolk County, New York.

7.      Villatoro was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 3

**KELCO CONSTRUCTION, INC.**

8.      Defendant Kelco Construction, Inc. ("Kelco") is a domestic corporation formed under the laws of the State of New York.

9.      Kelco has engaged in the business of providing landscaping and construction services during the three year period preceding the filing of this complaint ("the FLSA time period").

10.     For each calendar year from January 1, 2018 and up to the present time, Kelco's annual gross volume of sales made or business done was not less than $500,000.

**E.L.M. GENERAL CONSTRUCTION CORP.**

11.     Defendant E.L.M. General Construction Corp. ("ELM") is a domestic corporation formed under the laws of the State of New York.

12.     Defendant ELM has engaged in the business of providing landscaping and construction services during the FLSA time period.

13.     For each calendar year from January 1, 2018 and up to the present time, ELM' annual gross volume of sales made or business done was not less than $500,000.

**THE KELCO ENTERPRISE**

14.     Kelco and ELM (the "Corporate Entities") form part of a single integrated enterprise (the "Kelco Enterprise"), and therefore constitute a single employer for the purposes of FLSA and NYLL liability.

15.     Upon information and belief, the Corporate Entities share interrelated operations, common management, centralized control of labor relationships, and common ownership.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 4

16.     Upon information and belief, the Corporate Entities are commonly owned, operated, and managed by Defendants John Kelly ("Kelly") and Joseph Provenzano ("Provenzano").

17.     The Corporate Entities share a common principal place of business.

18.     Kelco maintains a place of business at 25 Newton Place, Hauppauge, NY 11788.

19.     ELM maintains a place of business at 25 Newton Place, Hauppauge, NY 11788.

20.     The Corporate Entities are involved in the business of landscaping and construction.

21.     During the relevant time period, Kelco did business as "The Dirt Company".

22.     During the relevant time period, ELM also did business as "The Dirt Company".

23.     During the relevant time period, Kelco did business as "Ecological Landscape Management".

24.     During the relevant time period, ELM also did business as "Ecological Landscape Management".

25.     In sum, during the relevant time period, both Kelco and ELM used the same assumed names: The Dirt Company" and "Ecological Landscape Management".

26.     In sum, during the relevant time period, both Kelco and ELM did business under the same names.

27.     The use of the same assumed name by different corporations permits the comingling of funds and diversion of earnings earned by one corporation to another. More

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 5

specifically, the use the same assumed name by different corporations allows any of the corporations who share the same assumed name to deposit a check intended for the other corporation. A check payable to either "Ecological Landscape Management" or "The Dirt Company", regardless of which Corporate Entity it was intended for, could be deposited into either an ELM bank account or a Kelco bank account.

28.     During the relevant time period, ELM did business as "Kelly's Crew".

29.     Upon information and belief, John Kelly is the eponym of Kelly's Crew.

**JOHN KELLY**

30.     John Kelly ("Kelly") is a natural person who resides in Suffolk County, New York.

31.     Upon information and belief, Kelly was an officer of Kelco during the relevant time period.

32.     Upon information and belief, Kelly was the president of Kelco during the relevant time period.

33.     Upon information and belief, Kelly has been the sole shareholder of Kelco during the relevant time period.

34.     Upon information and belief, Kelly has been a majority shareholder of Kelco during the relevant time period.

35.     Upon information and belief, Kelly has been a shareholder of Kelco during the relevant time period.

36.     Upon information and belief, Kelly was the president of ELM during the relevant time period.

**MOSER LAW**
**FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*                                                COMPLAINT
                                                                                        Page 6

37.     Upon information and belief, Kelly was an officer of ELM during the relevant time period.

38.     Upon information and belief, Kelly has been the sole shareholder of ELM during the relevant time period.

39.     Upon information and belief, Kelly has been a majority shareholder of ELM during the relevant time period.

40.     Upon information and belief, Kelly has been a shareholder of ELM during the relevant time period.

41.     Upon information and belief, an employment relationship existed within the meaning of the FLSA and NYLL, between Kelly and the Plaintiffs, in that the Defendant Kelly had the power to control the Plaintiffs.

42.     Upon information and belief, Kelly had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

43.     Upon information and belief, Kelly exercised sufficient operational control over Kelco to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

44.     Upon information and belief, Kelly exercised sufficient operational control over ELM to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

**JOSEPH PROVENZANO**

45.     Joseph Provenzano ("Provenzano") is a natural person who resides in Suffolk County, New York.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 7

46.     Upon information and belief, Provenzano was an officer of Kelco during the relevant time period.

47.     Upon information and belief, Provenzano has been a shareholder of Kelco during the relevant time period.

48.     Upon information and belief, Provenzano was the president of ELM during the relevant time period.

49.     Upon information and belief, Provenzano was an officer of ELM during the relevant time period.

50.     Upon information and belief, Provenzano has been the sole shareholder of ELM during the relevant time period.

51.     Upon information and belief, Provenzano has been a majority shareholder of ELM during the relevant time period.

52.     Upon information and belief, Provenzano has been a shareholder of ELM during the relevant time period.

53.     Upon information and belief, an employment relationship existed within the meaning of the FLSA and NYLL, between Provenzano and the Plaintiffs, in that the Defendant Provenzano had the power to control the Plaintiffs.

54.     Upon information and belief, Provenzano had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

55.     Upon information and belief, Provenzano exercised sufficient operational control over Kelco to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*                                                    COMPLAINT
                                                                                          Page 8

56.     Upon information and belief, Provenzano exercised sufficient operational control over ELM to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

### FACTS

**PUBLIC WORK**

57.     Kelco entered into contracts for numerous public work projects to be performed during the relevant time period:

    A.  The 9/11 Memorial and Museum,

    B.  The LGBTQ Memorial Site,

    C.  Central Park,

    D.  Brooklyn Bridge Park,

    E.  Hudson River Park,

    F.  Queens Plaza Park,

    G.  The Brooklyn Botanical Gardens, and

    H.  Domino Park.

58.     Upon information and belief, the aforementioned public works contracts, consistent with NYLL § 220, provided that that all laborers, workmen or mechanics performing work thereunder were entitled to (1) the prevailing rate of wages for each hour worked (2) time and a half for hours worked in excess of 8 hours each workday and (3) time and a half for hours worked in excess of 40 during any workweek.

**CARLOS ALVAREZ CHICAS**

59.     Plaintiff Carlos Alvarez Chicas was employed by Kelco from approximately March 2017 until approximately March 2021.

**MOSER LAW**
**FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 9

60.     Plaintiff Carlos Alvarez Chicas ("Alvarez") was employed by ELM from approximately March 2017 until approximately March 2021.

61.     Alvarez worked as a laborer and form setter.

62.     During his employment with Kelco and ELM, Alvarez performed work under numerous public works contracts, including:

    A.  Central Park;

    B.  The Brooklyn Botanical Gardens; and

    C.  Brooklyn Bridge Park.

63.     Kelco and ELM issued separate paychecks to Alvarez for work performed during the same workweek.

64.     Kelco and ELM did not aggregate the hours worked for purposes of paying overtime wages to Alvarez.

65.     Kelco and ELM did not pay Alvarez time and a half for hours worked in excess of 40 as required by the FLSA and the NYLL.

66.     Kelco and ELM did not pay Alvarez the prevailing wages for each hour worked up to 8 hours each day as required by the public works contracts entered into by Kelco.

67.     Kelco and ELM did not pay Alvarez time and a half for hours worked in excess of 8 hours each workday as required by the public works contracts.

68.     Kelco and ELM did not pay Alvarez time and a half for hours worked in excess of 40 hours each workweek as required by the public works contracts.

69.     For example, for the workweek ending August 25, 2018, Kelco paid Alvarez for 40 hours at $46.35 per hour. However, for this pay period, ELM also paid Alvarez for

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 10

15 hours at only $15 per hour. Pay stubs for Alvarez from Kelco and ELM for this pay period are annexed hereto as Exhibit 1. During this workweek, the Defendants failed to pay Alvarez for all overtime hours worked at one and one half times his regular rate of pay - $69.525. Although, upon information and belief, the work performed during this workweek was performed pursuant to a public works contract, Kelco did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

70.    For example, for the week ending March 2, 2019, Kelco paid Alvarez for 32 regular hours at $46.35 per hour, and 1 hour at an overtime rate of $69.525 per hour. However, for this pay period ELM also paid Alvarez for an additional 12 hours at only $15 per hour. Pay stubs for Alvarez from Kelco and ELM for this pay period are annexed hereto as Exhibit 2. During this workweek, the Defendants failed to pay Alvarez for all overtime hours worked at one and one half times his regular rate of pay - $69.525. Although, upon information and belief, the work performed during this workweek was performed pursuant to a public works contract, Kelco did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

71.    Kelco hired Alvarez on or about March 2017.

72.    Kelco did not furnish a hiring notice to Alvarez that complied with NYLL § 195-1(a) at any time.

73.    ELM never formally hired Alvarez.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 11

74.     ELM began paying Alvarez  on or about March 2017.

75.     ELM did not furnish a hiring notice to Alvarez that complied with NYLL §

195-1(a) at any time.

76.     NYLL § 195-3 requires employers to furnish to the employee, with each

payment of wages, a statement containing the following information:

> the dates of work covered by that payment of wages;  name of employee;  name of
> employer;  address and phone number of employer;  rate or rates of pay and basis
> thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or
> other;  gross wages;  deductions;  allowances, if any, claimed as part of the
> minimum wage;  and net wages.

77.     The wage statements issued by both Kelco and ELM to Alvarez were

fictitious, because neither statement contained the proper number of regular and/or

overtime hours worked.  Instead, the wage statements were designed to make it seem as

though the Plaintiffs were employed by two different entities, when in fact they were all

formally hired by Kelco.  The purpose of issuing separate wage statements was to evade the

Defendants' obligations to pay overtime, agreed upon regular rates, and prevailing  wages.

78.     Prior to June 4, 2017, the wage statements issued by ELM to Alvarez

contained the following address: 373 Smithtown Bypass Suite 256, Hauppauge, NY  11788

79.     373 Smithtown Bypass Suite 256, Hauppauge, NY  11788 was a fictitious

address.

80.     373 Smithtown Bypass Suite 256, Hauppauge, NY  11788 was not the

principal place of business of ELM.

81.     373 Smithtown Bypass, Hauppauge, NY  11788 was a UPS Store location.

"Suite 256" did not exist.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 12

82.     Between June 4, 2017 and June 29, 2019, the wage statements issued by ELM to Alvarez contained the following address: 34 E. Main St, Suite 266, Smithtown, NY 11787.

83.     34 E. Main St, Suite 266, Smithtown, NY  11787 was a fictitious address.

84.     34 E. Main St, Suite 266, Smithtown, NY  11787 was not the principal place of business of ELM.

85.     34 E. Main St, Smithtown, NY  11787 is a UPS Store location. "Suite 266" did not exist.

86.     After June 29, 2019, the wage statements issued by ELM to Alvarez contained the following address: 373 Smithtown Bypass, Suite 256, Hauppauge, NY 11788.

87.     373 Smithtown Bypass, Suite 256, Hauppauge, NY  11788 was never the principal place of business of ELM.

88.     After June 29, 2019, 373 Smithtown Bypass, Hauppauge, NY  11788 was a closed UPS Store.  No UPS Store or Suite 256 existed at that address after June 29, 2019.

89.     Prior to June 30, 2019, the wage statements issued by ELM to Alvarez contained the following telephone number: 631-424-1152.

90.     631-424-1152 was not the telephone number of ELM.

91.     631-424-1152 was the home telephone number of Joseph Provenzano, which, upon information and belief, had been disconnected before the date Alvarez began working for ELM.

92.     Beginning June 30, 2019, the wage statements issued by ELM to Alvarez contained the following telephone number: 631-462-2952.

**MOSER LAW**
**FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 13

93.     631-462-2952 is not the telephone number of ELM.

94.     In fact, 631-462-2952 is the telephone number of Kelco.

**ALONSO VILLATORO**

95.     Plaintiff Alonso Villatoro was employed by Kelco from approximately March 2017 until approximately January 2021.

96.     Plaintiff Alonso Villatoro ("Villatoro") was employed by ELM from approximately March 2017 until approximately January 2021.

97.     Villatoro worked as a laborer and mason.

98.     During his employment with Kelco and ELM, Villatoro performed work under numerous public works contracts, including:

     a.   The Brooklyn Botanical Gardens;

     b.   Queens Plaza Park;

     c.   Domino Park; and

     d.   Brooklyn Bridge Park.

99.     Kelco and ELM issued separate paychecks to Villatoro for work performed during the same workweek.

100.    Kelco and ELM did not aggregate the hours worked for purposes of paying overtime wages to Villatoro.

101.    Kelco and ELM did not pay Villatoro time and a half for hours worked in excess of 40 as required by the FLSA and the NYLL.

102.    Kelco and ELM did not pay Villatoro the prevailing wages for each hour worked up to 8 hours each day as required by the public works contracts entered into by Kelco.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 14

103.     Kelco and ELM did not pay Villatoro time and a half for hours worked in excess of 8 hours each workday as required by the public works contracts.

104.     Kelco and ELM did not pay Villatoro time and a half for hours worked in excess of 40 hours each workweek as required by the public works contracts.

105.     For example, for the workweek ending September 16, 2017, Kelco paid Villatoro for 40 hours at $45.85 per hour and 3.5 hours at the overtime rate of $68.775 per hour.  However, tor this pay period, ELM also paid Villatoro for an additional 8 hours at a rate of $37.50 per hour, and an additional 3 hours at only $15 per hour. Pay stubs for Villatoro from Kelco and ELM for this pay period are annexed hereto as Exhibit 3. During this workweek, the Defendants failed to pay Villatoro for all overtime hours worked at one and one half times his regular rate of pay - $68.775.  Although, upon information and belief, the work performed during this workweek was performed pursuant to a public works contract, Kelco did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

106.     For example, for the week ending November 2, 2019, Kelco paid Villatoro for 32 hours at $46.85 per hour, and 3 hours at the overtime rate of $70.275 per hour. However, for this pay period, ELM also paid Villatoro for an additional 16 hours at only $15 per  hour. Pay stubs for Villatoro from Kelco and ELM for this pay period are annexed hereto as Exhibit 4. During this workweek, the Defendants failed to pay Villatoro for all overtime hours worked at one and one half times his regular rate of pay - $70.275. Although, upon information and belief, the work performed during this workweek was

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 15

performed pursuant to a public works contract, Kelco did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

107.    Kelco hired Villatoro on or about March 2017.

108.    Kelco did not issue furnish a hiring notice to Villatoro that complied with NYLL § 195-1(a) at any time.

109.    ELM never formally hired Villatoro.

110.    ELM began paying Villatoro on or about March 2017.

111.    ELM did not furnish a hiring notice to Villatoro that complied with NYLL § 195-1(a) at any time.

112.    The wage statements issued by both Kelco and ELM to Villatoro were fictitious, because neither statement contained the correct number of regular and/or overtime hours worked.  Instead, the wage statements were designed to make it seem as though the Plaintiffs were employed by two different entities, when in fact they were all formally hired by Kelco.  The purpose of issuing separate wage statements was to evade the Defendants' obligations to pay overtime, agreed upon regular rates, and prevailing  wages.

113.    Prior to June 4, 2017, the wage statements issued by ELM to Villatoro contained the following address: 373 Smithtown Bypass Suite 256, Hauppauge, NY  11788

114.    373 Smithtown Bypass Suite 256, Hauppauge, NY  11788 was a fictitious address.

115.    373 Smithtown Bypass Suite 256, Hauppauge, NY  11788 was not the principal place of business of ELM.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 16

116.    373 Smithtown Bypass, Hauppauge, NY  11788 was a UPS Store location. "Suite 256" did not exist.

117.    Between June 4, 2017 and June 29, 2019, the wage statements issued by ELM to Villatoro contained the following address: 34 E. Main St, Suite 266, Smithtown, NY  11787

118.    34 E. Main St, Suite 266, Smithtown, NY  11787 was a fictitious address.

119.    34 E. Main St, Suite 266, Smithtown, NY  11787 was not the principal place of business of ELM.

120.    34 E. Main St, Smithtown, NY  11787 is a UPS Store location. "Suite 266" does not exist.

121.    After June 29, 2019, the wage statements issued by ELM to Villatoro contained the following address: 373 Smithtown Bypass, Suite 256, Hauppauge, NY 11788.

122.    373 Smithtown Bypass, Suite 256, Hauppauge, NY  11788 was never the principal place of business of ELM.

123.    After June 29, 2019, 373 Smithtown Bypass, Hauppauge, NY  11788 was a closed UPS Store.  After June 29, 2019, No UPS Store or Suite 256 existed at that address.

124.    Prior to June 30, 2019, the wage statements issued by ELM to Villatoro contained the following telephone number: 631-424-1152.

125.    631-424-1152 was not the telephone number of ELM.

126.    631-424-1152 was the home telephone number of Joseph Provenzano, which, upon information and belief, had been disconnected before the date Villatoro began working for ELM.

**MOSER LAW**
**FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 17

127.    Beginning June 30, 2019, the wage statements issued by ELM to Villatoro contained the following telephone number: 631-462-2952.

128.    631-462-2952 is not the telephone number of ELM.

129.    In fact, 631-462-2952 is the telephone number of Kelco.

## COLLECTIVE ACTION ALLEGATIONS

130.    The Plaintiffs Carlos Alvarez Chicas and Alonso Villatoro bring the first cause of action under the FLSA, on behalf of themselves and all hourly employees of Kelco and ELM who worked for both Kelco and ELM during the same workweek at any time during the three year period preceding the filing of this complaint and up to the present time elect to opt-in to this action (the "FLSA Collective").

131.    The Defendants have violated the FLSA by failing to pay the Named Plaintiffs and the FLSA Collective proper overtime wages as required by law due to the following policy: Kelco and ELM are related entities and joint employers under the FLSA. Both Kelco and ELM employed the same workers in the same workweek. Kelco employed these workers for one set of hours and ELM employed these same workers for a separate set of hours. However, the hours were not aggregated for the purpose of compliance with the overtime provisions of the FLSA.

132.    The first cause of action should be adjudicated as a collective action. Upon information and belief, the FLSA Collective consists of at least 200 similarly situated current and former employees of the Defendants who have been victims of the Defendants' common policies and practices.

## CLASS ACTION ALLEGATIONS

**MOSER LAW**
**FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 18

133.    The Named Plaintiffs, on behalf of themselves and the following classes bring the 2nd, 3rd, 4th, 5th, 6th, 7th and 8th causes of action pursuant to FRCP 23:

A.  **All non-exempt employees who were jointly employed by Kelco and ELM during the relevant time period**.  These employees were subject to the following uniform policies and/or practices:

(a) Kelco and ELM are related entities and joint employers under the NYLL.  Both Kelco and ELM employed the same workers in the same workweek. Kelco employed these workers for one set of hours and ELM employed these same workers for a separate set of hours.

(b) The hours were not aggregated for the purpose of compliance with the overtime provisions of the NYLL **(2ND CAUSE OF ACTION: OVERTIME).**

(c) Kelco and ELM failed to pay for all straight wages earned at the agreed upon regular rate of pay as required by NYLL § 191 **(3RD CAUSE OF ACTION: STRAIGHT WAGES).**

(d) The wage statements issued by both Kelco and ELM to an employee covering the same workweek were fictitious, because neither statement contained the correct number of regular and/or overtime hours worked.  Instead, the wage statements were designed to make it seem as though the Plaintiffs were employed by two different entities, when in fact they performed work for a single integrated enterprise.  The purpose of issuing separate wage

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 19

statements was to evade the Defendants' obligations to pay overtime, agreed upon regular rates, and prevailing wages **(7TH CAUSE OF ACTION: WAGE STATEMENT VIOLATIONS).**

B. **All non-exempt employees who were jointly employed by Kelco and ELM and who performed public work.**   These employees were subject to the following uniform policy or practice:  Kelco used ELM to pay Kelco employees for public work covered by contracts entered into by Kelco employees.  These contracts, upon information and belief, required the payment of prevailing wages, the payment of time and a half for hours worked in excess of 8 hours each day, and time and a half for hours worked in excess of 40 hours each workweek.  The paychecks issued by ELM to Kelco employees did not pay the prevailing wage, did not pay time and a half for working more than 8 hours each workday, and did not pay time and a half for working more than 40 hours each workweek.  **(4TH CAUSE OF ACTION: PREVAILING WAGES).**

C. **All non-exempt employees of Kelco who were hired at any time during the relevant time period.**  These employees were subject to the following uniform policy or practice:  Kelco did not furnish a hiring notice within 10 days of hire that complied with NYLL 191-1 **(5TH CAUSE OF ACTION: WAGE NOTICE VIOLATIONS).**

D. **All non-exempt employees of ELM who were hired at any time during the relevant time period.**  These employees were subject to the following uniform policy or practice: ELM did not furnish a hiring notice within 10

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 20

days of hire that complied with NYLL 191-1 **(6TH CAUSE OF ACTION: WAGE NOTICE VIOLATIONS).**

E. **<u>All non-exempt employees of ELM who were employed during the relevant time period</u>**.  These employees were subject to the following uniform policy or practice:  The wage statements furnished by ELM did not contain the correct address and telephone number of ELM, as required by NYLL 191-3 **(8TH CAUSE OF ACTION: WAGE STATEMENT VIOLATIONS).**

134.    Excluded from the classes are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in the Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

135.    The persons in the classes are so numerous that joinder of all members is impracticable.

136.    Upon information and belief, the size of each class is estimated to be at least 100 workers. Although the precise number of such persons is not known to the Named Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

137.    There are questions of law and fact common to the classes that predominate over any questions solely affecting Named members of the Class individually.

138.    The claims of the Named Plaintiffs are typical of the claims of the classes they seek to represent. The Named Plaintiffs and the class members work, or have worked, for Defendants in the State of New York. The Named Plaintiffs and the class members

**MOSER LAW
FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 21

enjoy the same statutory rights under the NYLL and under the New York common law as third-party beneficiaries. The Named Plaintiffs and the class members have all sustained similar types of damages.  The Named Plaintiffs and the class members have all been subject to the Defendants' uniform policies as set forth herein.

139.    The Named Plaintiffs will fairly and adequately represent and protect the interests of the classes they seek to represent. The Named Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to represent the classes' interests fairly and adequately. The Named Plaintiffs recognize that as class representatives, they must represent and consider the interests of the classes just as they would represent and consider their own interests. The Named Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interest over those of the classes. The Named Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the classes. The Named Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. The Named Plaintiffs have retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Named Plaintiffs and the class members.

140.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the classes have been damaged and are entitled

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 22

to recovery as a result of Defendants' violations of the NYLL, as well as the Defendants' uniform policies, practices, and procedures. Although the relative damages suffered by the members of the classes are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of wage and hour litigation. The class members lack the financial resources to conduct a thorough examination of the Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against the Defendants to recover such damages. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

141.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

142.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) in that the questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**FIRST CAUSE OF ACTION**

**BROUGHT AS A COLLECTIVE ACTION FOR TO RECOVER OVERTIME**

**Fair Labor Standards Act**

**29 U.S.C. §§ 201, et. seq.; 29 U.S.C. §§ 207(a) & 126**

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*                                   COMPLAINT
                                                                          Page 23

143.    Named Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

144.    Named Plaintiffs and the FLSA Collective were employed by the Defendants during the FLSA time period.

145.    The Corporate Entities were each an enterprise engaged in commerce during the FLSA time period.

146.    Defendants failed to pay the Named Plaintiffs and the FLSA Collective overtime pay for all hours worked.

147.    Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

## SECOND CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION TO RECOVER OVERTIME

### Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2

148.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

149.    Named Plaintiffs and the class were employed by the Defendants during the relevant time period.

150.    Defendants failed to pay the Named Plaintiffs and the class overtime pay for all hours worked.

## THIRD CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION TO RECOVER STRAIGHT WAGES

### New York Labor Law § 191

151.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 24

152.     Named Plaintiffs and the class were employed by the Defendants during the relevant time period.

153.     Defendants failed to pay the Named Plaintiffs and the class their agreed-upon wages for all non-overtime hours worked.

## FOURTH CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION TO ENFORCE PREVAILING WAGE CONTRACTS

### New York Common Law

154.     Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

155.     Upon information and belief, Kelco entered into valid and binding contracts to perform public work which contained a promise to pay prevailing wages to the Named Plaintiffs and the class.

156.     Upon information and belief, the contracts provided that any subcontractor hired by Kelco to perform work under the contracts must also pay prevailing wages.

157.     The Named Plaintiffs and the class were intended beneficiaries of the contracts entered into by Kelco to perform public work.

158.     Kelco failed to pay the Named Plaintiffs and the class prevailing wages for all hours worked, time and a half for hours worked in excess of 8 hours each day, and time and a half for hours worked in excess of 40 each workweek as promised by Kelco in the contracts.

159.     ELM failed to pay the Named Plaintiffs and the class prevailing wages for all hours worked, time and a half for hours worked in excess of 8 hours each day, and time and a half for hours worked in excess of 40 each workweek as required by the Kelco contracts.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 25

**FIFTH CAUSE OF ACTION**

**BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR KELCO'S FAILURE TO FURNISH HIRING NOTICES**

**NYLL §§ 195-1 & 198**

160.   Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

161.   Kelco hired the Named Plaintiffs and the class during the relevant time period.

162.   Kelco did not furnish wage notices to Named Plaintiffs or the class within 10 business days of hiring as required by NYLL § 195-1 and NYLL § 198-1(b).

163.   All Defendants are jointly and severally liable for the damages to the Named Plaintiffs and the class.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 26

## SIXTH CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S FAILURE TO FURNISH HIRING NOTICES

### NYLL §§ 195-1 & 198

164.     Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

165.     ELM hired the Named Plaintiffs and the class during the relevant time period.

166.     ELM did not furnish wage notices to Named Plaintiffs or the class within 10 business days of hiring as required by NYLL § 195-1 and NYLL § 198-1(b).

167.     All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

## SEVENTH CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM AND KELCO'S FAILURE TO FURNISH TRUE WAGE STATEMENTS

### NYLL §§ 195-3 & 198

168.     Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

169.     Defendant ELM furnished fictitious statements to Named Plaintiffs and the class which did not comply with NYLL § 195-3.

170.     Defendant Kelco furnished fictitious wage statements to Named Plaintiffs and the Class which did not comply with NYLL § 195-3.

171.     All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 27

## EIGHTH CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS

### NYLL §§ 195-3 & 198

172.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

173.    Defendant ELM furnished wage statements to Named Plaintiffs and the class which do not comply with NYLL § 195-3.

174.    All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

### JURY DEMAND

Named Plaintiffs demand a trial by jury on all claims properly triable by a jury.

### PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, the Named Plaintiffs be allowed to give notice of this collective action;

B.    Certification of the Second, Third, Fourth, Fifth, Sixth and Seventh causes of action as class actions;

C.    Overtime wages owed under the FLSA;

D.    An amount equal to overtime owed as liquidated damages under the FLSA;

E.    Overtime wages owed under the NYLL;

F.    Straight wages owed under the NYLL;

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 28

G. Liquidated damages equal to overtime and straight wages owed under the NYLL;

H. Prevailing wages owed to Named Plaintiffs and the class as third party beneficiaries;

I. Liquidated damages for violations of NYLL § 195-1;

J. Liquidated damages for violations of NYLL § 195-3;

K. Attorney's fees and costs of the action;

L. Pre-judgment and post-judgment interest as provided by law; and

M. Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
        November 1, 2021

Moser Law Firm, P.C.

By:  Steven J. Moser
5 E. Main Street
Huntington, NY  11743
631.824.0200
steven.moser@moserlawfirm.com

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 29

## <u>CARLOS ALVAREZ CHICAS CONSENT TO JOIN</u>

I hereby consent to opt in to and become a party to the within collective action for
Overtime under the FLSA, and designate The Moser Law Firm, P.C. to represent me in this
action.

Dated: <u>11/1/2021</u>

DocuSigned by:

Carlos Alvarez Chicas
5FBE0D5F92C84EE...

Carlos Alvarez Chicas

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 30

## ALONSO VILLATORO CONSENT TO JOIN

I hereby consent to opt in to and become a party to the above referenced collective action for Overtime under the FLSA, and designate The Moser Law Firm, P.C. to represent me in this action.

Dated: 11/1/2021 _____

DocuSigned by:

_[signature]_

8F67A86A1E02474...

Alonso Villatoro

**Moser Law Firm, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,*

COMPLAINT
Page 31