**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CARLOS ALVAREZ CHICAS and ALONSO VILLATORO, individually and on behalf of all others similarly situated,** | **Case No. 1:21-cv-09014-PAE-SDA** |
| **Plaintiffs,** | **DEFENDANT KELCO CONSTRUCTION, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |
| -against- | |
| **KELCO CONSTRUCTION, INC., E.L.M. GENERAL CONSTRUCTION CORP., JOHN KELLY and JOSEPH PROVENZANO** | |
| **Defendants.** | |

Defendants Kelco Construction, Inc. ("Kelco"), E.L.M. General Construction Corp., ("ELM"), John Kelly and Joseph Provenzano (collectively, "Defendants") hereby respond to the allegations contained in Plaintiffs' Complaint ("Complaint") as follows:

1.     Answering Paragraph 1 of the Complaint, Defendants admit that it is a landscape installation and construction company that performs work in the New York metropolitan area but denies the remaining allegations contained in the Paragraph.

2.     Answering Paragraph 2 of the Complaint, Defendants deny the allegations contained in the Paragraph.

3.     Answering Paragraph 3 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

4.     Answering Paragraph 4 of the Complaint, Defendants deny the allegations contained in the Paragraph.

5.     Answering Paragraph 5 of the Complaint, Defendants submit that no answer is required because the Paragraph merely purports to recite the nature of the claims that Plaintiffs advance against Defendants, and moreover constitutes legal assertions or conclusions.  To the extent a response is required, Defendants admit that Plaintiffs' Complaint seeks to recover damages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), NYLL, § 191, NYLL, § 195(3), and NYLL, § 195(1), but denies any wrongdoing.

## RESPONSE TO JURISDICTION AND VENUE

2.     Answering Paragraph 2 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.[1]

3.     Answering Paragraph 3 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

## RESPONSE TO THE PARTIES

4.     Answering Paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Paragraph.

5.     Answering Paragraph 5 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

6.     Answering Paragraph 6 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Paragraph.

---

[1] Defendants note that the Paragraphs in Plaintiffs' Complaint are mis-numbered.  The Paragraphs in Defendants' Answer mirror those in Plaintiffs' Complaint for ease of reference.

7.     Answering Paragraph 7 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

8.     Answering Paragraph 8 of the Complaint, Defendants admit the allegations contained in the Paragraph.

9.     Answering Paragraph 9 of the Complaint, Defendants admit the allegations contained in the Paragraph.

10.     Answering Paragraph 10 of the Complaint, Defendants admit the allegations contained in the Paragraph.

11.     Answering Paragraph 11 of the Complaint, Defendants admit the allegations contained in the Paragraph.

12.     Answering Paragraph 12 of the Complaint, Defendants deny the allegations contained in the Paragraph..

13.     Answering Paragraph 13 of the Complaint, Defendants admit the allegations contained in the Paragraph.

14.     Answering Paragraph 14 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

15.     Answering Paragraph 15 of the Complaint, Defendants deny the allegations contained in the Paragraph.

16.     Answering Paragraph 16 of the Complaint, Defendants deny the allegations contained in the Paragraph.

17.     Answering Paragraph 17 of the Complaint Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

18.     Answering Paragraph 18 of the Complaint, Defendants admit the allegations contained in the Paragraph.

19.     Answering Paragraph 19 of the Complaint, Defendants admit the allegations contained in the Paragraph.

20.     Answering Paragraph 20 of the Complaint, Defendants deny the allegations contained in the Paragraph.

21.     Answering Paragraph 21 of the Complaint, Defendants deny the allegations contained in the Paragraph.

22.     Answering Paragraph 22 of the Complaint, Defendants deny the allegations contained in the Paragraph.

23.     Answering Paragraph 23 of the Complaint, Defendants deny the allegations contained in the Paragraph.

24.     Answering Paragraph 24 of the Complaint, Defendants admit the allegations contained in the Paragraph.

25.     Answering Paragraph 25 of the Complaint, Defendants deny the allegations contained in the Paragraph.

26.     Answering Paragraph 26 of the Complaint, Defendants deny the allegations contained in the Paragraph.

27.     Answering Paragraph 27 of the Complaint, Defendants deny the allegations contained in the Paragraph.

28.     Answering Paragraph 28 of the Complaint, Defendants admit the allegations contained in the Paragraph.

29.     Answering Paragraph 29 of the Complaint, Defendants deny the allegations contained in the Paragraph.

30.     Answering Paragraph 30 of the Complaint, Defendants admit the allegations contained in the Paragraph.

31.     Answering Paragraph 31 of the Complaint, Defendants admit the allegations contained in the Paragraph.

32.     Answering Paragraph 32 of the Complaint, Defendants admit the allegations contained in the Paragraph.

33.     Answering Paragraph 33 of the Complaint, Defendants admit the allegations contained in the Paragraph.

34.     Answering Paragraph 34 of the Complaint, Defendants admit the allegations contained in the Paragraph.

35.     Answering Paragraph 35 of the Complaint, Defendants admit the allegations contained in the Paragraph.

36.     Answering Paragraph 36 of the Complaint, Defendants deny the allegations contained in the Paragraph.

37.     Answering Paragraph 37 of the Complaint, Defendants deny the allegations contained in the Paragraph.

38.     Answering Paragraph 38 of the Complaint, Defendants deny the allegations contained in the Paragraph.

39.     Answering Paragraph 39 of the Complaint, Defendants deny the allegations contained in the Paragraph.

40.     Answering Paragraph 40 of the Complaint, Defendants deny the allegations contained in the Paragraph.

41.     Answering Paragraph 41 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Paragraph. To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

42.     Answering Paragraph 42 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that John Kelly had the authority to hire and fire Kelco's employees.

43.     Answering Paragraph 43 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

44.     Answering Paragraph 44 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

45.     Answering Paragraph 45 of the Complaint,  admit the allegations contained in the Paragraph.

46.     Answering Paragraph 46 of the Complaint, Defendants deny the allegations contained in the Paragraph.

47.     Answering Paragraph 47 of the Complaint, Defendants deny the allegations contained in the Paragraph.

48.     Answering Paragraph 48 of the Complaint, Defendants deny the allegations contained in the Paragraph.

49.     Answering Paragraph 49 of the Complaint, Defendants  admit the allegations contained in the Paragraph.

50.     Answering Paragraph 50 of the Complaint, Defendants admit the allegations contained in the Paragraph.

51.     Answering Paragraph 51 of the Complaint, admit the allegations contained in the Paragraph.

52.     Answering Paragraph 52 of the Complaint, Defendants admit the allegations contained in the Paragraph.

53.     Answering Paragraph 53 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

54.     Answering Paragraph 54 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that John Provenzano  had the authority to hire and fire ELM's employees.

55.     Answering Paragraph 55 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

56.     Answering Paragraph 56 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

## RESPONSE TO FACTS

57.     Answering Paragraph 57 of the Complaint, Defendant Kelco admits that it was involved in public work projects during the relevant time period.  Defendants deny the allegations contained in the Paragraph.

58.     Answering Paragraph 58 of the Complaint Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

59.     Answering Paragraph 59 of the Complaint, Defendant deny the allegations contained in the Paragraph.

60.     Answering Paragraph 60 of the Complaint, Defendants deny the allegations contained in the Paragraph.

61.     Answering Paragraph 61 of the Complaint, Defendants deny the allegations contained in the Paragraph.

62.     Answering Paragraph 62 of the Complaint, Defendants deny the allegations contained in the Paragraph.

63.     Answering Paragraph 63 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that on occasion Alvarez may have received paychecks from both Kelco and ELM during the same week.

64.     Answering Paragraph 64 of the Complaint, Defendants admit the allegations contained in the Paragraph, but deny that they were under any obligation to aggregate the hours Alvarez worked.

65.     Answering Paragraph 65 of the Complaint, Defendants deny the allegations contained in the Paragraph.

66.     Answering Paragraph 66 of the Complaint, Defendants deny the allegations contained in the Paragraph.

67.     Answering Paragraph 67 of the Complaint, Defendants deny the allegations contained in the Paragraph.

68.     Answering Paragraph 68 of the Complaint, Defendants deny the allegations contained in the Paragraph.

69.     Answering Paragraph 69 of the Complaint, Defendants maintain that the pay record annexed as Exhibit 1 speaks for itself, but deny that the pay record demonstrates that any Defendant violated the law.

70.     Answering Paragraph 70 of the Complaint, Defendants maintain that the pay record annexed as Exhibit 2 speaks for itself, but deny that the pay record demonstrates that any Defendant violated the law.

71.     Answering Paragraph 71 of the Complaint, Defendants admit the allegations contained in the Paragraph.

72.     Answering Paragraph 72 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

73.     Answering Paragraph 73 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

74.     Answering Paragraph 74 of the Complaint, Defendants deny the allegations contained in the Paragraph.

75.     Answering Paragraph 75 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

76.     Answering Paragraph 76 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

77.     Answering Paragraph 77 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

78.     Answering Paragraph 78 of the Complaint, Defendants admit the allegations contained in the Paragraph.

79.     Answering Paragraph 79 of the Complaint, Defendants deny the allegations contained in the Paragraph.

80.     Answering Paragraph 80 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

81.     Answering Paragraph 81 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that 373 Smithtown Bypass, Hauppauge, NY 11788 was a UPS Store location.

82.     Answering Paragraph 82 of the Complaint, Defendants admit the allegations contained in the Paragraph.

83.     Answering Paragraph 83 of the Complaint, Defendants deny the allegations contained in the Paragraph.

84.     Answering Paragraph 84 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

85.     Answering Paragraph 85 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that the location houses a UPS Store.

86.     Answering Paragraph 86 of the Complaint, Defendants admit the allegations contained in the Paragraph.

87.     Answering Paragraph 87 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

88.     Answering Paragraph 88 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that the location houses a UPS store.

89.     Answering Paragraph 89 of the Complaint, Defendants admit the allegations contained in the Paragraph.

90.     Answering Paragraph 90 of the Complaint, Defendants deny the allegations contained in the Paragraph.

91.     Answering Paragraph 91 of the Complaint, Defendants deny the allegations contained in the Paragraph.

92.     Answering Paragraph 92 of the Complaint, Defendants admit the allegations contained in the Paragraph.

93.     Answering Paragraph 93 of the Complaint, Defendants admit the allegations contained in the Paragraph.

94.     Answering Paragraph 94 of the Complaint, Defendants admit the allegations contained in the Paragraph.

95.     Answering Paragraph 95 of the Complaint, Defendants deny the allegations contained in the Paragraph.

96.     Answering Paragraph 96 of the Complaint, Defendants deny the allegations contained in the Paragraph.

97.     Answering Paragraph 97 of the Complaint, Defendants deny the allegations contained in the Paragraph.

98.     Answering Paragraph 98 of the Complaint, Defendants deny the allegations contained in the Paragraph.

99.     Answering Paragraph 99 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that on occasion Villatoro may have received paychecks from both Kelco and ELM during the same week.

100.    Answering Paragraph 100 of the Complaint, Defendants admit the allegations contained in the Paragraph, but deny that they were under any obligation to aggregate the hours Alvarez worked.

101.    Answering Paragraph 101 of the Complaint, Defendants deny the allegations contained in the Paragraph.

102.    Answering Paragraph 102 of the Complaint, Defendants deny the allegations contained in the Paragraph.

103.    Answering Paragraph 103 of the Complaint, Defendants deny the allegations contained in the Paragraph.

104.     Answering Paragraph 104 of the Complaint, Defendants deny the allegations contained in the Paragraph.

105.     Answering Paragraph 105 of the Complaint, Defendants maintain that the pay record annexed as Exhibit 3 speaks for itself, but deny that the pay record demonstrates that any Defendant violated the law.

106.     Answering Paragraph 105 of the Complaint, Defendants maintain that the pay record annexed as Exhibit 4 speaks for itself, but deny that the pay record demonstrates that any Defendant violated the law.

107.     Answering Paragraph 107 of the Complaint, Defendant admits the allegations contained in the Paragraph.

108.     Answering Paragraph 108 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

109.     Answering Paragraph 109 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

110.     Answering Paragraph 110 of the Complaint, Defendants deny the allegations contained in the Paragraph.

111.     Answering Paragraph 111 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

112.     Answering Paragraph 112 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

113.     Answering Paragraph 113 of the Complaint, Defendants admit the allegations contained in the Paragraph.

114.     Answering Paragraph 114 of the Complaint, Defendants deny the allegations contained in the Paragraph.

115.     Answering Paragraph 115 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

116.     Answering Paragraph 116 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that 373 Smithtown Bypass, Hauppauge, NY 11788 was a UPS Store location.

117.     Answering Paragraph 117 of the Complaint, Defendants admit the allegations contained in the Paragraph.

118.     Answering Paragraph 118 of the Complaint, Defendants deny the allegations contained in the Paragraph.

119.     Answering Paragraph 119 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

120.     Answering Paragraph 120 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that the location houses a UPS store.

121.     Answering Paragraph 121 of the Complaint, Defendants admit the allegations contained in the Paragraph.

122.     Answering Paragraph 122 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

123.     Answering Paragraph 123 of the Complaint, Defendants deny the allegations contained in the Paragraph, except admit that the location housed a UPS store.

124.     Answering Paragraph 124 of the Complaint, Defendants admit the allegations contained in the Paragraph.

125.     Answering Paragraph 125 of the Complaint, Defendants deny the allegations contained in the Paragraph.

126.     Answering Paragraph 126 of the Complaint, Defendants deny the allegations contained in the Paragraph.

127.     Answering Paragraph 127 of the Complaint, Defendants admit the allegations contained in the Paragraph.

128.     Answering Paragraph 128 of the Complaint, Defendants admit the allegations contained in the Paragraph.

129.     Answering Paragraph 129 of the Complaint, Defendants admit the allegations contained in the Paragraph.

## RESPONSE TO COLLECTIVE ACTION ALLEGATIONS

130.     Answering Paragraph 130 of the Complaint, Defendants submit that no answer is required because the Paragraph merely purports to recite the collective definition that Plaintiffs

advance in this action.  Defendants deny that this matter is suitable for collective action treatment, and further denies the allegations contained in the Paragraph.

131.    Answering Paragraph 131 of the Complaint, Defendants deny the allegations contained in the Paragraph.

132.    Answering Paragraph 132 of the Complaint, Defendants deny the allegations contained in the Paragraph.

## RESPONSE TO CLASS ACTION ALLEGATIONS

133.    Answer Paragraph 133 of the Complaint, Defendants submit that no answer is required because the Paragraph merely purports to recite the class definition that Plaintiffs advance in this action, recite the nature of the claim for relief and Plaintiffs' contentions regarding alleged common questions of law and fact that Plaintiffs advance against Defendant, and moreover constitutes legal assertions or conclusions.  To the extent a response is required, Defendant avers that Plaintiffs' Complaint puts forth allegations under Rule 23 of the Federal Rules of Civil Procedure, but denies that any such action may be maintained as the claims of the named Plaintiffs are not common.  Except as expressly admitted or denied, Defendants deny the allegations contained in the Paragraph.

134.    Defendants submit that no answer is required because the Paragraph merely purports to recite the class definition that Plaintiffs advance in this action.  Defendants deny that this matter is suitable for class action treatment, and further denies the allegations contained in the Paragraph.

135.    Answering Paragraph 135 of the Complaint, Defendants deny the allegations contained in the Paragraph.

136.     Answering Paragraph 136 of the Complaint, Defendants deny the allegations contained in the Paragraph.

137.     Answering Paragraph 137 of the Complaint, Defendants deny the allegations contained in the Paragraph.

138.     Answering Paragraph 138 of the Complaint, Defendants deny the allegations contained in the Paragraph.

139.     Answering Paragraph 139 of the Complaint, Defendants deny the allegations contained in the Paragraph.

140.     Answering Paragraph 140 of the Complaint, Defendants deny the allegations contained in the Paragraph.

141.     Answering Paragraph 141 of the Complaint, Defendants deny the   allegations contained in the Paragraph.

142.     Answering Paragraph 142 of the Complaint, Defendants deny the allegations contained in the Paragraph.

### RESPONSE TO FIRST CAUSE OF ACTION
### BROUGHT AS A COLLECTIVE ACTION FOR TO RECOVER OVERTIME
### Fair Labor Standards Act
### 29 U.S.C. §§ 201, et. Seq.; 29 U.S.C. §§ 207(a) & 126

143.     Defendant incorporates by reference its responses to Paragraphs 1 through 142 as if fully restated herein.

144.     Answering Paragraph 144 of the Complaint, Defendants deny the allegations contained in the Paragraph.

145.     Answering Paragraph 145 of the Complaint Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

146.    Answering Paragraph 146 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph..

147.    Answering Paragraph 147 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph..

## RESPONSE TO SECOND CAUSE OF ACTION
## BROUGHT AS A CLASS ACTOIN TO RECOVER OVERTIME
### Article 19 §§ 650, et. seq.; 12 N.Y.C.R.R. § 142-2.2

148.    Defendant incorporates by reference its responses to Paragraphs 1 through 147 as if fully restated herein.

149.    Answering Paragraph 146 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

150.    Answering Paragraph 150 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph..

## RESPONSE TO THIRD CAUSE OF ACTION
## BROUGHT AS A CLASS ACTOIN TO RECOVER STRAIGHT WAGES
### New York Labor Law § 191

151.    Defendant incorporates by reference its responses to Paragraphs 1 through 150 as if fully restated herein.

152.    Answering Paragraph 152 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.   To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

153.    Answering Paragraph 153 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

**RESPONSE TO FOURTH CAUSE OF ACTION**
**BROUGHT AS A CLASS ACTION TO ENFORCE PREVAILING WAGE CONTRACTS**
**New York Common Law**

154.    Defendant incorporates by reference its responses to Paragraphs 1 through 153 as if fully restated herein.

155.    Answering Paragraph 155 of the Complaint, Defendants admit that it entered into certain contracts to perform public work.  Defendants deny the remaining  allegations contained in the Paragraph.

156.    Answering Paragraph 156 of the Complaint, Defendants admit the allegations contained in the Paragraph.

157.    Answering Paragraph 157 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions. To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

158.    Answering Paragraph 158 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

159.    Answering Paragraph 159 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

**RESPONSE TO FIFTH CAUSE OF ACTION**
**BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR KELCO'S**
**FAILURE TO FURNISH HIRING NOTICES**
**NYLL §§ 195-1 & 198**

160.    Defendant incorporates by reference its responses to Paragraphs 1 through 159 as if fully restated herein.

161.    Answering Paragraph 161 of the Complaint, Defendants Kelco and ELM admit that it hired Plaintiffs Chicas and Villatoro. Defendants deny the allegations contained in the Paragraph.

162.    Answering Paragraph 162 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph..

163.    Answering Paragraph 163 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph..

### RESPONSE TO SIXTH CAUSE OF ACTION
### BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S FAILURE TO FURNISH HIRING NOTICES
### NYLL §§ 195-1 & 198

164.    Defendant incorporates by reference its responses to Paragraphs 1 through 163 as if fully restated herein.

165.    Answering Paragraph 165 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

166.    Answering Paragraph 166 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

167.    Answering Paragraph 167 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

**RESPONSE TO SEVENTH CAUSE OF ACTION**
**BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM AND**
**KELCO'S FAILURE TO FURNISH TRUE WAGE STATEMENTS**
**NYLL §§ 195-3 & 198**

168.    Defendant incorporates by reference its responses to Paragraphs 1 through 167 as if fully restated herein.

169.    Answering Paragraph 169 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

170.    Answering Paragraph 170 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

171.    Answering Paragraph 171 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

**RESPONSE TO EIGHTH  CAUSE OF ACTION**
**BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S**
**FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS**
**NYLL §§ 195-3 & 198**

172.    Defendant incorporates by reference its responses to Paragraphs 1 through 171 as if fully restated herein.

173.     Answering Paragraph 173 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

174.     Answering Paragraph 174 of the Complaint, Defendants submit that no answer is required because the Paragraph constitutes legal assertions or conclusions.  To the extent a response is required, Defendants deny the allegations contained in the Paragraph.

## RESPONSE TO JURY DEMAND

Answer the Demand for Jury Trial, Defendants admit that Plaintiffs seek a trial by jury but deny that any issue of material fact exists that would preclude the grant of summary judgment in favor of Defendant.

## RESPONSE TO PRAYER FOR RELIEF

Answering the Prayer for Relief, Defendants deny that Plaintiffs and/or the collective or class members are entitled to any remedy of any kind or that this matter is suited for collective or class action treatment.

## AFFIRMATIVE DEFENSES

By way of separate, additional and/or distinct defenses to the Complaint and each claim therein, and without conceding that Defendant bears the burden of proof or the burden of persuasion as to any of these issues, Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     As a separate and distinct defense, Defendant asserts that the Complaint, and each and every alleged claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Employer-Employee Relationship)

2.　　As a separate and distinct defense, Defendant alleges that the Complaint fails, in whole or in part, because Defendant was not an employer or joint employer either of Plaintiffs or the individuals they seek to represent.

## THIRD AFFIRMATIVE DEFENSE
### (Insufficient Fact to Establish Employer-Employee Relationship)

3.　　As a separate and distinct defense, Defendant alleges that the Complaint fails to state facts sufficient to assert coverage under the FLSA that a joint or direct employer-employee relationship existed with Defendant, or that Defendant owes regular or overtime compensation, or other benefits sought, to Plaintiffs or the individuals they seek to represent.

## FOURTH AFFIRMATIVE DEFENSE
### (No Further Obligations to Plaintiffs)

4.　　As a separate and distinct defense, Defendant alleges that it fulfilled any and all obligations it may have had to Plaintiffs, and owes no further obligations to Plaintiffs.  Therefore, Plaintiffs are barred from maintaining this action against Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Remedies)

5.　　As a separate and distinct defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiffs, and/or some or all of the putative class/collective members failed to exhaust any applicable administrative, arbitral, and/or contractual procedures and/or remedies, or otherwise properly perfect a right of action against Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver, Release, Estoppel, Unclean Hands, Avoidable Consequences and Laches)

6.      As a separate and distinct defense, Defendant alleges that the claims of Plaintiffs and the individuals they seek to represent are barred by the doctrines of waiver, release, estoppel, unclean hands, avoidable consequences, and laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

7.      As a separate and distinct defense, Defendant alleges that the FLSA claims of Plaintiffs and the alleged similarly-situated individuals they seek to represent are barred, in whole or in part. Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). 29 U.S.C. § 255. Plaintiffs' claims do not arise out of a willful violation, so the applicable statute of limitations under the FLSA is two years.

## EIGHTH AFFIRMATIVE DEFENSE
### (Not Entitled to Overtime)

8.      As a separate and distinct defense, Defendant alleges that the claims of Plaintiffs and the individuals they seek to represent are barred to the extent that they did not work more than forty (40) hours in any given workweek and, therefore, are not entitled to overtime under the FLSA or state law.

## NINTH AFFIRMATIVE DEFENSE
### (Properly Compensated)

9.      As a separate and distinct defense, Defendant alleges that the claims of Plaintiffs and the individuals they seek to represent are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et. seq*., because actions taken in connection with Plaintiffs' compensation and/or the compensation of the individuals they seek to

represent were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, under 29 U.S.C. section 259.

## TENTH AFFIRMATIVE DEFENSE
### (Not Entitled to Liquidated Damages)

10.     As a separate and distinct defense, Defendant alleges that the claims of Plaintiff and the individuals he seeks to represent are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et. seq.*, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Accordingly, the Court should exercise its discretion to eliminate and/or reduce any potential award of liquidated damages under 29 U.S.C. section 260.

## ELEVENTH AFFIRMATIVE DEFENSE
### (State Law Claims Preempted)

11.     As a separate and distinct defense, Defendant alleges that the FLSA preempts Plaintiffs' state law claims in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE
### (Overtime Calculated)

12.     As a separate and distinct defense, Defendant alleges that Plaintiffs' claims and the claims of the individuals they seek to represent are barred, in whole or in part, because any payments for overtime owed, which Defendants denyis owed, must be calculated at no more than one-half of each individual's regular rate of pay for the workweek in which the time was worked.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Paid for All Hours Worked)

13.     As a separate and distinct defense, Defendant alleges that Plaintiffs and the individuals they seek to represent were paid for all hours they reported working.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (*De Minimis*)

14.     As a separate and distinct defense, Defendant alleges that Plaintiffs and/or the individuals they seek to represent are barred from recovering under the "*de minimis*" doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Knowledge of Work)

15.     As a separate and distinct defense, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, as to all hours allegedly worked that Defendant did not suffer or permit Plaintiffs to work, of which Defendant lacked actual or constructive knowledge, or which Plaintiffs deliberately misreported hours by failing to report all hours worked.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Class Action Requirements)

16.     As a separate and distinct defense, Defendant alleges that Plaintiffs have failed to and cannot satisfy the requirements for the maintenance of a class action, including, and without limitation, numerosity, commonality, typicality, and adequacy (of both the proposed class representatives and proposed class counsel), or the prongs of predominance or superiority, and public policy considerations do not favor such a certification.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Hours Worked)

17.     As a separate and distinct defense, Defendant alleges that the Complaint fails, in whole or in part, because the time spent as alleged by Plaintiffs and the individuals they seek to represent do not constitute compensable "hours worked" under the FLSA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Fully Compensated)**

18.     As a separate and distinct defense, Defendant alleges that Plaintiffs and the individuals they seek to represent were compensated at all times in compliance with applicable FLSA requirements.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Individual Issues Predominate)**

19.     As a separate and distinct defense, Defendant alleges that collective relief is inappropriate because individual issues predominate over questions common to the proposed collective. The facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiffs and members of the proposed collective.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Plaintiffs Lack Standing)**

20.     As a separate and distinct defense, Defendant alleges that the Complaint cannot proceed as a class or a collective action to the extent Plaintiffs lack standing to represent the alleged similarly-situated individuals.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(No Knowledge of Work)**

21.     As a separate and distinct defense, Defendant alleges that Plaintiffs' overtime claims are barred to the extent Plaintiffs and the individuals they seek to represent are exempt from overtime requirements of the FLSA or New York State laws.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Offset)**

22.     As a separate and distinct defense, Defendant alleges that in the event any sum may be found due and owing to Plaintiffs or the individuals they seek to represent, Defendant is entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and released,

including but not limited to those amounts paid, tendered, waived, compromised, and released through any other proceeding, either formal or informal, or overpayment of wages paid in some other pay period during the Plaintiffs' employment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Principal Activities of Employment)

23.     As a separate and distinct defense, Defendant alleges that some or all of the activities for which Plaintiffs seek overtime compensation under the FLSA were not an integral and indispensable part of the principal activities of their employment and therefore were not compensable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Occupations Not Covered)

24.     As a separate and distinct defense, Defendant alleges that Plaintiffs did not work in occupations covered by rates set forth in the New York Prevailing Wage Law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Complete and Timely Payments Made)

25.     As a separate and distinct defense, Defendant alleges that at all times, Defendant made complete and timely payments of all wages due to Plaintiffs and/or putative collective and/or class members under Article 6 or Article 19 or Article 19-A of the NYLL or under the FLSA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Adequate Notice to Plaintiff)

26.     As a separate and distinct defense, Defendant alleges that at all times, Defendant provided Plaintiffs with adequate notice of wage information pursuant to New York Labor Law § 195(1).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Defendant Acted in Good Faith in Providing Adequate Notice)

27.     As a separate and distinct defense, Defendant alleges that at all times, Defendant

reasonably believed in good faith that it provided Plaintiffs and/or putative collective or class action members with adequate notice of wage information pursuant to New York Labor Law §195(1).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Class Action Treatment Not Appropriate when Seeking Penalties under NYLL)

28.     As a separate and distinct defense, Defendant alleges that to the extent Plaintiffs seek penalties under NYLL for any claims, these claims may not proceed as a class action by operation of New York Civil Practice Law and Rules § 901(b).

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Injury Resulted from Act or Omission of Plaintiffs and/or Collective and/or Putative Class)

29.     As a separate and distinct defense, Defendant alleges that each purported claim contained in the Complaint, or some of them, are barred because the alleged losses or harms sustained by Plaintiffs and/or the collective and/or putative class, if any, resulted from the acts or omissions of Plaintiffs and/or the collective and/or the putative class, and/or were proximately caused by the actions or inactions of Plaintiffs and/or the collective and/or the putative class.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to seek leave of court to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays that:

1.     No class be certified and that Plaintiffs' Complaint be dismissed in its entirety with

prejudice;

 2.  Plaintiffs and/or collective and class members take nothing by this action;

 3.  Defendant be awarded its costs and attorneys' fees incurred herein; and,

 4.  Defendant be awarded such other and further relief as the Court deems just and proper.

   Dated: January 18, 2022      Respectfully submitted,

                  Attorneys for Defendants

                  /s Eli Z. Freedberg
                  **LITTLER MENDELSON, P.C.**
                  Eli Z. Freedberg
                  900 Third Avenue
                  New York NY 10022
                  (212) 583-26685
                  efreedberg@littler.com
                  ppiccigallo@littler.com