

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ALVAREZ CHICAS and ALONSO VILLATORO, individually and on behalf of all others similarly situated,

          Plaintiffs,

-v-

KELCO CONSTRUCTION, INC., E.L.M. GENERAL CONSTRUCTION CORP., JOHN KELLY and JOSEPH PROVENZANO,

          Defendants.

Civil Action No. 1:21-cv-09014 (PAE) (SDA)

ENDORSEMENT:
The parties' proposed case management plan is approved. In addition, the parties shall file a joint letter regarding the status of discovery on May 3, 2022. SO ORDERED.
Dated: March 3, 2022

## REPORT OF RULE 26(f) MEETING AND ~~PROPOSED~~ CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on February 22, 2022 and exchanged communications, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

**Plaintiff:** Kelco Construction, Inc. ("Kelco") and and E.L.M. General Construction Corp. ("ELM") are related entities which each issued payroll checks to the same employees covering the same workweek. However, the checks issued by ELM paid employees at rates less than the applicable prevailing wage for work performed on public works contracts entered into by Kelco. The checks issued by ELM did not pay Kelco employees at the agreed upon regular rate. In addition, the hours paid by Kelco and ELM were not aggregated for the purpose of calculating overtime under the FLSA and the NYLL, resulting in the failure to pay time and a half for overtime hours worked. Finally, the Defendants failed to issue hiring notices as required by NYLL § 195(1), and the wage statements issued by the Defendants did not contain all of the information required by NYLL § 195(3). The issues include whether (1) the defendants are related entities (2) Kelco failed to pay the prevailing wages to Plaintiffs owed for work performed pursuant to public works contracts (3) the Defendants failed to pay Plaintiffs for all hours at the agreed upon rate, (4) the Defendants complied with the wage statement and hiring provisions of the NYLL, and (5) whether John Kelly and Joseph Provenzano are individually liable as employers. Finally, whether the case is suitable for class and collective treatment is also an issue.

**Defendant:** Defendants deny all allegations and maintain that they properly compensated

1

each Plaintiff and member of the putative class or collective. Defendants Kelco Construction, Inc., E.L.M. General Construction Inc., John Kelly, and Joseph Provenzano deny that they are joint employers (or even primary employers in some cases). Defendants deny that this case is amenable to collective or class certification.

2. **Basis of Subject Matter Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. **Subjects on Which Discovery May Be Needed**

**Plaintiff:** Plaintiffs will seek the production of payroll data, wage statements, and hiring notices from the Defendants on a class-wide basis. The primary payroll providers during the relevant time period were Paychex and ADP. Plaintiffs will also seek certified payrolls, copies of contracts to perform public work entered into by Kelco,, and documents concerning the relationship between the Defendants John Kelly, Joseph Provenzano, Kelco, and ELM. Plaintiff's job performance and separation from employment are irrelevant in a wage and hour lawsuit.

**Defendant:** Plaintiffs': (i) work hours, (ii) rates of pay, (iii) job duties, (iv) job performance, (v) separation of employment, (vi) status as union members, (vii) whether Plaintiffs worked on public work projects and (viii) alleged damages. The corporate structure of each Defendant. This list shall not be deemed expansive and Defendants reserve the right to seek discovery on unenumerated topics.

4. **Initial Disclosures**

The parties shall comply with their Rule 26(a) initial disclosure requirements on or before March 17, 2022 and will continue to supplement their productions.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

    a.    All fact discovery must be completed by **December 31, 2022**.

The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided

that the parties meet the deadline for completing fact discovery set forth in 5(a)above.

      i. <u>Depositions</u>: Depositions shall be completed by **November 30, 2022** and limited to nomore than **ten** depositions per party. . Plaintiffs may attempt to depose ADP and Paychex prior to the completion of party depositions. Defendants reserve the right to seek a court order compelling these third party depositions to occur after the complete of party depositions. All other non-party depositions shall follow party depositions, absent court order or agreement between the parties.

      ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before **March 31, 2022**. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

      iii. <u>Requests for Admission</u>: Requests for admission, if any, must be served on orbefore **November 15, 2022**.

      iv. <u>Requests for Production</u>: Initial requests for production will beexchanged on or before **March 31, 2022** and responses shall be due within 30 days of service. All subsequent requests for production must beserved no later than 30 days before the discovery deadline.

      v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

**Plaintiffs**: Plaintiffs will seek class-wide information pertaining to putative class members including pay stubs, hiring notices, and payroll records. "It is well-established within this Circuit that '[d]iscovery relating to class issues may overlap substantially with merits discovery.'" *Flores v. Stanford*, 2021 U.S. Dist. LEXIS 185700, at \*16 (S.D.N.Y. Sep. 28, 2021)(citing *Bodner v. Paribas*, 202 F.R.D. 370, 373 (E.D.N.Y. 2000)). Moreover, "[t]he fact that discovery may identify potential class members does not render otherwise proper discovery premature because it precedes class certification." *U1it4less, Inc. v. FedEx Corp.*, 11 Civ. 1713(CS)(PED), 2014 U.S. Dist. LEXIS 203862, 2014 WL 12779557, at \*2 (S.D.N.Y. Oct. 31, 2014). For this reason to the extent that employment records "relate to putative class members—among other things, names, contact information, hours and pay information—they all bear on class certification, maybe sought, and must be produced." *Thompson v. Glob. Contact Servs., LLC*, No. 20-CV-651-MKB-SJB, 2021 U.S. Dist. LEXIS 57589, at \*5 (E.D.N.Y. Feb. 16, 2021). Indeed, "generic objections to [pre-certification] class discovery"as premature are "frivolous." *Dupres v. Houslanger & Assocs., PLLC*, No. 19-CV-6691-RPK-SJB, 2021 U.S. Dist. LEXIS 108513, at \*5 (E.D.N.Y. June 9, 2021).

**Defendants**: Defendants respectfully maintain that they should not be required to produce class wide discovery (i.e., time and pay records and personnel files) unless and until an individual opts in to the lawsuit or the court certified this lawsuit as a class action. Such production would be overbroad and unduly burdensome and seek production of material that is irrelevant to the claims asserted in this action. Defendants maintain that should Plaintiffs obtain an order certifying this Action as a class action pursuant to rule 23 of the Federal Rules of Civil Procedure, then the parties should meet and confer to submit a discovery schedule for the second phase of discovery.

7. **Amendments to Pleadings**

    a. Are there any amendments to pleadings anticipated? **None at this time.**

    b. Last date to amend the Complaint **July 1, 2022.**

8. **Expert Witness Disclosures**

At this time, the parties anticipate utilizing experts. Expert discovery shall be completed by **February 27, 2023.**

9. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? **Yes.**

    b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place by **April 1, 2022.**

    c. Do the parties want the Court to enter a Rule 502(d) Order? (*see* Rule 502(d) Order)

        Yes __x__ No ____

    d. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference? **Defendants used Paychex and ADP for payroll processing. At this time, Defendants do not believe that they are in possession, custody or control of payroll related ESI.**

10. **Anticipated Motions**

**Plaintiffs**: Plaintiffs anticipate filing a motion for conditional certification, class

4

certification, and summary judgment.

**Defendants**: Defendants expect to file a motion for summary judgment at the close of discovery.

11. **Early Settlement or Resolution**

The parties have discussed the possibility of settlement. The parties request a settlement conference by no later than **September 1, 2022**. The following information is needed before settlement can be discussed:

**Plaintiffs:** Class-wide payroll information, pay stubs, hiring notices, and certified payrolls.

**Defendants:** Discovery pertaining to Plaintiffs' employment, including their job performance and separation of employment; Plaintiffs' alleged damages; and Defendants' defenses.

12. **Trial**

   a. The parties anticipate that this case will be ready for trial by **March 2023.**

   b. The parties anticipate that the trial of this case will require **ten (10)** days.

   c. The parties **do not** consent to a trial before a Magistrate Judge at this time.

   d. The parties request a **jury** trial.

Respectfully submitted this 23rd Day of February 2022.

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
|---|---|
| Steven J. Moser | Eli Freedberg |
| Moser Law Firm, P.C. | Littler Mendelson, P.C. |
| steven.moser@moserlawfirm.com | EFreedberg@littler.com |
| Tel: 516-671-1150 | Tel: 212.583.2685 |

5