

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

April 5, 2022

**VIA ECF**

Hon. Paul A. Engelmayer, USDJ
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Alvarez v. Kelco Landscaping, Inc. et al.,* Case No. 21-cv-09014-PAE-SDA

Dear Judge Engelmayer:

      Please accept this request for a pre-motion conference regarding Plaintiffs' anticipated motion to amend the complaint. Although not specifically required by Your Honor's rules, we write to request the conference in an attempt to avoid a full briefing on the motion, and in order to preserve the filing date of the proposed First Amended Complaint, in the event that the Defendants assert a statute of limitations defense thereto.

      As per Magistrate Judge Aaron's order dated March 3, 2022, the current deadline to file a motion to amend the pleadings is July 1, 2022.  Significant discovery has not yet begun.  The Defendants have not yet served interrogatories or requests for production.  Plaintiffs have served requests for production, the responses to which are not yet due.  No depositions have been taken.

      The proposed First Amended Complaint ("FAC"), a copy of which is annexed hereto, adds four named plaintiffs (Misael Alexander Martinez Castro, Angel Martinez, Edwin Ulloa Moreira and Mateo Umana), all of whom were employees of Defendant ELM General Construction Corp. ("ELM").   In addition to the allegations contained in the original complaint, the FAC asserts that employees of Kelco Construction Corp. ("Kelco") and ELM were required to report to a designated location each morning to load tools and materials, but were not compensated for travel from the designated location to the worksite.[1]  In addition, the proposed FAC asserts that ELM employees were required to attend mandated and uncompensated OSHA training for the benefit of their employer.  The cost of the training was deducted from the employees' wages in violation of NYLL 193.

      "Rule 15 requires that the Court should 'freely give leave' to amend a pleading 'when justice so requires.'" *Dixon v. Attica Corr. Facility,* 2021 U.S. Dist. LEXIS 211875, at *3

---

[1] "Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice." 29 C.F.R. § 785.38.

Hon. Paul A. Engelmayer, USDJ  
Re: *Alvarez v. Kelco Landscaping, Inc. et al.,* 21-cv-09014-PAE-SDA  
Page 2

MOSER LAW FIRM, PC

(S.D.N.Y. Nov. 2, 2021).  And the standard for deciding whether to permit joinder of additional parties under Rule 21 is "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Agerbrink v. Model Serv. L.L.C.,* 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). Plaintiffs have not engaged in "undue delay, bad faith, or any other conduct which would warrant denial of leave to amend." *Feliciano v. Cty. of Suffolk*, No. CV 04-5321 (JS) (AKT), 2013 U.S. Dist. LEXIS 44946, at *16 (E.D.N.Y. Mar. 28, 2013)

    For the foregoing reasons, Plaintiffs request a pre-motion conference regarding an anticipated motion to amend the complaint.  In the event that the Defendants consent to the proposed amendment, we will furnish a stipulated order.

                                          Very truly yours,

                                          *Steven J. Moser*

                                          Steven J. Moser

CC:    All counsel of record via ECF