Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C. 5 E. Main
StreetHuntington, NY 11743
631.824.0200
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALVAREZ CHICAS, ALONSO VILLATORO, MISAEL ALEXANDER MARTINEZ CASTRO, ANGEL MARTINEZ, EDWIN ULLOA MOREIRA and MATEO UMAÑA individually and on behalf of all others similarly situated, | **[PROPOSED] FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Plaintiffs, | |
| - against - | **Case No. 21-cv-09014 (PAE)(SDA)** |
| KELCO CONSTRUCTION, INC., E.L.M. GENERAL CONSTRUCTION CORP. D/B/A KELLY'S CREW, JOHN KELLY and JOSEPH PROVENZANO, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Carlos Alvarez Chicas, Alonso Villatoro, Misael Alexander Martinez Castro, Angel Martinez, Edwin Ulloa Moreira, and Mateo Umaña ("Named Plaintiffs"), individually and on behalf of all others similarly situated, by the Moser Law Firm, P.C., hereby file this first amended complaint against Kelco Construction, Inc., E.L.M. General Construction Corp., John Kelly and Joseph Provenzano ("Defendants") and allege as follows:

## <u>INTRODUCTION</u>

1.     Kelco Construction, Inc. ("Kelco") and E.L.M. General Construction Corp. d/b/a Kellys Crew ("ELM") are landscape installation and construction companies. . Kelco and ELM share common control, company headquarters, personnel, management, and payroll processing operations. They are a single integrated enterprise and jointly and severally liable for wages to the Plaintiffs. John Kelly ("Kelly") and Joseph Provenzano

("Provenzano") exercised operational control over the corporate entities and are otherwise individually liable as employers.

2.      "Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice." 29 C.F.R. § 785.38. Plaintiffs, employees of Kelco and ELM, were required to report at a specific time each morning to Kelco's facility located at 25 Newton Place, Hauppauge, New York (the "facility"). Upon arriving the employees would load the trucks with materials and tools. They would drive (or be driven in) company vehicles to worksites in New York City. At the end of the workday, they would arrive at the facility, where they would unload and clean the trucks. Plaintiffs were not paid from the time they were required to report until the vehicles were unloaded and/or cleaned at the end of the day. Drivers were only paid for a pre-determined amount of "drive time" each day (3 hours), at a low hourly rate (usually $15 per hour), even though the drivers' regular rates were $45 per hour or more, and even though the travel time regularly exceeded 3 hours each day. As a result, the Defendants failed to properly pay Plaintiffs and those similarly situated (1) straight wages, (2) overtime wages, and (3) prevailing wages.

3.      Kelco and ELM are related entities who each issued payroll checks to the same employees covering the same workweek. However, the hours paid by Kelco and ELM were not aggregated for the purpose of calculating overtime under the FLSA and the NYLL, resulting in the failure to properly pay overtime.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          1st AMENDED COMPLAINT
Page 2

4.      ELM employees were required to attend a mandatory 30 hour OSHA training. However, ELM did not pay employees for the training time, and deducted the cost of the training from the employees' wages.

5.      This complaint is filed to recover:

A.   Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2 (1st and 2nd Causes of Action);

B.   Straight wages under NYLL § 191 (3rd Cause of Action);

C.   Unpaid prevailing wages owed to the Plaintiffs as third-party beneficiaries of prevailing wage contracts (4th Cause of Action).

D.   Statutory damages for failure to issue hiring notices as required by NYLL § 195(1) (5th and 6th Causes of Action).

E.   Statutory damages for failure to issue wage statements that comply with NYLL § 195(3) (7th and 8th Causes of Action).

F.   Unlawful deductions from wages under NYLL § 193 (9th Cause of Action).

**<u>JURISDICTION AND VENUE</u>**

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          1st AMENDED COMPLAINT
Page 3

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C.

§ 1391, as a substantial part of the events or omissions giving rise to the claims in this

action occurred within the Southern District of New York.

## PARTIES

**PLAINTIFF CARLOS ALVAREZ CHICAS**

4.      Plaintiff Carlos Alvarez Chicas ("Alvarez") is a natural person who resides

in Suffolk County, New York.

5.      Alvarez was an employee of the Defendants within the meaning of 29

U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF ALONSO VILLATORO**

6.      Plaintiff Alonso Villatoro ("Villatoro") is a natural person who resides in

Suffolk County, New York.

7.      Villatoro was an employee of the Defendants within the meaning of 29

U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF MISAEL ALEXANDER MARTINEZ CASTRO**

8.      Plaintiff Misael Alexander Martinez Castro ("Castro") is a natural person

who resides in Suffolk County, New York.

9.      Plaintiff Castro was an employee of the Defendants within the meaning of

29 U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF ANGEL MARTINEZ**

10.     Plaintiff Angel Martinez ("Martinez") is a natural person who resides in

Suffolk County, New York.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014          1st AMENDED COMPLAINT
                                                                      Page 4

11.     Martinez was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF EDWIN ULLOA MOREIRA**

12.     Plaintiff Edwin Ulloa Moreira ("Moreira") is a natural person who resides in Suffolk County, New York.

13.     Moreira was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF MATEO UMAÑA**

14.     Plaintiff Mateo Umaña ("Umaña") is a natural person who resides in the State of Arkansas.

15.     Umaña was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**KELCO CONSTRUCTION, INC.**

16.     Defendant Kelco Construction, Inc. ("Kelco") is a domestic corporation formed under the laws of the State of New York.

17.     Kelco has engaged in the business of providing landscaping and construction services during the three year period preceding the filing of this complaint ("the FLSA time period").

18.     For each calendar year from January 1, 2018, and up to the present time, Kelco's annual gross volume of sales made or business done was not less than $500,000.

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          1st AMENDED COMPLAINT
Page 5

**E.L.M. GENERAL CONSTRUCTION CORP.**

19.     Defendant E.L.M. General Construction Corp. ("ELM") is a domestic corporation formed under the laws of the State of New York.

20.     Defendant ELM has engaged in the business of providing landscaping and construction services during the FLSA time period.

21.     For each calendar year from January 1, 2018, and up to the present time, ELM' annual gross volume of sales made or business done was not less than $500,000.

**THE KELCO ENTERPRISE**

22.     Kelco and ELM (the "Corporate Entities") form part of a single integrated enterprise (the "Kelco Enterprise"), and therefore constitute a single employer for the purposes of FLSA and NYLL liability.

23.     Upon information and belief, the Corporate Entities share interrelated operations, common management, centralized control of labor relationships, and common ownership.

24.     Upon information and belief, the Corporate Entities are commonly owned, operated, and managed by Defendants John Kelly ("Kelly") and Joseph Provenzano ("Provenzano").

25.     The Corporate Entities share a common principal place of business.

26.     Kelco maintains a place of business at 25 Newton Place, Hauppauge, NY 11788.

27.     ELM maintains a place of business at 25 Newton Place, Hauppauge, NY 11788.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014     1st AMENDED COMPLAINT
Page 6

28.     The Corporate Entities are involved in the business of landscaping and
construction.

29.     During the relevant time period, Kelco did business as "The Dirt Company".

30.     During the relevant time period, ELM also did business as "The Dirt
Company".

31.     During the relevant time period, Kelco did business as "Ecological
Landscape Management".

32.     During the relevant time period, ELM also did business as "Ecological
Landscape Management".

33.     In sum, during the relevant time period, both Kelco and ELM used the same
assumed names: The Dirt Company" and "Ecological Landscape Management".

34.     In sum, during the relevant time period, both Kelco and ELM did business
under the same names.

35.     The use of the same assumed name by different corporations permits the
comingling of funds and diversion of earnings earned by one corporation to another. More
specifically, the use the same assumed name by different corporations allows any of the
corporations who share the same assumed name to deposit a check intended for the other
corporation. A check payable to either "Ecological Landscape Management" or "The Dirt
Company", regardless of which Corporate Entity it was intended for, could be deposited
into either an ELM bank account or a Kelco bank account.

36.     During the relevant time period, ELM did business as "Kelly's Crew".

37.     Upon information and belief, John Kelly is the eponym of Kelly's Crew.

**MOSER LAW
FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

**JOHN KELLY**

38.    John Kelly ("Kelly") is a natural person who resides in Suffolk County, New York.

39.    Upon information and belief, Kelly was an officer of Kelco during the relevant time period.

40.    Upon information and belief, Kelly was the president of Kelco during the relevant time period.

41.    Upon information and belief, Kelly has been the sole shareholder of Kelco during the relevant time period.

42.    Upon information and belief, Kelly has been a majority shareholder of Kelco during the relevant time period.

43.    Upon information and belief, Kelly has been a shareholder of Kelco during the relevant time period.

44.    Upon information and belief, Kelly was the president of ELM during the relevant time period.

45.    Upon information and belief, Kelly was an officer of ELM during the relevant time period.

46.    Upon information and belief, Kelly has been the sole shareholder of ELM during the relevant time period.

47.    Upon information and belief, Kelly has been a majority shareholder of ELM during the relevant time period.

48.    Upon information and belief, Kelly has been a shareholder of ELM during the relevant time period.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                1st AMENDED COMPLAINT
Page 8

49.     Upon information and belief, an employment relationship existed within the meaning of the FLSA and NYLL, between Kelly and the Plaintiffs, in that the Defendant Kelly had the power to control the Plaintiffs.

50.     Upon information and belief, Kelly had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

51.     Upon information and belief, Kelly exercised sufficient operational control over Kelco to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

52.     Upon information and belief, Kelly exercised sufficient operational control over ELM to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

**JOSEPH PROVENZANO**

53.     Joseph Provenzano ("Provenzano") is a natural person who resides in Suffolk County, New York.

54.     Upon information and belief, Provenzano was an officer of Kelco during the relevant time period.

55.     Upon information and belief, Provenzano has been a shareholder of Kelco during the relevant time period.

56.     Upon information and belief, Provenzano was the president of ELM during the relevant time period.

57.     Upon information and belief, Provenzano was an officer of ELM during the relevant time period.

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          1st AMENDED COMPLAINT
Page 9

58.     Upon information and belief, Provenzano has been the sole shareholder of ELM during the relevant time period.

59.     Upon information and belief, Provenzano has been a majority shareholder of ELM during the relevant time period.

60.     Upon information and belief, Provenzano has been a shareholder of ELM during the relevant time period.

61.     Upon information and belief, an employment relationship existed within the meaning of the FLSA and NYLL, between Provenzano and the Plaintiffs, in that the Defendant Provenzano had the power to control the Plaintiffs.

62.     Upon information and belief, Provenzano had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

63.     Upon information and belief, Provenzano exercised sufficient operational control over Kelco to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

64.     Upon information and belief, Provenzano exercised sufficient operational control over ELM to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

## **FACTS**

**PREVAILING WAGES**

65.     Kelco and ELM entered into contracts for numerous projects under which it promised to pay prevailing union wages, including :

    A.  The 9/11 Memorial and Museum,

    B.  The LGBTQ Memorial Site,

C.  Central Park,

D.  Brooklyn Bridge Park,

E.  Hudson River Park,

F.  Queens Plaza Park,

G.  The Brooklyn Botanical Gardens,

H.  Domino Park, and

I.  The United Nations

66.    Upon information and belief, the aforementioned contracts, provided that the workmen performing work thereunder were entitled to (1) the prevailing rate of wages for each hour worked (2) time and a half for hours worked in excess of 8 hours each workday and (3) time and a half for hours worked in excess of 40 during any workweek.

**CARLOS ALVAREZ CHICAS**

67.    Plaintiff Carlos Alvarez Chicas ("Alvarez") was employed by Kelco from approximately March 2017 until approximately March 2021.

68.    Alvarez was employed by ELM from approximately March 2017 until approximately March 2021.

69.    Alvarez worked as a laborer and form setter.

70.    During his employment with Kelco and ELM, Alvarez performed work under numerous prevailing wage contracts, including:

J.  Central Park;

K.  The Brooklyn Botanical Gardens; and

L.  Brooklyn Bridge Park.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014                1st AMENDED COMPLAINT
Page 11

71.     During his employment with the Defendants, Alvarez was required to report to the facility at a specific time (usually 4:30 AM). Alvarez would then drive fellow employees in a company vehicle to and from worksites in New York City, and would clean and unload the company vehicle at the end of the workday.

72.     Defendants, rather than compensating Alvarez from the time he was required to report until the end of his workday, only paid Alvarez for 3 hours of "Drive Time", and paid for the "Drive Time" at rates less than the regular rate/overtime rate to which Alvarez was entitled.

73.     Kelco and ELM issued separate paychecks to Alvarez for work performed during the same workweek.

74.     Kelco and ELM did not aggregate the hours worked for purposes of paying overtime wages to Alvarez.

75.     Kelco and ELM did not pay Alvarez time and a half for hours all hours worked in excess of 40 as required by the FLSA and the NYLL.

76.     Kelco and ELM did not pay Alvarez the prevailing wages for each hour worked up to 8 hours each day as required by the prevailing wage contracts entered into by Kelco.

77.     Kelco and ELM did not pay Alvarez time and a half for hours worked in excess of 8 hours each workday as required by the prevailing wage contracts.

78.     Kelco and ELM did not pay Alvarez time and a half for hours worked in excess of 40 hours each workweek as required by the prevailing wage contracts.

79.     For example, for the workweek ending August 25, 2018, Kelco paid Alvarez for 40 hours at $46.35 per hour. However, for this pay period, ELM also paid Alvarez for

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                    1st AMENDED COMPLAINT
Page 12

15 hours at only $15 per hour. During this workweek, the Defendants failed to pay Alvarez for all overtime hours worked at one and one half times his regular rate of pay - $69.525. Although, upon information and belief, the work performed during this workweek was performed pursuant to a prevailing wage contract, Kelco did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

80.     For example, for the week ending March 2, 2019, Kelco paid Alvarez for 32 regular hours at $46.35 per hour, and 1 hour at an overtime rate of $69.525 per hour. However, for this pay period ELM also paid Alvarez for an additional 12 hours at only $15 per hour. During this workweek, the Defendants failed to pay Alvarez for all overtime hours worked at one and one half times his regular rate of pay - $69.525. Although, upon information and belief, the work performed during this workweek was performed pursuant to a public works contract, Kelco did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

81.     Kelco hired Alvarez on or about March 2017.

82.     Kelco did not furnish a hiring notice to Alvarez that complied with NYLL § 195-1(a) at any time.

83.     ELM began paying Alvarez on or about March 2017.

84.     ELM did not furnish a hiring notice to Alvarez that complied with NYLL § 195-1(a) at any time.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

85.     NYLL § 195-3 requires employers to furnish to the employee, with each payment of wages, a statement containing the following information:

> the dates of work covered by that payment of wages;  name of employee;  name of employer;  address and phone number of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage;  and net wages.

86.     The wage statements issued by both Kelco and ELM to Alvarez were fictitious, because neither statement contained the proper number of regular and/or overtime hours worked. Instead, the wage statements were designed to make it seem as though the Plaintiffs were employed by two unrelated entities, when in fact they were employed by the Kelco Enterprise.. The purpose of issuing separate wage statements was to evade the Defendants' obligations to pay overtime, straight wages and prevailing wages.

87.     Prior to June 4, 2017, the wage statements issued by ELM to Alvarez contained the following address: 373 Smithtown Bypass Suite 256, Hauppauge, NY 11788

88.     373 Smithtown Bypass Suite 256, Hauppauge, NY 11788 was a fictitious address.

89.     373 Smithtown Bypass Suite 256, Hauppauge, NY 11788 was not the principal place of business of ELM.

90.     373 Smithtown Bypass, Hauppauge, NY 11788 was a UPS Store location. "Suite 256" did not exist.

91.     Between June 4, 2017, and June 29, 2019, the wage statements issued by ELM to Alvarez contained the following address: 34 E. Main St, Suite 266, Smithtown, NY 11787.

92.     34 E. Main St, Suite 266, Smithtown, NY 11787 was a fictitious address.

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                1st AMENDED COMPLAINT
Page 14

93.     34 E. Main St, Suite 266, Smithtown, NY 11787 was not the principal place of business of ELM.

94.     34 E. Main St, Smithtown, NY 11787 is a UPS Store location. "Suite 266" did not exist.

95.     After June 29, 2019, the wage statements issued by ELM to Alvarez contained the following address: 373 Smithtown Bypass, Suite 256, Hauppauge, NY 11788.

96.     373 Smithtown Bypass, Suite 256, Hauppauge, NY 11788 was never the principal place of business of ELM.

97.     After June 29, 2019, 373 Smithtown Bypass, Hauppauge, NY 11788 was a closed UPS Store. No UPS Store or Suite 256 existed at that address after June 29, 2019.

98.     Prior to June 30, 2019, the wage statements issued by ELM to Alvarez contained the following telephone number: 631-424-1152.

99.     631-424-1152 was not the telephone number of ELM.

100.    631-424-1152 was the home telephone number of Joseph Provenzano, which, upon information and belief, had been disconnected before the date Alvarez began working for ELM.

101.    Beginning June 30, 2019, the wage statements issued by ELM to Alvarez contained the following telephone number: 631-462-2952.

102.    631-462-2952 is not the telephone number of ELM.

103.    In fact, 631-462-2952 is the telephone number of Kelco.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014          1st AMENDED COMPLAINT
                                                                          Page 15

**ALONSO VILLATORO**

104.    Plaintiff Alonso Villatoro was employed by Kelco from approximately March 2017 until approximately January 2021.

105.    Plaintiff Alonso Villatoro ("Villatoro") was employed by ELM from approximately March 2017 until approximately January 2021.

106.    Villatoro worked as a laborer and mason.

107.    During his employment with Kelco and ELM, Villatoro performed work under numerous prevailing wage contracts, including:

    a.    The Brooklyn Botanical Gardens;

    b.    Queens Plaza Park;

    c.    Domino Park; and

    d.    Brooklyn Bridge Park.

108.    During his employment with the Defendants, Villatoro was required to report to the facility at a specific time (usually 4:30 AM). Villatoro would then drive fellow employees in a company vehicle to and from worksites in New York City, and would clean and unload the company vehicle at the end of the workday.

109.    Defendants, rather than compensating Villatoro from the time he was required to report until the end of his workday, only paid Villatoro for 3 hours of "Drive Time", and paid for the "Drive Time" at rates less than the regular rate/overtime rate to which Villatoro was entitled.

110.    Kelco and ELM issued separate paychecks to Villatoro for work performed during the same workweek.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014

1st AMENDED COMPLAINT
Page 16

111.    Kelco and ELM did not aggregate the hours worked for purposes of paying overtime wages to Villatoro.

112.    Kelco and ELM did not pay Villatoro time and a half for hours worked in excess of 40 as required by the FLSA and the NYLL.

113.    Kelco and ELM did not pay Villatoro the prevailing wages for each hour worked up to 8 hours each day as required by the contracts entered into by Kelco.

114.    Kelco and ELM did not pay Villatoro time and a half for hours worked in excess of 8 hours each workday as required by the prevailing wage contracts.

115.    Kelco and ELM did not pay Villatoro time and a half for hours worked in excess of 40 hours each workweek as required by the contracts.

116.    For example, for the workweek ending September 16, 2017, Kelco paid Villatoro for 40 hours at $45.85 per hour and 3.5 hours at the overtime rate of $68.775 per hour. However, tor this pay period, ELM also paid Villatoro for an additional 8 hours at a rate of $37.50 per hour, and an additional 3 hours at only $15 per hour. During this workweek, the Defendants failed to pay Villatoro for all overtime hours worked at one and one half times his regular rate of pay - $68.775. Although, upon information and belief, the work performed during this workweek was performed pursuant to a prevailing wage contract, Kelco did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

117.    For example, for the week ending November 2, 2019, Kelco paid Villatoro for 32 hours at $46.85 per hour, and 3 hours at the overtime rate of $70.275 per hour.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

However, for this pay period, ELM also paid Villatoro for an additional <u>16 hours at only</u> <u>$15 per hour</u>. During this workweek, the Defendants failed to pay Villatoro for all overtime hours worked at one and one half times his regular rate of pay - $70.275. Although, upon information and belief, the work performed during this workweek was performed pursuant to a prevailing wage contract, Kelco did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

118.    Kelco hired Villatoro on or about March 2017.

119.    Kelco did not issue furnish a hiring notice to Villatoro that complied with NYLL § 195-1(a) at any time.

120.    ELM began paying Villatoro on or about March 2017.

121.    ELM did not furnish a hiring notice to Villatoro that complied with NYLL § 195-1(a) at any time.

122.    The wage statements issued by both Kelco and ELM to Villatoro were fictitious, because neither statement contained the correct number of regular and/or overtime hours worked. Instead, the wage statements were designed to make it seem as though the Plaintiffs were employed by two unrelated entities, when in fact they were employed by the Kelco Enterprise.. The purpose of issuing separate wage statements was to evade the Defendants' obligations to pay overtime, straight wages, and prevailing union wages.

123.    Prior to June 4, 2017, the wage statements issued by ELM to Villatoro contained the following address: 373 Smithtown Bypass Suite 256, Hauppauge, NY 11788

**MOSER LAW**
**FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          1st AMENDED COMPLAINT
Page 18

124.    373 Smithtown Bypass Suite 256, Hauppauge, NY 11788 was a fictitious address.

125.    373 Smithtown Bypass Suite 256, Hauppauge, NY 11788 was not the principal place of business of ELM.

126.    373 Smithtown Bypass, Hauppauge, NY 11788 was a UPS Store location. "Suite 256" did not exist.

127.    Between June 4, 2017, and June 29, 2019, the wage statements issued by ELM to Villatoro contained the following address: 34 E. Main St, Suite 266, Smithtown, NY 11787

128.    34 E. Main St, Suite 266, Smithtown, NY 11787 was a fictitious address.

129.    34 E. Main St, Suite 266, Smithtown, NY 11787 was not the principal place of business of ELM.

130.    34 E. Main St, Smithtown, NY 11787 is a UPS Store location. "Suite 266" does not exist.

131.    After June 29, 2019, the wage statements issued by ELM to Villatoro contained the following address: 373 Smithtown Bypass, Suite 256, Hauppauge, NY 11788.

132.    373 Smithtown Bypass, Suite 256, Hauppauge, NY 11788 was never the principal place of business of ELM.

133.    After June 29, 2019, 373 Smithtown Bypass, Hauppauge, NY 11788 was a closed UPS Store. After June 29, 2019, No UPS Store or Suite 256 existed at that address.

134.    Prior to June 30, 2019, the wage statements issued by ELM to Villatoro contained the following telephone number: 631-424-1152.

**MOSER LAW**
**FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014            1st AMENDED COMPLAINT
                                                                                              Page 19

135.    631-424-1152 was not the telephone number of ELM.

136.    631-424-1152 was the home telephone number of Joseph Provenzano, which, upon information and belief, had been disconnected before the date Villatoro began working for ELM.

137.    Beginning June 30, 2019, the wage statements issued by ELM to Villatoro contained the following telephone number: 631-462-2952.

138.    631-462-2952 is not the telephone number of ELM.

139.    In fact, 631-462-2952 is the telephone number of Kelco.

**THE ELM PLAINTIFFS**

140.    Castro, Martinez, Ulloa and Umaña (together the "ELM Plaintiffs") were all employed by ELM.

141.    Castro was employed by ELM from approximately June 2016 until approximately September 2021.

142.    Martinez was employed by ELM from approximately December 2019 until approximately July 2021.

143.    Ulloa was employed by ELM from approximately April 2016 until approximately December 2019.

144.    Umaña was employed by ELM from approximately March 2017 until approximately September 2019.

145.    The ELM Plaintiffs were all laborers performing landscaping and construction work. In addition, Ulloa and Umaña were drivers.

146.    The ELM Plaintiffs were all required to report to the facility at a specific time each morning (usually 4:30 AM). Upon arriving, they would load the company vehicle

**MOSER LAW**
**FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          1st AMENDED COMPLAINT
Page 20

with tools and materials. Ulloa and Umaña would then drive fellow employees in the company vehicle to a worksite in New York City. At the end of the workday, upon arriving at the facility the ELM Plaintiffs would clean and unload the company vehicle.

147.    Rather than compensating the ELM Plaintiffs from the time they were required to report to the facility until the end of their workday, ELM only paid them for the hours at the worksite. In addition, ELM also paid Umaña for 3 hours of "Drive Time", and paid for the "Drive Time" at rates less than the regular rate/overtime rate to which Ulloa and Umaña were entitled.

148.    As a result of failing to pay for all compensable hours, ELM did not pay the ELM Plaintiffs:

    A.  for all straight hours worked, when the ELM Plaintiffs worked fewer than 40 hours each week;

    B.  for overtime at 1 ½ times the regular rate of pay when the ELM Plaintiffs worked more than 40 hours each week;

    C.  the prevailing wages for each hour worked up to 8 hours each day when required by the prevailing wage contracts;

    D.  time and a half for hours worked in excess of 8 hours each workday when required by the prevailing wage contracts;

    E.  time and a half for hours worked in excess of 40 hours each workweek when required by the prevailing wage contracts.

149.    For example, for the workweek ending April 19, 2019, Castro was paid for 16 hours at $21 per hour, and 24 hours at $30 per hour. Upon information and belief,

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014                1st AMENDED COMPLAINT
                                                                                                              Page 21

Castro worked at least 55 hours during this workweek but did not receive any overtime premium compensation, at 1 ½ times his regular rate of pay.

150.    For example, for the workweek ending December 15, 2019, Martinez was paid for 40 hours at $18 per hour, and 1 hour at a proper overtime rate of $27 per hour. Upon information and belief, Martinez worked approximately 55 hours during this workweek.

151.    For example, for the workweek ending April 19, 2019, Ulloa was paid for 40 hours at $17 per hour.  Upon information and belief, Ulloa worked approximately 55 hours during this workweek.

152.    For example, for the workweek ending April 5, 2019, Umaña was paid for 40 hours at $25 per hour, 6.5 hours at an overtime rate of 37.50 per hour, and drive time of 3 hours at $25 per hour. Upon information and belief, Umaña spent approximately 15 hours driving for ELM during this workweek. However, he was only paid for 3 driving hours at his regular rate, rather than at the proper overtime rate.

153.    The ELM Plaintiffs were required by ELM to attend a mandatory 30 hour OSHA training. ELM did not compensate the Plaintiffs for the required training time. In addition they were required to pay for the training, through payroll deductions.  For example, Ulloa was subject to $175 in payroll deductions in 2019 to pay for the cost of employer-mandated training.

154.    ELM did not provide a hiring notice to the ELM Plaintiffs that complied with NYLL § 195-1(a) at any time.

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014        1st AMENDED COMPLAINT
Page 22

## **COLLECTIVE ACTION ALLEGATIONS**

155.    The Plaintiffs bring the first cause of action under the FLSA, on behalf of themselves and all hourly employees of Kelco and ELM who worked at any time during the three year period preceding the filing of this complaint and up to the present time elect to opt-in to this action (the "FLSA Collective").

156.    The Defendants have violated the FLSA by failing to pay the Named Plaintiffs and the FLSA Collective proper overtime wages as required by law due to the following policies:

A.  Kelco and ELM are related entities and joint employers under the FLSA. Both Kelco and ELM employed the same workers in the same workweek. Kelco employed these workers for one set of hours and ELM employed these same workers for a separate set of hours. However, the hours were not aggregated for the purpose of compliance with the overtime provisions of the FLSA.

B.  Kelco and ELM failed to compensate Plaintiffs and the FLSA Collective for all compensable hours due to the policy of paying Plaintiffs only for hours worked at the jobsites, and not including all hours that formed part of the employees' compensable workday.

157.    The first cause of action should be adjudicated as a collective action. Upon information and belief, the FLSA Collective consists of at least 200 similarly situated current and former employees of the Defendants who have been victims of the Defendants' common policies and practices.

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014            1st AMENDED COMPLAINT
Page 23

## CLASS ACTION ALLEGATIONS

158.    The Named Plaintiffs, on behalf of themselves and all hourly (non-exempt) employees of ELM And Kelco,1 bring the 2nd, 3rd, 4th, 5th, 6th, 7th, 8th and 9th causes of action pursuant to FRCP 23, which arise out of the following uniform policies:

A.    Kelco and ELM are related entities and joint employers under the NYLL.
    Both Kelco and ELM employed the same workers in the same workweek.
    Kelco employed these workers for one set of hours and ELM employed
    these same workers for a separate set of hours. The hours were not
    aggregated for the purpose of compliance with the overtime provisions of
    the NYLL.

B.    Kelco and ELM failed to pay employees for all compensable hours due to
    the policy of paying Plaintiffs only for hours worked at the jobsites, and not
    including all hours that formed part of the employees' compensable
    workday.

C.    ELM did not pay employees for mandatory training time which constituted
    compensable hours.

D.    As a result of the foregoing policies, the Defendants failed to pay proper
    overtime wages (2nd Cause of Action), straight wages (3rd Cause of
    Action), and prevailing wages (4th Cause of Action).

_____

1 The Plaintiffs reserve the right to propose classes and subclasses as appropriate in their motion for class certification. *See M.G. v. N.Y.C. Dep't of Educ.*, 162 F. Supp. 3d 216, 234 (S.D.N.Y. 2016); FRCP 23(c)(5)("When appropriate, a class may be divided into subclasses that are each treated as a class.")

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

E.  Kelco did not furnish a hiring notice within 10 days of hire that complied with NYLL § 195(1)(a) (5th Cause of Action).

F.  ELM did not furnish a hiring notice within 10 days of hire that complied with NYLL § 195(1)(a) (6th Cause of Action).

G.  The wage statements issued by both Kelco and ELM to an employee covering the same workweek were fictitious, because neither statement contained the correct number of regular and/or overtime hours worked. Instead, the wage statements were designed to make it seem as though the Plaintiffs were employed by two different entities, when in fact they performed work for a single integrated enterprise (7th and 8th Causes of Action).

H.  The wage statements furnished by ELM did not contain the correct address and telephone number of ELM, as required by NYLL 191-3 (8th Cause of Action).

I.  ELM deducted the cost of OSHA training from wages paid to ELM employees in violation of NYLL § 193 (9th Cause of Action).

159.  Excluded from the class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in the Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

160.  The persons in the class are so numerous that joinder of all members is impracticable.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

161.    Upon information and belief, the size the class is estimated to be at least 200 workers. Although the precise number of such persons is not known to the Named Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

162.    There are questions of law and fact common to the class that predominate over any questions solely affecting Named members of the Class individually.

163.    The claims of the Named Plaintiffs are typical of the claims of the class they seek to represent. The Named Plaintiffs and the class members work, or have worked, for Defendants in the State of New York. The Named Plaintiffs and the class members enjoy the same statutory rights under the NYLL and under the New York common law as third-party beneficiaries. The Named Plaintiffs and the class members have all sustained similar types of damages. The Named Plaintiffs and the class members have all been subject to the Defendants' uniform policies as set forth herein.

164.    The Named Plaintiffs will fairly and adequately represent and protect the interests of the class they seek to represent. The Named Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to represent the class's interests fairly and adequately. The Named Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. The Named Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interest over those of the class. The Named Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Named Plaintiffs understand that in order to provide adequate

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014        1st AMENDED COMPLAINT
Page 26

representation, they must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. The Named Plaintiffs have retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Named Plaintiffs and the class members.

165.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as the Defendants' uniform policies, practices, and procedures. Although the relative damages suffered by the members of the class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of wage and hour litigation. The class members lack the financial resources to conduct a thorough examination of the Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against the Defendants to recover such damages. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

166.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to class members that, as a practical matter, would be dispositive of the interests of the other members not parties to

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                    1st AMENDED COMPLAINT
                                                                                              Page 27

the adjudications or would substantially impair or impede their ability to protect their interests.

167.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) in that the questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### FIRST CAUSE OF ACTION

**BROUGHT AS A COLLECTIVE ACTION AGAINST KELCO AND ELM TO RECOVER OVERTIME**

**Fair Labor Standards Act**

**29 U.S.C. §§ 201, et. seq.; 29 U.S.C. §§ 207(a) & 216**

168.    Named Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

169.    Named Plaintiffs and the FLSA Collective were employed by the Defendants during the FLSA time period.

170.    The Corporate Entities were each an enterprise engaged in commerce during the FLSA time period.

171.    Defendants failed to pay the Named Plaintiffs and the FLSA Collective overtime pay for all hours worked at one and one half times the regular rate of pay

172.    Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

### SECOND CAUSE OF ACTION

**BROUGHT AS A CLASS ACTION AGAINST KELCO AND ELM TO RECOVER OVERTIME**

**Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2**

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014            1st AMENDED COMPLAINT
Page 28

173.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

174.    Named Plaintiffs and the class were employed by the Defendants during the relevant time period.

175.    Defendants failed to pay the Named Plaintiffs and the class overtime pay for all hours worked.

### THIRD CAUSE OF ACTION

**BROUGHT AS A CLASS ACTION AGAINST KELCO AND ELM TO RECOVER STRAIGHT WAGES**

**New York Labor Law § 191 (Or In the Alternative NYLL § 193)**

176.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

177.    Named Plaintiffs and the class were employed by the Defendants during the relevant time period.

178.    Defendants failed to pay the Named Plaintiffs and the class their agreed-upon wages for all non-overtime hours worked.

### FOURTH CAUSE OF ACTION

**BROUGHT AS A CLASS ACTION AGAINST KELCO AND ELM TO ENFORCE PREVAILING WAGE CONTRACTS**

**New York Common Law**

179.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

180.    Upon information and belief, the Defendants entered into valid and binding contracts which contained a promise to pay prevailing wages to the Named Plaintiffs and the class.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                1st AMENDED COMPLAINT
Page 29

181.    The Named Plaintiffs and the class were intended beneficiaries of the contracts entered into by the Defendants.

182.    Defendants failed to pay the Named Plaintiffs and the class prevailing wages for all hours worked, time and a half the prevailing wage for all hours worked in excess of 8 hours each day, and time and a half the prevailing wage for all hours worked in excess of 40 each workweek..

## FIFTH CAUSE OF ACTION

### ON BEHALF OF ALVAREZ AND VILLATORO AND THOSE SIMILARLY SITUATED FOR LIQUIDATED DAMAGES FOR KELCO'S FAILURE TO FURNISH HIRING NOTICES

### NYLL §§ 195(1) & 198

183.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

184.    Kelco hired the Named Plaintiffs and the class .

185.    Kelco did not furnish wage notices to Named Plaintiffs or the class within 10 business days of hiring as required by NYLL § 195-1 and NYLL § 198-1(b).

186.    All Defendants are jointly and severally liable for the damages to the Named Plaintiffs and the class.

## SIXTH CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S FAILURE TO FURNISH HIRING NOTICES

### NYLL §§ 195-1 & 198

187.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

188.    ELM hired the Named Plaintiffs and the class.

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014            1st AMENDED COMPLAINT
Page 30

189.    ELM did not furnish wage notices to Named Plaintiffs or the class within 10 business days of hiring as required by NYLL § 195-1 and NYLL § 198-1(b).

190.    All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

## SEVENTH CAUSE OF ACTION

### ON BEHALF OF ALVAREZ AND VILLATORO AND THOSE SIMILARLY SITUATED FOR LIQUIDATED DAMAGES FOR KELCO'S FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS

### NYLL §§ 195-3 & 198

191.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

192.    Defendant ELM furnished fictitious statements to Named Plaintiffs and the class which did not comply with NYLL § 195-3.

193.    Defendant Kelco furnished fictitious wage statements to Named Plaintiffs and the Class which did not comply with NYLL § 195-3.

194.    All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

## EIGHTH CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S FAILURE TO FURNISH COMPLIANT WAGE STATEMENTS

### NYLL §§ 195-3 & 198

195.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

196.    Defendant ELM furnished wage statements to Named Plaintiffs and the class which do not comply with NYLL § 195-3.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014                    1st AMENDED COMPLAINT
Page 31

197.    All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

## NINTH CAUSE OF ACTION

### ON BEHALF OF THE ELM PLAINTIFFS AND THOSE SIMILARLY SITUATED FOR UNLAWFUL DEDUCTIONS FROM WAGES

### NYLL §§ 193 & 198

198.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

199.    Defendant ELM made unlawful deductions from wages in violation of NYLL § 193.

200.    All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

### <ins>JURY DEMAND</ins>

Named Plaintiffs demand a trial by jury on all claims properly triable by a jury.

### <ins>PRAYER FOR RELIEF</ins>

WHEREFORE, the Named Plaintiffs respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, the Named Plaintiffs be allowed to give notice of this collective action;

B.    Certification of the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth causes of action as class actions;

C.    Overtime wages owed under the FLSA;

D.    An amount equal to overtime owed as liquidated damages under the FLSA;

E.    Overtime wages owed under the NYLL;

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                1st AMENDED COMPLAINT
Page 32

   F.     Straight wages owed under the NYLL;

   G.    The amount of unlawful deductions;

   H.    Liquidated damages equal to overtime, straight wages and unlawful deductions

        under the NYLL;

   I.      Prevailing wages owed to Named Plaintiffs and the class as third party

        beneficiaries;

   J.      Liquidated damages for violations of NYLL § 195-1;

   K.    Liquidated damages for violations of NYLL § 195-3;

   L.     Attorney's fees and costs of the action;

   M.    Pre-judgment and post-judgment interest as provided by law; and

   N.    Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
      March 30, 2022

                               Moser Law Firm, P.C.

                               By: Steven J. Moser
                               5 E. Main Street
                               Huntington, NY 11743
                               631.824.0200
                               steven.moser@moserlawfirm.com

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014        1st AMENDED COMPLAINT
                                              Page 33