Plaintiffs' Letter Motion for a conference is DENIED. While the Court agrees that Plaintiffs have a "low burden of proof," and encourages the Defendants to read the Court's Opinion and Order in *Sarikaputar v. Veratip Corp.*, 2018 Wage & Hour Cas. 2d (BNA) 311689, 2018 WL 4109348 (S.D.N.Y. Aug. 29, 2018), the Court cannot force Defendants' consent. No later than 6/10/2022, Plaintiffs shall file their anticipated motion. Defendants shall respond no later than 6/20/2022. Any reply shall be filed by 6/24/2022. SO ORDERED.
Dated: 5/28/2022



# MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 26, 2022

**VIA ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2022
```

Hon. Stewart D. Aaron, USMJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Alvarez v. Kelco Landscaping, Inc. et al.,* Case No. 21-cv-09014-PAE-SDA

Dear Judge Aaron:

    I represent the Plaintiffs in the above captioned action. I write to request a pre-motion conference regarding an anticipated motion for notice pursuant to 29 U.S.C. § 216.

## The Standard

    Although a pre-motion conference is not required under Your Honor's individual rules, we believe that, considering the "low burden of proof" [1] applicable to preliminary certification of FLSA claims, a pre-motion conference may obviate the need for motion practice.

    "As similarly situated employees can become plaintiffs [in an overtime case under the FLSA] only by filing written consent with the court, courts have discretion to facilitate notice to those employees." *Jaworski v. Integra Dev. Grp., Inc.*, No. 21-cv-3991 (BMC), 2021 U.S. Dist. LEXIS 228031, at *2-3 (E.D.N.Y. Nov. 28, 2021)(citing *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)). This process is often referred to as "conditional certification." However, the term "certification"

> is a misnomer and may obfuscate the leniency of the standard employed to authorize plaintiffs' counsel to send notices of the action. When the Court allows notices to be sent out, it is only making a preliminary determination - often based solely on allegations - of whether plaintiffs are "similarly situated" under, 8 U.S.C. § 216. *See* C. Wright, A. Miller & E. Cooper, 17A *Federal Practice and Procedure* 3d § 1807 (2011). The Court is not assuming that a class exists as Rule 23 used to permit courts to do, *see* 1 Joseph M. McLaughlin, *McLaughlin on Class Actions* § 3:6 (6th ed. 2010) (explaining the history of "conditional certification" of class actions); there is no class in a collective action. Nor is the Court certifying anything - class or otherwise.

---

[1] *Sarikaputar v. Veratip Corp.*, No. 1:17-cv-00814 (ALC) (SDA), 2018 U.S. Dist. LEXIS 147244, at *9 (S.D.N.Y. Aug. 29, 2018); *Damassia v. Duane Reade, Inc.* (*GEL*), No. 04 Civ. 8819 (GEL), 2006 U.S. Dist. LEXIS 73090, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 4, 2006) ("a plaintiff's burden at this preliminary stage is 'minimal'").

Hon. Stewart D. Aaron, USMJ  MOSER LAW FIRM, PC 
Re:  *Alvarez v. Kelco Landscaping, Inc. et al.,*
    Case No. 21-cv-09014-PAE-SDA
Page 2

*Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 103 n.1 (E.D.N.Y. 2011)

In deciding a motion for conditional certification, the Court may consider pleadings and declarations of the named plaintiffs and allegedly similarly situated employees.  See *Sarikaputar v. Veratip Corp.*, No. 1:17-cv-00814 (ALC) (SDA), 2018 U.S. Dist. LEXIS 147244, at *10 (S.D.N.Y. Aug. 29, 2018).  Where available at an early stage in litigation, payroll records may also be considered.  *See, e.g.,* B*enavides v. Serenity Spa NY Inc.,* 166 F. Supp. 3d 474, 479 (S.D.N.Y. 2016); *Barry v. S.E.B. Serv. of N.Y.*, No. 11-CV-5089 (SLT) (JMA), 2013 U.S. Dist. LEXIS 166746, at *2 (E.D.N.Y. Nov. 22, 2013).

### The Alleged Policies

**1. Failure to Aggregate Hours.** An employee who works for two related entities in a given workweek is entitled to have his hours aggregated for purposes of computing overtime. *Genao v. Blessed Sacrament Sch.*, No. 07 CV 3979 (CLP), 2009 U.S. Dist. LEXIS 95787, at *20 (E.D.N.Y. Sep. 30, 2009)(citing 29 C.F.R. § 791.2).  The Complaint alleges that[2]

Kelco [Construction, Inc.] and ELM [General Construction Corp.] are related entities which each issued payroll checks to the same employees covering the same workweek. [. . .However,] the hours paid by Kelco and ELM were not aggregated for the purpose of calculating overtime under the FLSA and the NYLL, resulting in the failure to pay time and a half for overtime hours worked.

The following chart illustrates specific examples of the failure to aggregate hours:

| Week Ending | Employee Name | KELCO PAYROLL | | | | ELM PAYROLL | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Reg Hours | Reg Rate | OT Hours | OT Rate | Addl Hrs | Rate | Addl Hours | Rate |
| 9/16/2017 | Alonso Villatoro[3] | 40 | $45.85 | 3.5 | $68.775 | 8 | $37.50 | 3 | $15.00 |
| 8/25/2018 | Carlos Alvarez[4] | 40 | $46.35 | | | | | 15 | $15.00 |
| 11/2/2019 | Alonso Villatoro[5] | 32 | $46.85 | 3 | $70.275 | | | 16 | $15.00 |
| 3/2/2019 | Carlos Alvarez[6] | 32 | $46.35 | 1 | $69.525 | | | 12 | $15.00 |

---

[2] ECF No. 1 ¶ 131.
[3] Complaint (ECF No. 1) ¶ 69.
[4] Complaint ¶ 106.
[5] Complaint ¶ 70.
[6] Complaint ¶ 107.

Hon. Stewart D. Aaron, USMJ  
Re: *Alvarez v. Kelco Landscaping, Inc. et al.*,  
    Case No. 21-cv-09014-PAE-SDA  
Page 3

MOSER LAW FIRM, PC 

**2. Failure to Compensate for All Hours "Worked".** "Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice." 29 C.F.R. § 785.38. This is because the workday begins when the employee reports for duty, and all time from the beginning of the workday to the end of the workday, including travel time, is compensable, save for bona-fide meal periods. *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 37, 126 S. Ct. 514, 525 (2005); *Kuebel v. Black & Decker Inc., 643* F.3d 352, 359 (2d Cir. 2011). This is known as the "continuous workday rule." *See* 29 C.F.R. § 790.6.

The proposed first amended complaint alleges as follows:

> Plaintiffs, employees of Kelco and ELM, were required to report at a specific time each morning to Kelco's facility located at 25 Newton Place, Hauppauge, New York (the "facility"). Upon arriving the employees would load the trucks with materials and tools. They would drive (or be driven in) company vehicles to worksites in New York City. At the end of the workday, they would arrive at the facility, where they would unload and clean the trucks. Plaintiffs were not paid from the time they were required to report until the vehicles were unloaded and/or cleaned at the end of the day. . .As a result, the Defendants failed to properly pay Plaintiffs and those similarly situated [for all overtime hours worked].[7]

**3. Failure to Pay Proper Overtime Rate.** Also relevant to this case is 29 C.F.R. § 778.115, which states:

> Where an employee in a single workweek works at two or more different types of work for which different nonovertime rates of pay. . .have been established, his regular rate for that week is the weighted average of such rates.

The regulation recognizes that in some circumstances, an employer may pay different rates to employees for different types of work for non-overtime hours. For example, a construction worker may be paid $80 per hour when acting as a foreman and $50 per hour when doing construction work. However, if he works 30 hours as a foreman and 20 hours as a construction worker in the same workweek, the employer cannot designate the lower rate of pay ($50 per hour) as the "regular rate" for the purposes of computing overtime.

In this case Defendants paid different non-overtime rates to employees. Based upon a preliminary review of payroll records, there are at least 150 instances in 2021 alone in which ELM Employees were not paid for all overtime hours at 1 ½ times the average regular rate of pay. We expect that a complete analysis will identify hundreds more instances in which overtime was not calculated at 1 ½ times the weighted regular rate during the relevant time period.

---

[7] Proposed First Amended Complaint, ¶ 2.

Hon. Stewart D. Aaron, USMJ
Re:  *Alvarez v. Kelco Landscaping, Inc. et al.*,
    Case No. 21-cv-09014-PAE-SDA
Page 4


MOSER LAW FIRM, PC

## Support for the Motion

"Conditional certification may be based solely on the personal observations of one plaintiff." *Sarikaputar v. Veratip Corp.*, No. 1:17-cv-00814 (ALC) (SDA), 2018 U.S. Dist. LEXIS 147244, at *10 (S.D.N.Y. Aug. 29, 2018)(citing *Hernandez v. Bare Burger Dio Inc.*, Case No. 12-CV-7794 (RWS), 2013 U.S. Dist. LEXIS 89254, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013)(collecting cases)).

Here, the Plaintiffs will furnish declarations of the two named plaintiffs, Carlos Alvarez Chicas and Alonso Villatoro.  Plaintiffs will also submit the declarations of Misael Alexander Martinez Castro, Angel Martinez, Edwin Ulloa Moreira and Mateo Umaña.[8]  Declarants will describe the policies of failing to aggregate hours worked, of failing to pay for all overtime hours worked, and failing to pay 1 ½ times the average regular rate.  We will also submit various paystubs from both Kelco and ELM demonstrating that (1) hours worked by employees for both Kelco and ELM were not aggregated for the purpose of computing overtime and (2) the Defendants failed to pay employees for all overtime hours at 1 ½ times the average regular rate of pay.

## Conclusion

Plaintiffs wish to give notice to the following:

> *All hourly field (non-office) employees of Kelco and ELM who worked at any time during the three year period preceding the filing of the complaint and up to the present time.*

Defendants may respond that their method of computing overtime was proper, that the two corporate defendants are not related and therefore had no obligation to aggregate hours, or that employees were not required to report to the facility each morning.  Such merits-based arguments "are not properly interposed" by a defendant in opposition to a motion for conditional certification, *Mendoza v. Little Luke, Inc.*, No. CV 14-3416 (JS)(AYS), 2015 U.S. Dist. LEXIS 138280, at *20 (E.D.N.Y. Oct. 9, 2015), because "[c]ourts do not weigh the merits of a plaintiff's claim at the conditional certification stage." *Santiago v. Info. Res. Inc.*, No. 20-CV-7688 (AT)(SN), 2022 U.S. Dist. LEXIS 29157, at *10 (S.D.N.Y. Feb. 16, 2022).

Very truly yours,

*Steven J. Moser*
Steven J. Moser

CC:    All counsel of record via ECF

---

[8] Plaintiff moved to add these individuals as named plaintiffs on May 9, 2022.  *See* ECF No. 35.  The motion to amend is not yet fully briefed.