Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALVAREZ CHICAS, ALONSO VILLATORO, MISAEL ALEXANDER MARTINEZ CASTRO, ANGEL MARTINEZ, EDWIN ULLOA MOREIRA and MATEO UMAÑA individually and on behalf of all others similarly situated,<br><br>                                         Plaintiffs,<br><br>                    - against -<br><br>KELCO CONSTRUCTION, INC., KELCO LANDSCAPING, INC., E.L.M. GENERAL CONSTRUCTION CORP. D/B/A KELLY'S CREW, JOHN KELLY and JOSEPH PROVENZANO,<br><br>                                         Defendants. | **[PROPOSED] SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Case No. 21-cv-09014 (PAE)(SDA)**<br><br>**JURY TRIAL DEMANDED** |

Carlos Alvarez Chicas, Alonso Villatoro, Misael Alexander Martinez Castro, Angel Martinez, Edwin Ulloa Moreira, and Mateo Umaña ("Named Plaintiffs"), individually and on behalf of all others similarly situated, by the Moser Law Firm, P.C., hereby file this first amended complaint against Kelco Construction, Inc., Kelco Landscaping, Inc., E.L.M. General Construction Corp., John Kelly and Joseph Provenzano ("Defendants") and allege as follows:

## INTRODUCTION

1.      Kelco Construction, Inc. ("Kelco Construction"), Kelco Landscaping, Inc. (Kelco Landscaping) and E.L.M. General Construction Corp. d/b/a Kellys Crew ("ELM") are landscape installation and construction companies. ELM is a shell company that is controlled, managed and funded by Kelco.  ELM's employees and payroll operations are

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                    2nd AMENDED COMPLAINT
                                                                                                        Page 1

managed, supervised and controlled by Kelco Construction.  John Kelly ("Kelly") and Joseph Provenzano ("Provenzano") exercised operational control over the corporate entities and are otherwise individually liable as employers.

2.    Plaintiffs  were required to report at a specific time each morning to the Defendants' facility located at 25 Newton Place, Hauppauge, New York (the "facility"). Upon arriving the employees would load the trucks with materials and tools. They would then travel to worksites. At the end of the workday, they would travel back to the facility, where they would unload and clean the trucks. Plaintiffs were not paid from the time they were required to report until the vehicles were unloaded and/or cleaned at the end of the day. Employees who drove vehicles ("drivers") were sometimes paid a "drive time" bonus. As a result of these policies, the Defendants failed to properly pay Plaintiffs and those similarly situated (1) straight wages, (2) overtime wages, and (3) prevailing wages.

3.    Kelco Construction and ELM are related entities who each issued payroll checks to the same employees covering the same workweek. However, the hours paid by Kelco Construction and ELM were not aggregated for the purpose of calculating overtime under the FLSA and the NYLL, and overtime hours were not paid at 1 ½ times the employee's regular rate of pay, resulting in the failure to properly pay overtime.

4.    Moreover, Kelco Construction  used ELM to pay employees at rates below their regular rates without providing advance written notice under NYLL § 195(1).  As a result, Defendants failed to pay regular wages to which employees were entitled.

5.    Kelco Construction entered into numerous contracts in which it agreed to pay prevailing wages to employees.  Kelco Construction then used ELM to pay employees for work performed under these prevailing wage contracts at rates below the prevailing

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                2nd AMENDED COMPLAINT
Page 2

rates.  As a result, Defendants failed to pay Plaintiffs the prevailing wages to which they are entitled as third party beneficiaries.

6.      This complaint is filed to recover:

A.  Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2 (1st and 2nd Causes of Action);

B.  Regular (non-overtime) wages under NYLL §§ 191, 193 and 198 (3rd Cause of Action);

C.  Unpaid prevailing wages owed to the Plaintiffs as third-party beneficiaries of prevailing wage contracts (4th Cause of Action).

D.  Statutory damages for failure to issue wage notices as required by NYLL § 195(1) (5th and 6th Causes of Action).

E.  Statutory damages for issuing fictitious wage statements (NYLL § 195(3) 7th and 8th Causes of Action).

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014

2nd AMENDED COMPLAINT
Page 3

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Southern District of New York.

### PARTIES

**PLAINTIFF CARLOS ALVAREZ CHICAS**

9.      Plaintiff Carlos Alvarez Chicas ("Alvarez") is a natural person who resides in Suffolk County, New York.

10.     Alvarez was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF ALONSO VILLATORO**

11.     Plaintiff Alonso Villatoro ("Villatoro") is a natural person who resides in Suffolk County, New York.

12.     Villatoro was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF MISAEL ALEXANDER MARTINEZ CASTRO**

13.     Plaintiff Misael Alexander Martinez Castro ("Castro") is a natural person who resides in Suffolk County, New York.

14.     Plaintiff Castro was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF ANGEL MARTINEZ**

15.     Plaintiff Angel Martinez ("Martinez") is a natural person who resides in Suffolk County, New York.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014      2nd AMENDED COMPLAINT
Page 4

16.     Martinez was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF EDWIN ULLOA MOREIRA**

17.     Plaintiff Edwin Ulloa Moreira ("Moreira") is a natural person who resides in Suffolk County, New York.

18.     Moreira was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**PLAINTIFF MATEO UMAÑA**

19.     Plaintiff Mateo Umaña ("Umaña") is a natural person who resides in the State of Arkansas.

20.     Umaña was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

**KELCO CONSTRUCTION, INC.**

21.     Defendant Kelco Construction, Inc. ("Kelco Construction ") is a domestic corporation formed under the laws of the State of New York.

22.     Kelco Construction has engaged in the business of providing landscaping and construction services during the three year period preceding the filing of this complaint ("the FLSA time period").

23.     For each calendar year from January 1, 2018, and up to the present time, Kelco Construction's annual gross volume of sales made or business done was not less than $500,000.

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014     2nd AMENDED COMPLAINT
Page 5

**KELCO LANDSCAPING, INC.**

24.     Defendant Kelco Landscaping, Inc. ("Kelco Landscaping") is a domestic corporation formed under the laws of the State of New York.

25.     Kelco Landscaping has engaged in the business of providing landscaping and construction services during the three year period preceding the filing of this complaint ("the FLSA time period").

26.     For each calendar year from January 1, 2018, and up to the present time, Kelco Landscaping's annual gross volume of sales made or business done was not less than $500,000.

**E.L.M. GENERAL CONSTRUCTION CORP.**

27.     Defendant E.L.M. General Construction Corp. ("ELM") is a domestic corporation formed under the laws of the State of New York.

28.     Defendant ELM has engaged in the business of providing landscaping and construction services during the FLSA time period.

29.     For each calendar year from January 1, 2018, and up to the present time, ELM' annual gross volume of sales made or business done was not less than $500,000.

**THE KELCO ENTERPRISE**

30.     Kelco Construction, Kelco Landscaping and ELM (the "Corporate Entities") form part of a single integrated enterprise (the "Kelco Enterprise"), and therefore constitute a single employer for the purposes of FLSA and NYLL liability.

31.     Upon information and belief, the Corporate Entities share interrelated operations, common management, centralized control of labor relationships, and common ownership.

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014        2nd AMENDED COMPLAINT
                                                                                Page 6

32.     Upon information and belief, the Corporate Entities are commonly owned, operated, and managed by Defendants John Kelly ("Kelly") and Joseph Provenzano ("Provenzano").

33.     The Corporate Entities share a common principal place of business.

34.     The Corporate Entities are involved in the business of landscaping and construction.

**JOHN KELLY**

35.     John Kelly ("Kelly") is a natural person who resides in Suffolk County, New York.

36.     Upon information and belief, Kelly was an officer of Kelco Construction during the relevant time period.

37.     Upon information and belief, Kelly was the president of Kelco Construction during the relevant time period.

38.     Upon information and belief, Kelly has been the sole shareholder of Kelco Construction during the relevant time period.

39.     Upon information and belief, Kelly has been a shareholder of Kelco Construction during the relevant time period.

40.     Upon information and belief, Kelly was an officer of Kelco Landscaping, Inc. during the relevant time period.

41.     Upon information and belief, Kelly was the president of Kelco Landscaping, Inc. during the relevant time period.

42.     Upon information and belief, Kelly has been the sole shareholder of Kelco Landscaping, Inc. during the relevant time period.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014          2nd AMENDED COMPLAINT
Page 7

43.     Upon information and belief, Kelly has been a shareholder of Kelco Landscaping, Inc. during the relevant time period.

44.     Upon information and belief, Kelly was the president of ELM during the relevant time period.

45.     Upon information and belief, Kelly was an officer of ELM during the relevant time period.

46.     Upon information and belief, Kelly has been the sole shareholder of ELM during the relevant time period.

47.     Upon information and belief, Kelly has been a shareholder of ELM during the relevant time period.

48.     Upon information and belief, an employment relationship existed within the meaning of the FLSA and NYLL, between Kelly and the Plaintiffs, in that the Defendant Kelly had the power to control the Plaintiffs.

49.     Upon information and belief, Kelly had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

50.     Upon information and belief, Kelly exercised sufficient operational control over the Corporate Entities to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

**JOSEPH PROVENZANO**

51.     Joseph Provenzano ("Provenzano") is a natural person who resides in Suffolk County, New York.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          2nd AMENDED COMPLAINT
Page 8

52.     Upon information and belief, Provenzano was an officer of Kelco during the relevant time period.

53.     Upon information and belief, Provenzano was the president of ELM during the relevant time period.

54.     Upon information and belief, Provenzano was an officer of ELM during the relevant time period.

55.     Upon information and belief, Provenzano has been the sole shareholder of ELM during the relevant time period.

56.     Upon information and belief, Provenzano has been a shareholder of ELM during the relevant time period.

57.     Upon information and belief, an employment relationship existed within the meaning of the FLSA and NYLL, between Provenzano and the Plaintiffs, in that the Defendant Provenzano had the power to control the Plaintiffs.

58.     Upon information and belief, Provenzano had the power to hire and fire the Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay, and maintained records of their employment.

59.     Upon information and belief, Provenzano exercised sufficient operational control over the Corporate Entities to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                          2nd AMENDED COMPLAINT
Page 9

## FACTS

**PREVAILING WAGES**

60.     Kelco Construction entered into contracts under which it  promised to pay prevailing wages, including work at:

A.  The 9/11 Memorial and Museum,

B.  The LGBTQ Memorial Site,

C.  Columbus Circle;

D.  Lincoln Center;

E.  Central Park,

F.  Brooklyn Bridge Park,

G.  Hudson River Park,

H.  Morningside Park;

I.  Queens Plaza Park,

J.  The Brooklyn Botanical Gardens,

K.  Domino Park,

L.  The United Nations, and

M.  NYU Langone Hospital.

61.     Upon information and belief, the aforementioned contracts provided that the workmen performing work thereunder were entitled to (1) the prevailing rate of wages for each hour worked (2) time and a half for hours worked in excess of 8 hours each workday and (3) time and a half for hours worked in excess of 40 during any workweek.

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          2nd AMENDED COMPLAINT
                                                                                              Page 10

**CARLOS ALVAREZ CHICAS**

62.     Plaintiff Carlos Alvarez Chicas ("Alvarez") was employed by Defendants from approximately March 2017 until approximately March 2021.

63.     Alvarez worked as a laborer and form setter.

64.     During his employment Alvarez performed work under numerous prevailing wage contracts..

65.     During his employment with the Defendants, Alvarez was required to report to the facility at a specific time (usually before 4:30 AM). Alvarez would then drive employees to and from worksites in New York City, and would clean and unload the company vehicle at the end of the workday.

66.     Defendants, rather than compensating Alvarez from the time he was required to report until the end of his workday, sometimes paid Alvarez a "Drive Time" bonus.

67.     Kelco Construction and ELM issued separate paychecks to Alvarez for work performed during the same workweek.

68.     Defendants did not aggregate the hours worked for purposes of paying overtime wages to Alvarez.

69.     Defendants did not pay Alvarez time and a half for hours all hours worked in excess of 40 as required by the FLSA and the NYLL.

70.     Defendants did not pay Alvarez the prevailing wages for each hour worked up to 8 hours each day as required by the prevailing wage contracts.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014          2nd AMENDED COMPLAINT
Page 11

71.     Kelco Construction used ELM to pay Alvarez at rates below his Kelco Construction regular rate without providing advance written notice under NYLL § 195(1). As a result, Defendants failed to pay regular wages.

72.     Defendants  did not pay Alvarez time and a half for hours worked in excess of 8 hours each workday as required by the prevailing wage contracts.

73.     Defendants did not pay Alvarez time and a half for hours worked in excess of 40 hours each workweek as required by the prevailing wage contracts.

74.     For example, for the week ending March 2, 2019 Alvarez worked at least 47 hours. Kelco Construction paid Alvarez for 33 hours (32 regular hours at $46.35 per hour, and 1 hour at an overtime rate of $69.525 per hour).  ELM also paid Alvarez a drive time bonus of $180. The Defendants failed to pay Alvarez for all overtime hours worked at one and one half times his regular rate of pay5and failed to pay Alvarez for all regular hours worked at his agreed upon Kelco Construction rate.  Although, upon information and belief, the work performed during this workweek was performed pursuant to a prevailing wage contract, Defendants did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

75.     Defendants did not furnish a wage notice to Alvarez that complied with NYLL § 195-1(a) at any time.

**ALONSO VILLATORO**

76.     Plaintiff Alonso Villatoro was employed by Defendants from approximately March 2017 until approximately January 2021.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          2nd AMENDED COMPLAINT
                                                                    Page 12

77.     Villatoro worked as a laborer and mason.

78.     During his employment, Villatoro performed work under numerous prevailing wage contracts, including:

    a.   The Brooklyn Botanical Gardens;

    b.   Queens Plaza Park;

    c.   Domino Park; and

    d.   Brooklyn Bridge Park.

79.     During his employment with the Defendants, Villatoro was required to report to the facility at a specific time (usually before 4:30 AM). Villatoro would then travel to and from worksites in New York City, and would clean and unload the company vehicle at the end of the workday.

80.     Defendants, rather than compensating Villatoro from the time he was required to report until the end of his workday, sometimes paid Villatoro a "Drive Time" bonus.

81.     Kelco Construction and ELM issued separate paychecks to Villatoro for work performed during the same workweek. Defendants  did not aggregate the hours worked for purposes of paying overtime wages to Villatoro.

82.     Defendants did not pay Villatoro time and a half for hours worked in excess of 40 as required by the FLSA and the NYLL.

83.     Defendants did not pay Villatoro the prevailing wages for each hour worked up to 8 hours each day as required by the contracts entered into by Kelco.

84.     Defendants did not pay Villatoro time and a half for hours worked in excess of 8 hours each workday as required by the prevailing wage contracts.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                    2nd AMENDED COMPLAINT
Page 13

85.     Defendants did not pay Villatoro time and a half for hours worked in excess of 40 hours each workweek as required by the contracts.

86.     Kelco Construction used ELM to pay Villatoro at rates below his Kelco Construction regular rate without providing advance written notice under NYLL § 195(1). As a result, Defendants failed to pay regular wages.

87.     For example, for the week ending November 2, 2019, Villatoro worked at least 49 hours.  Kelco Construction paid Villatoro for 35 hours (32 hours at $46.85 per hour, and 3 hours at an overtime rate of $70.275 per hour).  ELM also paid Villatoro a drive time bonus of $240.00.  Defendants failed to pay Villatoro for all overtime hours worked at one and one half times his regular rate of pay and failed to pay for all regular hours at his agreed upon Kelco Construction rate. Although, upon information and belief, the work performed during this workweek was performed pursuant to a prevailing wage contract, Defendants did not pay the Plaintiff the prevailing wages to which he was entitled for all hours worked, did not pay the Plaintiff time and half for hours worked each day in excess of 8, and did not pay one and one half times the prevailing wage for all overtime hours worked.

88.     Defendants did not issue furnish a wage notice to Villatoro that complied with NYLL § 195-1(a) at any time.

**CASTRO, MARTINEZ, ULLOA AND UMAÑA**

89.     Castro, Martinez, Ulloa and Umaña ("ELM Plaintiffs") were jointly employed by Defendants.

90.     Castro was employed by Defendants from approximately June 2016 until approximately September 2021.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

91.     Martinez was employed by Defendants from approximately December 2019 until approximately July 2021.

92.     Ulloa was employed by Defendants from approximately April 2016 until approximately December 2019.

93.     Umaña was employed by Defendants from approximately March 2017 until approximately September 2019.

94.     The ELM Plaintiffs were all laborers performing landscaping and construction work. Umaña also performed the duties of a driver.

95.     During their employment, the ELM Plaintiffs performed work on Kelco Prevailing wage contracts, including work performed at the Brooklyn Botanical Garden and the United Nations.

96.     The ELM Plaintiffs were all required to report to the facility at a specific time each morning (usually before 4:30 AM). Upon arriving, they would load company vehicles with tools and materials. Then they would travel to the worksite. At the end of the workday, the ELM Plaintiffs would travel from the worksite to the facility.  Upon arriving at the facility they would clean and unload the company vehicles.

97.     Rather than compensating the ELM Plaintiffs from the time they were required to report to the facility until the end of their workday, Defendants only paid them for the hours at the worksite. In addition, the Defendants sometimes paid a "Drive Time" bonus.

98.      Defendants did not pay the ELM Plaintiffs:

A.   for all non-overtime hours worked, when they worked fewer than 40 hours each week;

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014          2nd AMENDED COMPLAINT
                                                                                          Page 15

    B.   for overtime at 1 ½ times the regular rate of pay when they worked more than 40 hours each week;

    C.   the prevailing wages for each hour worked up to 8 hours each day when required by the prevailing wage contracts;

    D.   time and a half for hours worked in excess of 8 hours each workday when required by the prevailing wage contracts;

    E.   time and a half for hours worked in excess of 40 hours each workweek when required by the prevailing wage contracts.

99.    For example, for the workweek ending April 19, 2019, Castro was paid for 16 hours at $21 per hour, and 24 hours at $30 per hour. Upon information and belief, Castro worked at least 57.5 hours during this workweek.

100.    For example, for the workweek ending December 15, 2019, Martinez was paid for 40 hours at $18 per hour, and 1 hour of overtime at $27 per hour. Upon information and belief, Martinez worked at least 57.5 hours during this workweek.

101.    For example, for the workweek ending April 19, 2019, Ulloa was paid for 40 hours at $17 per hour.  Upon information and belief, Ulloa worked at least 57.5 hours during this workweek.

102.    For example, for the workweek ending April 5, 2019, Umaña was paid for 40 hours at $25 per hour, 6.5 hours at an overtime rate of 37.50 per hour, and a Drive Time bonus of $75. Upon information and belief, Umana worked at least 57.5 hours during this workweek.

103.    Defendants did not pay the Plaintiffs for all overtime hours recorded at 1 ½ times the regular rate of pay.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014    2nd AMENDED COMPLAINT
Page 16

104.    For example, for the workweek ending April 17, 2021 Defendants paid Castro for 43 hours. His total regular compensation was $1,253.52 and his average regular rate was $31.338 ($1,253.52/40).  His statutory overtime rate was at least $47.00 per hour. But he was only paid $132.00 for hours worked in excess of 40 ($44.00/hour).

105.    For example, for the workweek ending March 27, 2021, Defendants paid Martinez for 53 hours. His total regular compensation was $912.00 and his average regular rate was $22.80.  His minimum statutory overtime rate was $34.20.  but he was only paid $390.00 for hours worked in excess of 40 ($30/hour).

106.    For example, for the workweek ending on or about May 12, 2017, Defendants paid Ulloa for 59.5 hours.  His total regular compensation was $1048.80 and his average regular rate was $26.22.  His minimum statutory overtime rate was $39.33.  but he was only paid $622.80 for hours worked in excess of 40 ($31.94/hour).

107.    For example, for the workweek ending on or about April 12, 2019, Defendants paid Umana for 47 hours.  His total regular compensation was $680.00 and his regular rate was $17.00.  His minimum statutory overtime rate was $25.50 but he was only paid $127.50 for hours worked in excess of 40 ($18.21/hour).

**WAGE STATEMENT VIOLATIONS**

108.    NYLL § 195(3) requires employers to "furnish each employee with a statement with every payment of wages, listing. . .the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof\[.]"  The wage statement must also contain information on prevailing wages.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          2nd AMENDED COMPLAINT
Page 17

109.    New York Labor Law § 220(3-a)(iii) requires contractors who enter into prevailing wage contracts to keep the aforementioned payroll information as follows:

> The contractor. . .shall keep original payrolls or transcripts thereof, subscribed and sworn to or affirmed by him or her as true under the penalties of perjury, setting forth the names and addresses and showing for each worker, laborer, or mechanic the hours and days worked, the occupations worked, the hourly wage rates paid and the supplements paid or provided.

110.    Subsection 7 of NYLL § 220 permits the commissioner of labor or city comptroller to "examine or cause to be examined the books and records pertaining to the rate of wages paid and supplements provided to the laborers, workmen and mechanics on said public work and the hours of labor performed by such laborers, workmen and mechanics on said public work." N.Y. Lab. Law § 220.

111.    The wage statements issued by both Kelco and ELM for work performed during the same workweek were fictitious in at least three ways:

    a.    Neither statement contained the correct number of regular and/or overtime hours worked.

    b.    Fictitious addresses were used by ELM to give the false impression that it maintained a business separate and distinct from Kelco Construction.

    c.    The wage statements were designed to make it seem as though the Plaintiffs were employed by two unrelated entities, when in fact they were employed by the Kelco Enterprise.

112.    These fictitious wage statements resulted in a concrete injury to the plaintiffs because issuing separate wage statements was integral to Defendants' scheme to deprive

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014

2nd AMENDED COMPLAINT
Page 18

the Plaintiffs' of their agreed upon regular wages, proper overtime wages, and prevailing wages.  The fictitious wage statements permitted the Defendants to evade their obligation to pay agreed-upon regular wages, overtime wages, and prevailing wages and to avoid detection by the  department of labor.  For example, an inspection of the Kelco Construction payroll records by the department of labor would not have revealed the foregoing violations.

113.    The wage statements issued by ELM for work performed upon Kelco Construction prevailing wage contracts were fictitious because they did not reflect the true employer-Kelco Construction.

114.    These fictitious wage statements resulted in a concrete injury to the plaintiffs because they were integral to  Defendants' scheme to deprive the Plaintiffs of prevailing wages.  The issuance of wage statements by ELM for Kelco Construction work deprived the Plaintiffs of prevailing wages to which they were entitled.  The fictitious wage statements permitted the Defendants to evade their obligation to pay prevailing wages and to avoid detection by the  department of labor.  For example, an inspection of the Kelco Construction payroll records by the department of labor would not have revealed the fact that ELM employees were working on Kelco Construction contractor were not being paid prevailing wages.

**WAGE NOTICE VIOLATIONS**

115.    Defendants failed to issue wage notices to Plaintiffs as required by NYLL § 195(1), which states that a wage notice must contain "the rate or rates of pay and basis thereof."

**MOSER LAW
FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                    2nd AMENDED COMPLAINT
Page 19

116.    Defendants' failure to issue wage notices is a violation of both NYLL § 195(1) and N.Y. Lab. Law § 220(3-a)(ii), which requires prevailing wage contractors to "notify all laborers, workers or mechanics in their employ in writing of the prevailing rates of wages and supplements for their particular job classification. Such notification shall be given to every laborer, worker or mechanic upon hire, with their first pay stub and every pay stub thereafter."

117.    Defendants' failure to issue accurate wage notices resulted in a concrete injury. Kelco's failure to issue accurate wage notices to ELM employees performing work on Kelco prevailing wage contracts permitted Defendants to pay employees at rates below the prevailing wages to which Plaintiffs were entitled, and prevented these employees from learning the regular and overtime rates to which they were entitled.  Kelco's failure to issue wage notices to employees paid through ELM permitted Defendants to pay Kelco employees at rates below their agreed upon regular and overtime rates of pay.  The Defendants' failure to list all rates of pay permitted them to unilaterally determine regular and overtime rates, resulting in the failure to pay overtime.

**COLLECTIVE ACTION ALLEGATIONS**

118.    The Plaintiffs bring the first cause of action under the FLSA, on behalf of themselves and all hourly employees of Kelco Construction and ELM who worked at any time during the three year period preceding the filing of this complaint and up to the present time elect to opt-in to this action (the "FLSA Collective").

119.    The Defendants have violated the FLSA by failing to pay the Named Plaintiffs and the FLSA Collective proper overtime wages as required by law due to the following policies:

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          2nd AMENDED COMPLAINT
Page 20

A. Kelco and ELM are related entities and joint employers under the FLSA. Both Kelco and ELM employed the same workers in the same workweek. Kelco employed these workers for one set of hours and ELM employed these same workers for a separate set of hours. However, the hours were not aggregated for the purpose of compliance with the overtime provisions of the FLSA.

B. Kelco and ELM failed to compensate Plaintiffs and the FLSA Collective for all compensable hours due to the policy of paying Plaintiffs only for hours worked at the jobsites, and not including all hours that formed part of the employees' compensable workday.

C. ELM failed to pay employees at 1 ½ times their regular rate of pay for all overtime hours worked.

120.    The first cause of action should be adjudicated as a collective action. Upon information and belief, the FLSA Collective consists of at least 200 similarly situated current and former employees of the Defendants who have been victims of the Defendants' common policies and practices.

## CLASS ACTION ALLEGATIONS

121.    The Named Plaintiffs, on behalf of themselves and all hourly (non-exempt) employees of ELM And Kelco,[1] bring the 2nd, 3rd, 4th, 5th, 6th, 7th and 8th causes of action pursuant to FRCP 23, which arise out of the following uniform policies:

_____

[1] The Plaintiffs reserve the right to propose classes and subclasses as appropriate in their motion for class certification. *See M.G. v. N.Y.C. Dep't of Educ.*, 162 F. Supp. 3d 216, 234 (S.D.N.Y. 2016); FRCP 23(c)(5)("When appropriate, a class may be divided into subclasses that are each treated as a class.")

A. Kelco and ELM are related entities and joint employers under the NYLL. Both Kelco and ELM employed the same workers in the same workweek. Kelco paid these workers for one set of hours and ELM paid these same workers for a separate set of hours. The hours were not aggregated for the purpose of compliance with the overtime provisions of the NYLL.

B. Kelco and ELM failed to pay employees for all compensable hours due to the policy of paying Plaintiffs only for hours worked at the jobsites, and not including all hours that formed part of the employees' compensable workday.

C. ELM failed to pay employees for overtime at 1 ½ times their regular rate for all overtime hours worked.

D. Kelco used ELM to pay employees for work performed upon prevailing wage contracts at rates below the rates they were entitled as third party beneficiaries.

E. Kelco did not furnish a wage notice that complied with NYLL § 195(1)(a).

F. ELM did not furnish a wage notice that complied with NYLL § 195(1)(a).

G. The wage statements issued by both Kelco and ELM to an employee covering the same workweek were fictitious,

H. The wage statements issued by ELM for work upon Kelco Construction contracts were fictitious.

122. Excluded from the class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in the Defendants; the Judge(s) to whom this

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          2nd AMENDED COMPLAINT
Page 22

case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

123.    The persons in the class are so numerous that joinder of all members is impracticable.

124.    Upon information and belief, the size the class is estimated to be at least 200 workers. Although the precise number of such persons is not known to the Named Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

125.    There are questions of law and fact common to the class that predominate over any questions solely affecting Named members of the Class individually.

126.    The claims of the Named Plaintiffs are typical of the claims of the class they seek to represent. The Named Plaintiffs and the class members work, or have worked, for Defendants in the State of New York. The Named Plaintiffs and the class members enjoy the same statutory rights under the NYLL and under the New York common law as third-party beneficiaries. The Named Plaintiffs and the class members have all sustained similar types of damages. The Named Plaintiffs and the class members have all been subject to the Defendants' uniform policies as set forth herein.

127.    The Named Plaintiffs will fairly and adequately represent and protect the interests of the class they seek to represent. The Named Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to represent the class's interests fairly and adequately. The Named Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. The Named Plaintiffs understand that in decisions regarding

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014                2nd AMENDED COMPLAINT
Page 23

the conduct of the litigation and its possible settlement, they must not favor their own interest over those of the class. The Named Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Named Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial. The Named Plaintiffs have retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Named Plaintiffs and the class members.

128.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as the Defendants' uniform policies, practices, and procedures. Although the relative damages suffered by the members of the class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of wage and hour litigation. The class members lack the financial resources to conduct a thorough examination of the Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against the Defendants to recover such damages. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014

2nd AMENDED COMPLAINT
Page 24

129.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

130.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) in that the questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## FIRST CAUSE OF ACTION

### BROUGHT AS A COLLECTIVE ACTION TO RECOVER OVERTIME

### Fair Labor Standards Act

### 29 U.S.C. §§ 201, et. seq.; 29 U.S.C. §§ 207(a) & 216

131.    Named Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

132.    Named Plaintiffs and the FLSA Collective were employed by the Defendants during the FLSA time period.

133.    The Corporate Entities were each an enterprise engaged in commerce during the FLSA time period.

134.    Defendants failed to pay the Named Plaintiffs and the FLSA Collective overtime pay for all hours worked at one and one half times the regular rate of pay.

135.    All Defendants are jointly and severally liable for damages.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014          2nd AMENDED COMPLAINT
Page 25

136.     Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

## SECOND CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION TO RECOVER OVERTIME

### Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2

137.     Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

138.     Named Plaintiffs and the class were employed by the Defendants during the relevant time period.

139.     Defendants failed to pay the Named Plaintiffs and the class overtime pay for all hours worked.

140.     All Defendants are jointly and severally liable for damages.

## THIRD CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION TO RECOVER REGULAR (NON-OVERTIME) WAGES

### New York Labor Law §§ 191 , 193, and 198

141.     Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

142.     Named Plaintiffs and the class were employed by the Defendants during the relevant time period.

143.     Defendants failed to pay the Named Plaintiffs and the class their agreed-upon wages for all non-overtime hours worked.

144.     All Defendants are jointly and severally liable for damages.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                    2nd AMENDED COMPLAINT
Page 26

## FOURTH CAUSE OF ACTION

**BROUGHT AS A CLASS ACTION TO ENFORCE PREVAILING WAGE CONTRACTS**

**New York Common Law**

145.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

146.    Upon information and belief, the Defendants entered into valid and binding contracts which contained a promise to pay prevailing wages to the Named Plaintiffs and the class.

147.    The Named Plaintiffs and the class were intended beneficiaries of the contracts entered into by the Defendants.

148.    Defendants failed to pay the Named Plaintiffs and the class prevailing wages for all hours worked, time and a half the prevailing wage for all hours worked in excess of 8 hours each day, and time and a half the prevailing wage for all hours worked in excess of 40 each workweek.

149.    All Defendants are jointly and severally liable for damages.

## FIFTH CAUSE OF ACTION

**ON BEHALF OF ALVAREZ AND VILLATORO AND THOSE SIMILARLY SITUATED FOR LIQUIDATED DAMAGES FOR KELCO'S FAILURE TO FURNISH WAGE NOTICES**

**NYLL §§ 195(1) & 198**

150.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

151.    Kelco hired the Named Plaintiffs and the class .

152.    Kelco did not furnish wage notices to Named Plaintiffs or the class  as required by NYLL § 195-1 and NYLL § 198-1(b).

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014         2nd AMENDED COMPLAINT
Page 27

153.    All Defendants are jointly and severally liable for the damages to the Named Plaintiffs and the class.

## SIXTH CAUSE OF ACTION

**BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S FAILURE TO FURNISH WAGE NOTICES**

**NYLL §§ 195-1 & 198**

154.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

155.    ELM hired the Named Plaintiffs and the class.

156.    ELM did not furnish wage notices to Named Plaintiffs or the class as required by NYLL § 195-1 and NYLL § 198-1(b).

157.    All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

## SEVENTH CAUSE OF ACTION

**ON BEHALF OF ALVAREZ AND VILLATORO AND THOSE SIMILARLY SITUATED FOR LIQUIDATED DAMAGES FOR KELCO'S FAILURE TO FURNISH ACCURATE AND TRUE WAGE STATEMENTS**

**NYLL §§ 195-3 & 198**

158.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

159.    Defendant Kelco furnished fictitious wage statements to Named Plaintiffs and the Class which did not comply with NYLL § 195-3.

160.    All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014                    2nd AMENDED COMPLAINT
Page 28

## EIGHTH CAUSE OF ACTION

**BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S FAILURE TO FURNISH ACCURATE AND TRUE WAGE STATEMENTS**

### NYLL §§ 195-3 & 198

161.    Named Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

162.    Defendant ELM furnished fictitious wage statements to Named Plaintiffs and the class which do not comply with NYLL § 195-3.

163.    All Defendants are jointly and severally liable for damages to the Named Plaintiffs and the class.

### JURY DEMAND

Named Plaintiffs demand a trial by jury on all claims properly triable by a jury.

### PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, the Named Plaintiffs be allowed to give notice of this collective action;

B.    Certification of the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes of action as class actions;

C.    Overtime wages owed under the FLSA;

D.    An amount equal to overtime owed as liquidated damages under the FLSA;

E.    Overtime wages owed under the NYLL;

F.    Regular (non-overtime) wages owed under the NYLL;

MOSER LAW
FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.*, 21-cv-09014                2nd AMENDED COMPLAINT
Page 29

G.   Liquidated damages equal to overtime, straight wages and unlawful deductions under the NYLL;

H.   Prevailing wages owed to Named Plaintiffs and the class as third party beneficiaries;

I.   Liquidated damages for violations of NYLL § 195-1;

J.   Liquidated damages for violations of NYLL § 195-3;

K.   Attorney's fees and costs of the action;

L.   Pre-judgment and post-judgment interest as provided by law; and

M.   Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
       December 14, 2022

Moser Law Firm, P.C.

By: Steven J. Moser
5 E. Main Street
Huntington, NY 11743
631.824.0200
steven.moser@moserlawfirm.com

**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
631.824.0200

*Alvarez v. Kelco Construction, Inc.,* 21-cv-09014    2nd AMENDED COMPLAINT
                                                                 Page 30