UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALVAREZ CHICAS, ALONSO VILLATORO, MISAEL ALEXANDER MARTINEZ CASTRO, ANGEL MARTINEZ, EDWIN ULLOA MOREIRA and MATEO UMANA individually and on behalf of all others similarly situated, | Case No. 1:21-CV-09014 (PAE)(SDA) |
| Plaintiffs, | |
| -against- | |
| KELCO CONSTRUCTION, INC., KELCO LANDSCAPING, INC., E.L.M. GENERAL CONSTRUCTION CORP. D/B/A KELLY'S CREW, JOHN KELLY and JOSEPH PROVENZANO, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEFENDANT KELCO LANDSCAPING INC. AND TO DISMISS FOURTH THROUGH EIGHTH CAUSES OF ACTION FROM PLAINTIFFS' SECOND AMENDED COMPLAINT

ELI Z. FREEDBERG
JENNIFER S. KIM
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022-3298
(212) 583-9600

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 3

LEGAL STANDARD.......................................................................................................... 4

ARGUMENT ....................................................................................................................... 6

    A.    Kelco Landscaping Should be Dismissed for Plaintiffs' Failure to Plead That Kelco Landscaping Employed Plaintiffs. ...................................................... 6

        1.    Kelco Landscaping did not have either formal or functional control over Plaintiffs. .......................................................................................... 9

        2.    Kelco Landscaping is not a single-integrated enterprise with Kelco Construction and ELM.................................................................................. 10

    B.    Plaintiffs' Prevailing Wage Contract Claim Should be Dismissed for Failing Meet the Requirements of a Third-Party Contract Action. ..................... 11

        1.    Plaintiffs fail to cite to any single contract they seek to enforce or under which Plaintiffs performed work. .................................................. 12

        2.    Plaintiffs' do not allege facts to reasonably conclude that the work they performed satisfies the De La Cruz prevailing wage test. .............. 13

    C.    Plaintiffs' NYLL Section 195 Claims Should be Dismissed for Lack of Article III Standing. .......................................................................................... 15

        1.    Plaintiffs cannot establish injury-in-fact from the alleged wage statement claim. ................................................................................... 17

        2.    Plaintiffs cannot establish injury-in-fact from the alleged wage notice claim..................................................................................................... 18

CONCLUSION.................................................................................................................... 20

i

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................4, 5

*Atkinson v Mobil Oil Corp.*,
    205 A.D.2d 719, 614 N.Y.S.2d 36 (1994) .............................................................12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................4

*Bravo v. Eastpoint Int'l, Inc.*,
    2001 U.S. Dist. LEXIS 3647, 2001 WL 314622 (S.D.N.Y. Mar. 30, 2001) ......................9, 10

*Bueno v. Buzinover*,
    2022 U.S. Dist. LEXIS 215082 (S.D.N.Y. Nov. 28, 2022) ...............................10, 11

*Canzona v. Atanasio*,
    118 A.D.3d 837 (2d Dept 2014) ...........................................................................12

*Carter v. Dutchess County Community College*,
    735 F. 2d 8 (2d Cir. 1984).......................................................................................7, 9

*Chen v. TYT E. Corp.*,
    2012 U.S. Dist. LEXIS 166557, 2012 WL 5871617 (S.D.N.Y. Mar. 21, 2012) ......................8

*Cortese v. Skanska USA Inc.*,
    2020 U.S. Dist. LEXIS 92221 (S.D.N.Y. May 26, 2020)......................................11

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
    861 F.3d 76 (2d Cir. 2017)......................................................................................19

*De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*,
    21 N.Y.3d 530 (2013) .........................................................................................13, 14

*Fata v. S.A. Healy Co.*,
    289 N.Y. 401, 46 N.E.2d 339 (1943)....................................................................11

*Francisco v. NY Tex Care, Inc.*,
    2022 WL 900603 (E.D.N.Y. Mar. 28, 2022) ........................................................15

*Gillet v. Zara USA, Inc.*,
    2022 U.S. Dist. LEXIS 143434 (S.D.N.Y. Aug. 10, 2022) ....................................5

## TABLE OF AUTHORITIES
### (CONTINUED)

Page(s)

*Herman v. RSR Sec. Servs. Ltd.*,
172 F.3d 132 (2d Cir. 1999)............................................................................................6

*Hsieh Liang Yeh v. Han Dynasty, Inc.*,
2019 U.S. Dist. LEXIS 24298 (S.D.N.Y. Feb. 14, 2019)................................................. *passim*

*Ibarra v. W&L Group Construction, Inc.*,
2019 WL 5862951 (E.D.N.Y. Nov. 8, 2019).......................................................5, 8

*In re Domino's Pizza Inc.*, 2018 WL 4757944 (S.D.N.Y. Sept. 30, 2018)....................................6

*Lacewell v. Office of Comptroller of Currency*,
999 F.3d 130 (2d Cir. 2021)............................................................................................6

*M.G.M. Insulation, Inc. v. Gardner*,
20 N.Y.3d 469 (N.Y. 2013) ...........................................................................................15

*Maddox v. Bank of New York Mellon Trust Co., N.A.*,
19 F.4th 58 (2d Cir. 2021) .............................................................................................16

*Magee-Boyle v. Reliastar Life Ins. Co. of New York*,
173 A.D.3d 1157 (2d Dept 2019) ...................................................................................11

*Mahon v. Ticor Title Ins. Co.*,
683 F.3d 59 (2d Cir. 2012)..............................................................................................16

*Maldonado v. Olympia Mech. Piping & Heating Corp.*,
8 A.D.3d 348 (2d Dept 2004) .........................................................................................12

*Mandarin Trading Ltd. v. Wildenstein*,
16 N.Y.3d 173 (2011) .....................................................................................................13

*Marren v. Ludlam*,
14 A.D.3d 667 (2d Dept 2005) .......................................................................................11

*Metcalf v. TransPerfect Global, Inc.*,
2020 WL 7028644 (S.D.N.Y. Nov. 30, 2020)...................................................................6

*Metcalf v. TransPerfect Translations Int'l, Inc.*,
--F. Supp. 3d--, 2022 WL 4661926 (S.D.N.Y. Sept. 30, 2022)...............................17

*Olvera v. Bareburger Grp. LLC*,
73 F. Supp. 3d 201 (S.D.N.Y. 2014).................................................................................5

*Premium Mortg. Corp. v. Equifax, Inc.*,
583 F.3d 103 (2d Cir. 2009).............................................................................................12

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Quintanilla v. Suffolk Paving Corp.*,
 2011 U.S. Dist. LEXIS 34193, 2011 WL 1323033 (E.D.N.Y. Feb. 10, 2011) ....................11

*Ramos v SimplexGrinnell LP*,
 796 F. Supp. 2d 346 (E.D.N.Y. 2011) ....................................................................................13

*Ruston v. Town Bd. for the Town of Skaneateles*,
 610 F.3d 55 (2d Cir. 2010)......................................................................................................4

*Sanchez v. Ms. Wine Shop Inc.*,
 2022 U.S. Dist. LEXIS 208268 (E.D.N.Y. Nov. 15, 2022)................................................6, 16

*Sevilla v. House of Salads One LLC*,
 20 Civ. 6072 (PKC), 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022)........................................15

*Shiqiu Chen v. Best Miyako Sushi Corp.*,
 16 Civ. 2012 (JGK) (BCM), 2021 U.S. Dist. LEXIS 21747 (S.D.N.Y. Feb. 1,
 2021) .........................................................................................................................................5

*Subaru Distributors Corp. v. Subaru of Am., Inc.*,
 425 F.3d 119 (2d Cir. 2005).....................................................................................................12

*Tescher v. Experian Info. Sols., Inc.*,
 2022 U.S. Dist. LEXIS 31759, 2022 WL 564048 (S.D.N.Y. Feb. 23, 2022)...........................6

*TransUnion LLC v. Ramirez*,
 -U.S.-, 141 S. Ct. 2190 (2021) .........................................................................................16, 17

*Vasto v. Credico (USA) LLC*,
 2016 Dist. LEXIS 101875 (S.D.N.Y. Aug. 3, 2016) ................................................................9

*Wang v. XBB, Inc.*,
 2022 U.S. Dist. LEXIS 57481 (E.D.N.Y. Mar. 29, 2022)................................................15, 16

*Zheng v. Liberty Apparel Co.*,
 355 F.3d 61 (2d Cir. 2003)........................................................................................................7

**Statutes**

Fair Labor Standards Act, 29 U.S.C. § 201 ...................................................................................1

Fair Labor Standards Act, 29 U.S.C. § 203(d)...............................................................................6

Fair Labor Standards Act, 29 U.S.C. § 207(a)...............................................................................1

Fair Labor Standards Act, 29 U.S.C. § 216 ...................................................................................1

# TABLE OF AUTHORITIES
### (CONTINUED)

**Page(s)**

New York Labor Law Article 19, § 191 ...........................................................................1

New York Labor Law Article 19, § 193 ......................................................................1, 3

New York Labor Law Article 19, § 195 ...............................................................6, 15, 16

New York Labor Law Article 19, § 195(1) ...................................................... *passim*

New York Labor Law Article 19, § 195(3) ...................................................... *passim*

New York Labor Law Article 19, § 198 ..............................................................1, 2, 16, 18

New York Labor Law Article 19, § 220 ..............................................................13, 14, 15

New York Labor Law Article 19, § 220(3)(a). ..................................................13

New York Labor Law Article 19, § 220(3-a)(ii) ...............................................19

## Other Authorities

12 N.Y.C.R.R. § 142-2.2 ...........................................................................................1

Fed.R. Civ. P. 12(b)(1)..........................................................................................1, 5, 19

Fed.R. Civ. P. Rule 12(b)(6) .............................................................................1, 4, 11, 15

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP" or "Fed. R. Civ. P."), Defendants Kelco Construction, Inc. ("Kelco Construction"), Kelco Landscaping, Inc. ("Kelco Landscaping"), E.L.M. General Construction Corp. d/b/a Kelly's Crew ("ELM"), John Kelly, and Joseph Provenzano (collectively, "Defendants"), by and through their undersigned counsel, Littler Mendelson P.C., hereby submit this memorandum of law in support of their motion to dismiss: (1) the fourth cause of action of Plaintiffs' Second Amended Complaint (Dkt. 63) (the "SAC") as to all Defendants; (2) the fifth and seventh causes of action of the SAC as to Kelco Construction and Kelco Landscaping; (3) the sixth and eighth causes of action of the SAC as to ELM; and (4) Kelco Landscaping as a Defendant from Plaintiffs' SAC. *See* Declaration of Eli Z. Freedberg ("Freedberg Decl.") ¶ 3; Exhibit 1 to Freedberg Decl.

## PRELIMINARY STATEMENT

Plaintiffs bring this wage and hour action on behalf of themselves individually and all other similarly situated individuals. In the SAC, Plaintiffs assert eight causes of action,[1] including: (1) overtime pay violations on behalf of the putative collective members, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), 207(a), 216; (2) overtime pay violations on behalf of the putative class members, under the New York Labor Law ("NYLL"), or Article 19 §§ 650 *et seq.*, and 12 N.Y.C.R.R. § 142-2.2; (3) regular, non-overtime wage violations on behalf of the putative class members, for agreed-upon wages under the NYLL § 191, 193 and 198; (4) prevailing wage payment violations on behalf of the putative class members, under the New York Common Law; (5) wage notice violations by Kelco[2] on behalf of the putative class members, under

---

[1] Unless otherwise specified, each of Plaintiffs' cause of action is against all Defendants.

[2] Plaintiffs inconsistently refer to Kelco Construction and/or Kelco Landscaping as "Kelco," without specifying whether Plaintiffs are intending to make the allegation as to Kelco Construction or Kelco Landscaping. While Plaintiffs specifically abbreviate Kelco Construction, Inc. as "Kelco Construction" and Kelco Landscaping, Inc. as "Kelco Landscaping", Plaintiffs do not separately define "Kelco" in the SAC. Unless otherwise noted, Defendants assume Plaintiffs are referring to Kelco Construction whenever Plaintiffs state "Kelco" in the SAC.

the NYLL §§ 195(1) and 198; (6) wage notice violations by ELM on behalf of the putative class members, under the NYLL §§ 195(1) and 198; (7) wage statement violations by Kelco on behalf of the putative class members, under the NYLL §§ 195(3) and 198; and (8) wage statement violations by ELM on behalf of the putative class members, under the NYLL §§ 195(3) and 198. SAC ¶¶ 131-163.

The SAC is devoid of any factual allegations suggesting that Kelco Landscaping supervised, directed, and/or controlled Plaintiffs and was therefore Plaintiffs' "employer" under the FLSA and NYLL.   Plaintiffs ignore established pleading requirements by repeatedly referencing the collective term "Defendants" without distinguishing among the various corporate and individual defendants, or their alleged respective role in Plaintiffs' employment.  In this regard, Plaintiffs do not allege that Kelco Landscaping employs or has employed Plaintiffs or any other individuals.   Instead, Plaintiffs merely allege Kelco Landscaping to be a "single integrated enterprise" together with Kelco Construction and ELM, without any support or basis.  SAC ¶ 30. On these grounds, Plaintiffs have failed to allege facts or plead a cognizable claim for all the causes of action against Kelco Landscaping.  Thus, Kelco Landscaping should be dismissed as a named Defendant in this case, or alternatively, all claims in Plaintiffs' SAC should be dismissed against Kelco Landscaping.

Plaintiffs' fourth cause of action of the SAC should be dismissed against all Defendants because it seeks to enforce the purported contractual rights of Plaintiffs to prevailing wages. However, Plaintiffs fail to specify a particular contract they seek to enforce.  Further, Plaintiffs' SAC fails to allege facts to support that work allegedly subject to the prevailing wage requirements and the "contracts" do not trigger such requirements.  SAC ¶¶ 60, 78, 95.

Plaintiffs' fifth through eighth causes of action should be dismissed against all Defendants as well (fifth and seventh as to Kelco Construction, sixth and eighth as to ELM).  Recent United States Supreme Court and Second Circuit decisions support the notion that alleged statutory violations concerning wage notices and statements do not amount to injury-in-fact upon Plaintiffs for them to have Article III standing to sue in federal court.  Plaintiffs have not alleged facts to support any injury that they suffered as a result of Defendants allegedly not issuing wage notices and not furnishing accurate wage statements.  Plaintiffs' failure to allege facts in support of concrete injury against Plaintiffs does not satisfy Article III standing.

## STATEMENT OF FACTS

Plaintiffs first filed their Complaint in the Southern District of New York on November 2, 2021.  *See* Complaint (Dkt. 1).  Plaintiffs later amended their Complaint on June 28, 2022 to add four (4) more named Plaintiffs (Castro, Martinez, Ulloa, and Umaña) and allegations that the named Plaintiffs and all other similarly situated individuals conducted compensable work-related activities at the start and end of each workday, which included driving and/or traveling to and from worksites throughout New York City from the Hauppauge facility.  *See* First Amended Complaint (Dkt. 50).  In the First Amended Complaint, Plaintiffs brought nine (9) causes of action.

Plaintiffs yet again amended their Complaint on December 23, 2022 to add Kelco Landscaping as another defendant, to remove one cause of action (specifically regarding the claim that Defendants deducted wages in violation of Section 193 of the NYLL), and to revise their wage notice and statement allegations pursuant to Sections 195(1) and (3) of the NYLL.  *See* SAC (Dkt. 63).

The SAC states that Carlos Alvarez Chicas ("Chicas"), Alonso Villatoro ("Villatoro"), Misael Alexander Martinez Castro ("Castro"), Angel Martinez ("Martinez"), Edwin Ulloa Moreira

("Moreira"), and Mateo Umaña ("Umaña") were employed by "Defendants", without differentiating for which of the three corporate Defendants each of them worked. SAC ¶¶ 62, 76, 89-93. During the relevant period, these named Plaintiffs worked as a laborer, form setter, and/or mason. SAC ¶¶ 63, 77, 94. While alleging specifically that Kelco Construction entered into prevailing wage contracts for work at a number of sites and landmarks throughout New York City (SAC ¶¶ 60(A)-(M)), Plaintiffs do not allege Kelco Landscaping and/or ELM entered into any similar contracts. Plaintiffs do not provide further details in the SAC about these alleged prevailing wage projects on which employees of Kelco Construction worked to reasonably determine whether or not such projects were indeed subject to prevailing wage rates.

As stated above, Plaintiffs amended their Complaint a second time to add Kelco Landscaping as another Defendant. *See, e.g.*, SAC ¶¶ 1, 24-26. However, Plaintiffs hardly make factual allegations about Kelco Landscaping specifically in the SAC, in large contrast to Plaintiffs' allegations about Kelco Construction and ELM.

Defendants now bring this motion to partially dismiss Plaintiffs' SAC.

## LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

While the Court on a motion to dismiss must accept all factual allegations in the Complaint as true and draw all reasonable inferences in favor of the Plaintiffs (*Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010)), the same is not true of the legal conclusions derived from those factual allegations. *See Iqbal*, 556 U.S. at 678. *See also Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) ("The facts pled must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.") (internal quotation marks omitted). In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The *Iqbal* pleading standard applies to claims brought pursuant to the FLSA and claims brought pursuant to the NYLL that are asserted in federal court. In fact, where a complaint does not contain factual allegations sufficient to demonstrate the liability of a defendant as an employer of the plaintiffs, dismissal of the complaint is warranted. *See Ibarra v. W&L Group Construction, Inc.*, 19 Civ. 01582 (AMD) (SMG), 2019 WL 5862951, *2 (E.D.N.Y. Nov. 8, 2019) (dismissing complaint because court could not infer employer-employee relationship based on plaintiffs' allegations being vague and conclusory, and lacking factual detail); *Shiqiu Chen v. Best Miyako Sushi Corp*., 16 Civ. 2012 (JGK) (BCM), 2021 U.S. Dist. LEXIS 21747, *32 (S.D.N.Y. Feb. 1, 2021) (denying default judgment against defendants and noting that the question of whether a particular defendant can be considered plaintiff's employer is a fact specific inquiry and one "that cannot be satisfied with boilerplate allegations lacking any specific facts"). Application of this well-established standard to the case at bar compels dismissal of all causes of action of the SAC against Kelco Landscaping, with prejudice, as the SAC is devoid of factual allegations pleading Kelco Landscaping's status as Plaintiffs' employer.

Meanwhile, FRCP 12(b)(1) is the "proper procedural vehicle for a motion to dismiss for lack of Article III standing . . . because it concerns the authority of a federal court to exercise jurisdiction." *Gillet v. Zara USA, Inc.*, 20 Civ. 3734 (KPF), 2022 U.S. Dist. LEXIS 143434, *11 (S.D.N.Y. Aug. 10, 2022) (internal quotation marks omitted) (quoting *Tescher v. Experian Info. Sols., Inc.*, 21 Civ. 2266 (PMH), 2022 U.S. Dist. LEXIS 31759, 2022 WL 564048, *2 (S.D.N.Y. Feb. 23, 2022).  Article III standing requirements include (1) an "injury in fact" suffered by the plaintiff, (2) which is "fairly traceable to the challenged conduct of the defendant" and (3) "likely to be redressed by a favorable judicial decision." *Sanchez v. Ms. Wine Shop Inc*., 22 Civ. 02178, 2022 U.S. Dist. LEXIS 208268, *21 (E.D.N.Y. Nov. 15, 2022) (quoting *Lacewell v. Office of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021)).  Given this, the Section 195 claims under the fifth through eighth causes of action in the SAC against all Defendants should be dismissed, without prejudice, as Plaintiffs lack standing to bring those claims.

## ARGUMENT

### A.   Kelco Landscaping Should be Dismissed for Plaintiffs' Failure to Plead That Kelco Landscaping Employed Plaintiffs.

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to the employee."  29 U.S.C. § 203(d).  An employment relationship exists under the FLSA when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).  "To bring a claim against all Defendants under NYLL, Plaintiffs must plausibly allege that *each of them were 'joint employers'* of Plaintiffs and the proposed class." *Metcalf v. TransPerfect Global, Inc*., 19 Civ. 101014 (AJN), 2020 WL 7028644, *6 (S.D.N.Y. Nov. 30, 2020) (emphasis added) (citing *In re Domino's* Pizza *Inc*., 19 Civ. 2492 (AJN) (KNF), 2018 WL 4757944, *4 (S.D.N.Y. Sept. 30, 2018)).

6

"The decisive factor as to whether a named defendant is responsible for FLSA violations as to a particular plaintiff turns on control, whether formal or functional." *Hsieh Liang Yeh v. Han Dynasty, Inc.*, 18 Civ. 608 (PAE), 2019 U.S. Dist. LEXIS 24298, *21 (S.D.N.Y. Feb. 14, 2019). To determine whether a particular defendant was an "employer" under the FLSA and NYLL, the Second Circuit has set forth four factors describing "formal control" by an employer: "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess County Community College*, 735 F. 2d 8, 12 & n.3 (2d Cir. 1984) (internal citations omitted) (recognizing the need for case-by-case analysis because "the statute's definitions are stated only in the broadest terms"). "[N]o one of the four factors standing alone is dispositive.  Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." *Id.* (citations omitted).

Absent "formal control," a defendant may alternatively be an FLSA "employer" if it exercises "functional control" over the workers.  To assess whether a putative employer exercised functional control, courts consider these non-exhaustive factors: "(1) whether the alleged employer's premises and equipment were used for the [p]laintiffs' work; (2) whether [p]laintiffs shifted from one putative joint employer's premises to that of another; (3) the extent to which the work performed by [p]laintiffs was integral to the overall business operation; (4) whether [p]laintiffs' work responsibilities remained the same regardless of where they worked; (5) the degree to which the alleged employer or its agents supervised [p]laintiffs' work, and (6) whether [p]laintiffs worked exclusively or predominantly for one [d]efendant." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir. 2003).  *See also Yeh*, 2019 U.S. Dist. LEXIS 24298 at *14.

7

Here, Plaintiffs fail to plead any facts to support that Kelco Landscaping is an employer together with Kelco Construction and ELM, and therefore, subject to liability under the FLSA and NYLL. Until Plaintiffs filed their SAC on December 23, 2022[3], the corporate Defendants were Kelco Construction and ELM. It was not until more than one (1) year after Plaintiffs filed their original Complaint on November 2, 2021 that Plaintiffs added Kelco Landscaping as another corporate Defendant to this action. In doing so, Plaintiffs attempt to argue that Kelco Landscaping, Kelco Construction, and ELM constitute a single employer, or a single-integrated enterprise. SAC ¶ 30. The courts look at the following factors to determine whether multiple employers constitute a single-integrated enterprise: "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Yeh*, 2019 U.S. Dist. LEXIS 24298 at *15 (quoting *Chen v. TYT E. Corp.*, 10 Civ. 5288 (PAC), 2012 U.S. Dist. LEXIS 166557, 2012 WL 5871617, *3 (S.D.N.Y. Mar. 21, 2012)).

There are several instances in the SAC where Plaintiffs alleged that Kelco *Construction*, not Kelco Landscaping, engaged in unlawful conduct under the FLSA and NYLL:

- Plaintiffs specifically allege that Kelco *Construction*, not Kelco Landscaping, entered into prevailing wage contracts. *See* SAC ¶¶ 60-61. This allegation goes directly towards Plaintiffs' fourth cause of action.

- Plaintiffs specifically allege that Kelco *Construction*, not Kelco Landscaping, "used ELM to pay Alvarez at rates below his Kelco Construction regular rate without providing advance written notice under NYLL § 195(1)." *See* SAC ¶¶ 71, 86. This allegation goes directly towards Plaintiffs' fifth cause of action.

- Plaintiffs specifically allege that Kelco *Construction*, not Kelco Landscaping, and ELM paid Plaintiff Chicas his allegedly inaccurate wages. *See* SAC ¶ 74. These allegations go directly towards Plaintiffs' first and second causes of action.

---

[3] Plaintiffs re-filed their Second Amended Complaint on December 29, 2022 due to an administrative error. *See* Freedberg Decl. ¶ 4; Exhibit 2 to Freedberg Decl. (Dkt. 68).

- Plaintiffs specifically allege that Kelco *Construction*, not Kelco Landscaping, and ELM paid Plaintiff Villatoro his allegedly inaccurate wages. *See* SAC ¶¶ 81, 87. These allegations go directly towards Plaintiffs' first and second causes of action.

- Plaintiffs specifically refer to Kelco *Construction*, not Kelco Landscaping, and ELM when making allegations of wage payment violations against Defendants under NYLL § 195(3). *See* SAC ¶¶ 112-114. These allegations go directly towards Plaintiffs' seventh and eighth causes of action.

- Plaintiffs, without specificity, allege that "Kelco" (neither specifying Kelco Construction or Kelco Landscaping) issued inaccurate wage notices "to ELM employees performing work on Kelco prevailing wage contracts." Based upon the former allegations in Plaintiffs' SAC, context clues allow us to conclude that Plaintiffs are most likely referring to Kelco Construction, rather than Kelco Landscaping, when asserting that "Kelco" allegedly violated NYLL § 195(1). *See* SAC ¶ 117.

Additionally, as further explained below, Plaintiffs provide almost no information in the SAC to support their assertion that Kelco Landscaping, Kelco Construction, and ELM constituted a single or joint employer of Plaintiffs.

### 1.   Kelco Landscaping did not have either formal or functional control over Plaintiffs.

Plaintiffs do not allege facts to meet any of the "formal control" factors. Nowhere in the SAC do Plaintiffs allege that Kelco Landscaping specifically "(1) had the power to hire and fire [Plaintiffs], (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *See Yeh*, 2019 U.S. Dist. LEXIS 24298 at *13-14 (quoting *Carter*, 735 F.2d at 12). While Plaintiffs make factual allegations against Kelco Construction and ELM throughout the SAC, Plaintiffs attempt to simply lump Kelco Landscaping with the other Defendants as one in the SAC without making factual allegations specific to Kelco Landscaping's alleged actions. This kind of "lumping"

together without differentiating Kelco Landscaping's role as an alleged employer over Plaintiffs, separate and apart from Kelco Construction and ELM, should not be permitted. *See Vasto v. Credico (USA) LLC*, 2016 Dist. LEXIS 101875, *24 (S.D.N.Y. Aug. 3, 2016) (quoting *Bravo v. Eastpoint Int'l, Inc.*, 99 Civ. 9474 (WK), 2001 U.S. Dist. LEXIS 3647, 2001 WL 314622, *2 (S.D.N.Y. Mar. 30, 2001)) (stating that the Court in *Bravo* "rejected plaintiffs' effort to 'lump multiple defendants together as one in the allegations . . . in the amended complaint.'").

Plaintiffs also fail to allege facts in the SAC that can be interpreted to mean that Kelco Landscaping met the "functional control" test. In addition to providing scant information about Kelco Landscaping's business, including alleging its annual gross volume of sales to meet the statutory requirement, also without any factual basis, Plaintiffs merely recite verbatim the four factors of the single-integrated enterprise test, discussed in Section III(A) *supra*. SAC ¶¶ 24-26, 30-34.

### 2.      Kelco Landscaping is not a single-integrated enterprise with Kelco Construction and ELM.

As discussed in Section III(A)(1) *supra*, with respect to Kelco Landscaping, Plaintiffs simply recite in the SAC the four factors of the single-integrated enterprise without more. *See* SAC ¶¶ 30-34. However, merely reciting the factors of the single employer test, short of alleging facts of how Kelco Landscaping was a single employer along with Kelco Construction and ELM cannot establish Kelco Landscaping's control over Plaintiffs. *See, e.g.*, *Yeh*, 2019 U.S. Dist. LEXIS 24298 at *21-22 (granting dismissal of Plaintiff's claims against corporate Moving Defendants where the complaint was "devoid of facts suggesting any connection between" Plaintiff and the other entities alleged to be a single employer with the other corporate defendants). *See also Bueno v. Buzinover*, 22 Civ. 02216, 2022 U.S. Dist. LEXIS 215082, *19-21 (S.D.N.Y. Nov. 28, 2022) (Engelmayer, D.J.) (holding that Plaintiff's Second Amended Complaint did not

"plausibly plead that the three entities are a single employer" with only a "few facts to suggest any interconnectedness" of the three entities). Nowhere in the Complaint do Plaintiffs allege, for instance, that they worked for Kelco Landscaping specifically, as opposed to Kelco Construction or ELM, or that Plaintiffs communicated with individuals at Kelco Landscaping. *See, e.g., Yeh*, 2019 U.S. Dist. LEXIS 24298 at *21-22 ("Courts will dismiss a complaint against defendants within a broader alleged enterprise that lack a nexus suggesting control of the plaintiff at hand. . . ."); *Bueno*, 2022 U.S. Dist. LEXIS 215082 at *20-21 (noting that the Second Amended Complaint was devoid of allegations that Plaintiffs worked for the multiple corporate entities, that these entities shared staff or equipment, and the same administrator to book and bill patients to conclude lack of common nexus among the entities needed to constitute a single-integrated enterprise).

For the foregoing reasons, Plaintiffs' claims against Kelco Landscaping should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Plaintiffs' Prevailing Wage Contract Claim Should be Dismissed for Failing Meet the Requirements of a Third-Party Contract Action.

There is no private right of action to enforce the prevailing wage requirements of the New York Labor Law "until an administrative determination in the employee's favor has been made and has gone unreviewed or has been affirmed." *Cortese v. Skanska USA Inc.*, 19 Civ. 11189, 2020 U.S. Dist. LEXIS 92221, *6 (S.D.N.Y. May 26, 2020) (quoting *Marren v. Ludlam*, 14 A.D.3d 667, 669 (2d Dept 2005)). The New York Court of Appeals, however, has held that an administrative claim is not the exclusive avenue for relief available to an employee denied prevailing wages, who may bring a common law breach of contract claim as the intended third-party beneficiary of a public works contract. *Fata v. S.A. Healy Co*., 289 N.Y. 401, 404-07, 46 N.E.2d 339 (1943); *Quintanilla v. Suffolk Paving Corp.*, 09 Civ. 5331 (AKT), 2011 U.S. Dist.

LEXIS 34193, 2011 WL 1323033, at *7 (E.D.N.Y. Feb. 10, 2011).  In New York, the "essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach." *Magee-Boyle v. Reliastar Life Ins. Co. of New York*, 173 A.D.3d 1157, 1159 (2d Dept 2019) (internal quotation marks omitted) (quoting *Canzona v. Atanasio*, 118 A.D.3d 837, 838 (2d Dept 2014)).  To maintain a common law action to recover as a third-party beneficiary of a contract, a "claimant must establish that the parties to the contract intended to confer a benefit on the third party" and the contract at issue must "clearly evidence" the intent to allow third party enforcement.  *See Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir. 2005) (citation omitted).  *See also Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009).

In the context of the New York prevailing wage requirements, New York's Appellate Courts have required that a complaint allege the provisions of the contract upon which the claim is based, and "must be sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved as well as the material elements of each cause of action or defense."  *See Maldonado v. Olympia Mech. Piping & Heating Corp.*, 8 A.D.3d 348, 350 (2d Dept 2004) (internal quotation marks and citations omitted) (citing *Atkinson v Mobil Oil Corp.*, 205 A.D.2d 719, 720, 614 N.Y.S.2d 36 (1994) (upholding a lower court decision dismissing third-party prevailing wage claim where the plaintiffs did not identify the contracts that were alleged to have been breached)).

In the case at bar, Plaintiffs fail to allege the existence of any "contract" and cannot meet any of the elements necessary for a third-party contract claim for prevailing wages.

**1.  Plaintiffs fail to cite to any single contract they seek to enforce or under which Plaintiffs performed work.**

The Court should dismiss Plaintiffs' claims to enforce unspecified prevailing wage contracts (fourth cause of action of the SAC) against all Defendants because Plaintiffs have not alleged facts identifying, describing, or otherwise providing information about any particular contract(s) to support a common law contract claim as a third-party beneficiary.  Plaintiffs fail to identify in their SAC a single contract that they seek to enforce as part of this common law contract claim.  Nor do Plaintiffs allege in the SAC any terms or parties to such alleged contracts, if any.  Rather, Plaintiffs rely upon conclusory allegations without pleading the pertinent terms of the purported contracts as required by law.  *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 181-182 (2011).  To merely state that work was performed on different sites within the City of New York without identifying any additional information, including the identities of the parties to such contracts, is a clear failure by Plaintiffs to establish the applicable requirements, and warrants dismissal of the prevailing wage claims.  To wit, Plaintiffs do not even allege which of Defendants "entered into valid binding contracts which contained a promise to pay prevailing wages," or allege the identity of the prime contractor(s) on such projects.

**2.  Plaintiffs' do not allege facts to reasonably conclude that the work they performed satisfies the De La Cruz prevailing wage test.**

Without further necessary information, the SAC recites a list of locations and public areas where Plaintiffs allege they performed work.  New York's courts have held that only contracts which expressly require the payment of prevailing wages can be enforced as part of a common law contract action.  *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, 21 N.Y.3d 530 (2013).  *See also Ramos v SimplexGrinnell LP*, 796 F. Supp. 2d 346, 352 (E.D.N.Y. 2011) (holding that "in order for workers to bring a third-party breach of contract claim under NYLL Section 220, the

contract between the employer and the municipality must expressly state that a prevailing wage will be paid").  Under its own terms, NYLL § 220

requires that a laborer, worker, or mechanic, employed upon a public work, shall not be paid less than the rate of wages prevailing "in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used".  NYLL § 220(3)(a).  The New York Court of Appeals decision in *De La Cruz* analyzed the applicability of the prevailing wage requirements in Section 220 of the NYLL in the context of a third-party action contract action by workers.  The Court adopted the controlling three-prong test currently used to determine applicability of New York's prevailing wage requirements in Section 220 and Article I, § 17 of the State Constitution, explaining, "First, a public agency must be a party to a contract involving the employment of laborers, workers, or mechanics. Second, the contract must concern a project that primarily involves construction-like labor and is paid for by public funds.  Third, the primary objective or function of the work product must be the use or other benefit of the general public." *De La Cruz*, 21 N.Y.3d at 358.

The SAC does not allege facts upon which to conclude that Plaintiffs worked on projects subject to New York's prevailing wage requirements.  The SAC only provides a list of alleged "prevailing wage contracts", without more: the 9/11 Memorial and Museum (SAC ¶ 60), the LGBTQ Memorial Site (SAC ¶ 60), Columbus Circle (SAC ¶ 60), Lincoln Center (SAC ¶¶ 60), Central Park (SAC ¶ 60), Brooklyn Bridge Park (SAC ¶ 60), Hudson River Park (SAC ¶ 60), Morningside Park (SAC ¶60) Brooklyn Botanical Gardens (SAC ¶¶ 60, 78, 95), the United Nations (SAC ¶¶ 60, 95), Queens Plaza Park (SAC ¶¶ 60, 78), Domino Park (SAC ¶¶ 60, 78), Brooklyn Bridge Park (SAC ¶¶ 60, 78), and NYU Langone Hospital (SAC ¶ 60).   No additional information is alleged regarding any existing parties to such alleged prevailing wage contracts, funding sources,

or the primary objective of the work to determine if the prevailing wage requirements even apply. From the very limited information Plaintiffs allege, it can reasonably be concluded that the projects Plaintiffs describe are *not* subject to New York's prevailing wage requirements due to them being performed *not* for a public agency, but rather for private, non-profit and/or nongovernmental entities. Such projects would reasonably include the 911 Memorial and Museum, Lincoln Center, Brooklyn Bridge Park, Queens Plaza Park, Brooklyn Botanical Gardens, Domino Park and NYU Langone Hospital. *See, e.g.*, *M.G.M. Insulation, Inc. v. Gardner*, 20 N.Y.3d 469 (N.Y. 2013) (holding that Section 220 did not apply to projects performed for non-profit fire department because it was not a public entity). It is further unclear what sites, locations, or public agencies are involved in any alleged work Plaintiffs performed at Columbus Circle, Hudson River Park, the LGBTQ Memorial Site, and Morningside Park, and it is respectfully submitted that the mere citation to locations and attractions fails to identify a contract. Moreover, Plaintiffs allege in the SAC that projects performed at the United Nations are being performed pursuant to a prevailing wage contract, yet Plaintiffs do not allege facts to support the conclusion that New York's prevailing wage laws could possibly apply to projects at the United Nations Headquarters given its unique status under international and federal law. *See* Agreement Regarding the Headquarters of the United Nations, U.N.-U.S., June 26, 1947, T.I.A.S. No. 147. The SAC alleges no facts which can reasonably be interpreted to conclude that projects for such entities are subject to Section 220 of the NYLL.

For the foregoing reasons, Plaintiffs' fourth cause of action of the SAC should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

15

**C.      Plaintiffs' NYLL Section 195 Claims Should be Dismissed for Lack of Article III Standing.**

The Court should dismiss Plaintiffs' Section 195 wage notice and wage statement claims (fifth through eighth causes of action of the SAC) against all Defendants because Plaintiffs have not suffered any cognizable injury from such alleged violations by Defendants.  *See Sevilla v. House of Salads One LLC*, 20 Civ. 6072 (PKC), 2022 WL 954740, *7 (E.D.N.Y. Mar. 30, 2022) (dismissing such claims for lack of Article III standing); *Wang v. XBB, Inc*., 18 Civ. 7341 (PKC), 2022 U.S. Dist. LEXIS 57481, *34-35 (E.D.N.Y. Mar. 29, 2022) (same); *Francisco v. NY Tex Care, Inc.*, 19 Civ. 1649 (PKC), 2022 WL 900603, *7 (E.D.N.Y. Mar. 28, 2022) (same).  Plaintiffs appear to assert that Defendants violated Section 195 of the NYLL by failing to provide Plaintiffs with compliant wage notices per Section 195(1) and wage statements per Section 195(3).  *See* SAC ¶¶ 6(D), 6(E), 75, 88, 108-117.  In doing so, Plaintiffs seek recovery of statutory damages provided by Section 198 of the NYLL for violations of Section 195(1) and 195(3).  SAC ¶¶ 150-163.

"No concrete harm; no standing."  *TransUnion LLC v. Ramirez*, -U.S.-, 141 S. Ct. 2190, 2200 (2021).  "This equation," as the Second Circuit recognized, "leaves little room for interpretation" and alone warrants the dismissal of Plaintiff's NYLL § 195 claims for failure to provide wage notice and accurate wage statements.  *See Maddox v. Bank of New York Mellon Trust Co., N.A*., 19 F.4th 58, 62 (2d Cir. 2021).  *TransUnion* makes clear that a violation of a statutory requirement is not the same as an injury in fact.  *TransUnion*, 141 S. Ct. at 2205 ("[A]n injury in law is not an injury in fact.").  Technical statutory violations without "tangible injury or something akin to a traditional cause of action" do not satisfy Article III standing in federal court.  *Wang v. XBB, Inc.*, 2022 U.S. Dist. LEXIS 57481, *34-35 (E.D.N.Y. Mar. 29, 2022).  Courts recognize "physical or monetary harms" and "various intangible harms—like reputational harms" as "concrete" injury.  *TransUnion*, 141 S. Ct. at 2198, 2200.  An "injury-in-fact" must be linked to

Defendants' alleged statutory violations of Section 195 for Plaintiffs to pursue such claims in federal court. *Wang*, 2022 U.S. Dist. LEXIS 57481 at \*35 (citing *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 64 (2d Cir. 2012); *Sanchez*, 2022 U.S. Dist. LEXIS 208268 at \*22 ("Where the plaintiff does not establish a *concrete injury fairly traceable to the statutory* violation, the plaintiff lacks Article III standing and, in turn, the district court lacks subject matter jurisdiction to enter default judgment.") (emphasis added). Simply stated, Plaintiffs have failed to plausibly allege that they suffered any injury based upon threadbare allegations of fictitious wage statements and missing wage notices.

### 1. Plaintiffs cannot establish injury-in-fact from the alleged wage statement claim.

Plaintiffs assert that they experienced a "concrete injury" as a result of Defendants furnishing "fictitious wage statements" to them. *See* SAC ¶¶ 112, 114. Plaintiffs make this conclusory statement followed by a few sentences that do not lend any support to Plaintiffs' allegation of injury caused by Defendants' alleged misconduct. Plaintiffs fail to plead facts to demonstrate an injury-in-fact linked to Defendants' alleged furnishing of "fictitious wage statements". Instead, Plaintiffs focus on Defendants' actions and unnecessarily assert speculations of Defendants having schemed to willfully hide their statutory duties under the NYLL. Yet nothing in the SAC disputes that such wage statements and notices accurately reflected how payments were, in fact, made to Plaintiffs.

In *TransUnion*, the plaintiffs unsuccessfully alleged that the defendants violated a requirement in the Fair Credit Reporting Act to mail certain items in a specific format. *See Metcalf v. TransPerfect Translations Int'l, Inc.*, --F. Supp. 3d--, 2022 WL 4661926, \*16 (S.D.N.Y. Sept. 30, 2022) (citing *TransUnion*, 141 S. Ct. at 2215). The Supreme Court ruled that the plaintiffs lacked Article III standing because they did not proffer evidence that they "opened the mailings or

that they were confused, distressed, or relied on the information in any way." *Id.* (citing *TransUnion*, 141 S. Ct. at 2213) (quotation marks omitted).  Further, the plaintiffs failed to allege specific "downstream consequences" from not receiving the required information from the defendants.  *Id.* (citing *TransUnion*, 141 S. Ct. at 2214).  *See also id.* at *16-17 (dismissing Plaintiffs' wage statement claims without prejudice for "failure to adequately plead standing"). Similarly, in our case at bar, Plaintiffs have failed to adequately plead that Plaintiffs discovered, based on the allegedly inaccurate wage statements, that Defendants paid Plaintiffs incorrectly and Plaintiffs suffered distress in any way as a result.  *But see Metcalf v. TransPerfect Translations Int'l, Inc.*, 2022 WL 4661926, *16-17 (S.D.N.Y. Sept. 30, 2022) (dismissing wage statement claim but allowing Plaintiffs to move to amend the complaint to cure deficiency in complaint).

Moreover, the purpose of Section 195(3) of the NYLL is for employees to receive from their employer statements of their wages, including specific information setting forth the basis for the payment being made, for which the employees worked during that pay period.  NYLL § 195(3) *does not* punish employers for furnishing wage statements that accurately set forth the basis of the payment of wages.  Through the FLSA and NYLL overtime and prevailing wage provisions, employees have available remedies for wages to which they allege they were entitled but were not paid.  Simply put, Plaintiffs concede that they received wage statements required under Section 195(3)—whether or not Plaintiffs believe them to be fictitious is irrelevant as such statements were in full compliance with Section 195(3) insofar as they reflected the basis for wages paid to Plaintiffs.  Plaintiffs would have the court hold that any wage payment violation or error *automatically* results in a Section 195(3) violation and would also be punishing an employer for providing accurate wage statements setting forth the basis for the payment of wages.  Thus, Plaintiffs should not be permitted to seek an *additional* penalty of up to five-thousand dollars per

18

employee under Sections 195(3) and 198 when Plaintiffs are already seeking remedies for allegedly erroneous payments under the FLSA and other provisions of the NYLL.

### 2.   Plaintiffs cannot establish injury-in-fact from the alleged wage notice claim.

Concerning Plaintiffs' Section 195(1) claim, Plaintiffs puzzlingly allege both that Defendants "failed to issue wage notices to Plaintiffs" (SAC ¶ 115) and "fail[ed] to issue *accurate* wage notices" (SAC ¶ 117, emphasis added).  Plaintiffs do not allege how such wage notices are inaccurate, leaving Defendants and the court to speculate if such alleged inaccuracy is limited to Plaintiffs' allegations of incorrect calculations, or if additional unspecified inaccuracies also exist. Plaintiffs further allege that they experienced a "concrete injury" from "Defendants' failure to issue accurate wage notices." *See* SAC ¶ 117.  If Plaintiffs intended to allege that Defendants did not issue *accurate* wage notices to employees, Plaintiffs cannot seek relief for allegedly inaccurate wage notices under NYLL §§ 195(1) and 198, as the purpose of this provision is *not* to punish employers for erroneous wage notices.  Even if Plaintiffs instead intended to allege that Defendants did not issue wage notices at all to employees, the SAC fails to assert "specific factual allegations concerning . . . any consequences that stemmed from" Plaintiffs allegedly not receiving wage notices from Defendants.  *See Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 78 (2d Cir. 2017).[4]  The consequence alleged by Plaintiffs—that they were unable to discover the alleged violations yet were able to file the present complaint—would turn this statutory protection into an automatic penalty pled by Plaintiffs' attorneys in a manner entirely inconsistent with the NYLL.

---

[4] Plaintiffs cite to NYLL 220(3-a)(ii) in the SAC.  SAC ¶ 116.  While Plaintiffs do not bring a specific cause of action in the SAC concerning NYLL 220(3-a)(ii), Defendants note that this statutory provision requires *posting* of "all wage rates and supplements" specified in the public works contract, not a furnishing of the WTPA notice as Plaintiffs allege.  To the extent that Plaintiffs are seeking damages, not only is there no remedy for damages pursuant to this provision, but Defendants would like to inform the Court that Defendants were compliant with NYLL 220(3-a)(ii) during the applicable statutory period and continue to remain compliant with this provision into present day.

As was the issue with Plaintiffs' wage statement claims, Plaintiffs do not allege harm that resulted from this purported procedural violation of either failing to provide notices or failing to provide accurate notices.  Such failures, even as inconsistently alleged by Plaintiffs, cannot be reasonably viewed as supporting a claim of injury-in-fact.  Accordingly, Plaintiffs also do not have Article III standing to pursue their wage notice claims before this court.

For the above reasons, Plaintiffs' fifth, sixth, seventh, and eighth causes of action of the SAC should be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 12(b)(1).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court dismiss Kelco Landscaping from this case, Plaintiffs' fourth cause of action as against all Defendants, Plaintiffs' fifth and seventh causes of action as against Kelco Construction and Kelco Landscaping, and Plaintiffs' sixth and eighth causes of action as against ELM.


Dated: January 20, 2023
     New York, New York

*/s/ Eli Freedberg*

Eli Z. Freedberg
Jennifer S. Kim
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022-3298
(212) 583-9600

*Attorneys for Defendants*