

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

January 24, 2023

**VIA ECF**

Hon. Stewart D. Aaron, USMJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Alvarez v Kelco Landscaping, Inc et al,* Case No. 21-cv-09014-PAE-SDA

Dear Judge Aaron:

      I represent the Plaintiffs in the above referenced action. I write to request the Court's guidance as to whether Section 3(B) of Judge Engelmayer's Individual Rules apply to the Defendants' recent motion to dismiss the Second Amended Complaint ("SAC", Dkt. Nos. 69, 70, 71).

      On December 14, 2022 the Plaintiffs forwarded the SAC to the Defendants. Defendants did not raise any pleading deficiencies in the SAC. Defendants consented to the filing of the SAC and requested leave to respond to the SAC by January 20, 2023. (See Dkt. No. 59). The SAC was filed with the Court's permission on December 29, 2022. On January 20, 2022 the Defendants filed a Motion to Dismiss the SAC for, *inter alia*, failure to plead sufficient facts. That motion was referred to Your Honor for a report and recommendation.

      Section 3(B) of Judge Engelmayer's Individual Rules state that

> If a motion to dismiss is filed, the plaintiff has a right to amend its pleading, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), within 21 days. If the non-moving party elects not to amend its pleading, no further opportunity to amend will ordinarily be granted, and the motion to dismiss will proceed in the normal course. If the plaintiff amends its pleading, the defendant must, within 21 days of such amendment: (1) file an answer; (2) file a new motion to dismiss; or (3) submit a letter to the Court, copying the plaintiff, stating that it relies on the previously filed motion to dismiss.

      Plaintiffs request direction from the Court as to whether the foregoing procedures apply to the instant motion.

      Respectfully submitted,

*Steven J. Moser*

Steven J. Moser