USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/19/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlos Alvarez Chicas et al., <br><br> Plaintiffs, <br><br> -against- <br><br> Kelco Construction, Inc. et al., <br><br> Defendants. | 1:21-cv-09014 (PAE) (SDA) <br><br> **OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiffs Carlos Alvarez Chicas ("Chicas"), Alonso Villatoro ("Villatoro"), Misael Alexander Martinez Castro ("Castro"), Angel Martinez ("Martinez"), Edwin Ulloa Moreira ("Moreira") and Mateo Umana ("Umana") (collectively, "Plaintiffs") bring this action individually, and on behalf of all others similarly situated, against Defendants Kelco Construction, Inc. ("Kelco Construction"), Kelco Landscaping, Inc. ("Kelco Landscaping"), E.L.M. General Construction Corp. ("ELM"), John Kelly ("Kelly") and Joseph Provenzano ("Provenzano") (collectively, "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs allege, among other things, that Plaintiffs were not compensated properly in accordance with the FLSA or the NYLL. (*See* Second Am. Compl. ("SAC"), ECF No. 68, ¶ 2.)

Presently before the Court is Plaintiffs' motion to conditionally certify FLSA collective classes and to permit court-authorized notification to putative collective members, as well as other relief. (*See* Pls.' 12/23/22 Not. of Mot., ECF No. 64.) For the reasons set forth below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Plaintiffs make the following allegations:[1]

Kelco Construction, Kelco Landscaping and ELM were engaged in the business of providing landscaping and construction services. (SAC ¶¶ 22, 25, 28.) These three companies share interrelated operations, common management, centralized control of labor relationships and common ownership and are commonly owned, operated and managed by Kelly and Provenzano. (*Id*. ¶¶ 31-32.) Kelco Construction entered into contracts under which it promised to pay workmen performing work thereunder (1) the prevailing rate of wages for each hour worked; (2) time and a half for hours worked in excess of 8 hours each workday; and (3) time and a half for hours worked in excess of 40 during any workweek. (*Id*. ¶¶ 60-61.)

Chicas was employed by Defendants from about March 2017 until about March 2021 as a laborer and form setter. (SAC ¶¶ 62-63; Chicas Decl., ECF No. 65-1, ¶¶ 1-2.) Kelco Construction and ELM issued separate paychecks to Chicas for work performed during the same workweek. (SAC ¶ 67; Chicas Decl. ¶ 10.) Defendants did not aggregate the hours worked for purposes of paying overtime wages to Chicas. (SAC ¶ 68; Chicas Decl. ¶ 11.)

Villatoro was employed by Defendants from about March 2017 until about January 2021 as a laborer and form setter.[2] (Villatoro Decl., ECF No. 65-2 ¶¶ 1, 3.) Kelco Construction and ELM

---

[1] At the conditional certification stage, courts "should not weigh the merits of the underlying claims," *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013) (citations omitted), and should not "resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 158 (S.D.N.Y. 2014) (citation and internal quotation marks omitted). Accordingly, for the purposes of resolving the collective certification motion, I treat the facts alleged by Plaintiffs as true. *See Cortes v. New Creators, Inc.*, Case No. 15-CV-05680 (PAE), 2015 WL 7076009, at *1 n.1 (S.D.N.Y. Nov. 12, 2015).

[2] The SAC alleges that Villatoro was employed as a laborer and mason. (SAC ¶ 77.)

issued separate paychecks to Villatoro for work performed during the same workweek. (SAC ¶ 81; Villatoro Decl. ¶ 15.) Defendants did not aggregate the hours worked for purposes of paying overtime wages to Villatoro. (SAC ¶ 81; Villatoro Decl. ¶ 16.)

Castro was employed by Defendants from about April 2016 until about December 2019 as a laborer and form setter. (Castro Decl., ECF No. 65-3, ¶¶ 1-2.) Martinez was employed by Defendants from about December 2019 until about July 2021 as a laborer and form setter. (Martinez Decl., ECF No. 65-4, ¶¶ 1-2.) Moreira was employed by Defendants from about April 2016 until about December 2019 as a laborer and form setter. (Moreira Decl., ECF No. 65-5, ¶¶ 1-2.) Umana was employed by Defendants from about March 2017 until about September 2019 as a laborer and driver. (Umana Decl., ECF No. 65-6, ¶¶ 1-2.)

Plaintiffs, who performed work under numerous prevailing wage contracts, were required to report to their work facility at a specific time (usually before 4:30 a.m.), travel to and from worksites in New York City and clean and unload the company vehicle at the end of the workday. (SAC ¶¶ 64-65, 78-79, 95-96; Chicas Decl. ¶¶ 5-6; Villatoro Decl. ¶¶ 8-10; Castro Decl. ¶¶ 5-6; Martinez Decl. ¶ 6; Moreira Decl. ¶¶ 5-6; Umana Decl. ¶¶ 5-6.) Rather than compensating Plaintiffs from the time they were required to report until the end of the workday, sometimes paid Plaintiffs a "Drive Time" bonus. (SAC ¶¶ 66, 80, 97; Chicas Decl. ¶ 7; Villatoro Decl. ¶ 11; Castro Decl. ¶ 7; Martinez Decl. ¶ 7; Moreira Decl. ¶ 7; Umana Decl. ¶ 7.) Defendants failed to pay Plaintiffs for all hours worked, failed to pay overtime and failed to pay pursuant to the prevailing wage contracts. (SAC ¶¶ 69-73, 82-86, 98.)

**DISCUSSION**

I. **Collective Certification**

    A. **Legal Standards**

The FLSA provides that "any one or more employees" may bring an action against an employer "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To become a party to such an action, an employee must file written consent in the court in which the action is brought. *Id.* "Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

The Second Circuit has approved a two-step method for the exercise of the Court's discretion. *See Yap v. Mooncake Foods, Inc.*, 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015) (citing *Myers*, 624 F.3d at 554). First, in the step known as "conditional certification," if the named plaintiffs make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,'" the trial court may make an initial determination to send notice to potential opt-in plaintiffs. *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). At the second stage, which typically occurs after discovery is complete, the court determines whether the opt-ins are in fact "similarly situated" to the named plaintiffs; if the record reveals that they are not, the court may "de-certif[y]" the collective action and dismiss those plaintiffs' claims without prejudice. *See id.* (citations omitted).

During the initial conditional certification stage, the requirement of a "modest factual showing" cannot be satisfied solely by "unsupported assertions." *Myers*, 624 F.3d at 555. However, because the purpose of this first stage is "merely to determine *whether* 'similarly situated' plaintiffs do in fact exist," plaintiffs have a low burden of proof. *Id.* (emphasis in original) (citing *Hoffmann*, 982 F. Supp. at 261). Documents properly considered on a conditional certification motion "include plaintiffs' 'own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members.'" *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013) (quoting *Hamadou*, 915 F. Supp. 2d at 661).

To determine whether members of a collective are similarly situated, "district courts typically review several factors, including (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364, 367 (S.D.N.Y. 2014) (citation omitted). "Plaintiffs need not present evidence for each and every opt-in Plaintiff so long as they can show that Defendants engaged in a policy, plan, or scheme of FLSA violations." *Lynch v. City of New York*, No. 16-CV-05677 (KBF), 2017 WL 4877425, at *3 (S.D.N.Y. Oct. 27, 2017) (internal citation and quotation marks omitted).

B.  **Application**

Plaintiffs define three putative collective classes, as follows:

[Class 1:] All hourly employees of [Kelco Construction] who, at any time during the three year period prior to the filing of the complaint and up to the present time, received wages from Kelco [Construction] and [ELM] for the same workweek[.]

> [Class 2:] All hourly Kelco [Construction] employees who drove company vehicles at any time during the three year period prior to the filing of the complaint and up to the present time[.]
>
> [Class 3:] All hourly ELM employees who worked at any time during the three year period prior to the filing of the complaint and up to the present time.

(Pls.' 12/23/22 Not. of Mot. at 1-2.)

The Court, in its discretion, finds that Plaintiffs have made their modest showing that the employees in the putative collective classes were subject to common policies. First, with respect to Class 1, Plaintiffs adequately have shown that the Defendants had a common policy of not aggregating hours paid by Kelco Construction and ELM, even though Kelco Construction and ELM were related entities under common control. (*See* SAC ¶¶ 31-32, 68 (Alvarez hours not aggregated), 81 (Villatoro hours not aggregated); *see also* Pls.' 2/13/23 Reply, ECF No. 99, at 4-5 (11 other of Defendants' employees whose hours were not aggregated).)

Second, with respect to Class 2 and Class 3, Plaintiffs adequately have shown that Defendants had a common policy of not paying the Kelco Construction drivers and ELM employees for travel time to and from their worksites. (*See* SAC ¶¶ 66, 80, 97; *see also* Pls.' 2/13/23 Reply at 1, 5.) Plaintiffs' Declarations recount conversations involving other of Defendants' employees (some identified by name) that reflect the uniformity of their experience that they only were paid from the time they were scheduled to start work at their respective worksites until they left the worksites, and not from the time they arrived at the Kelco Construction facility at the beginning of the day and left such facility at the end of the day. (*See* Chicas Decl. ¶¶ 7-8; Villatoro Decl. ¶¶ 11-13; Castro Decl. ¶¶ 7-9; Martinez Decl. ¶¶ 7-8; Moreira Decl. ¶¶ 7-9; Umana Decl. ¶¶ 9-11.)

6

In opposition to Plaintiffs' motion, Defendants submit numerous Declarations from certain employees filed at ECF Nos. 77 to 96. "[C]ourts routinely [disregard defendants' declarations] at the conditional-certification stage." *Ke v. JR Sushi 2 Inc.*, No. 19-CV-07332 (PAE) (BCM), 2021 WL 465359, at *2 (S.D.N.Y. Feb. 9, 2021); *see also Amhaz v. Booking.com (USA), Inc.*, No. 17-CV-02120 (GBD) (HBP), 2018 WL 4279468, at *6 (S.D.N.Y. Aug. 23, 2018), *report and recommendation adopted*, 2018 WL 4360791 (S.D.N.Y. Sept. 5, 2018) ("The overwhelming consensus in this District is that [d]efendants . . . may not defeat a court's determination that [p]laintiffs are similarly situated by submitting their own affidavits at the conditional certification stage." (cleaned up) (citations omitted)). Regardless, the Court finds that, even to the extent the Defendants' Declarations are inconsistent with Plaintiffs' positions on the pending motion,[3] it is not appropriate for the Court at this stage of the case to address such inconsistencies, particularly in circumstances where the declarants have not had their depositions taken.

**II.   Notice-Related Issues**

In their pending motion, Plaintiffs request varying types of relief related to the provision of notice to the collective classes, each of which is discussed below.

   **A.   Excel Spreadsheets**

Plaintiffs seek an Order "[d]irecting Defendants to produce three excel spreadsheets (one for each proposed collective class) containing the name, last known mailing address, email address, cell phone number, job title, dates of employment with Kelco [Construction], and dates of employment with ELM of each putative collective member within ten (10) business days of

---

[3] Plaintiffs argue that Defendants' Declarations do not undermine their pending motion. (*See* Pls.' 2/13/23 Reply at 4-7.)

this Court's [O]rder." (*See* Pls.' 12/23/22 Not. of Mot. at 2.) Defendants object to providing this information and argue that, it they are required to produce it, they be given 30 days to do so. (*See* Defs.' Opp. Mem., ECF No. 75, at 13-14.)

Courts in this Circuit "routinely grant . . . motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action" following conditional certification. *See Anglada v. Linens 'N Things, Inc.*, No. 06-CV-12901 (CM) (LMS), 2007 WL 1552511, at *7 (S.D.N.Y. Apr. 26, 2007) (collecting cases), *report and recommendation adopted* (May 22, 2007). Likewise, courts often grant requests for production of telephone numbers, email addresses and dates of employment for potential class members. *See Diatta v. Iguana New York Ltd.*, 15-CV-06399 (AT), 2016 WL 2865132, at *6 (S.D.N.Y. May 10, 2016) ("Courts routinely order discovery of names, addresses, and telephone numbers in FLSA actions." (citation omitted)); *Racey v. Jay-Jay Cabaret, Inc.*, 15-CV-08228 (KPF), 2016 WL 3020933, at *10 (S.D.N.Y. May 23, 2016) (ordering defendants to provide "a list of the names, addresses, telephone numbers, email addresses, and dates of employment for potential class members"). Thus, the Court hereby directs that Defendants produce the three excel spreadsheets that Plaintiffs request. In order that Defendants have sufficient time to produce such spreadsheets, the Court directs that such spreadsheets be produced to Plaintiffs no later than March 7, 2023.

B.  **Form Of Notice And Consent Form**

Plaintiffs seek an Order approving the proposed Notice and Consent to Join Lawsuit form that is attached to their notice of motion. (*See* Pls.' 12/23/22 Not. of Mot. at 2; see also Forms of Notice, ECF No. 64-1 (English), ECF No. 64-2 (Spanish).) "Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court maintains broad discretion over the form

and content of the notice." *Hernandez v. City of New York*, No. 16-CV-03445 (RA), 2017 WL 2829816, at *6 (S.D.N.Y. June 29, 2017) (quoting *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016)). "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions and ensure that putative plaintiffs receive accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. (quoting *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 116 (S.D.N.Y. 2015)).

Defendants seek numerous revisions to the form of Notice. First, Defendants want to include language informing potential opt-in plaintiffs that they themselves may be responsible for their own legal costs in the lawsuit. (*See* Defs.' Opp. Mem. at 20.) The Court finds that this language should not be included due to the "risk of an *in terrorem* effect that is disproportionate to the actual likelihood that costs will occur in any significant degree." *See Bethel v. BlueMercury, Inc.*, No. 21-CV-02743 (KPF), 2022 WL 3594575, at *15 (S.D.N.Y. Aug. 22, 2022) (citation omitted).

Second, Defendants object that the proposed Notice discussing attorney representation of the putative collective reads "in a solicitation-like manner." (*See* Defs.' Opp. Mem. at 20.) The questions and answers about which Defendants complain (*see id*.) are as follows:

08. Do I have a lawyer in this case?

　　If you choose to join this lawsuit, you will be represented by Plaintiffs' Counsel: Moser Law Firm, P.C., 5 East Main Street, Huntington, NY 11743. Tel 516-671-1150.

09. Should I get my own lawyer?

　　You do not need to hire your own lawyer because Plaintiffs' Counsel will be working on your behalf. However, you have a right to hire an attorney of your

choice to represent you in this matter. If you are represented by other counsel, you will need to confer with them regarding their costs and fees.

(Form of Notice at PDF p. 4.)

The Court finds that, to provide more balanced information to potential opt-in plaintiffs, the foregoing questions and answers shall be modified to read as follows:[4]

08. Who are the lawyers in this case?

If you choose to join this lawsuit you will be represented by Plaintiffs' Counsel: Moser Law Firm, P.C., 5 East Main Street, Huntington, NY 11743. Tel 516-671-1150.

09. Should I get my own lawyer?

You do not need to hire your own lawyer because Plaintiffs' Counsel will be working on your behalf. However, you are allowed to hire your own lawyer at your own expense.[5]

Third, Defendants contend that Plaintiffs should be ordered to insert in an appropriate place in Plaintiffs' proposed Notice, Defendants' counsel's information (*i.e.*, name, mailing address, phone number). (*See* Defs.' Opp. Mem. at 21.) "Defendant[s'] request to include defense counsel's contact information is . . . reasonable, and the notice should be so amended," adding the information under a separate heading. *See Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (citing *Bah v. Shoe Mania, Inc.*, No. 08-CV-09380 (LTS) (AJP), 2009 WL 1357223, at *3 (S.D.N.Y. May 13, 2009)).

---

[4] The following language is modeled after the form of Notice approved in *Severino v. Avondale Care Grp., LLC*, No. 21-CV-10720 (LGS) (SDA), 2022 WL 16555372, at *6-7 (S.D.N.Y. Oct. 29, 2022).

[5] In their opposition memorandum, Defendants ask the Court to include in the Notice language providing that, should potential opt-in plaintiffs obtain an attorney of their own choice, such attorney must file an "opt-in" consent form so that such opt-in plaintiffs may timely opt into the lawsuit. (*See* Defs.' Opp. Mem. at 20.) However, Plaintiff's form of Notice already states: "If you select an attorney other than Plaintiffs' counsel to represent you in this action, you may join this lawsuit by submitting an appropriate consent form directly to the Clerk of Court by the deadline indicated herein." (Form of Notice at PDF p. 4.)

Finally, Defendants contend that potential opt-in plaintiffs should not be instructed to return the opt-in forms to Plaintiffs' counsel, but that they should be instructed to mail the forms to the Court. (*See* Defs.' Opp. Mem. at 21.) The Court declines to burden the Clerk of Court with receiving and filing the consent forms. Indeed, the Notice in this case properly instructs near the end, in bold typeface, "Please do not write or call the court about this notice." (Form of Notice at PDF p. 4.)

The Court hereby approves the Consent to Join Lawsuit form. (*See* Form of Notice at PDF p. 5.)

### C. Directing Notice By First Class Mail And Email In English And Spanish

Plaintiffs request in their motion an Order "[d]irecting Plaintiffs' counsel to provide notice by first class mail and email to each putative collective member in English and Spanish within 10 days of production of the . . . excel spreadsheets." (*See* Pls.' 12/23/22 Not. of Mot. at 2.) This request is granted. *See Sanchez v. Salsa Con Fuego, Inc.*, No. 16-CV-00473 (RJS) (BCM), 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) ("first class mail and email may both serve as efficient means of ensuring that potential opt-in plaintiffs receive timely notice, and are therefore approved").

### D. Text Message And Text Reminder

Plaintiffs seek an Order "[g]ranting Plaintiffs' counsel [l]eave to send a text message to each putative collective action member in English and Spanish, within 10 days of the production of the excel spreadsheet." (*See* Pls.' 12/23/22 Not. of Mot. at 2.) Defendants argue that notice by

11

text message should not be permitted because Plaintiffs have not made an adequate showing of need for such form of notice. (*See* Defs.' Opp. Mem. at 15.) The Court agrees.

"The courts in this District do not permit notice by text message as a matter of course." *Mangahas v. Eight Oranges Inc.*, No. 22-CV-04150 (LJL), 2022 WL 10383029, at *9 (S.D.N.Y. Oct. 18, 2022). "Generally, courts allow such dissemination where 'the nature of the employer's business facilitated a high turnover rate among employees.'" *Park v. FDM Grp. Inc.*, No. 16-CV-01520 (LTS) (SN), 2019 WL 2205715, at *7 (S.D.N.Y. May 22, 2019) (citing *Kucher v. Domino's Pizza, Inc.*, No. 16-CV-02492 (AJN), 2017 WL 2987216, at *6 (S.D.N.Y. May 22, 2017)). In the present case, Plaintiffs make no showing[6] of need that provides an adequate basis for the Court to permit text messaging in addition to the notice by first class mail and email authorized above. Thus, the Court shall not permit notice by text message.

In addition, the Court denies Plaintiffs' request (*see* Pls.' 12/23/22 Not. of Mot. at 3) for an Order granting Plaintiffs' counsel leave to send a text reminder 30 days before the close of the Opt-In Period. *See Xia v. New Yung Wah Carrier LLC*, No. 21-CV-04475 (HG) (VMS), 2023 WL 130830, at *11 (E.D.N.Y. Jan. 9, 2023) ("Although Plaintiffs reference the FLSA's broad remedial purpose in requesting permission to send a reminder notice, they fail to discuss the particular circumstances of the instant case which would that necessitate such notice." (internal quotation marks and citation omitted)).

---

[6] Even if admissible, the Court finds the statistics cited by Plaintiffs of their opening memorandum regarding cell phone use and average open rates unpersuasive. (*See* Pl.'s 12/23/22 Mem., ECF No. 65, at 11-12.)

### E. Opt-In Period

Plaintiffs request an Order "[s]etting an opt-in period of Sixty (60) days following the date on which the Notice is sent for opt-in members to mail or email completed consent forms to Plaintiffs' Counsel (the 'Opt-In Period')." (*See* Pls.' 12/23/22 Not. of Mot. at 3.) This request is granted.

### F. Posting Of Notice

Finally, Plaintiffs seek "[a]n order directing the defendants to post the Notice in a prominent location at each jobsite where employees work for the entire duration of the opt-in period, and to file an affidavit of compliance with the posting requirements within ten (10) days of the close of the opt-in period." (*See* Pls.' 12/23/22 Not. of Mot. at 3.) "Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citing cases).

Defendants argue that posting notice should not be permitted unless Plaintiffs specify further details of the proposed posting, such as location and time frame to complete posting notice. (*See* Defs.' Opp. Mem. at 16.) In that regard, Defendants note that their jobsites include the United Nations and NYU Langone Hospital and that Defendants are in the landscaping and construction business. (*See id.* at 16-17.) In turn, Plaintiffs point to a provision of the Construction Industry Fair Play Act that requires contractors to post employee notices "in a prominent and accessible place on the site where the construction is performed." (Pls.' 2/13/23 Reply at 8-9.)

The Court finds that jobsite notices shall be posted, but directs the parties to meet and confer regarding the specific jobsite locations where the notices shall be posted and the time

13

frame to complete such postings. If the parties are unable to agree, then no later than March 10, 2023, the parties shall file a joint letter referred setting forth their areas of disagreement.

**III.     Plaintiffs' Counsel's Communications With Potential Opt-in Plaintiffs**

In their opposition memorandum, Defendants request the Court to limit the communications between Plaintiffs' attorneys and potential opt-in plaintiffs. (*See* Defs.' Opp. Mem. at 24-25.) Defendants have not made a properly supported motion for injunctive relief and, as such, their request is denied. *See Colozzi v. St. Joseph's Hosp. Health Ctr.*, No. 08-CV-01220 (DNH), 2009 WL 2045315, at *3 (N.D.N.Y. May 27, 2009) (vacating Magistrate Judge Order limiting communications between plaintiffs' counsel and potential opt-in plaintiffs).

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. Conditional certification of Plaintiffs' three collective classes is GRANTED. In addition, it is hereby ORDERED, as follows:

1) Plaintiffs shall revise their proposed form of Notice as set forth herein and, no later than February 28, 2023, shall provide the revised form of Notice to Defendants;

2) No later than March 7, 2023, Defendants shall produce the three excel spreadsheets that Plaintiffs request;

3) No later than March 10, 2023, the parties shall file a joint letter if there exist any disputes regarding the specific jobsite locations where the notices shall be posted and the time frame to complete such postings; and

4) No later than March 17, 2023, Plaintiffs' counsel shall provide the court-approved Notice by first class mail and email to each putative collective member in English and Spanish.

**SO ORDERED.**

Dated:   New York, New York
         February 19, 2023

_____
STEWART D. AARON
United States Magistrate Judge