

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

March 14, 2023

**VIA ECF**

Hon. Stewart D. Aaron, USMJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Alvarez v Kelco Landscaping, Inc et al,* Case No. 21-cv-09014-PAE-SDA

Dear Judge Aaron:

  Today is the last day on which to advise the Court concerning whether the parties have reached an agreement regarding the posting of the FLSA notice. The parties have not been able to reach an agreement and request a ruling from the Court.

  **Plaintiffs' Position.** There is a heightened need to post notice in light of the adequacy of the class lists furnished by the Defendants. On December 22, 2022 Plaintiffs moved for an order compelling the defendants to produce class lists "containing the name, last known mailing address, email address, cell phone number, job title, dates of employment with Kelco, and dates of employment with ELM[.]" Dkt. No. 64. Defendants did not indicate to the Court in their opposition that they would be unable to produce the requested information. On February 19, 2023, the Court directed the defendants to "produce three excel spreadsheets (one for each proposed collective class) containing the name, last known mailing address, email address, cell phone number, job title, dates of employment with Kelco [Construction], and dates of employment with ELM of each putative collective member[.]"

  On Friday, March 10, 2023 the Defendants produced class lists containing 167 unique individuals. However, the email addresses for 166 out of the 167 individuals have not been provided, and cell phone numbers for 162 out of the 167 individuals are missing, despite the fact that the primary means of communication with the classes was through text message. Moreover the dates of employment have not been provided and the "job title" for all workers is the same: "Laborer". We are continuing to work with Defendants to resolve our concerns with the list. However, in light of these issues we believe that there is a heightened need to reach the class, including by posting notice at the worksites.

  Defendants should be required to post notice at any location where it already post notice under NYLL § 220 3-a(a)(ii)(requiring posting of notice which is "constructed of materials capable of withstanding adverse weather conditions" at prevailing wage construction sites), NYLL § 231(6), requiring contractors performing prevailing wage service work to "post in a prominent and accessible place on the site of the work a legible statement of the wages to be paid

Hon. Stewart D. Aaron, USDJ                                            MOSER LAW FIRM, PC
Re:     *Alvarez v. Kelco Landscaping, Inc. et al.*, Case No. 21-cv-09014
Page 2

to the workmen employed thereon"), or NYLL § 861(d)(requiring contractors to post notice "constructed of materials capable of withstanding adverse weather conditions.").

Defendants have not identified any specific location where notice cannot be posted. In the interests of clarity, Plaintiff's request that the Defendants be directed to provide a list of all worksites where class members are presently working and for each worksite indicate whether notice is posted pursuant to the foregoing labor law provisions (NYLL §§ 220, 231, 816(d)). Defendants should be further required to record each location where work is performed by class members during the opt-in period, and whether notice is posted under NYLL §§ 220, 231 or 861(d). At the conclusion of the opt in period we request an affidavit of compliance concerning the posting of notice at the locations where notice of this action has been posted.

**Defendants' Position.** Pursuant to Your Honor's February 19, 2023 (ECF No. 101) and March 8, 2023 (ECF No. 105) Orders, Defendants made diligent efforts in good faith to search for and prepare the required three (3) Excel spreadsheets containing each member of the conditionally certified collective's (i) name, (ii) last known mailing address, (iii) email address, (iii) cell phone number, (iv) job title, and (v) dates of employment with Kelco [Construction], and dates of employment with ELM . Defendants produced these three Excel spreadsheets to Plaintiffs' counsel on March 10, 2023 and the data in the spreadsheets reflect all of the information that Defendants were able to find following a search of payroll records and employee files. , Plaintiffs' counsel now seems unsatisfied with the sufficiency of the data in the list, and specifically with the fact that Defendants were unable to find email addresses and phone numbers for many of the members of the putative collective. However, the fact remains that Defendants searched their payroll and employee file records for the data that the Court ordered Defendants to produce and produced all of the information that they found following a search of their personnel files and pay records. Despite Plaintiffs' counsel's dissatisfaction with the spreadsheets, Defendants cannot be expected to produce records that are not in their possession. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess.").

With respect to the issue of where notices should be posted, Defendants operate a construction and landscaping company. Most of the work that Plaintiffs perform is done outdoors, where there is no wall in which a notice could be posted. Nevertheless, Defendants informed Plaintiffs that they would agree to consent to the post the notices of the collective action at its central depot located at 25 Newton Place, Hauppauge, New York ("Hauppauge location"), as well those Kelco Construction worksites at which there are trailers or other common area. There are approximately five Kelco Construction worksites that have trailers or common areas that would permit posting. These are the only worksites where it is practicable to post the collective action notices. It is unclear what Plaintiffs' counsel's objection is to this proposal, or the basis of the request, but he does seem to object nonetheless.

Hon. Stewart D. Aaron, USDJ  MOSER LAW FIRM, PC
Re: *Alvarez v. Kelco Landscaping, Inc. et al.*, Case No. 21-cv-09014
Page 3

                                        Respectfully submitted,

                                        *Steven J. Moser*
                                        Steven J. Moser

CC: All counsel of record via ECF