```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/16/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Carlos Alvarez Chicas et al.,

                 Plaintiffs,

-against-

Kelco Construction, Inc. et al.,

                 Defendants.

1:21-cv-09014 (PAE) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      Pursuant to this Court's February 19, 2023 Opinion and Order (2/19/23 Order, ECF No. 101), the parties filed a joint letter to address their dispute regarding the specific jobsite locations where the required notices in this collective action were to be posted. (3/14/23 Joint Letter, ECF No. 106.)

      Plaintiffs seek an Order directing Defendants to provide a list of all worksites where class members are presently working, indicating whether notice is posted pursuant to NYLL §§ 220, 231, or 861(d); to post notice at any location where Defendants already posted notice pursuant to NYLL §§ 220 3-a(a)(ii),  231(6) or 861(d); to record each location where work is performed by class members during the opt-in period and whether notice is posted pursuant to NYLL §§ 220, 231 or 861(d); and to provide an affidavit of compliance concerning the posting of notice. (3/14/23 Joint Letter at 1-2.) Defendants contend that, due to the outdoor nature of Defendants' construction and landscaping business, notices cannot be posted at each worksite because there are no walls on which to post the notices. Defendants offered to post the notices at the central depot located at 25 Newton Place, Hauppauge, New York, and at the "approximately five" Kelco

Construction worksites where there are trailers or other common areas that would permit posting. (*Id*. at 2.) Defendants, however, fail to identify the precise number of worksites or the location of those worksites. (*See id*.)

"Although they are not required to do so by FLSA, district courts 'have discretion, in appropriate cases, to implement [§ 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)). "Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citing cases).

Upon review of the parties' Joint Letter, the Court finds, in its discretion, that the required notices shall be posted at the central depot located at 25 Newton Place, Hauppauge, New York, and at all Kelco Construction worksites where there are trailers or other common areas that would permit posting.

For the reasons set forth above, it is hereby ORDERED, as follows:

1) No later than Monday, March 20, 2023, Defendants' counsel shall identify in a letter to Plaintiffs' counsel each Kelco Construction worksite where there are trailers or other common areas that would permit posting and shall provide Plaintiffs' counsel with those worksites' corresponding addresses.

2) No later than Friday, March 24, 2023, Defendants shall post the required notices at the central depot located at 25 Newton Place, Hauppauge, New York, and at each of the worksites identified in paragraph 1 above.

**SO ORDERED.**

Dated:   New York, New York
         March 16, 2023

                                                      _____
                                                      STEWART D. AARON
                                                      United States Magistrate Judge