

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

April 4, 2023

**VIA ECF**

Hon. Stewart D. Aaron, USMJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Alvarez v Kelco Landscaping, Inc et al,* Case No. 21-cv-09014-PAE-SDA

Dear Judge Aaron:

    I represent the Plaintiffs in the above referenced matter. Please accept this letter request for a discovery conference. Defendants have not yet responded to Plaintiffs' Interrogatories and Requests for Production of Documents ("RFPs") served on January 5, 2023 and have not provided an index to a 20,000+ page document production.

    **Procedural history.** On January 5, 2023 Plaintiffs served Interrogatories and RFPs on Defendants. On February 9, 2023 the Court so-ordered Defendants' request for an extension to respond to Plaintiffs' Interrogatories and RFPs to February 24, 2023. *See* ECF No. 98. On February 24, 2023, Plaintiffs consented to Defendants' request for an extension of the time to respond to March 1, 2023.

    On Wednesday, March 1, 2023 Defendants advised that they would "do their best" to respond to the RFPs and Interrogatories by Friday, March 3, 2023. On Friday, March 3, 2023 the Defendants advised that they would be providing responses to Interrogatories and RFPs the following week, and furnished more than 20,000 pages with no index.

    As of Tuesday March 14, 2023, the Responses to Plaintiff's RFPs and Interrogatories had not yet been furnished, and Plaintiffs' counsel sent an email requesting that the Defendants respond without objection to the Interrogatories and RFPs.

    On Wednesday March 22, 2023 at 3:00 PM counsel for the parties participated in a telephone conference. Eli Freedberg, Jennifer Kim and Michael Paglialonga (from Littler Mendelson, for the Plaintiffs), and Steven Moser (from the Moser Law Firm, PC, for the Defendants) participated in the call. Plaintiffs again requested that the Defendants respond to the discovery requests without objection and provide an index to their document production. Defendants indicated that they did not believe the objections to RFPs and Interrogatories were waived and that any motion to compel the production of an index would be premature until Plaintiffs' counsel reviewed the 20,000+ page document production. I indicated that I believed

Hon. Stuart D. Aaron, USMJ                                                         MOSER LAW FIRM, PC 
Re: *Alvarez v Kelco Landscaping, Inc et al*, Case No. 21-cv-09014-PAE-SDA
Page 2

we were at an impasse and that I would be seeking judicial intervention. Following the conference, Defendants' counsel sent an email which stated, in part:

> Since [Plaintiffs] seem to be demanding. . .responses and objections [to the Interrogatories and RFPs] we will serve those in one (1) week from today (March 29, 2023) even though we still maintain that we should be spending our time locating, gathering, reviewing and producing responsive records.

On Monday March 27, 2023, the Defendants submitted a stipulation to substitute Grae & Grae, PC in the place of Littler Mendelson, PC.

Defendants have not yet responded to Plaintiffs' RFPs and Interrogatories, and have not provided an index.

**Defendants should be required to respond without objection to the January 5, 2023 discovery requests by a date certain.** *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *David v. Weinstein Co.*, No. 18-CV-5414, 2020 WL 4042773, at *4 (S.D.N.Y. July 17, 2020) ("[C]ourts in this Circuit have concluded that a party's failure to timely respond and/or object to discovery requests is sufficient, without more, to find that the party has waived his or her discovery objections." (citations omitted)); *see also, e.g.*, *Gesualdi v. Oyster Bay Sand & Gravel, Inc.*, No. CV 11-796, 2015 WL 1509481, at *3 (E.D.N.Y. Mar. 31, 2015) (holding that party waived objections to document requests because it failed to assert timely objections); *Gorman v. Cnty. of Suffolk*, No. CV 08-533 (ADS) (AKT), 2010 WL 55935, at *1 (E.D.N.Y. Jan. 6, 2010) (same).

**Defendants should be required to furnish an index to their 20,000+ page document production by a date certain.** Defendants should have furnished the index even absent a request from the Plaintiffs. Courts "disfavor. . .the dumping of massive quantities of documents, with no indexing or readily apparent organization, in response to a document request from an adversary." *Pass & Seymour, Inc. v. Hubbell, Inc.*, 255 F.R.D. 331, 334 (N.D.N.Y. 2008); *Wagner v. Dryvit Sys.*, 208 F.R.D. 606, 610-11 (D. Neb. 2001) ("[P]roducing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34.") (citations omitted); *Stiller v. Arnold*, 167 F.R.D. 68, 71 (N.D. Ind. 1996) ("Producing 7,000 pages of documents in no apparent order does not comply with a party's obligation under Rule 34(b).").

**Conclusion.** On December 12, 2022 the Court directed fact discovery to be completed by July 31, 2023. *See* ECF No. 57. The Court indicated that discovery deadlines "may be extended for good cause, but then only for a limited purpose." We are now at the midpoint. Therefore, we are asking that the Defendants respond without objection to the January 5, 2023 RFPs and Interrogatories by a date certain and provide an index by a date certain.

Hon. Stuart D. Aaron, USMJ                                            MOSER LAW FIRM, PC 
Re: *Alvarez v Kelco Landscaping, Inc et al*, Case No. 21-cv-09014-PAE-SDA
Page 3

                                          Respectfully Submitted,

                                          *Steven J. Moser*
                                          Steven J. Moser

CC:    All counsel of record via ECF