

MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 12, 2023

**VIA ECF**

Hon. Stewart D. Aaron, USMJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     *Alvarez v Kelco Landscaping, Inc et al,* Case No. 21-cv-09014-PAE-SDA

Dear Judge Aaron:

I represent the Plaintiffs in the above referenced matter. Plaintiffs request a conference to address whether (1) the collective lists provided by the Defendants are sufficient, (2) remedial notice is necessary, (3) an extension of the opt-in period is appropriate, and (4) there is a need for injunctive relief.

On December 23, 2022, the Plaintiffs filed a motion for conditional certification, Court authorized notice, and an order,

> Directing Defendants to produce three excel spreadsheets (one for each proposed collective class) containing the name, last known mailing address, email address, cell phone number, job title, dates of employment with Kelco, and dates of employment with ELM of each putative collective member[.][1]

On February 19, 2023, the Court directed the Defendants to produce the three excel spreadsheets or before March 7, 2023, and authorized notice by mail and email. *Chicas v. Kelco Constr., Inc.,* No. 1:21-cv-09014 (PAE) (SDA), 2023 U.S. Dist. LEXIS 27876, at *17 (S.D.N.Y. Feb. 19, 2023). Defendants thereafter moved to extend the date for production of the "putative collective members' information" to March 10, 2023.[2]

On Friday, March 10, 2023, the Defendants produced 3 excel spreadsheets containing the names of 167 potential opt-in plaintiffs. However, the Defendants provided the email address of only one (1) individual and cell phone numbers for only five (5) individuals. In addition, the dates of employment were not provided. These deficiencies were raised directly with Defendants' counsel and again in a joint letter to the Court dated March 14, 2023.[3] Defendants responded that

---

[1] *See* Notice of Motion, ECF Doc. No. 64, at 2.
[2] *See* Def. Consent Motion to Extend dated March 7, 2023, ECF No. 102, at 1, which was granted by the Court.
[3] *See* Joint Letter, ECF No. 106, at 1.

Hon. Stewart D. Aaron, USMJ
Re:     *Alvarez v. Kelco*, Case No. 21-cv-09014-PAE-SDA
Page 2

MOSER LAW FIRM, PC



despite diligent effort, they could not locate the missing information, including the cell phone numbers of potential collective action members.[4]

In opposition to the motion for Court Authorized Notice the Defendants obtained declarations from twenty (20) individuals. Sixteen (16) of these individuals later turned out to be potential opt-in plaintiffs who could have participated had they not signed the declarations.[5] According to the translator's certifications, the employees did not speak English, but "at the outset of the interview" the translator "orally received the consent of each of the interviewed employees' understanding of the *purpose* of the interview and their willingness to proceed[.]"[6] The *purpose* of the interview is not explicitly stated in the declarations. Each declarant only states that he "submit[s] [his] declaration in support of Defendants' Opposition to Plaintiffs' Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b)."[7]

According to our understanding[8], these interviews were conducted as follows: The employees did not have any advance notice of the fact that a meeting would be taking place. Instead, they were told to report to a specific job location, which they did. Upon arriving they were interviewed by Michael Paglionga, an attorney with Littler Mendelson, in the presence of a representative of the company. They were not given the declaration to take home and read. They were presented with the completed declaration on the spot and left after the document was signed. The refusal to participate in the interview or sign the declaration would have to be done in the presence of the employer.[9]

The notice was mailed on March 21, 2023. The Court approved notice informs employees on the first page: "Federal law prohibits Defendants from retaliating against you or discriminating against you if you wish to join this lawsuit." After mailing, but before the substitution of counsel we received reports that employees had been told that the Defendants were going to "counter-sue" the plaintiffs. On April 13, 2023, only two days after the Court granted Defendants' request for a stay, we received reports that one of the Defendants' managers had stated that anyone who joined the lawsuit would no longer be allowed to travel in company vehicles and would have to find their own way to and from worksites in Manhattan. Employees who did not join would still have the benefit of company-provided transportation.

On April 13, 2023, at 12:54 PM I emailed opposing counsel: "Please advise when you are available for a call. We have been told that defendants have advised current employees that any

---

[4] Defendants advised the Court that they had made "diligent efforts in good faith to search for and prepare" the spreadsheets, and that they "'cannot be expected to produce records that are not in their possession.' *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 138 (2d Cir. 2007) ('[A] party is not obliged to produce, at the risk of sanctions, documents that it does not possess.')."  Joint Letter, ECF No. 106, at 2.
[5] *See* ECF Doc. Nos. 79-96.
[6] *See* ECF Doc. Nos. 77-78, ¶¶ 3, 5.
[7] *See* ECF Doc. Nos. 79-96, ¶ 1.
[8] (without the benefit of formal discovery)
[9] Depositions of the company representative present at the interviews may be necessary.



Hon. Stewart D. Aaron, USMJ
Re:    *Alvarez v. Kelco*, Case No. 21-cv-09014-PAE-SDA
Page 3

MOSER LAW FIRM, PC

individual who opts-in to the lawsuit will no longer be permitted to travel in company vehicles to and from the jobsites."

The first availability of Defendants' counsel for a telephone call was two weeks later, on April 27, 2023. During the telephone call on April 27, 2023, Plaintiffs renewed the request for complete spreadsheets containing all information for the potential opt-in plaintiffs. Defendants' counsel responded that according to their clients, we were engaging in personal solicitation of potential opt-in plaintiffs and would use the cell phone numbers for an improper purpose.[10] As of the date of this letter, the lists have not been supplemented. According to counsel for the Defendants, their clients had also advised them that there were two current employees who had previously filed consents and wanted to withdraw from the case, but we were not following their wishes.

Indeed, two opt-in plaintiffs have expressed their intention to withdraw. One stated that he joined the lawsuit "by mistake." The other, an individual who speaks only Spanish, sent an email in perfect English stating that he wants to "drop out." It is unclear, however, how Defendants became aware of these communications.

Several individuals have come forward to provide their stories. Joseph Provenzano recently told an opt-in plaintiff, Ramon Romero, that he was a "pussy" for joining the lawsuit and that if he stays in the case, he will only get five to ten thousand dollars, but not have his job in six months' time. Anthony Paglinco, a manager at Kelco, spoke with another opt-in plaintiff, Irbin Hernandez Gomez, on April 12, 2023, only one day after the Court granted the Defendants' request for a stay of 60 days. Mr. Paglinco told Irbin he wouldn't be able to ride in the company vehicle like the other employees. On April 13, 2023, Irbin defied the order and rode in the company truck anyway. Mr. Paglinco sent him a text message on the evening of April 13, 2023, stating in part, "I told you that you were not allowed to ride in the truck. You went against my direction. Why didn't you follow my instructions???"

We advised Defense counsel of the refusal to furnish company-provided travel to opt-ins at 12:54 pm on April 13, 2023. Mr. Paglinco sent the text message to Irbin at 5:59 pm the same day. He sent it to Irbin's cell phone number, a number which the Defendants previously advised this Court they could not produce because they didn't have it.[11]

Employees are weighing the risks of joining against the potential rewards. Kelco is a union shop and ELM is non-unionized. Some of the claims involve work that was contracted by Kelco but performed by ELM workers at less than the prevailing union wage. For example, ELM

---

[10] This is not the first time that the Defendants suggested that Plaintiffs' Counsel has engaged in personal solicitation. Defendants stated in their Memorandum of Law in opposition to the motion for conditional certification that "there is the possibility of *solicitation or coercion* by Plaintiffs' counsel over potential opt-in plaintiffs without oversight or accountability by anyone, especially during phone conversations. Therefore, the Court should place strict parameters on these potential communications between Plaintiffs' counsel and the putative collective." ECF No. 75, at 24 (emphasis supplied).

[11] It has also come to light that the Defendants in fact have the cell phone numbers of all employees, because they advise all employees of their work group and assignment via a WhatsApp group chat.



Hon. Stewart D. Aaron, USMJ
Re:     *Alvarez v. Kelco*, Case No. 21-cv-09014-PAE-SDA
Page 4

MOSER LAW FIRM, PC

employees work at the United Nations. The ID cards issued to these employees by the UN indicate that they are Kelco employees. The UN does not have any contracts with ELM. It only has contracts with Kelco. However, the Defendants have not yet provided the contract with the UN. In fact, they haven't furnished any contract showing whether ELM employees were entitled to prevailing wages. Defendants have successfully obtained an extension of the time to produce documents necessary to provide a valuation of employees' claims until after the time to decide whether or not to participate has passed.[12]

**Conclusion.** The collective consists of a largely immigrant foreign-language-speaking workforce dependent upon the Defendants for their livelihood. Once we alerted Defendants' counsel about the text message to Irbin from Mr. Paglinco, the Defendants did not follow through on their refusal to provide transportation. Defendants' counsel has suggested that the communication was harmless, and the matter has been corrected. However, I worry that irreversible damage has already been done. I write, however, before the close of the opt-in period to alert the Court and respectfully request a conference.

Respectfully Submitted,

*Steven J. Moser*

Steven J. Moser

CC:     All counsel of record via ECF

---

[12] Even if the contracts do not require the payment of prevailing wages, the Unions representing Kelco employees may have standing to obtain union wages for ELM employees performing work that should have been performed by Kelco's unionized workforce.  It is important to know this as soon as possible so the Unions may be advised, if necessary and the employees' rights can be preserved.