UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

CARLOS ALVAREZ CHICAS, ALONSO
VILLATORO, MISAEL ALEXANDER MARTINEZ
CASTRO, ANGEL MARTINEZ, EDWIN ULLOA
MOREIRA and MATEO UMANA, individually and on
behalf of all others similarly situated,

<em>Plaintiffs</em>,

-against-

KELCO CONSTRUCTION, INC., KELCO
LANDSCAPING, INC., E.L.M. GENERAL
CONSTRUCTION CORP. D/B/A KELLY'S CREW,
JOHN KELLY and JOSEPH PROVENZANO,

<em>Defendants</em>.

</td><td>

Civil Action No.: 1:21-cv-09014-
PAE-SDA

</td></tr>
</table>

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT IN ITS
ENTIRETY AS AGAINST DEFENDANT KELCO LANDSCAPING INC.
AND THE FOURTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS**

---

**GRAE & GRAE, LLC**
Previn A. Waran
The Equitable Building
120 Broadway, Floor 28
New York, New York 10271
Tel.: (212) 221-8763
E-mail: pwaran@graelaw.com
*Counsel for Defendants Kelco
Construction, Inc., Kelco Landscaping,
Inc., E.L.M. General Construction
Corp. d/b/a Kelly's Crew, John Kelly,
and Joseph Provenzano*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................... i

TABLE OF AUTHORITIES.............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS................................................................................................. 3

LEGAL STANDARDS ...................................................................................................... 4

ARGUMENT ..................................................................................................................... 6

      A.    **The TAC, As A Whole, Must Be Dismissed as Against Kelco Landscaping on the Grounds That Plaintiffs Have Not Alleged That Kelco Landscaping Employed Plaintiffs**.............................. 6

            1.    Kelco Landscaping Had Neither Formal Nor Functional Control Over Plaintiffs.......................................................... 9

            2.    Kelco Landscaping Did Not Form Part of a Single Integrated Enterprise with Kelco Construction and ELM ............................ 10

      B.    **The Fourth Cause of Action for Unpaid Prevailing Wages Should Be Dismissed With Prejudice** ......................................... 12

            1.    Plaintiffs Fail to Identify a Single Contract Mandating That They be Paid Prevailing Wages ................................... 14

            2.    Plaintiffs Fail to Allege Facts From Which It Can Be Reasonably Inferred That They Should be Paid Prevailing Wages for the Work They Performed........................................... 15

CONCLUSION................................................................................................................. 18

## <u>TABLE OF AUTHORITIES</u>

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................ 4, 5

*Atkinson v. Mobil Oil Corp.*,
　205 A.D.2d 719 (1994) .............................................................................................. 13

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................ 4, 5

*Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*,
　692 F.3d 42 (2d Cir. 2012) ........................................................................................ 13

*Bravo v. Eastpoint Int'l, Inc.*,
　99 Civ. 9474 (WK), 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001) ............................... 9

*Brown v. Cerberus Cap. Mgmt., L.P.*,
　703 F. Appx 11 (2d Cir. 2017) ............................................................................... 12, 17

*Bueno v. Buzinover*,
　22 Civ. 2216 (PAE) (KHP), 2022 U.S. Dist. LEXIS 215082 (S.D.N.Y. Nov. 28, 2022) ....... 10, 11

*Bueno v. Buzinover*,
　22 Civ. 2216 (PAE) (KHP), 2023 U.S. Dist. LEXIS 38154 (S.D.N.Y. Mar. 7, 2023) ................. 11

*Carter v. Dutchess Cmty. Coll.*,
　735 F.2d 8 (2d Cir. 1984) ........................................................................................ 7, 9

*Catalanello v. Kramer*,
　18 F. Supp. 3d 504 (S.D.N.Y. 2014) ............................................................................... 5

*Chen Lin v. Dolar Shop Rest. Grp., LLC*,
　16 Civ. 2474, 2021 U.S. Dist. LEXIS 33009 (E.D.N.Y. Feb. 22, 2021) ......................................... 8

*De La Cruz v. Caddell Dry Dock Repair Co., Inc.*,
　21 N.Y. 3d 530 (2013) .......................................................................................... 15, 16

*Fata v. S.A. Healy Co.*,
　289 N.Y. 401 (1943) ............................................................................................ 13, 15

*Gorey v. Manheim Servs. Corp.*,
　788 F. Supp. 2d 200 (S.D.N.Y. 2011) ............................................................................... 8

*Hart v. Rick's Cabaret Int'l, Inc.*,
　967 F. Supp. 2d 901 (S.D.N.Y. 2013) ............................................................................... 8

*Herman v. RSR Sec. Servs.*,
 172 F.3d 132 (2d Cir. 1999) ........................................................................... 6

*Hsieh Liang Yeh v. Han Dynasty, Inc.*,
 18 Civ. 6018 (PAE), 2019 U.S. Dist. LEXIS 24298 (S.D.N.Y. Feb. 14, 2019) .......... 6, 7, 9, 10, 11

*Huer Huang v. Shanghai City Corp.*,
 459 F. Supp. 3d 580 (S.D.N.Y. May 11, 2020) ............................................. 7

*In re Domino's Pizza Inc.*,
 16 Civ. 2492 (AJN) (KNF), 2018 U.S. Dist. LEXIS 169607 (S.D.N.Y. Sept. 30, 2018) ............. 6

*James v. Countrywide Fin. Corp.*,
 849 F. Supp. 2d 296 (E.D.N.Y. 2012) ...................................................... 5

*Johnson v. Rowley*,
 569 F.3d 40 (2d Cir. 2009) ...................................................................... 5

*Juarez v. 449 Rest., Inc.*,
 29 F. Supp. 3d 363 (S.D.N.Y. Jul 2, 2014) ................................................ 8

*Lopez v. Acme Am. Envt'l Co., Inc.*,
 12 Civ. 511, 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6, 2012) ...................... 5, 6, 7, 9, 11

*Maldonado v. Olympia Mech. Piping & Heating Corp.*,
 8 A.D.3d 348 (2d Dept 2004) ................................................................. 13

*Metcalf v. TransPerfect Glob., Inc.*,
 19 Civ. 10104 (AJN), 2020 U.S. Dist. LEXIS 223282 (S.D.N.Y. Nov. 30, 2020) .................. 6, 11

*M.G.M. Insulation, Inc. v. Garnder*,
 20 N.Y.3d 469 (2013) ............................................................................ 17

*Napoli v. Deluxe Corp*,
 17 Civ. 6956, 2019 U.S. Dist. LEXIS 105165 (E.D.N.Y. Jun. 21, 2019) ...................... 5

*Olvera v. Bareburger Grp. LLC*,
 73 F. Supp. 3d 201 (S.D.N.Y. Jul. 10, 2014) .............................................. 7

*Peters v. Accurate Bldg. Inspectors Div. of Ubell Ent., Inc.*,
 29 A.D.3d 972 (2d Dept 2006) ................................................................ 14

*Premium Mortg. Corp. v. Equifax, Inc.*,
 583 F.3d 103 (2d Cir. 2009) ................................................................... 13

*Ramos v. SimplexGrinnel LP*,
 740 F.3d 852 (2d Cir. 2014) .............................................................. 13, 15

*Ruotolo v. City of N.Y.*,
   514, F.3d 184 (2d Cir. 2008)................................................................................ 12, 17

*Serrano v. I. Hardware Distribs., Inc.*,
   14 Civ. 2488, 2015 U.S. Dist. LEXIS 97876 (S.D.N.Y. Jul. 27, 2015) ......................... 6

*Stennett v. Moveway Transfer & Stor., Inc.*,
   97 A.D.3d 655 (2d Dept 2012) ................................................................................. 14

*Stewart v. Hudson Hall LLC*,
   20 Civ. 885 (PGG) (SLC), 2020 U.S. Dist. LEXIS 194833 (S.D.N.Y. Oct. 19, 2020)................. 7

*Subaru Distribs. Corp. v. Subaru of Am., Inc.*,
   425 F.3d 119 (2d Cir. 2005)...................................................................................... 12

*Vasto v. Credico (USA) LLC*,
   15 Civ. 9298, 2016 U.S. Dist. LEXIS 101875 (S.D.N.Y. Aug. 3, 2016) ....................... 9

*Victory State Bank v. EMBA Hylan, LLC*,
   169 A.D.3d 963 (2d Dept 2019) ............................................................................... 13

*Yuan v. AA Forest, Inc.*,
   20 Civ. 5484 (AMD) (MMH), 2022 U.S. Dist. LEXIS 55562
   (E.D.N.Y. Mar. 28, 2022) ................................................................... 5, 6, 12, 17

*Zheng v. Liberty Apparel Co., Inc.*,
   355 F.3d 61 (2d Cir. 2003)........................................................................................ 7

## <u>STATUTES</u>

12 N.Y.C.R.R. § 142-2.2 ............................................................................................... 1

29 U.S.C. §§ 201 *et seq.*.............................................................................................. 1

29 U.S.C. § 207(a)......................................................................................................... 1

29 U.S.C. § 216............................................................................................................. 1

New York Labor Law, Article 19, § 191 ...................................................................... 1

New York Labor Law, Article 19, § 193 ...................................................................... 1

New York Labor Law, Article 19, § 195(1) .................................................................. 1

New York Labor Law, Article 19, § 195(3) .................................................................. 1

New York Labor Law, Article 19, § 198 ............................................................. 1

New York Labor Law, Article 19, § 220 *et seq.* ......................................... 3, 4, 13, 16, 17

New York Labor Law, Article 19, § 220(a)(3) .............................................. 15, 16

New York Labor Law, Article 19, §§ 650 *et seq.* ............................................ 1

**O**THER **A**UTHORITES

Fed. R. Civ. P. Rule 12(b)(6) ............................................................... 1, 4

Defendants Kelco Construction, Inc. ("Kelco Construction"), Kelco Landscaping, Inc. ("Kelco Landscaping"), E.L.M. General Construction Corp. d/b/a Kelly's Crew ("ELM"), John Kelly, and Joseph Provenzano (collectively, the "Defendants"), by and through their undersigned counsel, Grae & Grae, LLC, submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"), to dismiss: (1) Plaintiffs' Third Amended Complaint (Dkt. 112) (the "TAC") in its entirety as to Kelco Landscaping; and (2) the fourth cause of action thereof as to all Defendants (the "Motion").

## PRELIMINARY STATEMENT

Plaintiffs instituted this collective and putative class action on behalf of themselves, individually, and all others similarly situated. In the TAC, Plaintiffs plead the following eight causes of action, all of which were asserted, verbatim, in their since superseded Second Amended Complaint (Dkt. 63) (the "SAC"): (1) unpaid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), 207(a), and 216; (2) unpaid overtime in violation of Article 19 §§ 650 *et seq.* of the New York Labor Law (the "NYLL") and 12 N.Y.C.R.R. § 142-2.2; (3) failure to pay regular, agreed-upon, non-overtime wages in violation of NYLL §§ 191, 193, and 198; (4) failure to pay prevailing wages required pursuant to New York common law; (5) failure by "Kelco" to furnish wage notices in violation of NYLL § 195(1); (6) failure by ELM to furnish wage notices in violation of NYLL § 195(1); (7) failure by "Kelco" to furnish proper wage statements in violation of NYLL § 195(3); and (8) failure by ELM to furnish proper wage statements in violation of NYLL § 195(3).[1] TAC at ¶¶ 131-163.

---

[1] Notably, and of particular relevance to the Court's adjudication of the instant motion, the TAC, despite introducing, in the first numbered paragraph thereof, defined terms intended to distinguish between Kelco Construction, on the one hand, and Kelco Landscaping, on the other, is peppered with otherwise generic references to "Kelco" that fail to specify to which of these two Kelco entities the allegations containing such references have been directed. *See e.g.,* TAC at ¶¶ 1, 52, 111, 117, 119, 121, 151, 152, and 159. Only compounding this defect, the term "Kelco" has nowhere been defined by Plaintiffs in the TAC.

Conspicuously missing from the TAC, however, are any allegations from which it can even be reasonably inferred that Kelco Landscaping, as opposed to Kelco Construction or ELM, employed Plaintiffs; and this, despite Plaintiffs' having had the benefit, in crafting what is now their third set of amended pleadings, of the detailed roadmap of pleading defects furnished by Defendants' prior motion to dismiss the SAC.  Instead, Plaintiffs continue to disregard well-settled pleading standards through tactical use of the passive voice and group pleading, repeatedly referring to the corporate and individual defendants collectively as "Defendants", and without distinguishing among them, or otherwise identifying with any degree of particularity the role, if any, that each one played in Plaintiffs' employment.  *See e.g.,* TAC at ¶¶ 62, 65.  Indeed, rather than pleading actual facts suggestive of each corporate defendant's employment of Plaintiffs, the TAC seeks to pass off as a factual allegation what is, in reality, a legal conclusion, alleging, in wholly conclusory fashion, that Kelco Landscaping, along with Kelco Construction and ELM, form a "single integrated enterprise."  *Id*. at ¶¶ 30-32.  Based on the foregoing, Plaintiffs have failed to allege facts sufficient to tether each of the TAC's causes of action to conduct attributable to Kelco Landscaping, specifically, for which reason, alone, the action, in its entirety, must be dismissed as to Kelco Landscaping.

The TAC's fourth cause of action must be dismissed on the grounds that, although it seeks to assert Plaintiffs' entitlement to the payment of prevailing wages as the purported third-party beneficiaries of certain agreements into which "Defendants" are alleged to have entered, nowhere in the TAC have Plaintiffs even identified any of the contracts from which such entitlement is claimed to have arisen, much less the specific provisions thereof that trigger such an obligation on the part of "Defendants."  TAC at ¶¶ 60, 77, 80, 91, 93.  Rather, Plaintiffs simply identify various New York City landmarks and public and private places of accommodation at or about which "Defendants" are alleged to have performed construction-related work.  That a place may be held open to the public, however, is insufficient to render work performed at such locales "public" so

as to trigger the prevailing wage requirements of NYLL §§ 220 *et seq.*   Under controlling decisional law, Plaintiffs were required to identify the contracts from which their prevailing wage claims derive.  Having failed to do so, the fourth cause of action, too, must be dismissed.

Finally, insofar as Plaintiffs were amply noticed of, but consciously declined to cure, the defects from which the SAC suffered, doubling down on those self-same defects in the TAC, the Court should not countenance such willful disregard of applicable pleading standards, and ought to dismiss the Complaint, in its entirety, as against Kelco Landscaping, and the fourth causes of action thereof, as against all Defendants, with prejudice.

## STATEMENT OF FACTS

Plaintiffs Carlos Alvarez Chicas and Alonso Villatoro instituted this action by way of the filing of a Complaint with this Court on November 2, 2021.  *See* Complaint (Dkt. 1).  The Complaint was amended on June 28, 2022, to add Misael Alexander Martinez Castro, Angel Martinez, Edwin Ulloa Moreira, and Mateo Umana as additional party plaintiffs, as well as newly-minted claims alleging Plaintiffs' performance of certain compensable pre-shift activities for which they were never paid.  On December 23, 2022, Plaintiffs yet again amended their pleadings, this time adding Kelco Landscaping as a party defendant to the action for the first time.  Finally, in response to a motion to dismiss filed by Defendants (Dkt. 69, 70, 71), Plaintiffs' sought to amend, for a third time, their pleadings, which they were granted leave to do by the Court on March 24, 2023, with Defendants' consent (Dkt. 111).  On March 25, 2023, Plaintiffs filed with the Court the TAC.

As is relevant here, Plaintiffs, despite having benefitted from the prior roadmap of pleading deficiencies furnished by Defendants' prior motion to dismiss, as well as an opportunity, via the leave granted to file the TAC, to cure those defects, have inexplicably failed to do so, re-pleading, verbatim, the same defective allegations of which they were previously noticed.  Specifically, the TAC, like the SAC, fails to allege which of the corporate defendants employed Plaintiffs, lumping

them together as one, and thereby avoiding having to plead actual facts from which the precise role that each of the Defendants played in their employment can be reasonably inferred. *See*, *e.g.*, TAC at ¶¶ 62, 75, 87-93. Moreover, while Plaintiffs have alleged that Kelco Construction entered into contracts requiring the payment of prevailing wages in connection with work performed at a diversity of otherwise generically described attractions, locations, and landmarks located in and about New York City, *see id.* at ¶¶ 60-61, the TAC is conspicuously silent as to whether Kelco Landscaping and/or ELM ever entered into similar such agreements. Only compounding the foregoing defects, the TAC fails to provide any other information concerning these contracts, the parties thereto, or the projects performed thereunder, for which it cannot be reasonably determined whether or not these projects, and Plaintiffs' work thereon, were subject to NYLL § 220's prevailing wage requirements.

Finally, and apart from a few conclusory allegations concerning its place of formation and annual gross sales, the TAC alleges no facts with respect to Kelco Landscaping, much less the role, if any, that it played in Plaintiffs' employment, or whether it exercised the type of formal and functional control over them necessary to hold Kelco Landscaping liable as Plaintiffs' employer, within the meaning of the FLSA and NYLL. *See generally id.*; *see also id.* at ¶¶ 24-26.

As a result of these, and other glaring pleading deficiencies described in greater detail herein, *infra*, Defendants now move this Court to dismiss, in part, the TAC.

## LEGAL STANDARDS

In order to withstand a motion to dismiss pursuant to FRCP 12(b)(6), "a complaint must contain factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

A complaint that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

While the Court is obligated, in weighing the Motion, to accept all of the well-pleaded allegations of the TAC as true, and draw all reasonable inferences in Plaintiffs' favor, *see Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009), such deference does not extend to legal conclusions drawn from conclusory allegations. *See Iqbal*, 556 U.S. at 678; *see also Catalanello v. Kramer*, 18 F. Supp. 3d 504, 510 (S.D.N.Y. 2014) ("The facts pled must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.") (internal quotation marks omitted). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555.

The foregoing standards apply with equal force to the pleading of claims alleging violations of the FLSA and NYLL. Indeed, where, for example, a complaint does not plead factual allegations sufficient to demonstrate the defendant's liability as the plaintiff's employer, or from which such liability can be reasonably inferred, dismissal of the complaint is required. *See Yuan v. AA Forest, Inc.*, 20 Civ. 5484 (AMD) (MMH), 2022 U.S. Dist. LEXIS 55562, *10-23 (E.D.N.Y. Mar. 28, 2022) (dismissing complaint on the grounds that court could not infer employer-employee relationship based on plaintiffs' vague and conclusory allegations, which merely parroted applicable legal standards); *Napoli v. Deluxe Corp.*, 17 Civ. 6956, 2019 U.S. Dist. LEXIS 105165, *13-14 (E.D.N.Y. Jun. 21, 2019) (dismissing amended complaint alleging FLSA and NYLL violations on grounds that plaintiff's complaint consisted of boilerplate recitations of legal standards devoid of factual enhancement); *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 321 (E.D.N.Y. 2012) (dismissing FLSA and NYLL claims where complaint was vague, conclusory, and lacking in supporting factual detail); *Lopez v. Acme Am. Envt'l Co., Inc.*, 12 Civ.

511, 2012 U.S. Dist. LEXIS 173290, *6 (S.D.N.Y. Dec. 6, 2012) (same); *Serrano v. I. Hardware Distribs., Inc.*, 14 Civ. 2488, 2015 U.S. Dist. LEXIS 97876, *7-9 (S.D.N.Y. Jul. 27, 2015) (same). Application of the foregoing well-settled standards, here, mandates dismissal of the TAC, in its entirety and with prejudice, as against Kelco Landscaping.

## ARGUMENT

**A.      The TAC, As A Whole, Must Be Dismissed as Against Kelco Landscaping on the Grounds That Plaintiffs Have Not Alleged That Kelco Landscaping Employed Plaintiffs.**

"Only an employer may be held liable for violations of the FLSA and NYLL," *Yuan*, 2022 U.S. Dist. LEXIS 55562, at *6, "which § 3(d) of the statute defines broadly as any person acting directly or indirectly in the interests of an employer in relation to an employee," *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999) (internal quotation marks omitted).  In determining whether a defendant is an "employer" within the meaning of the FLSA, the "overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case."  *Id.* (internal quotation marks and citations omitted).  Moreover, "[t]o bring a claim against all Defendants under [the] NYLL, Plaintiffs **must plausibly allege that each of them were 'joint employers' of Plaintiffs and the proposed class**."  *Metcalf v. TransPerfect Glob., Inc.*, 19 Civ. 10104 (AJN), 2020 U.S. Dist. LEXIS 223282, *17 (S.D.N.Y. Nov. 30, 2020) (citing *In re Domino's Pizza Inc.*, 16 Civ. 2492 (AJN) (KNF), 2018 U.S. Dist. LEXIS 169607 (S.D.N.Y. Sept. 30, 2018)) (emphasis added); *see also Hsieh Liang Yeh v. Han Dynasty, Inc.*, 18 Civ. 6018 (PAE), 2019 U.S. Dist. LEXIS 24298, *21 (S.D.N.Y. Feb. 14, 2019) ("Courts will dismiss a complaint against defendants within a broader alleged enterprise that **lacks the nexus suggesting control of the plaintiff at hand**[.]") (emphasis added).

"[T]he decisive factor as to whether a named defendant is responsible for FLSA violations as to a particular plaintiff turns on control, whether formal or functional[,]" over that plaintiff.  *Han*

*Dynasty*, 2019 U.S. Dist. LEXIS 24298 at *21; *see also Lopez*, 2012 U.S. Dist. LEXIS 173290,

*11 (plaintiffs alleging single integrated enterprises theory "cannot escape their obligation under

the FLSA to allege a relationship of control between the [purported employer] and themselves");

*Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. May 11, 2020)

("Allegations of common ownership and common purpose, without more, do not answer the

fundamental question of whether each corporate entity controlled Plaintiffs as employees.");

*Stewart v. Hudson Hall LLC*, 20 Civ. 885 (PGG) (SLC), 2020 U.S. Dist. LEXIS 194833, *16

(S.D.N.Y. Oct. 19, 2020) (finding conclusory assertions of "common ownership and common

purpose, without more," to be insufficient).

To assess "formal control," courts within this circuit analyze factors such as whether "the

alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled

employee works schedules or conditions of employment, (3) determined the rate and method of

payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8,

12 (2d Cir. 1984) (internal citations omitted). Where an alleged employer does not have "formal

control" over particular plaintiffs, courts will examine whether the defendant has "functional

control" by looking at factors such as "whether the alleged employer's premises and equipment

were used for the plaintiffs' work; . . . the degree to which the alleged employers or their agents

supervised [the] plaintiffs' work; and . . . whether [the] plaintiffs worked exclusively or

predominantly for the alleged employers." *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201,

205-06 (S.D.N.Y. Jul. 10, 2014) (quoting *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 72 (2d

Cir. 2003)) (alterations and internal quotation marks omitted).

In the matter at bar, Plaintiffs have failed, outright, to plead any facts to even so much as

suggest that Kelco Landscaping played any role whatsoever in Plaintiffs' employment, much less

that it exercised the type of formal or functional control over them necessary to hold that entity

liable as their "employer" under the FLSA and NYLL. As noted, *supra*, it was only via the SAC,

which was filed more than one year after the inception of this action, that Kelco Landscaping was named, for the first time, as a party defendant to this action, and wherein Plaintiffs alleged, as they have, verbatim, in the TAC, and in lieu of facts suggestive of the requisite nexus between Kelco Landscaping and Plaintiffs, merely that Kelco Landscaping, along with Kelco Construction and ELM, comprise a single-integrated enterprise.[2]  *Compare* SAC at ¶ 30 *with* TAC at ¶ 30.  Indeed, it is this lone legal conclusion, masquerading as a factual averment, that serves as the basis for Plaintiffs' joinder of Kelco Landscaping to this action.

Moreover, while the TAC alleges facts to suggest that Kelco *Construction* has engaged in actionable conduct under the FLSA and NYLL, nowhere have Plaintiffs done so with respect to Kelco *Landscaping*.  *See*, *e.g.*, TAC at ¶¶ 60-61 (alleging only that Kelco *Construction* entered into contracts requiring that workers be paid prevailing wages); 70, 84 (alleging only that Kelco *Construction* "used ELM to pay [certain Plaintiffs] at rates below [their] Kelco *Construction* regular rate"); 73, 85 (alleging only that Kelco *Construction* failed to pay all overtime compensation due and owing Plaintiffs Alvarez and Villatoro); 112-114 (alleging only that Kelco *Construction* and ELM issued "fictitious" wage statements); and 115-117 (alleging that "Kelco" failed to issue requisite wage notices, but without specifying whether such allegations have been directed at Kelco *Construction* or Kelco *Landscaping*).  Stunningly, although Plaintiffs were noticed of the foregoing pleading defects via Defendants' prior motion to dismiss the SAC, those self-same defective allegations have been re-pled, verbatim, in the TAC.

---

[2] Where multiple defendants are alleged to have been a plaintiff's employers, district courts within this circuit have applied the "single integrated enterprise" test to determine whether those entities should be treated as a single employer for FLSA purposes.  *See Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. Jul 2, 2014) (collecting cases). Courts applying this test "examine whether the companies have (i) interrelation of operations, (ii) common management, (iii) centralized control of labor relations, and (iv) common ownership and financial control." *Chen Lin v. Dolar Shop Rest. Grp., LLC*, 16 Civ. 2474, 2021 U.S. Dist. LEXIS 33009, *25-26 (E.D.N.Y. Feb. 22, 2021) (internal quotation marks omitted).  It bears noting, that "there is some disagreement among district courts" within this circuit "with respect to whether the single-integrated-enterprise theory . . . is appropriate in the FLSA context." *Juarez*, 29 F. Supp. 3d at 368 n.3.  *See*, *e.g., Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 n.16 (S.D.N.Y. 2013) (declined to apply single-integrated-enterprise test); *Gorey v. Manheim Servs. Corp.*, 788 F. Supp. 2d 200, 210 (S.D.N.Y. 2011) (same).

While the foregoing defects, alone, serve as sufficient grounds upon which to dismiss the TAC, Defendants' Motion must be granted for the additional reason that the TAC fails, wholesale, to plead any facts from which it can even be reasonably inferred that Kelco Landscaping, Kelco Construction, and ELM comprised a single-integrated enterprise, or otherwise should be considered joint employers of Plaintiffs.

### 1.   Kelco Landscaping Had Neither Formal Nor Functional Control Over Plaintiffs.

Plaintiffs fail to allege any facts whatsoever with respect to the above-referenced "formal control" factors to be considered by the courts of this circuit in assessing employer status.  Quite literally, nowhere in the TAC have Plaintiffs alleged that Kelco Landscaping, specifically, had the authority to hire and fire Plaintiffs, supervised and controlled their schedules and conditions of employment, determined the rates and methods of their compensation, and maintained employment records.  *See Carter*, 735 F.2d at 12.  Indeed, while the TAC contains factual allegations to suggest misconduct on the part of Kelco *Construction* and ELM, conspicuously missing therefrom are any allegations specific to Kelco *Landscaping*.  Instead, Plaintiffs seek to shoehorn Kelco Landscaping into this action by resorting to improper group pleading, lumping that entity together with the remaining "Defendants", and tactically ambiguous references to "Kelco" as the purported wrongdoer.  Such glaring omissions and deficiencies fail to pass muster under applicable pleading standards, and should not be countenanced by the Court.  *See Lopez*, *supra*, 2012 U.S. Dist. LEXIS 173290, at \*11; *Han Dynasty*, 2019 U.S. Dist. LEXIS 24298, at \*18 ("A complaint's bare recitation of the legal standard, unsupported by concrete factual allegations, is inadequate to plead that a given individual was an 'employer' of a plaintiff."); *Bravo v. Eastpoint Int'l, Inc.*, 99 Civ. 9474 (WK), 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001) (finding improper plaintiffs' allegations that lumped together multiple defendants as one); *Vasto v. Credico (USA) LLC*, 15 Civ. 9298, 2016 U.S. Dist. LEXIS 101875, \*24 (S.D.N.Y. Aug. 3, 2016)

(dismissing claims against individual defendants, and noting *Bravo* court's "reject[ion] [of] plaintiffs' efforts to 'lump [multiple defendants] together as one in the allegations . . . in the amended complaint.") (modifications in original).

Plaintiffs have equally failed to allege any facts from which to infer that Kelco Landscaping exercised "functional control" over Plaintiffs. Indeed, Plaintiffs merely parrot the four factors of the single-integrated enterprise test discussing in footnote 2, *supra*, and otherwise plead minimal information, all of which has been couched in purely conclusory terms, concerning the type of business in which Kelco Landscaping had been engaged, and the gross revenue generated therefrom, throughout the three years preceding the institution of this action. *See* TAC at ¶¶ 24-26. Notably, Plaintiffs were noticed of these very defects via Defendants' prior motion to dismiss, but has left them wholly unaddressed in the TAC.

### 2. Kelco Landscaping Did Not Form Part of a Single Integrated Enterprise with Kelco Construction and ELM.

As mentioned in the immediately preceding section hereof, Plaintiffs have done nothing more than parrot the four factors comprising the single-integrated enterprise test in endeavoring to allege that Kelco Landscaping ought to be considered Plaintiffs' employer under such a theory and in the wholesale absence of any facts indicative of the role that it actually played in their employment. As noted above, however, such rote recitation of legal standards, and in the absence of factual allegations sufficient to demonstrate *how* Kelco Landscaping was, or *why* it ought to be deemed, a single employer of Plaintiffs along with the remaining corporate defendants, fails to establish Kelco Landscaping's control over Plaintiffs. *Han Dynasty*, 2019 U.S. Dist. LEXIS 24298 at *21-22 (dismissing claims against corporate movants on grounds that "complaint is devoid of facts suggesting any connection between him and th[e] [corporate movants]" alleged to have formed a single-integrated enterprise with other entity defendants); *Bueno v. Buzinover*, 22 Civ. 2216 (PAE) (KHP), 2022 U.S. Dist. LEXIS 215082, *19-22 (S.D.N.Y. Nov. 28, 2022) (Parker,

U.S.M.J.) (Report and Recommendation on Motion to Dismiss) ("I recommend that the claims of all [p]laintiffs except those of [two individuals] be dismissed against the moving [d]efendants because the SAC is devoid of facts upon which the Court can identify which entity was their employer, and . . . there are insufficient facts to plausibly suggest that the entities operated as a single employer[.]"), *adopted in relevant part in* 2023 U.S. Dist. LEXIS 38154, *7-8 (S.D.N.Y. Mar. 7, 2023) (Engelmayer, D.J.).

　　Here, nowhere in the TAC have Plaintiffs alleged, *inter alia*, that they actually performed work for Kelco *Landscaping*, specifically, as opposed to Kelco *Construction* or ELM, or even that Plaintiffs had any contact whatsoever with Kelco Landscaping or its employees.  *Lopez*, 2012 U.S. Dist. LEXIS 173290 at *11 (plaintiffs alleging single-integrated enterprises theory "cannot escape their obligation under the FLSA to allege a relationship of control between the [purported employer] and themselves"); *Metcalf*, 2020 U.S. Dist. LEXIS 223282 at *17 ("To bring a claim against all Defendants under [the] NYLL, Plaintiffs must plausibly allege that each of them were 'joint employers' of Plaintiffs and the proposed class."); *Han Dynasty*, 2019 U.S. Dist. LEXIS 24298 at *21 ("Courts will dismiss a complaint against defendants within a broader alleged enterprise that lacks the nexus suggesting control of the plaintiff at hand[.]"); *Bueno*, 2022 U.S. Dist. LEXIS 215082 at *20-21 (observing that plaintiffs' SAC was devoid of allegations that plaintiffs worked for each of the various corporate entities, that these entities shared staff or equipment, or used a central administrator to book and bill patients in holding that failed to plead common nexus among entities necessary to properly allege operation as single-integrated enterprise).

　　 For the reasons set forth above, the TAC, in its entirety, must be dismissed as against Kelco Landscaping.  Moreover, insofar as Plaintiffs were amply noticed, by way of Defendants' prior motion to dismiss, of the pleading deficiencies from which the SAC suffered vis-à-vis Kelco Landscaping, and been afforded a further bite at the apple to cure those defects, but have instead

re-pled those self-same defective pleadings, verbatim, in the TAC, any such dismissal ought to be with prejudice. *Yuan*, 2022 U.S. Dist. LEXIS 55562 at \*24 ("The fact that the plaintiffs were alerted to deficiencies in their pleading and given an opportunity to fix them weighs against the plaintiffs' request to amend."); *see also Brown v. Cerberus Cap. Mgmt., L.P.*, 703 F. Appx 11, 15 (2d Cir. 2017) (no abuse of discretion in denying leave to amend where "[p]laintiffs enjoyed a full opportunity to amend, having been apprised of [d]efendants' views of the original complaint's shortcomings"). Here, despite having had the benefit of the roadmap of deficiencies furnished by Defendants' prior motion to dismiss, Plaintiffs have made only superficial alterations to the SAC, none of which pass muster under applicable pleadings standards, or do anything whatsoever to cure the defects so noticed. Accordingly, this Court should not countenance such flagrant disregard for applicable pleading standards, or the Court's forbearance in allowing Plaintiffs to amend their pleadings thrice over, and dismiss the TAC in its entirety, and with prejudice, as against Kelco Landscaping. *See Ruotolo v. City of N.Y.*, 514, F.3d 184, 191 (2d Cir. 2008) (observing that leave to amend typically granted absent, *inter alia*, "repeated failure to cure deficiencies by amendments previously allowed.").

### B.    The Fourth Cause of Action for Unpaid Prevailing Wages Should Be Dismissed With Prejudice.

Plaintiffs claim entitlement to unpaid prevailing wages allegedly due and owing them as the intended third-party beneficiaries of certain unspecified public works contracts into which they allege "Defendants" to have entered, and which mandate that all employees performing work in furtherance of the underlying projects associated with those agreements be paid a prevailing wage. *See* TAC at ¶¶ 146-149. Under New York law, in order for a claimant to recover as a third-party beneficiary of a contract, the "claimant must establish that the parties to the contract intended to confer a benefit on the third party." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir. 2005). The contract at issue must "clearly evidence" the parties' intent to allow

enforcement by the third party, *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 103 (2d Cir. 2009), "such that the benefit to the third party was sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [the third party] if the benefit [was] lost," *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 52 (2d Cir. 2012) (internal quotation marks omitted). In the particular context of a New York public works contract, courts have held that, where the contract expressly incorporates the requirement of Section 220 of the NYLL that the contractor's workers on the project be paid prevailing wages, those workers who are not so paid may bring common law breach-of-contract claims as third-party contract beneficiaries. *See Ramos v. SimplexGrinnel LP*, 740 F.3d 852, 856 (2d Cir. 2014) (citing *Fata v. S.A. Healy Co.*, 289 N.Y. 401, 405, 46 N.E.2d 339 (1943)).

Under New York law, the "essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach." *Victory State Bank v. EMBA Hylan, LLC*, 169 A.D.3d 963, 965 (2d Dept 2019) (internal quotation marks omitted). While New York law permits workers protected by NYLL § 220 to recover damages for breach of contract, pursuant to a third-party beneficiary theory of liability, where the contract between the employer and the municipality expressly directs the payment of prevailing wages to such workers, "[i]n order to [properly] plead a breach of contract [in this context], a complaint must allege the provisions to the contract upon which the claim is based[,] . . . and must be sufficiently particular to give the court and [the] parties notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved[,] as well as the material elements of each cause of action or defense." *Maldonado v. Olympia Mech. Piping & Heating Corp.*, 8 A.D.3d 348, 350 (2d Dept 2004) (modifications in original) (citing *Atkinson v. Mobil Oil Corp.*, 205 A.D.2d 719, 720, 614 N.Y.S.2d 36 (1994)). In *Maldonado*, the Second Department upheld the Supreme Court's grant of that branch of the defendant-movant's motion to dismiss the plaintiffs'

cause of action for breach of contract, which had been asserted under the self-same third-party beneficiary theory of prevailing wage entitlement as Plaintiffs' herein, on the grounds that the plaintiffs had failed, in their pleadings, to identify the contracts that the defendant-movant had allegedly breached. *See also Peters v. Accurate Bldg. Inspectors Div. of Ubell Ent., Inc.*, 29 A.D.3d 972, 973 (2d Dept 2006) (affirming Supreme Court's dismissal of complaint on grounds that "plaintiffs failed to set forth the contract provisions they allege the defendant breached, a necessary element for a breach of contract claim"). *Compare Stennett v. Moveway Transfer & Stor., Inc.*, 97 A.D.3d 655, 657 (2d Dept 2012) (holding, in action alleging underpayment of prevailing wages, that plaintiff's allegations were sufficiently specific to state a claim for common-law breach of contract, where, unlike in the matter at bar, plaintiff alleged that "defendant failed to pay him the prevailing wage in breach of five municipal contracts, **each of which was specifically described by identification number and government agency**").

In the matter at bar, Plaintiffs have failed, outright, to even allege the existence of any "contract(s)" of which they are the intended third-party beneficiaries, or that otherwise expressly direct that Defendants pay them prevailing wages.

### 1.   Plaintiffs Fail to Identify a Single Contract Mandating That They be Paid Prevailing Wages.

Under the weight of the decisional law cited to herein, *supra*, the TAC's fourth cause of action should be dismissed with prejudice as against all Defendants on the grounds that Plaintiffs have failed to identify, describe, or otherwise furnish any actual information concerning any specific contracts pursuant to which they performed work for Defendants' benefit, much less the specific provisions thereof that expressly direct that Defendants are required to pay them prevailing wages for any such work performed. *See generally* TAC. Indeed, nowhere have Plaintiff even identified the parties to any such contracts. *See*, *e.g.*, TAC at ¶¶ 60 (alleging only that Kelco Construction entered into contracts under which it promised to pay prevailing wages, but failing

to identify the other parties to those agreements, and to whom such promises were allegedly made), 146 (alleging, *upon information and belief*, and through improper group pleading, that "*Defendants entered into . . . contracts which contained a promise to pay prevailing wages*"). As such, Plaintiffs fail even to identify which of the Defendants entered into the otherwise generically described prevailing wage contracts.

Moreover, the TAC fails to even so much as provide the names of any projects on which Plaintiffs' purport to have worked pursuant to these unspecified "prevailing wage contracts". *See generally id.* On the contrary, and in lieu of identifying specific projects, Plaintiffs simply reference various New York City landmarks and other private and public places of accommodation by their common names, such as "Central Park", "The Brooklyn Botanical Gardens", "Domino Park", and "Brooklyn Bridge Park", "Columbus Circle", "Hudson Yards", and the "Metropolitan Museum of Art". *See*, *e.g.*, *id.* at ¶¶ 60, 64, 77, 89, 91, 93.

Perhaps most critically, nowhere in the TAC have Plaintiffs even so much as suggested that any of the "projects" identified therein were *public works projects*, which is a mandatory precondition to any entitlement on their part to prevailing wages. *See* NYLL § 220(3)(a) ("The wages to be paid for a legal day's work, as hereinbefore defined, to laborers, workmen or mechanics, **upon [] public works**, shall be not less than the prevailing rate of wages . . . for a day's work in the same trade or occupation in the locality within the state where such **public work** is . . . to be situated, erected or used.") (emphasis added).

### 2. Plaintiffs Fail to Allege Facts From Which It Can Be Reasonably Inferred That They Should be Paid Prevailing Wages for the Work They Performed.

As noted above, the New York courts have consistently held that only contracts that expressly mandate the payment of prevailing wages can be enforced by workers via a common law claim of breach of contract under a third-party beneficiary theory of liability. *See Ramos*, *supra*, 740 F.3d at 856 (citing *Fata*, 289 N.Y. at 405); *De La Cruz v. Caddell Dry Dock Repair*

*Co., Inc.*, 21 N.Y. 3d 530 (2013).  Moreover, and pursuant to the plain language of NYLL §§ 220 *et seq.*, the work performed by these would-be claimants must have been pursuant to a contract between the contractor-employer and a municipal body or contracting agency, and, accordingly, in furtherance of a public works project.  *See* NYLL § 220(3)(a).  Indeed, in *De La Cruz*, the Court of Appeals of New York adopted the following three-prong test currently used to determine the circumstances under which a particular project may be deemed subject to NYLL § 220's prevailing wage requirements.  "First, a public agency must be a party to a contract involving the employment of laborers, workers, or mechanics.  Second, the contract must concern a project that primarily involves construction-like labor and is paid for by public funds.  Third, the primary objective or function of the work project must be the use or other benefit of the general public."  *De La Cruz*, 21 N.Y.3d at 538.

In the matter at bar, the TAC fails, outright, to allege any facts whatsoever from which this Court can even reasonably infer that the projects upon which Plaintiffs claim to have worked satisfy the *De La Cruz* three-prong test such that Defendants were required to pay them prevailing wages for any work performed by them in furtherance thereof.  Indeed, and as noted above, Plaintiffs, in lieu of pleading, with the requisite specificity, the contracts from which their common law contract claim purports to derive, simply identify, by their commonly known names, various private and public places of accommodation.  *See* TAC at ¶¶ 60, 64, 77, 89, 91, 93.  Moreover, not only have Plaintiffs failed to identify the actual contracts themselves, nowhere have they identified the specific provisions thereof that purport to have required that Defendants pay them prevailing wages for the work they performed.  *See generally id*.  Indeed, based on the TAC's threadbare recitals, precisely the opposite can reasonably be inferred—namely, that, insofar as the work that Plaintiffs' performed was undertaken not for a municipality or public contracting agency of the City of New York, but, instead, for various private, not-for-profit, and/or other non-governmental entities, the projects on which Plaintiffs claim to have worked did *not* entitle them to the payment

of prevailing wages.  Such projects would reasonably include the 911 Memorial and Museum, Lincoln Center, Domino Park, the Metropolitan Museum of Art, and the Museum of Natural History.  *See*, *e.g.*, *M.G.M. Insulation, Inc. v. Garnder*, 20 N.Y.3d 469 (2013) (holding NYLL § 220 inapplicable to work performed in furtherance of project undertaken by not-for-profit fire department on grounds that department was not a public entity).  Finally, having failed to identify any parties to the agreements relied upon other than Kelco Construction and "Defendants", it is unclear whether any public entities or contracting agencies have any relationship whatsoever to the unnamed projects ostensibly undertaken at the otherwise generically described remaining locations, such as Columbus Circle, Brooklyn Bridge Park, and Hudson River Park.  Under the controlling decisional law cited to herein, *supra*, such generic descriptions fail to pass muster thereunder such that Plaintiffs can be deemed to have adequately identified the contracts upon which they purport to have brought suit.

For the foregoing reasons, the Motion should be granted, and Plaintiffs' fourth cause of action dismissed as against all Defendants.  Moreover, insofar as Plaintiffs were amply noticed, by way of Defendants' prior motion to dismiss, of the pleading deficiencies from which the SAC suffered in this regard, were afforded a further opportunity to cure those defects, and not only failed, inexplicably, to do so, but actually re-pled those self-same defective pleadings, verbatim, in the TAC, any such dismissal ought to be with prejudice.  *Yuan*, 2022 U.S. Dist. LEXIS 55562 at *24 ("The fact that the plaintiffs were alerted to deficiencies in their pleading and given an opportunity to fix them weights against the plaintiffs' request to amend."); *see also Brown*, 703 F. Appx at 15 (no abuse of discretion in denying leave to amend where "[p]laintiffs enjoyed a full opportunity to amend, having been apprised of [d]efendants' views of the original complaint's shortcomings"); *Ruotolo*, 514, F.3d at 191 (2d Cir. 2008) (observing that leave to amend typically granted absent, *inter alia*, "repeated failure to cure deficiencies by amendments previously allowed").

## CONCLUSION

For the reasons set forth herein, *supra*, Defendants respectfully request that the Court grant their Motion, and dismiss the TAC, in its entirety and with prejudice, as against Kelco Landscaping, and dismiss the fourth cause of action thereof as against all Defendants.

Dated: New York, New York
       June 9, 2023

**GRAE & GRAE, LLC**

By: _____

Previn A. Waran (PW 2501)
The Equitable Building
120 Broadway, Floor 28
New York, New York 10271
Tel.: (212) 221-8763
E-mail: pwaran@graelaw.com
*Attorneys for Defendants Kelco*
*Construction, Inc., Kelco Landscaping,*
*Inc., E.L.M. General Construction*
*Corp. d/b/a Kelly's Crew, John Kelly,*
*and Joseph Provenzano*