# GRAE & GRAE LLC

The Law Firm                                                                                               www.graelaw.com

**Previn A. Waran**
**Partner**
The Equitable Building
120 Broadway
28th Floor
New York, NY 10271
Tele: (212) 221-8763
pwaran@graelaw.com

July 6, 2023

**VIA CM/ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1970
New York, New York 10007

Re:     **Alvarez Chicas et al. v. Kelco Construction, Inc. et al**. – 1:21-cv-09014-PAE-SDA

Dear Judge Aaron:

  The undersigned's law offices are counsel for Defendants Kelco Construction, Inc., E.L.M. General Construction Corp., Kelco Landscaping, Inc., John Kelly, and Joseph Provenzano (collectively, the "Defendants") in connection with the above-referenced action.  We write, in accordance with Rule I.A. of Your Honor's Individual Practices, in order to respectfully request that the Court reconsider its Order, entered on even date hereof, which granted Plaintiffs, who have already blown the deadline by which they were to file opposition to Defendants' pending motion for partial dismissal (ECF No. 49) (the "Motion"), an extension of one week to do so, and instead grant Defendants' Motion as unopposed in light of Plaintiffs' serial disregard for filing deadlines throughout this action's pendency.  Should the Court be disinclined to grant Defendants the relief requested herein, Defendants would respectfully request that they be permitted to file any reply in further support of the Motion that may be required on or before Friday, July 21, 2023.

  As and for good cause for the relief requested, Defendants would note that Plaintiffs' failure to timely oppose Defendants' Motion is not the first time that they have acted in disregard of briefing schedules and opposition filing deadlines.  Indeed, in Your Honor's Order dated March 16, 2023, and which was entered as a direct result of Plaintiffs' having blown the  February 20, 2023, deadline by which Your Honor had directed them to file any opposition to Defendants' prior motion to dismiss the Second Amended Complaint, Your Honor directed Plaintiffs to advise the Court, in writing, as to "whether they intend[ed] to oppose that application, and the reasons for their delay."  (ECF No. 108).  Regrettably, it would seem, based on Plaintiffs' counsel's repeat failure to timely respond to a motion seeking the dismissal, in part, of his clients' pleadings, that the sting of the Court's admonition was not felt strongly enough.  Indeed, that this is so, is only further confirmed by the fact that, despite having been directed to account for his dereliction by

no later than March 20, 2023, Plaintiffs' counsel blew that deadline too, having only filed the mandated correspondence with the Court on March 24, 2023.

In light Plaintiffs' serial disregard for this Court's directives and Local Rule 6.1(b), coupled with the wholesale absence of any meaningful explanation for their failure to timely oppose Defendants' Motion, Defendants would respectfully request that this Court decline to countenance such behavior, and instead grant Defendants' motion as unopposed.[1]  In the event, however, that the Court were to be disinclined to grant Defendants such relief, the undersigned would respectfully request that Defendants be granted until Friday, July 21, 2023, to file any reply in further support of the Motion that may be necessary.

Respectfully submitted,

Previn A. Waran, Esq.

cc:   All counsel of record (*via ECF*).

---

[1] On even date hereof, the undersigned received an e-mail from Plaintiffs' counsel, wherein he advised, albeit incorrectly, that the deadline by which Plaintiffs' opposition is to be filed is tomorrow, July 7, 2023.  Accordingly, it would seem that Plaintiffs' failure to timely oppose the Motion is attributable to nothing more than counsel's carelessness.

2