UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ALVAREZ CHICAS, ALONSO VILLATORO, MISAEL ALEXANDER MARTINEZ CASTRO, ANGEL MARTINEZ, EDWIN ULLOA MOREIRA and MATEO UMANA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　*Plaintiffs*,<br><br>　　-against-<br><br>KELCO CONSTRUCTION, INC., KELCO LANDSCAPING, INC., E.L.M. GENERAL CONSTRUCTION CORP. D/B/A KELLY'S CREW, JOHN KELLY and JOSEPH PROVENZANO,<br><br>　　　　　　　*Defendants*. | Civil Action No.: 1:21-cv-09014-PAE-SDA |

---

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT IN ITS ENTIRETY AS AGAINST DEFENDANT KELCO LANDSCAPING INC. AND THE FOURTH CAUSE OF ACTION AS AGAINST ALL DEFENDANTS**

---

**GRAE & GRAE, LLC**
Previn A. Waran
The Equitable Building
120 Broadway, Floor 28
New York, New York 10271
Tel.: (212) 221-8763
E-mail: pwaran@graelaw.com
*Counsel for Defendants Kelco
Construction, Inc., Kelco Landscaping,
Inc., E.L.M. General Construction
Corp. d/b/a Kelly's Crew, John Kelly,
and Joseph Provenzano*

## TABLE OF CONTENTS

TABLE OF CONTENTS ...............................................................................................................i

TABLE OF AUTHORITIES..........................................................................................................ii

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT .................................................................................................................................2

      I.     **Plaintiffs Fail to Rebut Defendants' Showing That The TAC Must Be Dismissed as to Kelco Landscaping for Failure to Allege That Kelco Landscaping Employed Plaintiffs** ..............................................................2

      II.    **The Fourth Cause of Action for Unpaid Prevailing Wages Should Be Dismissed With Prejudice** .........................................................................5

            A.    Plaintiffs Were Required, but Failed, to Plead the Particulars of the Contracts of Which They Purport to be Third-Party Beneficiaries .................5

            B.    Plaintiffs' Reliance on *Velasquez v. Vikrant Contr. & Builders, Inc.* is Misplaced, As Is Their Attempt to Establish, Via the Opp. Br., That the Projects Were "Public Works" ........................................................6

      III.   **Plaintiffs Should Not Be Granted Leave to Further Amend Their Pleadings** ............................................................................................9

CONCLUSION .............................................................................................................................10

CERTIFICATION OF SERVICE .................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

*Bellikoff v. Eaton Vance Corp.*,
  481 F.3d 110 (2d Cir. 2007) ......................................................................................................9

*Cheng v. Via Quadronno LLC*,
  20 Civ. 8903 (LJL), 2022 U.S. Dist. LEXIS 75183 (S.D.N.Y. Apr. 25, 2022) ............................3

*De La Cruz v. Caddell Dry Dock Repair Co., Inc.*,
  21 N.Y. 3d 530 (2013)...........................................................................................................6, 8

*Fata v. S.A. Healy Co.*,
  289 N.Y. 401 (1943).................................................................................................................7

*Gorey v. Manheim Servs. Corp.*,
  788 F. Supp. 2d 200 (S.D.N.Y. 2011) ........................................................................................4

*Hart v. Rick's Cabaret Int'l, Inc.*,
  967 F. Supp. 2d 901 (S.D.N.Y. 2013) ........................................................................................4

*Hsieh Liang Yeh v. Han Dynasty, Inc.*,
  18 Civ. 6018 (PAE), 2019 U.S. Dist. LEXIS 24298 (S.D.N.Y. Feb. 14, 2019) ............................2

*Huer Huang v. Shanghai City Corp.*,
  459 F. Supp. 3d 580 (S.D.N.Y. May 11, 2020)...........................................................................3

*In re Eaton Vance Mut. Funds Fee Litig.*,
  380 F. Supp. 2d 222 (S.D.N.Y. 2005) ........................................................................................9

*Jacobson v. Peat, Marwick, Mitchell & Co.*,
  445 F. Supp. 518 (S.D.N.Y. 1977) ............................................................................................4

*Jara v. Strong Steel Door, Inc.*,
  20 Misc. 3d 1135(A), 872 N.Y.S.2d 691 (Sup. Ct. Kings Cnty.) ..................................................7

*Juarez v. 449 Rest., Inc.*,
  29 F. Supp. 3d 363 (S.D.N.Y. Jul. 2, 2014) ...............................................................................4

*Koehler v. Metro Transp. Auth.*,
  214 F. Supp. 3d 171 (S.D.N.Y. 2016).......................................................................................10

*Lenzo v. City of New York*,
  21 Civ. 306 (JMF), 2022 U.S. Dist. LEXIS 38812 (S.D.N.Y. Mar. 4, 2022) ...........................4, 9

*Lopez v. Acme Am. Envt'l Co., Inc.*,
  12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290 (S.D.N.Y. Dec. 6, 2012)......................2, 3, 5

*Maldonado v. Olympia Mech. Piping & Heating Corp.,*
   8 A.D.3d 348 (2d Dept 2004) ...................................................................................5, 6

*Metcalf v. TransPerfect Glob., Inc.,*
   19 Civ. 10104 (AJN), 2020 U.S. Dist. LEXIS 223282 (S.D.N.Y. Nov. 30, 2020)........................3

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n,*
   898 F.3d 243 (2d Cir. 2018) ...........................................................................................9

*O'Brien v. Nat'l Prop. Analysts Partners,*
   719 F. Supp. 222 (S.D.N.Y. Aug. 14, 1989) ...............................................................4, 9

*Peters v. Accurate Bldg. Inspectors Div. of Ubell Ent., Inc.,*
   29 A.D.3d 972 (2d Dept 2006)........................................................................................5

*Ramos v. SimplexGrinnel LP,*
   796 F. Supp. 2d 346 (E.D.N.Y. 2011)........................................................................6, 7

*Reinschmidt v. Exigence LLC (Del),*
   14 Civ. 00997 (MAT) (HBS), 2019 U.S. Dist. LEXIS 29596 (W.D.N.Y. Feb. 25, 2019).........4, 9

*Ruotolo v. City of N.Y.,*
   514, F.3d 184 (2d Cir. 2008) .........................................................................................9

*Seidel v. Hoffman Floor Covering Corp.,*
   09 Civ. 4027 (JS) (WDW), 2012 U.S. Dist. LEXIS 105212  (E.D.N.Y. Jul. 26, 2012) ............6, 7

*Velasquez v. Vikrant Contr. & Builders, Inc.,*
   15 Civ. 2783 (RRM) (RLM), 2021 U.S. Dist. LEXIS 63430 (E.D.N.Y. Mar. 31, 2016)...............6

*Viti v. Guardian Life Ins. Co. of Am.,*
   817 F. Supp. 2d 214 (S.D.N.Y. Aug. 31, 2011) ............................................................1

**STATUTES**

New York Labor Law, Article 19, § 220  ...............................................................5, 6, 8

**OTHER AUTHORITES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................1

Defendants, by and through their undersigned counsel, Grae & Grae, LLC, submit this memorandum of law in reply and further support of their Motion, pursuant to FRCP 12(b)(6), to dismiss: (1) Plaintiffs' TAC (Dkt. 112) in its entirety as to Kelco Landscaping; and (2) the fourth cause of action thereof as to all Defendants.[1]

## <u>PRELIMINARY STATEMENT</u>

Simply put, Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss (the "Opp. Br.") does nothing to overcome the arguments set forth in the Def. Br., for which the Motion ought to be granted in its entirety.  As an initial matter, Plaintiffs, seemingly turning a blind eye to the fact that "[a] district court's analysis on a motion to dismiss is confined to the allegations contained within the four corners of the complaint," *Viti v. Guardian Life Ins. Co. of Am.*, 817 F. Supp. 2d 214, 223 (S.D.N.Y. Aug. 31, 2011) (internal quotation marks and citations omitted), seek to salvage their claims as against Kelco Landscaping by attempting to *prove*, via a dubious "evidentiary proffer," the meritoriousness of their otherwise defectively *pled* "single integrated enterprise" theory.[2] Leaving aside the fact that neither the competence nor the authenticity of this "evidence" has been established, Plaintiffs' would-be "evidentiary proffer" does nothing to remedy or excuse their failure to plead, as they must, facts from which the requisite relationship of control between themselves and Kelco *Landscaping*, specifically, can even be inferred.  Indeed, that Kelco *Landscaping* neither employed Plaintiffs nor played any role in their employment by others, is all but explicitly confirmed by the fact that Plaintiffs' summary of claims set forth in the parties' joint status report to the Court, dated July 17, 2023, fails to make any mention whatsoever of Kelco Landscaping.  *See generally* Dkt. 161.

---

[1] Unless otherwise indicated, all capitalized terms appearing herein shall have the meanings ascribed to them in Defendants' initial memorandum of law in support of the Motion (the "Def. Br.") (Dkt. 150).
[2] *See* Opp. Br. at 11-13; Declaration of Steven John Moser in Opposition to Defendants' Motion to Dismiss (the "Moser Decl."), **Exs**. 6-9.

1

The TAC's fourth cause of action must be dismissed on the grounds that, although it seeks to assert Plaintiffs' entitlement to the payment of prevailing wages as the would-be third-party beneficiaries of certain agreements into which "Defendants" are alleged to have entered, nowhere in the TAC have Plaintiffs identified, as they must, any of the contracts, much less the specific provisions thereof, upon which their standing to assert a breach of contract claim in such capacity is contingent. *See* TAC at ¶¶ 60, 77, 80, 91, 93.  Moreover, Plaintiffs have failed to allege, as they must, that the projects upon which they worked were "public works" such that it can even be suggested that Defendants were under an obligation to pay prevailing wages.  Relying on a single, unpublished decision of the U.S. District Court for the Eastern District of New York (the "EDNY"), Plaintiffs attempt to argue that these minimum pleading requirements do not apply, and, in so doing, ignore the other decisions of that same Court endorsing their continued applicability.  Accordingly, the fourth cause of action, too, must be dismissed.

Finally, insofar as Plaintiffs have failed to (i) append to their opposition a copy of the proposed pleadings that they would have supersede the TAC, or (ii) otherwise cure the pleadings defects of which they have been repeatedly noticed, and despite having had time and opportunity to do so, any dismissal granted by the Court ought to be with prejudice, and leave to amend should be denied.

## **ARGUMENT**

**I.**     **Plaintiffs Fail to Rebut Defendants' Showing That The TAC Must Be Dismissed as to Kelco Landscaping for Failure to Allege That Kelco Landscaping Employed Plaintiffs**.

"[T]he decisive factor as to whether a named defendant is responsible for FLSA violations as to a particular plaintiff turns on control, whether formal or functional[,]" over that plaintiff.  *Hsieh Liang Yeh v. Han Dynasty, Inc.*, 18 Civ. 6018 (PAE), 2019 U.S. Dist. LEXIS 24298, *21 (S.D.N.Y. Feb. 14, 2019)*.  Consistent with this axiomatic proposition, this Court has consistently held that plaintiffs, even when alleging an integrated enterprise theory, will not be permitted to "escape their obligation under the FLSA to allege a relationship of control between the [purported employer] and

themselves." *Lopez v. Acme Am. Envt'l. Co.*, 12 Civ. 511 (WHP), 2012 U.S. Dist. LEXIS 173290, *11 (S.D.N.Y. Dec. 6, 2012) (emphasis added); *see also Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. May 11, 2020) ("Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees.") (emphasis added); *Cheng v. Via Quadronno LLC*, 20 Civ. 8903 (LJL), 2022 U.S. Dist. LEXIS 75183, *12 (S.D.N.Y. Apr. 25, 2022) ("[T]o make one legally distinct corporation liable for the labor law violations of the other, courts require more than common ownership and common purpose.") (internal quotation marks omitted).  The same is equally true with respect to claims brought pursuant to the NYLL.  *See Metcalf v. TransPerfect Glob, Inc.*, 19 Civ. 10104 (AJN), 2020 U.S. Dist. LEXIS 223282, *17 (S.D.N.Y. Nov. 30, 2020) ("To bring a [single] claim against [multiple] [d]efendants under [the] NYLL, Plaintiffs must plausibly allege that each of them were 'joint employers' of Plaintiffs and the proposed class.") (emphasis added).

Here, the TAC fails, outright, to plead any facts to even so much as suggest that Kelco Landscaping played any role whatsoever in Plaintiffs' employment, much less that it exercised the type of formal or functional control over them necessary to hold that entity liable as their "employer" within the meaning of the FLSA and NYLL.  *See* Def. Br. at 7 (identifying factors to be considered by courts of this circuit in assessing formal and functional control).  Rather than pleading facts suggestive of the requisite relationship of control between Kelco Landscaping and themselves, Plaintiffs seek to shoehorn that entity into this action simply by alleging, in wholly conclusory fashion, that it, together with Kelco *Construction* and ELM, whom Plaintiffs actually *do* accuse of wrongdoing, form a single integrated enterprise.  *See* TAC at ¶ 30.  Indeed, it is this sole, bald averment, found in paragraph 30 of the TAC, that purports to serve as the entire basis for having dragged Kelco Landscaping into this action.

3

Moreover, and while there continues to be "disagreement among district courts" within this circuit "with respect to whether the single-integrated-enterprise theory . . . is appropriate in the FLSA context[,]" *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 368 n.3 (S.D.N.Y. Jul. 2, 2014),[3] Defendants' Motion should be granted for the additional reason that, even were the Court to be inclined to entertain such a theory, the TAC fails, outright, to plead any facts going to the factors to be considered in determining whether multiple defendants ought to be treated as a single employer for FLSA purposes.[4]  Having failed to plead facts from which it can even be reasonably inferred that Kelco Landscaping, Kelco Construction, and ELM form an integrated enterprise, or should otherwise be deemed joint employers of Plaintiffs, the TAC ought to be dismissed as against Kelco Landscaping.

Finally, Plaintiffs' attempt to "cure" the aforesaid pleading defects via a dubious "evidentiary proffer," as well as the unsworn representations of their counsel in the Opp. Br., fails as a matter of law.  *See e.g. Jacobson v. Peat Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) (granting motion to dismiss despite plaintiff's attempt to cure deficiencies in compliant through memorandum of law on grounds that "a party is not entitled to amend his pleading through statements in his brief"); *Lenzo v. City of New York*, 21 Civ. 306 (JMF), 2022 U.S. Dist. LEXIS 38812, *9 (S.D.N.Y. Mar. 4, 2022) (same); *Reinschmidt v. Exigence LLC (Del)*, 14 Civ. 00997 (MAT) (HBS), 2019 U.S. Dist. LEXIS 29596, *26 (W.D.N.Y. Feb. 25, 2019) ("'[I]t is axiomatic' that a complaint 'cannot be amended by briefs in opposition to a motion to dismiss.'") (quoting *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989)).  Still further, nowhere in the Opp. Br. have Plaintiffs even attempted to distinguish or otherwise respond to the litany of cases cited by Defendants in support of their argument that, having failed to satisfy their "obligation under the FLSA

---

[3] *See also Hart v Ricks's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 n.16 (S.D.N.Y. 2013) (declining to apply single-integrated-enterprise test); *Gorey v. Manheim Servs. Corp.*, 788 F. Supp. 2d 200, 210 (S.D.N.Y. 2011) (same).

[4] Those factors have been set forth in detail in footnote 2 of the Def. Br., to which the Court is respectfully referred.

to allege a relationship of control between [Kelco Landscaping] and themselves," *Lopez*, 2012 U.S. Dist. LEXIS 173290 at *11, the TAC must be dismissed, in its entirety, as against Kelco Landscaping.

**II**.    **The Fourth Cause of Action for Unpaid Prevailing Wages Should Be Dismissed With Prejudice**.

    **A**.    **Plaintiffs Were Required, but Failed, to Plead the Particulars of the Contracts of Which They Purport to be Third-Party Beneficiaries**.

Plaintiffs claim entitlement to unpaid prevailing wages allegedly due and owing them as the intended third-party beneficiaries of certain unspecified public works contracts into which they allege "Defendants" to have entered, and which purportedly mandate that all employees performing work in furtherance of the underlying projects associated with those agreements be paid a prevailing wage. *See* TAC at ¶¶ 146-149.   Under New York law, where the contract between the employer and the municipality for the performance of a public works project expressly directs the payment of prevailing wages to laborers covered by NYLL § 220, those laborers are permitted, as the intended third-party beneficiaries of that agreement, to assert a breach of contract claim to recover unpaid prevailing wages.   "In order to [properly] plead a breach of contract cause of action, [however][,] a complaint must allege the provisions of the contract upon which the claim is based[,] . . . and must be sufficiently particular to give the court and [the] parties notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved[,] as well as the material elements of each cause of action or defense." *Maldonado v. Olympia Mech. Piping & Heating Corp.*, 8 A.D.3d 348, 350 (2d Dept 2004).   In *Maldonado*, the Second Department upheld the Supreme Court's grant of that branch of the defendant's motion to dismiss the plaintiffs' breach of contract claim, which had been asserted under the self-same third-party beneficiary theory of prevailing wage entitlement advanced by Plaintiffs' herein, on the grounds that the plaintiffs had failed to plead the specific contracts that the defendant had allegedly breached.   *See also Peters v. Accurate Bldg. Inspectors Div. of Ubell Ent., Inc.*, 29 A.D.3d 972, 973 (2d Dept 2006) (affirming Supreme Court's dismissal of complaint on

5

grounds that "plaintiffs failed to set forth the contract provisions they allege the defendant breached, a necessary element for a breach of contract claim").

As explained at greater length in the Def. Br., here, Plaintiffs have failed, outright, to even allege the existence of any "contract(s)" of which they are the intended third-party beneficiaries, the specific provisions thereof that expressly required that Defendants pay them prevailing wages, or the names of the projects to which those contracts relate, referencing, instead, various New York City landmarks and other private and public places of accommodation by their common names, such as "Central Park", "The Brooklyn Botanical Gardens", "Domino Park", and "Brooklyn Bridge Park", "Columbus Circle", "Hudson Yards", and the "Metropolitan Museum of Art".  *See* TAC at ¶¶ 60, 64, 77, 89, 91, 93.  Indeed, nowhere have Plaintiff even so much as identified the actual parties to any such contracts, which information is essential, under *De La Cruz v. Caddell Dry Dock Repair Co., Inc.*, 21 N.Y.3d 530, 538 (2013), for determining whether any of the projects identified by Plaintiffs were, in fact, "public works", and, therefore, subject to NYLL § 220's prevailing wage requirements.

**B.      Plaintiffs' Reliance on *Velasquez v. Vikrant Contr. & Builders, Inc.* is Misplaced, As Is Their Attempt to Establish, Via the Opp. Br., That the Projects Were "Public Works"**.

Plaintiffs attempt to skirt their pleading obligations by arguing that the otherwise well-established standards governing the pleading of third-party beneficiary claims of prevailing wage entitlement have been abrogated by the EDNY's decision in *Velasquez v. Vikrant Contr. & Builders, Inc.*, 15 Civ. 2783 (RRM) (RLM), 2021 U.S. Dist. LEXIS 63430 (E.D.N.Y. Mar. 31, 2021).  Indeed, nothing could be further from the truth, and any such argument ignores that same Court's decision in *Seidel v. Hoffman Floor Covering Corp.*, 09 Civ. 4027 (JS) (WSW), 2012 U.S. Dist. LEXIS 105212 (E.D.N.Y. Jul. 26, 2012).

In *Seidel*, which remains good law, the district court, relying heavily on *Ramos v. SimplexGrinnel LP*, 796 F. Supp. 2d 346 (E.D.N.Y. 2011), *Maldonado v. Olympia Mech Piping &*

*Heating Corp.*, 8 A.D.3d 348, 350 (2d Dept 2004), *Fata v. S.A. Healy Co.*, 289 N.Y. 401 (1943), and a host of similar New York State cases, granted the defendants' motion for summary judgment on the grounds that the plaintiff had failed to establish the existence of contracts expressly directing the payment of prevailing wages. There, the plaintiff "chiefly argue[d] that because Section 220 [of the NYLL] requires the prevailing wage provision to appear in public works contracts, it doesn't matter whether the prevailing wage language actually appeared in the contracts—*i.e.*, whether [the defendant, Hoffman Floor Covering Corp. ("HFC")] *actually* promised to pay its employees the prevailing wage for work performed on public projects." *Seidel*, 2012 U.S. Dist. LEXIS 105212 at *6 (emphasis added).

The district court disagreed, pointing to the New York State Court of Appeals' decision in *Fata*, which recognized that "if the obligation of the defendant to pay wages not less than the prevailing rate existed only by fiat of the Legislature," rather than by virtue of an express provision of the contract sued upon, "the [administrative] remedy provided by the Legislature for violation of the obligation it has created would be exclusive." *Id.* at *7 (quoting *Fata*, 289 N.Y. at 404) (emphasis added and in original). The *Seidel* court further cited to its own decision in *Ramos* for the proposition that, under *Fata*, laborers may only bring breach of contract cases where the contract expressly included a prevailing wage clause. *Id.* (citing *Ramos*, 796 F. Supp. 2d at 365 n.13). Still further, the district court pointed to *Jara v. Strong Steel Door, Inc.*, a decision of the Supreme Court of the State of New York, County of Kings, which held that "[w]here [Section 220's prevailing wage] provision is incorporated into a public works contract and a plaintiff alleges the specific provision of the contract requiring the payment of prevailing wages and supplemental benefits, the worker becomes entitled to sue for those wages as a third-party beneficiary of the contract," and is no longer resigned to having to seek redress via the administrative remedies made available by the statute. *Id.* at *8 (quoting *Jara*, 20 Misc. 3d 1135(A), 872 N.Y.S.2d 691 (Sup. Ct. Kings Cnty. 2008)) (emphasis added and in

original).  Based on the foregoing, the district court concluded that, while NYLL § 220 articulates what an employer is *supposed* to promise in its public works contracts, a plaintiff must nonetheless establish what the employer *actually* promised before he can prevail in a breach of contract case.  *Id.* at *8.

Based on the foregoing, any suggestion that a plaintiff seeking to recover unpaid prevailing wages as the would-be third-party beneficiary of an agreement alleged by him to have been breached is not required to plead the existence and particulars of the very agreement sued upon strains credulity. Indeed, absent the identification of, *inter alia*, the express provision mandating the payment of prevailing wages, the employer will be deprived of notice as to whether it had, in fact, made any such promise, and, in turn, whether the plaintiff(s) even have standing to bypass otherwise mandatory administrative remedies and, instead, bring a plenary action against the employer directly.

Finally, and for the self-same reasons that their attempts to remedy the defective allegations concerning Kelco Landscaping fail, so, too, does Plaintiffs' attempt to "cure" the defects from which the TAC's prevailing wage-related allegations suffer.  Specifically, Plaintiffs improperly attempt, via the Opp. Br., to "amend" their pleadings so as to identify, explicitly, and for the first time, at least two of the parties with whom "Defendants" have otherwise only implicitly been alleged to have contracted: Hudson River Park Trust and The Metropolitan Museum of Art.  Opp. Br. at 7.  Moreover, and likely seeking to compensate for TAC's wholesale silence as to the three *De La Cruz* factors that are dispositive of whether a project is a "public work" subject to NYLL § 220's prevailing wage requirements, the Opp. Br. directs reference to the contents of two websites that, as best Defendants can tell, purport to establish either (1) that the parties with whom "Defendants" contracted for the performance of work at or about Hudson River Park and The Metropolitan Museum of Art were "public agencies", or (2) that the primary objective of the underlying projects was to benefit the public.  *See De La Cruz v. Caddell Dry Dock Repair Co., Inc.*, 21 N.Y.3d 530, 538 (2013).  This, of

course, Plaintiffs are barred from doing, for the reasons amply set forth herein, *supra*.  *See Lenzo*, 2022 U.S. Dist. LEXIS 38812 at *9 ("[A] party is not entitled to amend his pleading through statements in his brief"); *Reinschmidt*, 2019 U.S. Dist. LEXIS 29595 at *26 ("'[I]t is axiomatic' that a complaint 'cannot be amended by briefs in opposition to a motion to dismiss.'") (quoting *O'Brien*, 719 F. Supp. at 229).

**III**.   **Plaintiffs Should Not Be Granted Leave to Further Amend Their Pleadings**.

Where, as here, a party has been amply noticed of, and afforded time and opportunity to cure, the deficiencies from which their pleadings suffer, but nonetheless fails to do so, leave to amend should not be granted.  *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (observing that leave to amend typically granted absent "repeated failure to cure deficiencies by amendments previously allowed").  *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, is particularly instructive under the circumstances at bar, wherein the Second Circuit observed, in relevant part, as follows:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first.  Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories *seriatim*.

898 F.3d 243, 257-58 (2d Cir. 2018) (internal quotation marks, alteration, and footnote omitted); *see also In re Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to amend on grounds that plaintiffs were noticed of, and had two opportunities to cure, the defects in their complaints, and failed to do so), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (*per curiam*) ("[P]laintiffs were not entitled to an advisory opinion from the Court informing them of their deficiencies in the complaint and then an opportunity to cure those deficiencies.") (internal quotation marks omitted).

Here, despite having had the benefit of the roadmap of deficiencies furnished by Defendants' prior motion to dismiss the SAC, Plaintiffs have done nothing whatsoever via the TAC to cure the defects so noticed.  Still further, Plaintiffs have failed to submit a copy, as they must, of the proposed

amended pleadings that they intend to file in the event that the Court were to grant them leave to do so, for which additional reason Plaintiffs' request for leave to amend ought to be denied as procedurally defective.  *See* <u>Koehler v. Metro Transp. Auth.</u>, 214 F. Supp. 3d 171, 178 (S.D.N.Y. 2016) ("Courts have held that <u>a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading, is improper</u> under FED. R. CIV. P. 15.").  The Court should not countenance such disregard for applicable pleading standards, to say nothing of the Federal Rules and this Court's limited time and resources, and instead dismiss, with prejudice, the TAC in its entirety as against Kelco Landscaping, as well the Fourth Cause of Action thereof as against all Defendants.

## **CONCLUSION**

For the reasons set forth in the Def. Br. and herein, *supra*, Defendants respectfully request that the Court dismiss, with prejudice, the TAC as against Kelco Landscaping, and the fourth cause of action thereof as against all Defendants.

Dated: New York, New York
      July 20, 2023

                          **GRAE & GRAE, LLC**

By:                                
                         Previn A. Waran (PW 2501)
                         The Equitable Building
                         120 Broadway, Floor 28
                         New York, New York 10271
                         Tel.: (212) 221-8763
                         E-mail: pwaran@graelaw.com
                         *Attorneys for Defendants Kelco Construction, Inc., Kelco Landscaping, Inc., E.L.M. General Construction Corp. d/b/a Kelly's Crew, John Kelly, and Joseph Provenzano*

10

## CERTIFICATION OF SERVICE

I hereby certify, under penalties of perjury, that, on July 20, 2023, I caused a true and exact copy of the foregoing Defendants' Memorandum of Law in Reply and Further Support of Motion to Dismiss Plaintiffs' Third Amended Complaint In Its Entirety As Against Defendant Kelco Landscaping Inc. and the Fourth Cause of Action As Against All Defendants to be served via the CM/ECF system upon:

Steven J. Moser, Esq.
**MOSER LAW FIRM, P.C.**
5 E. Main Street
Huntington, NY 11743
*Attorneys for Plaintiffs*
*Carlos Alvarez Chicas,*
*Alonso Villatoro,*
*Misael Alexander Martinez Castro,*
*Angel Martinez,*
*Edwin Ulloa Moreira, and*
*Mateo Umaña*
steven.moser@moserlawfirm.com

Previn A. Waran, Esq. (PW2501)
**GRAE & GRAE, LLC**
The Equitable Building
120 Broadway, Floor 28
New York, New York 10271
Tel.: (212) 221-8763
E-mail: pwaran@graelaw.com
*Attorneys for Defendants Kelco*
*Construction, Inc., Kelco Landscaping,*
*Inc., E.L.M. General Construction*
*Corp. d/b/a Kelly's Crew, John Kelly,*
*and Joseph Provenzano*

Dated: New York, New York
       July 20, 2023

11