USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/25/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlos Alvarez Chicas et al., <br><br> Plaintiffs, <br><br> -against- <br><br> Kelco Construction, Inc. et al., <br><br> Defendants. | 1:21-cv-09014 (JGLC) (SDA) <br><br> **REPORT AND RECOMMENDATION** |

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE JESSICA G. L. CLARKE, UNITED STATES DISTRICT JUDGE:**

In their Third Amended Complaint, Plaintiffs Carlos Alvarez Chicas ("Chicas"), Alonso Villatoro ("Villatoro"), Misael Alexander Martinez Castro ("Castro"), Angel Martinez ("Martinez"), Edwin Ulloa Moreira ("Moreira") and Mateo Umana ("Umana") (collectively, "Plaintiffs") assert claims individually, and on behalf of all others similarly situated, against Defendants Kelco Construction, Inc. ("Kelco Construction"), Kelco Landscaping, Inc. ("Kelco Landscaping"), E.L.M. General Construction Corp. ("ELM"), John Kelly ("Kelly") and Joseph Provenzano ("Provenzano") (collectively, "Defendants"), under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as under New York common law. With respect to their FLSA and NYLL claims, Plaintiffs allege, among other things, that Plaintiffs were not compensated properly and did not receive the required statutory notices. (*See* Third Am. Compl. ("TAC"), ECF No. 112, ¶¶ 131-44.) With respect to their common law claim, which is pled in the Fourth Cause of Action, Plaintiffs allege that Defendants failed to pay prevailing wages under contracts that required payment of such wages. (*See id*. ¶¶ 145-49.)

Presently before the Court is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss (1) the TAC in its entirety as to Kelco Landscaping; and (2) the Fourth Cause of Action thereof as to all Defendants. (*See* Defs.' 6/12/23 Not. of Mot., ECF No. 149.) For the reasons set forth below, it is respectfully recommended that Defendants' motion be GRANTED IN PART and DENIED IN PART, and that Plaintiffs be granted leave to replead their Fourth Cause of Action.

## FACTUAL BACKGROUND[1]

As relevant to the pending motion, Plaintiffs make the following allegations:

Kelco Construction, Kelco Landscaping and ELM were engaged in the business of providing landscaping and construction services. (TAC ¶¶ 22, 25, 28.) These three companies formed part of a single integrated enterprise. (*Id*. ¶ 30.) They shared a common principal place of business (*Id*. ¶ 33.) They shared interrelated operations, common management, centralized control of labor relationships and common ownership, and were operated and managed by Kelly and Provenzano. (*Id*. ¶¶ 31-32.)

Kelco Construction entered into numerous contracts in which it agreed to pay prevailing wages to employees. (TAC ¶ 5.) The contracts under which Kelco Construction promised to pay prevailing wages, included work at the 9/11 Memorial and Museum, the LGBTQ Memorial Site, Columbus Circle, Lincoln Center, Central Park, Brooklyn Bridge Park, Hudson River Park, Morningside Park, Queens Plaza Park, the Brooklyn Botanical Gardens, Domino Park, Frank

---

[1] For purposes of the pending motion to dismiss, the Court accepts Plaintiffs' allegations as true and draws all reasonable inferences in her favor. *See City of Providence v. BATS Glob. Mkts., Inc.*, 878 F.3d 36, 50 (2d Cir. 2017).

Golden Park, the Metropolitan Museum of Art, the Museum of Natural History and the Queens Museum of Science. (*Id*. ¶¶ 60, 93.)

Plaintiffs, who were employees of Defendants, allege that Defendants failed to pay them for all hours worked, failed to pay overtime and failed to pay pursuant to the prevailing wage contracts. (TAC ¶¶ 62-63, 69-73, 75-76, 81-86, 90-98.)

## **PROCEDUAL HISTORY**

On November 2, 2021, the Complaint was filed in this action by Chicas and Villatoro to recover, among other things, overtime wages and prevailing wages as third-party beneficiaries of public works contracts. (*See* Compl., ECF No. 1, Prayer for Relief.) On January 18, 2022, Defendants filed their Answer to the Complaint. (Defs.' Answer to Compl., ECF No. 23.) In their Answer, Defendants admitted that they "entered into certain contracts to perform public work." (*Id*. ¶ 155.) Defendants also asserted as a defense that "Plaintiffs did not work in occupations covered by rates set forth in the New York Prevailing Wage Law." (*See id*., Twenty-Fourth Affirmative Defense.)

On May 9, 2022, Plaintiffs filed a motion to amend (Pls.' 5/9/22 Not. of Mot., ECF No. 34) including a proposed First Amended Complaint (Proposed FAC, ECF No. 34-1.) The Proposed FAC added Castro, Martinez, Moreira and Umana as named Plaintiffs. (*See id*.) On June 4, 2022, prior to any response by Defendants to Plaintiffs' motion to amend, Plaintiffs' counsel sent to Defendants' counsel a further amended pleading, which included claims regarding a weighted average wage method for computing overtime pay. (*See* Defs.' 6/18/22 Ltr., ECF No. 46.) By letter dated June 24, 2022, Defendants advised the Court that they consented to the filing of Plaintiffs'

amended pleading.[2] (Defs.' 6/24/22 Ltr., ECF No. 48.) Thereafter, with leave of Court, Plaintiffs filed their First Amended Complaint. (FAC, ECF No. 50.)

On December 14, 2022, before Defendants answered the FAC, Plaintiffs furnished a proposed Second Amended Complaint ("SAC") to the Defendants, which added Kelco Landscaping, Inc. as a defendant. (*See* Pls.' 12/19/22 Ltr., ECF No. 60.) Defendants consented to the filing of the SAC. (*See id.*) On December 29, 2022, Plaintiffs filed their SAC. (*See* SAC, ECF No. 68.)

On January 20, 2023, Defendants filed a partial motion to dismiss the SAC, seeking, among other things, dismissal of claims against Kelco Landscaping and the prevailing wage contract claim. (*See* Defs.' 1/20/23 Not. of Mot., ECF No. 69; Defs.' 1/20/23 Mem., ECF No. 70.) On March 22, 2023, prior to any response by Plaintiffs to Defendants' motion, Defendants consented to Plaintiffs filing a further proposed amended pleading. (*See* Pls.' 3/23/23 Ltr., ECF No. 110.) Thereafter, with leave of Court, Plaintiffs filed their TAC. (*See* TAC.)

On June 12, 2023, Defendants filed their partial motion to dismiss the TAC that currently is before the Court. (*See* Defs.' 6/12/23 Not. of Mot.) On July 13, 2023, Plaintiffs filed their opposition memorandum. (*See* Pls.' Opp. Mem., ECF No. 158.) On July 20, 2023, Defendants filed their reply memorandum. (*See* Defs.' Reply, ECF No. 162.)

---

[2] Defendants' June 24, 2022 letter stated that Defendants consented to the filing of a second amended complaint by Plaintiffs, but since a first amended complaint only had been proposed by Plaintiffs and never had been filed, the pleading that Plaintiffs later filed at ECF No. 50 was denominated their First Amended Complaint.

**LEGAL STANDARDS FOR MOTION TO DISMISS**

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a motion to dismiss, the Court "must accept as true all of the factual allegations contained in a complaint[,]" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

**DISCUSSION**

**I.  Claims Against Kelco Landscaping As Plaintiffs' Employer**

    **A.  Legal Standards**

The FLSA broadly defines an "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," *id*. § 203(d), and to "employ" as including "to suffer or

5

permit to work." *Id*. § 203(g); *see also Herman v. RSR Sec. Servs. Ltd*., 172 F.3d 132, 139 (2d Cir. 1999) ("The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer." (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973))); *Herman*, 172 F.3d at 139 ("[T]he remedial nature of the statute further warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact in the national economy.'" (quoting *Carter v. Dutchess Cmty. Coll*., 735 F.2d 8, 12 (2d Cir. 1984))). The NYLL defines "employee" and "employer" in similarly broad terms. *See* N.Y. Lab. Law § 651(5) (defining "employee" as "any individual employed or permitted to work by an employer in any occupation"); *id*. § 651(6) ("employer" includes "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer"). Accordingly, "[c]ourts have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA." *Fermin v. Las Delicias Peruanas Rest., Inc*., 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015).

As Defendants acknowledge, "[w]here multiple defendants are alleged to have been a plaintiff's employers, district courts within this circuit have applied the 'single integrated enterprise' test to determine whether those entities should be treated as a single employer for FLSA purposes." (Defs.' 6/12/23 Mem., ECF No. 150, at 8 n.2 (citing cases).) "Under this standard, courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Juarez v. 449 Rest., Inc*., 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014) (citation omitted).

B.     **Application**

Defendants admit that the "TAC alleges facts to suggest that Kelco Construction has engaged in actionable conduct under the FLSA and NYLL." (Defs.' 6/12/23 Mem. at 8 (emphasis omitted).) Application of the four relevant factors to the present case leads the Court to conclude that Plaintiffs plausibly have alleged that Kelco Landscaping acted as a single integrated enterprise with Kelco Construction. The TAC contains well-pleaded allegations that Kelco Landscaping and Kelco Construction share a common principal place of business and are commonly owned, operated and managed by Kelly. (TAC ¶¶ 32-33.) The TAC alleges that Kelly was an officer and sole shareholder of both Kelco Landscaping and Kelco Construction. (*Id*. ¶¶ 36-43.) The TAC also alleges that Kelly had the power to hire and fire Plaintiffs, supervised and controlled their work schedules, the conditions of their employment, determined the rate and method of their pay and maintained records of their employment (*id*. ¶ 49), suggesting centralized control of labor relations.

Taken together, these factual allegations are sufficient to plead that Kelco Landscaping and Kelco Construction operated as a single integrated enterprise, and thus qualify as a single "employer" under the FLSA and the NYLL. "As a result, the fact that [Kelco Landscaping and Kelco Construction] are distinct entities does not insulate them from liability at this stage, because all Defendants that compose the enterprise count as Plaintiff's employer." *Juarez*, 29 F. Supp. 3d at 368.[3]

---

[3] Although not relied upon in making the Court's recommendations herein, the Court notes the evidence proffered by Plaintiffs in opposition to the pending motion with respect to the relationship between Kelco Landscaping and Kelco Construction. (*See* Pls.' Opp. Mem. at 11-13.)

7

## II. Prevailing Wage Claims (Count IV)

### A. Legal Standards

"Under New York law, the requirement that workers engaged in 'public works' should be paid at prevailing wages reaches back at least to 1905, when Article 1, Section 17 of the State's Constitution was passed." *Ramos v. SimplexGrinnell LP*, 740 F.3d 852, 855 (2d Cir.), *certified question accepted sub nom. Ramos v. SimplexGrinell LP*, 22 N.Y.3d 1102 (2014), *and certified question answered*, 24 N.Y.3d 143 (2014). "The amendment stated that no worker 'engaged in the performance of any public work, shall be . . . paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used.'" *Id*. (quoting N.Y. Const. art. I. § 17). Section 220 of the NYLL is a "codification" of that amendment. *See id*.

"Section 220 . . . states that every public works contract must provide that all laborers employed by the contract will be paid prevailing wages . . . [and] furnishes administrative mechanisms to enforce this requirement." *Ramos*, 740 F.3d at 855-56 (citations omitted). "Additionally, the New York Court of Appeals has held that workers may bring common law breach of contract suits as the intended third-party beneficiaries of such public works contracts." *Id*. at 856 (citing *Fata v. S.A. Healy Co*., 289 N.Y. 401, 404-07 (1943)). "New York courts have held that, in order for workers to bring a third-party breach of contract claim under NYLL section 220, the contract between the employer and the municipality must expressly state that a prevailing wage will be paid." *Id*. at 858.

B.  **Application**

In the Fourth Cause of Action, Plaintiffs allege, "[u]pon information and belief," that "Kelco entered into valid and binding contracts to perform public work which contained a promise to pay prevailing wages to the Named Plaintiffs and the class" and that "the contracts provided that any subcontractor hired by Kelco to perform work under the contracts must also pay prevailing wages." (TAC ¶¶ 155-56.) Plaintiffs further allege that they "were intended beneficiaries of the contracts entered into by Kelco to perform public work" and that "Kelco failed to pay the Named Plaintiffs and the class prevailing wages for all hours worked." (*Id*. ¶¶ 156-57.)

In support of dismissal, Defendants argue that "Plaintiffs have failed to identify, describe, or otherwise furnish any actual information concerning any specific contracts pursuant to which they performed work for Defendants' benefit, much less the specific provisions thereof that expressly direct that Defendants are required to pay them prevailing wages for any such work performed." (Defs.' 6/12/23 Mem. at 14.) Given the statutory mandate contained in Section 220 of the NYLL,[4] it can be inferred that the public contracts entered into by one or more of the Defendants under which Plaintiffs performed work contained prevailing wage provisions. *See Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 615 (S.D.N.Y. 2016).[5] Regardless, to proceed on the Fourth Cause of Action, Plaintiffs must plead the contracts under which they are asserting third-party beneficiary rights, the parties to those contracts and the relevant

---

[4] *See also* Moser Decl., Ex. 5, Excerpts from the Office of the Comptroller, City of New York § 220 Prevailing Wage Schedule.

[5] In *Johnson*, in the context of a motion for conditional certification, Judge Engelmayer stated: "Defendants, who unlike plaintiffs are signatories to the contracts, have not come forward with the contracts [obligating defendants to pay prevailing wage rates] . . . to contradict [plaintiffs'] allegation [that the contracts contained such obligations]. The Court, therefore, must and does accept the allegation as true." 160 F. Supp. 3d at 615.

provisions of those contracts, which they have not yet done. *See Maldonado v. Olympia Mech. Piping & Heating Corp.*, 8 A.D.3d 348, 350 (2d Dep't 2004). Accordingly, I recommend that Defendants' motion to dismiss the Fourth Cause of Action be granted. However, I further recommend that Plaintiffs be given leave to replead the Fourth Cause of Action. *See id*. (finding error in trial court's denying plaintiffs leave to file amended pleading in NYLL § 220 third-party beneficiary action where plaintiffs had failed to identify contracts breached).

Plaintiffs requested copies of the relevant contracts in discovery, but Defendants have not yet produced them. (*See* Moser Decl., ECF No. 159, ¶ 3.) Once Defendants produce such contracts,[6] Plaintiffs will have the information they need to properly plead their Fourth Cause of Action.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Defendants' motion be GRANTED IN PART and DENIED IN PART. Specifically, I recommend that Defendants' motion be denied insofar as it seeks to dismiss claims asserted in the TAC against Kelco Landscaping and that it be granted insofar as it seeks to dismiss the Fourth Cause of Action. I further recommend that Plaintiffs be given leave to replead the Fourth Cause of Action.

Dated:     New York, New York
           July 25, 2023

_____
**STEWART D. AARON**
**United States Magistrate Judge**

---

[6] The parties are directed to promptly meet and confer regarding the production of relevant contracts and bring any disputes to the undersigned forthwith.

\*          \*          \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1). Any requests for an extension of time for filing objections must be addressed to Judge Clarke.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).