# GRAE & GRAE LLC

The Law Firm                                                              www.graelaw.com

January 30, 2024

**VIA CM/ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1970
New York, New York 10007

    Re:    **Alvarez Chicas et al. v. Kelco Construction, Inc. et al.** – 1:21-cv-09014-JGLC-SDA

Dear Judge Aaron:

    The undersigned's law offices are counsel to Defendants Kelco Construction, Inc., E.L.M. General Construction Corp., Kelco Landscaping, Inc., John Kelly, and Joseph Provenzano (collectively, the "Defendants") in connection with the above-referenced action. We write, in accordance with Rules I.A. and II.B. of Your Honor's Individual Practices, and pursuant to Rule 37.2 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, to respectfully request the scheduling of a conference to discuss Plaintiffs' counsel, Steven J. Moser, Esq.'s ("Attorney Moser"), willful refusal to participate in discovery, all for the tactical purpose of preventing Defendants from investigating their otherwise well-founded suspicions of misconduct on his part in connection with the opt-in process, as well as his serial flouting of this Court's orders intended to ensure the action's timely advancement.[1]

    On November 20 and 21, 2023, Defendants caused interrogatories and requests for the production of documents to be served upon each of the seventeen (17) opt-in plaintiffs, and to which written responses and productions of responsive documents were due by no later than December 20 and 21, 2023. On November 21, 2023, Defendants also duly noticed the depositions of four (4) of the named plaintiffs—Carlos Alvarez Chicas, Alonso Villatoro, Edwin Ulloa Moreira, and Mateo Umaña—for various dates within the first two (2) weeks of December, 2023. On November 30, 2023,

---

[1] Specifically, Defendants were advised by numerous of their employees that they had received calls from an attorney pressuring them to join the collective action. Moreover, another employee reported that a Caucasian male had come to his home and pressured his wife to encourage him to join the action. Indeed, these and other anecdotes were recounted to the Court at the conference at which the undersigned and Attorney Moser appeared on May 25, 2023, in connection with Attorney Moser's then-pending letter motion seeking, *inter alia*, to have the Court direct Defendants to furnish him with the telephone numbers of all putative collective members. Upon hearing of Defendants' concerns over improper attorney solicitation, and affording Attorney Moser multiple opportunities to convince the Court of the propriety of his request, the Court candidly advised Attorney Moser that it had "grave concerns as to the legality" of the purposes for which the putative opt-ins' contact information was being sought. Still further, Defendants' concerns were only amplified upon discovering that the FLSA § 216(b) consent forms that Attorney Moser had filed for several of the opt-in plaintiffs deviated markedly from the form that had been approved for use by the Court in granting Plaintiffs' motion for conditional certification of a collective action. Indeed, the matter of the suspect consent forms was expressly raised with Attorney Moser via formal, written correspondence, and wherein the undersigned requested that Attorney Moser either proffer a substantive explanation for the forms' glaring discrepancies, or otherwise voluntarily withdraw same. To date, those requests have gone ignored by Attorney Moser. A true and correct copy of the undersigned's referenced correspondence is annexed hereto as **Exhibit A**.

Attorney Moser e-mailed the undersigned in order to request, as a result of purported health complications, the rescheduling of the noticed depositions.[2] On December 4, 2023, the undersigned responded to Attorney Moser's e-mail, offering, in light of same, to adjourn, "as a one-time courtesy, the depositions of Messrs. Alvarez Chicas and Ulloa Moreira to December 21 and 22, 2023," but advising that, in light of the rapidly approaching January 31, 2024, deadline to which the Court had already, for a second time, adjourned the close of all fact discovery, coupled with, *inter alia*, the end-of-year holidays and the undersigned's absence from the jurisdiction throughout the first half of January, 2024, he would "have to insist that the depositions of Messrs. Villatoro and Umaña proceed as scheduled on December 11 and 14, respectively." *Id*. at 10-11. Having received no further communications from Attorney Moser in the interim, on December 11, 2023, the undersigned, together with the stenographer and certified Spanish-language translator whose services he had retained to assist with the proceedings, appeared for Plaintiff Villatoro's deposition, but at which neither he nor Attorney Moser appeared, and without any advance notice.

The next day, December 12, 2023, the undersigned wrote Attorney Moser to confirm, "[f]ollowing [his] and Mr. Villatoro's failure to appear for [Mr. Villatoro's] deposition" the day prior, that the necessary arrangements had been made for Mr. Umaña's deposition, which would proceed, as scheduled, on December 14, 2023. *Id*. at 8-9. Attorney Moser responded the next day, falsely claiming that a prior request that he had made to meet and confer had gone ignored, and advising that, in light of "Defendants['] express intention to use the depositions of [the] opt-ins to explore accusations of attorney misconduct, [he] may be filing a motion to withdraw and/or substitute." *Id*. at 8. The undersigned responded hours later, meticulously debunking Attorney Moser's suggestion that his prior request to meet and confer had been ignored, and, via a follow-up e-mail on even date, offering, in good faith and "[a]s a final courtesy," to adjourn Mr. Umaña's deposition, but advising that "the remaining depositions shall proceed as noticed/scheduled." *Id*. at 5-7. On December 14, 2023, the undersigned again wrote Attorney Moser in order to confirm that the depositions of Messrs. Alvarez Chicas and Ulloa Moreira would take place "on the December 21, 2023, and December 23, 2023, dates to which [his] offices had already adjourned those proceedings, once again as a courtesy to [him], from their original December 5 and 6, 2023, dates[,]" attaching to his e-mail updated/revised Notices of Deposition reflective of the adjourned dates for those depositions. *Id*. at 3-4. In addition, the undersigned proposed three (3) dates prior to the close of discovery on January 31, 2024, for Mr. Umaña's deposition, requesting that Attorney Moser confirm his preference in respect thereof by no later than the close of business the next day, absent which Defendants would be left with no alternative but to simply notice his deposition for one of those dates of their own choosing. *Id*. Finally, the undersigned requested that Attorney Moser confirm, also by no later than the close of business on December 15, 2023, whether he would be moving to withdraw or be substituted as counsel, as indicated in his e-mail of several days prior. *Id*.

On December 18, 2023, the undersigned and Attorney Moser conferred via telephone for approximately fifteen (15) minutes. Upon inquiring, politely, as to whether his counterpart's health complications had resolved favorably, Attorney Moser advised, candidly, that what he had actually been dealing with was a particularly contentious domestic matter. The undersigned offered his sympathies, but requested, in furtherance of his duties to his clients, whether Attorney Moser and his clients intended to appear for the noticed depositions. Attorney Moser demurred, advising that, given

---

[2] True and correct copies of the the undersigned's e-mail correspondence with Attorney Moser from November 30, 2023, through December 15, 2023, is annexed hereto as **Exhibit B**, to which the Court is respectfully referred at pages 11-12 thereof.

2

his concerns that the proceedings would be used to investigate suspected misconduct on his part in connection with the opt-in process, he would soon thereafter be moving the Court for appropriate relief. The undersigned responded by questioning whether an attorney's desire to keep concealed potential misconduct on his part served as legitimate grounds upon which to refuse to respond to written discovery requests or produce witnesses for properly noticed depositions, but nonetheless advised Attorney Moser that he ought to file whatever application he deemed appropriate, and to which Defendants would duly respond. On December 20, 2023, Attorney Moser wrote the undersigned "to confirm that [h]e w[ould] be asking the Court for leave to file a motion for a stay under seal based upon . . . the defendants' inquiries into alleged attorney misconduct."[3] On even date, Defendants responded to Attorney Moser's e-mail, *inter alia*, attaching an amended notice of deposition scheduling Mr. Umaña's deposition for December 29, 2023. On that same date, Attorney Moser also moved the Court for leave to file a contemplated motion to stay under seal, and which application Your Honor denied without prejudice shortly thereafter for failure to comply with Your Honor's relevant Individual Rules. To date, and despite having had over one (1) month in which to do so, Plaintiffs have never attempted to renew that application or otherwise move the Court to be relieved from having to appear at the noticed depositions. The foregoing notwithstanding, neither Attorney Moser nor his clients appeared for any of the remaining depositions that had been duly noticed for December 21, 22, and 29, 2023; and this, despite the undersigned's having consistently endeavored, in good faith, to accommodate, within reason, Attorney Moser's various scheduling and adjournment requests.

On January 25, 2024, the undersigned, together with his colleague, Casey J. Rahn, Esq., met and conferred with Attorney Moser by telephone for thirty (30) minutes with respect to the outstanding discovery in this matter. At that time, Attorney Moser solicited Defendants' willingness to consent to a further extension of the deadline by which discovery shall be completed, which consent was respectfully withheld on the grounds of Plaintiffs' willful discovery non-compliance, including, without limitation, by way of his refusal to furnish written responses to Defendants' duly served interrogatories and requests for the production of documents, refusal, for illegitimate reasons, to produce his clients for depositions, and failure, to date, to even so much as notice any depositions of the Defendants. Upon being asked to confirm whether, at the very minimum, he intended to furnish the past due written discovery responses prior to the close of discovery on January 31, 2024, Attorney Moser advised, emphatically, that would not do so. Instead, Attorney Moser offered, contingent upon Defendants' consent to the discontinuance of Plaintiffs' state law claims *without prejudice*, to voluntarily decertify the collective action, withdraw all previously filed FLSA § 216(b) consent forms, and discontinue all of Plaintiffs' federal law claims. When asked whether his goal was to relocate the action to state court, Attorney Moser responded in the affirmative.[4] The undersigned advised Attorney Moser that he believed the parties to be at an impasse with respect to their discovery disputes, whereupon Attorney Moser abruptly (and discourteously) hung up on him.

For the foregoing reasons, Defendants respectfully request that the Court grant the instant letter motion for the convening of a Local Civil Rule 37.2 conference.

---

[3] A true and correct copy of Attorney Moser's referenced e-mail, together with counsel's ensuing colloquy, are annexed hereto, collectively, as **Exhibit C**, and to which the Court is respectfully referred at pages 1-2 thereof.

[4] Upon information and belief, the impetus behind Attorney Moser's "novel" proposal is one and the same as that which informed his refusal to participate in opt-in discovery—namely, to avoid the disclosure, and ensuing consequences, of the improper solicitation and other misconduct in which he appears to have engaged in connection with the opt-in process.

        Respectfully submitted,

        Previn A. Waran
        (PW 2501)

cc:    All Counsel of Record (*Via CM/ECF*)