# EXHIBIT A

# GRAE & GRAE LLC

The Law Firm                                                                 www.graelaw.com

**Previn A. Waran**
**Partner**
The Equitable Building
120 Broadway
28th Floor
New York, NY 10271
Tele: (212) 221-8763
pwaran@graelaw.com

October 9, 2023

**VIA E-MAIL AND USPS CERTIFIED MAIL**
Steven J. Moser, Esq.
Moser Law Firm, P.C.
5 E. Main Street
Huntington, New York 11743
steven.moser@moserlawfirm.com

**Re**:   **Alvarez Chicas et al. v. Kelco Construction, Inc. et al. – 1:21-cv-09014-JGLC-SDA**

Dear Steven:

As you know, our offices are counsel to defendants, Kelco Construction, Inc., Kelco Landscaping, Inc., E.L.M. General Construction Corp. d/b/a Kelly's Crew, John Kelly, and Joseph Provenzano (collectively, the "Defendants"), in connection with the above-referenced action. Please accept the herein correspondence as Defendants' formal request that the previously filed Fair Labor Standards Act ("FLSA") § 216(b) consent forms for opt-in plaintiffs, Jose Castellon ("Castellon"), Armando Orellana ("Orellana"), and Yonny Santos Hernandez ("Hernandez", and, together with Castellon and Orellana, the "Opt-Ins"), be voluntarily withdrawn on the grounds of their patently improper and inherently suspect nature.

On or about May 18, 2023, Castellon, by and through your offices, caused to be filed with the United States District Court for the Southern District of New York (the "Court") a form captioned "Consent to Join", by which he purported to affirmatively consent to becoming a party to the collective action portion of the above-captioned action.[1]  The next day, May 19, 2023, Orellana and Hernandez, once again by and through your offices, caused to be filed with the Court forms captioned "Consent to Join/Consentimiento A Unirse", and pursuant to which they, too, purported to affirmatively consent to becoming parties to the collective action portion of the above-captioned action.[2]  Disturbingly, none of the aforesaid would-be consent forms were consistent

---

[1] A true and correct copy of Castellon's "Consent to Join" form is annexed hereto as **Exhibit A**.
[2] True and correct copies of Orellana's and Hernandez's "Consent to Join/Consentimiento A Unirse" forms are annexed hereto, collectively, as **Exhibit B**.

with the forms of consent that had been appended, as Exhibits A and B, to the "Notice of Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA" that Plaintiffs had caused to be filed with the Court on or about December 23, 2023, *see* ECF Nos. 64, 64-1, and 64-2, and were thereafter approved by the Court, *as submitted*, in its Opinion and Order on the associated application, dated February 19, 2023, s*ee* ECF No. 101 at 11.[3]

It is well-settled that a named plaintiff is proscribed from deviating from the forms of FLSA § 216(b) notice and consent that have been approved by the district court for dissemination to the members of the putative collective. See e.g. Tzu-Hsiang Tung v. Banzai Steakhouse Inc., No. 22-CV-5750 (KMK), 2023 U.S. Dist. LEXIS 159546, *14 (S.D.N.Y. Sept. 8, 2023) ("'[T]he form and content of the notice . . . is to be approved by the [c]ourt prior to mailing,' in order to prevent 'after-the-fact disputes between counsel.'") (quoting Krueger v. New York Tel. Co., No. 93-CV-0178), 1993 U.S. Dist. LEXIS 9988, *3 (S.D.N.Y. Jul. 21, 1993)) (modifications in original); Panora v. Deenora Corp, 521 F. Supp. 3d 177, 179 (E.D.N.Y. 2021) ("[I]t was patently improper for plaintiff's counsel to send out a different notice than the one approved by the Court."). The rationale behind such a requirement of strict conformity to court-approved forms of FLSA § 216(b) notice was neatly explained by Judge Cogan in Panora, who observed, in relevant part, as follows:

> There is often an unspoken but well understood conflict in FLSA actions: plaintiffs (or rather their counsel) want a large collective to increase potential damages and attorneys fees, and defendants want the collective and their potential liability to be as small as possible. Court-facilitated notice helps to balance these competing interests. The disputes over such notices can be quite petty, but Court approval 'ensure[s] that [the] notice is timely, accurate, and informative,' and '[b]oth the parties and the court benefit from settling disputes about the content of the notice before it is distributed.' Hoffman-La Roche Inc. v. Sperling, 493 U.S. 172, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). **Those benefits are eviscerated if plaintiff's counsel does not fully disclose its plans for the notice or sends a notice that deviates from the version approved by the Court**[.]

Panora, 521 F. Supp. 3d at 178-80 (emphasis added) (modifications in original).

Here, the filed versions of the Opt-Ins' FLSA § 216(b) consent forms deviate so markedly from the forms actually approved by the Court in connection with its adjudication of the hotly contested motion for conditional certification of multiple FLSA § 216(b) collectives as to be barely recognizable. Compare e.g. **Exhibits A**, **B**, and **C**. Indeed, not only do Orellana's and Hernandez's consents "splice together English and Spanish text onto the same page", Panora, 521 F. Supp. 3d at 179, but conspicuously missing from any of those forms is the following acknowledgement, otherwise featured prominently in the Court-approved versions thereof:

> By signing and returning this consent form, I hereby designate Plaintiffs CARLOS ALVAREZ CHICAS, ALONSO VILLATORO, MISAEL ALEXANDER MARTINEZ CASTRO, ANGEL MARTINEZ, EDWIN ULLOA MOREIRA and

---

[3] True and correct copies of the English- and Spanish-language versions of the Court-approved forms of FLSA § 216(b) notice and consent are annexed hereto, collectively, as **Exhibit C**.

MATEO UMAÑA and their counsel, the Moser Law Firm, P.C. (the "Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for reasonable attorneys' fees and expenses should this case settle or a money judgment is received and will receive a proportion of any such gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Based on the foregoing, not only have the Opt-Ins never designated your offices as their counsel, for which they may be said to be unrepresented as of this juncture, but, having neither designated the named plaintiffs as their authorized representatives, nor agreed to be bound by the Court's decisions, whether favorable or unfavorable, their joinder in the collective action portion of the above-captioned action is patently improper. Accordingly, Defendants hereby demand that, by no later than October 13, 2023, you notice the Court, by way of appropriately tailored filing, of the Opt-Ins' withdrawal from any FLSA § 216(b) collective in to which they have opted.

We thank you in advance for your prompt attention to these matters. Of course, should you wish to discuss same, please do not hesitate to contact us by e-mail at pwaran@graelaw.com, or, alternatively, by telephone at (212) 221-8763.

Very truly yours,

Previn A. Waran, Esq.

# EXHIBIT A

## CONSENT TO JOIN

I consent to join the action brought in United States District Court for the Southern District of New York entitled <u>Alvarez v Kelco Landscaping, Inc et al 21-cv-09014-PAE-SDA</u> for purposes of asserting a claim under the Fair Labor Standards Act for overtime wages.

Dated: May 18, 2023

_____

Jose Castellon

# EXHIBIT B

## CONSENT TO JOIN/CONSENTIMIENTO A UNIRSE

I consent to join the action brought in United States District Court for the Southern District of New York titled Alvarez v Kelco Landscaping, Inc et al., 21-cv-09014-PAE-SDA for purposes of asserting a claim under the Fair Labor Standards Act for overtime wages.

Doy mi consentimiento para unirme a la acción presentada en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York titulada Alvarez v Kelco Landscaping, Inc et al., 21-cv-09014-PAE-SDA con el fin de hacer valer un reclamo bajo la Ley de Normas Laborales Justas por pago de horas extras.

Dated:


_____
Armando Orellana

## CONSENT TO JOIN/CONSENTIMIENTO A UNIRSE

I consent to join the action brought in United States District Court for the Southern District of New York titled Alvarez v Kelco Landscaping, Inc et al., 21-cv-09014-PAE-SDA for purposes of asserting a claim under the Fair Labor Standards Act for overtime wages.

Doy mi consentimiento para unirme a la acción presentada en el Tribunal de Distrito de los Estados Unidos para el Distrito Sur de Nueva York titulada Alvarez v Kelco Landscaping, Inc et al., 21-cv-09014-PAE-SDA con el fin de hacer valer un reclamo bajo la Ley de Normas Laborales Justas por pago de horas extras.

Dated: 5/19/2023

ID AUoXo3zVELQIfQEno45imQgZ

Yonny Santos Hernandez

## eSignature Details

**Signer ID:**      **AUoXo3zVELQifQEno45imQgZ**
Signed by:      Yonny Santos Hernandez
Sent to email:      hernandez0_13@live.com
IP Address:      104.28.55.231
Signed at:      May 19 2023, 7:18 am EDT

# EXHIBIT C

## CONSENT TO JOIN LAWSUIT

1. I consent to be a party plaintiff in the lawsuit *ALVAREZ, ET AL. V. KELCO CONSTRUCTION, INC. ET AL.,* U.S. District Court, Southern District of New York, Civil Action No. 21-CV-9014 in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Plaintiffs CARLOS ALVAREZ CHICAS, ALONSO VILLATORO, MISAEL ALEXANDER MARTINEZ CASTRO, ANGEL MARTINEZ, EDWIN ULLOA MOREIRA and MATEO UMAÑA and their counsel, the Moser Law Firm, P.C. ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for reasonable attorneys' fees and expenses should this case settle or a money judgment is received and will receive a proportion of any such gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_____

Name (printed)


_____

Signature                              Date


_____

Street Address


_____

City, State, Zip


_____

Telephone Number


_____

Email

Mail to:          MOSER LAW FIRM, P.C.
                  5 East Main Street
                  Huntington, NY  11743
                  Attn: *Alvarez et al. v. Kelco Construction, Inc. et al.*

## CONSENTIMIENTO PARA UNIRME A LA DEMANDA

1. Yo concedo a ser un demandante en la demanda judicial *ALVAREZ, ET AL. V. KELCO CONSTRUCTION, INC. ET AL.,* Tribunal del Distrito de los Estados Unidos, Distrito Sur de Nueva York, Acción Civil No. -CV-9014 para buscar reparación por violaciones de las Leyes de Normas Justas de Trabajo, de acuerdo con 29 U.S.C. § 216(b).

2. Al firmar y devolver este documento de consentimiento, estoy designando a los Demandantes CARLOS ALVAREZ CHICAS, ALONSO VILLATORO, MISAEL ALEXANDER MARTINEZ CASTRO, ANGEL MARTINEZ, EDWIN ULLOA MOREIRA y MATEO UMAÑA y a sus abogados, El Moser Law Firm, P.C. a que me representen y tomen decisiones en mi nombre en relación con la litigación y acuerdo. Yo entiendo que costos razonables gastados para mi beneficio serán deducidos de cualquier acuerdo o cantidad de un dictamen monetario en una base proporcional entre todos los otros Demandantes. Yo entiendo que el Abogado le pedirá a el Tribunal por costos y Honorarios razonables en el caso de que se llegue a un acuerdo o se reciba un dictamen monetario y él recibirá un porcentaje de la liquidación bruta o cantidad del dictamen monetario. Yo acepto los términos y condiciones que el Tribunal adjudique en este caso, ya sea favorable o desfavorable.

_____

Nombre (escrito)

_____

Firma                           Fecha

_____

Dirección de Calle

_____

Ciudad, Estado, Código Postal

_____

Numero Telefonico

_____

Email

Mandar por correo a:  MOSER LAW FIRM, P.C.
                      5 East Main Street
                      Huntington, NY  11743
                      Attn: *Alvarez et al. v. Kelco Construction, Inc. et al.*