

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

February 6, 2024

**VIA ECF**

Hon. Stewart D. Aaron, USMJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Alvarez v Kelco Landscaping, Inc et al,* Case No. 21-cv-09014-PAE-SDA

Dear Judge Aaron

      I represent the Plaintiffs in the above referenced action. I would like to thank the Court for graciously extending the time to file this letter responding to Defendants' conference request *sua sponte* until 5 p.m. today.

      As early as April 27, 2023 Defendants accused the undersigned of engaging in personal solicitation of opt-in Plaintiffs. Thereafter, Defendants' counsel confirmed on numerous occasions that he intends on using this litigation as a vehicle to investigate the undersigned for attorney misconduct.

      On May 23, 2023 the Defendants advised the Court that they had been in contact with two (2) opt-in plaintiffs, Jimmy Hernandez and Alex Manzanarez, who wanted to withdraw their consent forms. *See* ECF 148, at 3. The Defendants argued that it was incumbent upon plaintiffs' counsel to file "the necessary withdrawal form" for those individuals who had expressed their desire to withdraw. ECF 148, at 3. These two individuals had apparently been cooperating with Defendants and had even taken photographs of Plaintiffs' counsel during a meeting. Defendants also identified other loyal Kelco/ELM employees who would support their claims of personal solicitation. *Id.* Defendants concluded by "reserv[ing] the right to move this Court for appropriate relief with respect to any misconduct described herein or hereafter discovered."[1] ECF 148, at 3.

      Again on October 9, 2023, we received a letter from Defendants demanding that the consent forms of both Jose Castellon, Armando Orellana, and Yonny Santos Hernandez be "*voluntarily withdrawn* on the grounds of the patently improper and inherently suspect nature." ECF No. 172, Exhibit A, at 1. Apparently when these individuals expressed a desire to join the case, the paralegal prepared a generic "consent to join" form. Rather than enquiring as to the circumstances, the Defendants equated the filing of the generic consent form with the mailing of

---

[1] To be clear, the Defendants' have not stated that they intend on weaponizing threats of attorney misconduct for the purposes of gaining a tactical advantage in this lawsuit. Instead, they have stated that the sole purpose for their "investigation" is to challenge and strike consent forms filed by the opt-in plaintiffs.

Hon. Stewart D. Aaron, USDJ 

MOSER LAW FIRM, PC

Re:   *Alvarez v. Kelco Landscaping, Inc. et al.,* Case No. 21-cv-09014
Page 2

a *notice* which had not been approved by the Court.  *See* ECF No. 172, Exhibit A, at 2 (citing cases requiring that the content of the *notice* under 29 USC 216(b) be court-approved).  "Accordingly, Defendants. . .deman[ed] that [Plaintiffs] notice the Court, by way of appropriately tailored filing, of the Opt-Ins' withdrawal from any FLSA § 216(b) collective in to which they have opted." *Id.,* at 3.

On December 13, 2023, we advised that we would like mutually convenient dates to complete the depositions of all of the named Plaintiffs, the Defendants, and those employees of Kelco, and/or ELM, who had previously submitted declarations in opposition to Plaintiffs' motion for conditional certification.  Defendants have not since stated when they would be available to testify.   Also, the Defendants have not provided any payroll data in usable format, despite professing to have such information in excel format at the mediation more than a year ago.

On January 22, 2024, I wrote to defendants' counsel as follows:

> I have been dealing with health and personal issues since the summer which have significantly interfered with my practice.[2]
>
> In light of the individualized discovery, there does not appear to be any efficiency associated with a "collective action".  Therefore, we propose that the collective be "decertified" on consent, or that the Plaintiffs file withdrawals of the consent forms for the federal claims. This will significantly reduce the amount of discovery necessary to have the case "trial ready."
>
> With regard to the remaining named plaintiffs, please advise if the Defendants will consent to Plaintiff's' motion for extension of the fact discovery deadline until April 15, 2024.  I will be out of state for two weeks in  February for medical treatment.  and have a one-week trial at the end of February. If not, please advise if the defendants are amenable to withdrawal of the federal claims for the named plaintiffs and a motion for dismissal of the state claims without prejudice.

Defendants have refused to "decertify" the collective by so-ordered stipulation, and to extend the deadline to complete the necessary depositions of all parties.  Regardless, numerous opt-in plaintiffs have indicated a desire to withdraw from the collective action, and we anticipate being able to provide the list of withdrawing individuals to the Court by Monday, February 12, 2024.  Despite the fact that Defendants have demanded that five (5) opt-in Plaintiffs "voluntarily withdraw" their consent forms for different reasons, the Defendants have advised that they will now *oppose* any "voluntary withdrawal" of opt-in Plaintiffs.[3]

---

[2] Should the Court require additional specific facts regarding these personal and health issues, I respectfully request leave to file same under seal.

[3] Apparently the Defendants are concerned that the Plaintiffs' *individual* NYLL claims may be asserted in state court.  However, the individual NYLL claims of the opt-in Plaintiffs are not before the Court, although a NYLL class may be certified under FRCP 23.  However,  Defendants have indicated that they would strongly oppose FRCP 23 class certification.



Hon. Stewart D. Aaron, USDJ                                                           MOSER LAW FIRM, PC
Re:    *Alvarez v. Kelco Landscaping, Inc. et al.,* Case No. 21-cv-09014
Page 3

        With regard to the remaining named Plaintiffs, we remain open to a dismissal of the federal claims and "remand" to State Court, as the federal claims are entirely duplicative of the state claims. Should the Defendants refuse to consent to the dismissal of the Federal claims of the named plaintiffs, we respectfully intend on moving for such relief, or, in the alternative, for a brief extension to complete the limited discovery remaining.

                                                                                    Respectfully submitted,

                                                                                   *Steven J. Moser*
                                                                                   Steven J. Moser