# GRAE & GRAE LLC

The Law Firm                                                                                               www.graelaw.com

March 5, 2024

**VIA CM/ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1970
New York, New York 10007

**Re**:   **Alvarez Chicas et al. v. Kelco Construction, Inc. et al**. – 1:21-cv-09014-JGLC-SDA

Dear Judge Aaron:

The undersigned's law offices are counsel to Defendants in connection with the above-referenced action. We write, in accordance with Rule I.A. of Your Honor's Individual Practices, in order to respectfully request the scheduling of a settlement conference before Your Honor, and at which the parties and counsel alike shall be required to appear in person.

**I.   Plaintiffs' Bad Faith Participation in Settlement Discussions**.

On February 9, 2024, the parties appeared, telephonically, before the Court following Defendants' filing, on January 30, 2024, of a letter motion for the convening of a Local Civil Rule 37.2 conference, after which the Court entered an Order, *inter alia*, (i) decertifying the conditionally certified Fair Labor Standards Act ("FLSA") § 216(b) collective, (ii) barring Plaintiffs from thereafter moving to certify a Federal Rule of Civil Procedure 23 class with respect to the New York Labor Law ("NYLL") claims asserted in the action, and (iii) deeming Plaintiffs' prevailing wage claims, which were asserted via the TAC's Fourth Cause of Action, abandoned as a result of Plaintiffs' failure to timely file—as directed—a Fourth Amended Complaint that cured the defects from which the TAC's pleading of those claims suffered, and for which this Court had previously granted Defendants' motion to dismiss the Fourth Cause of Action. (ECF No. 176 at 1-2). The matter having been reduced to one in which all that remains are the six (6) named Plaintiffs' claims alleging violations of (i) state and federal overtime laws, and (ii) NYLL § 195 record keeping violations, Your Honor concluded the Rule 37.2 conference by appropriately suggesting to counsel that, rather than conduct party depositions with the additional time afforded by the Court's final extension, to April 5, 2024, of the deadline by which all fact discovery is to be completed, the parties' resources would be better expended trying to settle this action.[1]

Promptly thereafter, the undersigned, in full agreement with Your Honor's aforesaid suggestion, began analyzing the relevant evidence of record in order to identify opportunities for settlement to present to his clients for approval. Plaintiffs' counsel, it would seem, had other designs, noticing instead, on February 15, 2024, the depositions of John Kelly and Joseph Provenzano, who, in addition to having been named individually in this action, are also Defendants Kelco Construction, Inc.'s ("Kelco") and E.L.M. General Construction Corp.'s ("ELM") respective principals. The undersigned responded by echoing Your Honor's observation that, rather than forging ahead with

---

[1] A true and correct copy of the transcript of the February 9, 2024, Rule 37.2 conference before the Court is annexed hereto as **Exhibit A**, and to which the Court is respectfully referred at 24:11-14, 27:3-7.

discovery that might ultimately prove unnecessary if the matter were to settle, the parties ought to devote their energies to trying to resolve their dispute. Plaintiffs' counsel responded by confirming his willingness to discuss settlement, but also demanding, rather oddly, that Defendants not only furnish Plaintiffs with a "damages calculation," but also answer the TAC.[2] The undersigned responded by advising his counterpart that, insofar as the sought-after damages calculations had been prepared ages ago, and at a point in the case where a collective had been conditionally certified, and the certification of a FED. R. CIV. P. 23 class remained a possibility, they were no longer apposite to the parties' purposes under the current posture of the case. The undersigned further advised Plaintiffs' counsel that forcing Defendants to expend additional resources on preparing responsive pleadings, and at a time when they were trying to resolve the action, risked souring them on the notion of settlement, and, accordingly, that counsel ought to be doing everything in his power to encourage, rather than impede, that process. To that end, the undersigned concluded his exchange by requesting his counterpart's availability to meet-and-confer regarding settlement. Rather than reciprocate the undersigned's good faith overtures, however, Plaintiffs' counsel responded by insisting that the parties' forge ahead with discovery, even going so far as to threaten the filing of a motion for summary judgment—otherwise doomed to fail—at the close of discovery. On February 26, 2024, counsel met and conferred via telephone regarding the potential settlement of this action, at the end of which he was imparted the favorable impression that the action could, indeed, be amicably resolved. On even date, the undersigned furnished Plaintiffs' counsel with a link by which to access and download the files that, for settlement purposes only, he had prepared with respect to each of the six (6) named Plaintiffs, and which, together, substantiated not only his settlement math, but also the frank appraisal that he had offered his counterpart as to the prudence of resolving the action.

Those documents made clear, and placed beyond dispute, the following:

1. Plaintiff Carlos Alvarez Chicas ("Mr. Chicas") has been paid, in full and at the appropriate prevailing wage rate, for all regular and overtime hours worked throughout his employment by Kelco. Moreover, having signed Kelco's "Commuting and Travel Time Policy," wherein he expressly acknowledged that any and all time spent commuting to and/or from Kelco jobsites is non-compensable, Mr. Chicas is not entitled to any additional "drive time" compensation. Finally, insofar as Mr. Chicas's wage statements of record are both accurate and comprehensive of his employment by Kelco, NYLL § 195(3) wage statement claim fails.

2. Plaintiff Alonso Villatoro ("Mr. Villatoro") has been paid, in full and at the appropriate prevailing wage rate, for all regular and overtime hours worked throughout his employment by Kelco, leaving only the compensability of his "drive time" in dispute.[3] Moreover, Mr. Villatoro's wage

---

[2] As noted above, that the TAC remains the operative pleadings in this action, is attributable to Plaintiffs' otherwise unexplained failure to timely amend same, and despite having been directed to do so by Your Honor in his Report and Recommendation relative to Defendants' motion to dismiss, in part, the TAC (ECF No. 163), which the Honorable Jessica G. L. Clarke, U.S.D.J., subsequently adopted in its entirety by Order dated August 16, 2023 (ECF No. 167). Indeed, it is precisely because they were awaiting Plaintiffs' filing of a Fourth Amended Complaint that Defendants never filed pleadings responsive to the TAC.

[3] Defendants wish to be clear that, as far as they are concerned, the compensability of such "drive time" is not really in dispute. Indeed, and as the undersigned advised Your Honor at the Rule 37.2 conference, under the controlling decisional law of this circuit, Plaintiffs are not entitled to any compensation for the time that they spent commuting to and/or from Kelco's and/or ELM's jobsites, whether in a company-owned courtesy vehicle or otherwise. Rather, the only reason that such "drive time" has been referred to herein as being "in dispute," is that Plaintiffs continue to contend that such commuting time *is* compensable. Indeed, it is only by virtue of Defendants' willingness to consider the compensability of such "drive time" that they were even able to find a basis upon which to try and resolve this action.

statement claim, much like Mr. Castro's, fails on the grounds that his wage statements of record are both accurate and comprehensive of his employment.

3. Plaintiffs Edwin Ulloa Moreira and Mateo Umaña, both of whom executed ELM's "Commuting and Travel Time Policy," and wherein each expressly acknowledged that any and all time spent commuting to and/or from ELM jobsites is non-compensable, are not entitled to any "drive time" compensation. Moreover, based on the evidence of record, Messrs. Moreira and Umaña appear to have been paid for all regular and overtime hours worked throughout their respective periods of employment by ELM.

4. As for Plaintiff Misael Alexander Martinez Castro ("Mr. Castro"), the record evidence indicates that he has been paid for all regular and overtime hours worked throughout his employment by ELM. The same is true of Plaintiff Angel Martinez. Moreover, review of the record evidence failed to disclose the existence of any "drive time" hours for which Mr. Castro could even argue that he was entitled to, but deprived of, compensation therefor.

Based on the foregoing, to say that little remains "in play," or otherwise furnishes fertile ground upon which to base a settlement offer, would be no exaggeration. That said, Defendants have nonetheless endeavored to resolve this matter in good faith, in the interest of economic expediency, and, it would seem, in vain. Indeed, in light of the foregoing, coupled with the limited universe of damages potentially available to Plaintiffs, Defendants continue to believe that this case is not just readily capable of being settled, but that it ought to, in fact, settle. Incredibly, however, it appears that Defendants are alone in that belief, and for which they have been left with no alternative but to seek this Court's intervention in order to avoid the potentially needless expenditure of resources in having to hereafter litigate Plaintiffs' remaining claims full tilt. That the Court's assistance is warranted, is only further confirmed by Plaintiffs' counsel's recent correspondence, **wherein he all but explicitly admits to having never communicated Defendants' settlement offer to his six (6) remaining clients**; and this, despite being duty-bound to do so. A true and correct copy of Plaintiffs' counsel's referenced correspondence is annexed hereto as **Exhibit B**. Indeed, absent the Court's intervention, there is a very real possibility that Plaintiffs' counsel could be depriving them of an opportunity to settle this action on terms that would be perfectly acceptable to them. This, of course, comes as no surprise, given counsel's demonstrated willingness, throughout the pendency of this action, to prioritize his own interests over those of his clients, and for which this action smacks more strongly than ever of being attorney-driven.

This is the first time that Defendants have requested the relief sought herein, and to which Plaintiff's counsel refused to give his consent, albeit without explanation. On behalf of Defendants, the undersigned thanks the Court for its time and consideration of the herein request.

Respectfully submitted,

Previn A. Waran
(PW 2501)

3