**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS ALVAREZ CHICAS, ALONSO VILLATORO, MISAEL ALEXANDER MARTINEZ CASTRO, ANGEL MARTINEZ, EDWIN ULLOA MOREIRA and MATEO UMAÑA, <br><br> *Plaintiffs*, <br><br> - against - <br><br> KELCO CONSTRUCTION, INC., KELCO LANDSCAPING, INC., E.L.M. GENERAL CONSTRUCTION CORP. D/B/A KELLY'S CREW, JOHN KELLY and JOSEPH PROVENZANO, <br><br> *Defendants*. | Civil Action No.: 1:21-cv-09014-JLGC-SDA <br><br><br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

Defendants KELCO CONSTRUCTION, INC. ("Kelco Construction"), KELCO LANDSCAPING, INC. ("Kelco Landscaping", and, together with Kelco Construction, the "Kelco Defendants"), E.L.M. GENERAL CONSTRUCTION CORP. D/B/A KELLY'S CREW ("ELM"), JOHN KELLY ("Mr. Kelly"), and JOSEPH PROVENZANO ("Mr. Provenzano", and, together with the Kelco Defendants, ELM, and Mr. Kelly, the "Defendants"), by and through their undersigned counsel, Grae & Grae, LLC, do hereby allege, as and for their Answer (the "Answer") to the Third Amended Complaint (the "TAC") of Plaintiffs CARLOS ALVAREZ CHICAS, ALONSO VILLATORO, MISAEL ALEXANDER MARTINEZ CASTRO, ANGEL MARTINEZ, EDWIN ULLOA MOREIRA, and MATEO UMAÑA (collectively, the "Plaintiffs"), as follows:

1.      Defendants admit only that Kelco Construction and ELM perform landscaping-related and/or general construction work, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 1 of the TAC.

2.      Defendants deny, in their entirety, the allegations pleaded in paragraph 2 of the TAC.  Moreover, to the extent that the allegations in paragraph 2 of the TAC purports to plead, or otherwise suggest, Plaintiffs' entitlement to prevailing wages, no response thereto is required of Defendants, insofar as Plaintiffs' Fourth Cause of Action, which otherwise sought to enforce, in Plaintiffs' favor, the prevailing wage requirements of various contracts into which "Defendants" are alleged to have entered, has been deemed abandoned by Order of the Court entered on February 9, 2024.  See ECF No. 176.  Still further, to the extent that Plaintiffs purport to have pled the allegations in paragraph 2 on behalf of "[others] similarly situated[,]" no response to thereto is required of Defendants, insofar as Plaintiffs have been barred, pursuant to the self-same Order of the Court, from hereafter moving for the certification of a FED. R. CIV. P. 23 class with respect to their claims asserted under the New York Labor Law (the "NYLL").  See id.

3.      The would-be "allegations" pleaded in paragraph 3 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 3 of the TAC.

4.      The would-be "allegations" pleaded in paragraph 4 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  Moreover, to the extent that the allegations in paragraph 4 of the TAC have been pleaded with respect to "employees" of Kelco Construction other than Plaintiffs Carlos Alvarez Chicas ("Mr. Alvarez Chicas") and Alonso Villatoro ("Mr. Villatoro"), no further response thereto is required of Defendants, insofar as Plaintiffs have been barred, pursuant to the Court's Order, dated February 9, 2024, from hereafter moving to have a FED. R. CIV. P. 23 class certified with respect to their

NYLL claims.  To the extent, however, that a response to the allegations pleaded in paragraph 4 of the TAC may nonetheless hereafter be deemed to be required, Defendants deny same in their entirety.

5.      The allegations pleaded in paragraph 5 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.

6.      As and for their response to the allegations pleaded in paragraph 6 of the TAC, Defendants respectfully submit that no response thereto is required, insofar as the said allegations merely recite the purposes for which this action purports to have been commenced, and/or the relief sought in connection with same.  Defendants would further submit that no response to paragraph 6 of the TAC is required for the additional reason that the would be "allegations" therein pleaded are, in reality, statements and/or conclusions of law.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants admit that the TAC purports to seek the recovery of the various forms of relief therein referenced, but otherwise deny any wrongdoing on their part, or that Plaintiffs are entitled to any such relief.

## AS TO JURISDICTION AND VENUE

7.      The would-be "allegations" pleaded in paragraph 7 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 7 of the TAC.

8.      The would-be "allegations" pleaded in paragraph 8 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To

the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 8 of the TAC.

## AS TO PARTIES

9.      Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 9 of the TAC.

10.     The would-be "allegations" pleaded in paragraph 10 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 10 of the TAC.

11.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 11 of the TAC.

12.     The would-be "allegations" pleaded in paragraph 12 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 12 of the TAC.

13.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 13 of the TAC.

14.     The would-be "allegations" pleaded in paragraph 14 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed

to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 14 of the TAC.

15.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 15 of the TAC.

16.    The would-be "allegations" pleaded in paragraph 16 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 16 of the TAC.

17.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 17 of the TAC.

18.    The would-be "allegations" pleaded in paragraph 18 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 18 of the TAC.

19.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 19 of the TAC.

20.    The would-be "allegations" pleaded in paragraph 20 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 20 of the TAC.

21.     Defendants admit the allegations pleaded in paragraph 21 of the TAC.

22.     Defendants admit the allegations pleaded in paragraph 22 of the TAC.

23.     Defendants admit the allegations pleaded in paragraph 23 of the TAC.

24.     Defendants admit the allegations pleaded in paragraph 24 of the TAC.

25.     Defendants deny the allegations pleaded in paragraph 25 of the TAC.

26.     Defendants deny the allegations pleaded in paragraph 26 of the TAC.

27.     Defendants admit the allegations pleaded in paragraph 27 of the TAC.

28.     Defendants admit the allegations pleaded in paragraph 28 of the TAC.

29.     Defendants admit the allegations pleaded in paragraph 29 of the TAC.

30.     The would-be "allegations" pleaded in paragraph 30 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 30 of the TAC.

31.     The would-be "allegations" pleaded in paragraph 31 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 31 of the TAC.

32.     The would-be "allegations" pleaded in paragraph 32 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed

to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 32 of the TAC.

33.    The would-be "allegations" pleaded in paragraph 33 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 33 of the TAC.

34.    Defendants admit only that Kelco Construction and ELM perform landscaping-related and/or general construction work, and otherwise deny, in their entirety, the allegations in paragraph 34 of the TAC to the extent same have been pleaded as against Kelco Landscaping.

35.    Defendants admit the allegations pleaded in paragraph 35 of the TAC.

36.    Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 36 of the TAC.

37.    Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 37 of the TAC.

38.    Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 38 of the TAC.

39.    Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 39 of the TAC.

40.     Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 40 of the TAC.

41.     Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 41 of the TAC.

42.     Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 42 of the TAC.

43.     Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 43 of the TAC.

44.     Defendants deny the allegations pleaded in paragraph 44 of the TAC.

45.     Defendants deny the allegations pleaded in paragraph 45 of the TAC.

46.     Defendants deny the allegations pleaded in paragraph 46 of the TAC.

47.     Defendants deny the allegations pleaded in paragraph 47 of the TAC.

48.     The would-be "allegations" pleaded in paragraph 48 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 48 of the TAC.

49.     Defendants admit only that Mr. Kelly had the authority to hire and fire Mr. Alvarez Chicas and Mr. Villatoro, both of whom were employed, exclusively, by Kelco Construction, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 49 of the TAC.

50.     The would-be "allegations" pleaded in paragraph 50 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 50 of the TAC.

51.     Defendants admit the allegations pleaded in paragraph 51 of the TAC.

52.     Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 52 of the TAC.

53.     Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 53 of the TAC.

54.     Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 54 of the TAC.

55.     Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 55 of the TAC.

56.     Insofar as the term "relevant time period" has nowhere been defined or otherwise identified in the TAC, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the allegations pleaded in paragraph 56 of the TAC.

57.     The would-be "allegations" pleaded in paragraph 57 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 57 of the TAC.

58.     Defendants admit only that Mr. Provenzano had the authority to hire and fire Plaintiffs Angel Martinez ("Mr. Martinez"), Misael Alexander Martinez Castro ("Mr. Castro"), Edwin Ulloa Moreira ("Mr. Moreira"), and Mateo Umaña ("Mr. Umaña"), all of whom were employed, exclusively, by ELM, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 58 of the TAC.

59.     The would-be "allegations" pleaded in paragraph 59 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 59 of the TAC.

## AS TO FACTS

60.     The allegations pleaded in paragraph 60 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.

61.     The allegations pleaded in paragraph 61 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.

62.     Defendants deny the allegations pleaded in paragraph 62 of the TAC.

63.     Defendants deny the allegations pleaded in paragraph 63 of the TAC.

64.     The allegations pleaded in paragraph 64 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.   To the extent, however, that a response to the allegations pleaded in paragraph 64 of the TAC may nonetheless hereafter be deemed to be required, Defendants admit only that Mr. Alvarez Chicas worked on public works construction projects, and otherwise deny, in their entirety, the allegations pleaded in paragraph 64 of the TAC.

65.     Defendants admit only that Mr. Alvarez Chicas would occasionally drive to and/or from the worksites of the Kelco Construction projects on which he was working, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 65 of the TAC.

66.     Defendants admit only that, despite having signed Kelco Construction's "Commuting and Travel Time Policy" (the "Commuting Policy"), and whereby he expressly acknowledged and agreed that any and all time spent commuting to and/or from any Kelco Construction jobsites was non-compensable, Mr. Alvarez Chicas was paid, gratuitously, and as a courtesy, a bonus for the time he spent driving himself and others to and/or from various Kelco Construction jobsites throughout the period of his employment, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 66 of the TAC.

67.     Defendants deny the allegations pleaded in paragraph 67 of the TAC.

68.     Defendants admit only that, insofar as the time that Mr. Alvarez Chicas spent commuting to and/or from work was non-compensable, the hours that he spent commuting to and/or from work were not added to the hours that Mr. Alvarez Chicas spent working as a construction laborer in any given week, and otherwise deny having been under any obligation to aggregate such hours in the manner alleged in paragraph 68 of the TAC.

69.     The would-be "allegations" pleaded in paragraph 69 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 69 of the TAC.

70.     The would-be "allegations" pleaded in paragraph 70 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 70 of the TAC.

71.     The allegations pleaded in paragraph 71 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 70 of the TAC.

72.     The allegations pleaded in paragraph 72 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a

response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 72 of the TAC.

73.     The allegations pleaded in paragraph 71 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 72 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 72 of the TAC.

74.      The would-be "allegations" pleaded in paragraph 74 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 74 of the TAC.

75.     Defendants deny the allegations pleaded in paragraph 75 of the TAC.

76.     Defendants deny the allegations pleaded in paragraph 76 of the TAC.

77.     The allegations pleaded in paragraph 77 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the allegations pleaded in paragraph 77 of the TAC may nonetheless hereafter be deemed to be required, Defendants admit only that Mr. Villatoro worked on public works

construction projects, and otherwise deny, in their entirety, the allegations pleaded in paragraph 77 of the TAC.

78.     Defendants admit only that Mr. Villatoro would occasionally drive to and/or from the worksites of the Kelco Construction projects on which he was working, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 78 of the TAC.

79.     Defendants admit only that, despite having signed Kelco Construction's Commuting Policy, and whereby he expressly acknowledged and agreed that any and all time spent commuting to and/or from any Kelco Construction jobsites was non-compensable, Mr. Villatoro was paid, gratuitously, and as a courtesy, a bonus for the time he spent driving himself and others to and/or from various Kelco Construction jobsites throughout the period of his employment, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 79 of the TAC.

80.     Defendants admit only that, insofar as the time that Mr. Villatoro spent commuting to and/or from work was non-compensable, the hours that he spent commuting to and/or from work were not added to the hours that Mr. Villatoro spent working as a construction laborer in any given week, deny having been under any obligation to aggregate such hours in the manner alleged, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 80 of the TAC.

81.     The would-be "allegations" pleaded in paragraph 81 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 81 of the TAC.

82.     The allegations pleaded in paragraph 82 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 82 of the TAC.

83.     The allegations pleaded in paragraph 83 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 83 of the TAC.

84.     The would-be "allegations" pleaded in paragraph 84 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 84 of the TAC.

85.     The allegations pleaded in paragraph 85 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 85 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 85 of the TAC.

86. The would-be "allegations" pleaded in paragraph 86 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 86 of the TAC.

87. The would-be "allegations" pleaded in paragraph 87 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 87 of the TAC.

88. Defendants deny the allegations pleaded in paragraph 88 of the TAC.

89. The allegations pleaded in paragraph 89 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.

90. Defendants deny the allegations pleaded in paragraph 90 of the TAC.

91. The allegations pleaded in paragraph 91 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.

92. Defendants deny the allegations pleaded in paragraph 92 of the TAC.

93. The allegations pleaded in paragraph 93 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants. To the extent, however, that a

response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 93 of the TAC.

94.     Defendants admit only that Mr. Umaña's sole responsibility was to serve as a driver, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 94 of the TAC.

95.     Defendants admit only that Messrs. Martinez, Castro, Moreira, and Umaña would travel to and/or from ELM jobsites on the days on which they worked at or about such jobsites, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 95 of the TAC.

96.      Defendants admit only that, despite having signed ELM's "Commuting and Travel Time Policy" (the "ELM Commuting Policy"), and whereby they expressly acknowledged and agreed that any and all time spent commuting to and/or from any ELM jobsites was non-compensable, one or more of the "ELM Plaintiffs" (as such term is defined in the TAC) were paid, gratuitously, and as a courtesy, a bonus for the time he/they spent driving himself/themself and others to and/or from various ELM jobsites throughout the period of his/their employment, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 96 of the TAC.

97.     The would-be "allegations" pleaded in paragraph 97 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 97 of the TAC.

98.     The allegations pleaded in paragraph 98 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.

99.     Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 99 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 99 of the TAC.

100.    Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 100 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 100 of the TAC.

101.    Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 101 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 101 of the TAC.

102.    Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 102 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 102 of the TAC.

103.    The would-be "allegations" pleaded in paragraph 103 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 103 of the TAC.

104.    The allegations pleaded in paragraph 104 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 104 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 104 of the TAC.

105.    The allegations pleaded in paragraph 105 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 105 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 105 of the TAC.

106.    The allegations pleaded in paragraph 106 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and

for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 106 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 106 of the TAC.

107.    The allegations pleaded in paragraph 107 of the TAC relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which reason no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the pay record upon which they appear to have relied in crafting the allegations pleaded in paragraph 107 for the true and complete contents thereof, which speak for themselves, deny that the said record evidences any wrongdoing on Defendants' part, and otherwise deny, in their entirety, the remaining allegations pleaded in paragraph 107 of the TAC.

108.    The would-be "allegations" pleaded in paragraph 108 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. Moreover, the self-same would-be "allegations" also relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which additional reason no further response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the codified law therein referenced for the true and complete contents thereof, which speak for themselves.

109.    The would-be "allegations" pleaded in paragraph 109 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. Moreover, the self-same would-be "allegations" also relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which additional reason no further response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the codified law therein referenced for the true and complete contents thereof, which speak for themselves.

110.    The would-be "allegations" pleaded in paragraph 110 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. Moreover, the self-same would-be "allegations" also relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which additional reason no further response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the codified law therein referenced for the true and complete contents thereof, which speak for themselves.

111.    The would-be "allegations" pleaded in paragraph 111 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 111 of the TAC.

112.    The would-be "allegations" pleaded in paragraph 112 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.

Moreover, the self-same would-be "allegations" also relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which additional reason no further response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 112 of the TAC.

113.    The would-be "allegations" pleaded in paragraph 113 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 113 of the TAC.

114.    The would-be "allegations" pleaded in paragraph 114 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  Moreover, the self-same would-be "allegations" also relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which additional reason no further response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 114 of the TAC.

115.    The would-be "allegations" pleaded in paragraph 115 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 115 of the TAC.

116.    The would-be "allegations" pleaded in paragraph 116 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. Moreover, the self-same would-be "allegations" also relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which additional reason no further response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the codified law therein referenced for the true and complete contents thereof, which speak for themselves.

117.    The would-be "allegations" pleaded in paragraph 117 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. Moreover, the self-same would-be "allegations" also relate to one or more causes of action that have been deemed abandoned by the Court in its Order dated February 9, 2024, and for which additional reason no further response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 117 of the TAC.

## AS TO COLLECTIVE ACTION ALLEGATIONS

118.    The allegations contained in paragraph 118 of the TAC have been pleaded on behalf of the members of a Fair Labor Standards Act ("FLSA") § 216(b) collective, which, although previously certified, was subsequently decertified by the Court in its Order dated February 9, 2024. There no longer being any FLSA § 216(b) collective to speak of in this action, the allegations are wholly in apposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

119.    The allegations contained in paragraph 118 of the TAC have been pleaded on behalf of the members of a FLSA § 216(b) collective, which, although previously certified, was subsequently decertified by the Court in its Order dated February 9, 2024.  There no longer being any FLSA § 216(b) collective to speak of in this action, the allegations are wholly in apposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

120.    The allegations contained in paragraph 118 of the TAC have been pleaded on behalf of the members of a FLSA § 216(b) collective, which, although previously certified, was subsequently decertified by the Court in its Order dated February 9, 2024.  There no longer being any FLSA § 216(b) collective to speak of in this action, the allegations are wholly in apposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

## AS TO CLASS ACTION ALLEGATIONS

121.    The allegations contained in paragraph 121 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]" Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

122.    The allegations contained in paragraph 122 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]" Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are

wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

123.    The allegations contained in paragraph 123 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]"  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

124.    The allegations contained in paragraph 124 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]"  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

125.    The allegations contained in paragraph 125 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]"  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

126.    The allegations contained in paragraph 126 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]"  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from

hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

127.    The allegations contained in paragraph 127 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]" Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

128.    The allegations contained in paragraph 128 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]" Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

129.    The allegations contained in paragraph 129 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]" Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

130.    The allegations contained in paragraph 130 of the TAC have been pleaded on behalf of a putative FED. R. CIV. P. 23 class of "all hourly (non-exempt) employees of ELM and Kelco[.]"

Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.

## AS TO FIRST CAUSE OF ACTION

### BROUGHT AS A COLLECTIVE ACTION TO RECOVER OVERTIME

### Fair Labor Standards Act

131.    Defendants repeat and reallege each and every allegation pleaded in paragraph 1 through 130 of the instant Answer with the same force and effect as if fully set forth herein.

132.    The allegations contained in paragraph 132 of the TAC have been pleaded, in part, on behalf of the members of a FLSA § 216(b) collective, which, although previously certified, was subsequently decertified by the Court in its Order dated February 9, 2024.  There no longer being any FLSA § 216(b) collective to speak of in this action, and to the extent that the allegations contained in paragraph 132 of the TAC have been pleaded on behalf of such a collective, same are wholly in apposite under the current posture of this action, for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 132 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

133.    The would-be "allegations" pleaded in paragraph 133 of the TAC are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations may nonetheless hereafter be deemed

to be required, Defendants deny, in their entirety, the allegations pleaded in paragraph 133 of the TAC .

134.    The allegations contained in paragraph 134 of the TAC have been pleaded, in part, on behalf of the members of a FLSA § 216(b) collective, which, although previously certified, was subsequently decertified by the Court in its Order dated February 9, 2024.  There no longer being any FLSA § 216(b) collective to speak of in this action, and to the extent that the allegations contained in paragraph 132 of the TAC have been pleaded on behalf of such a collective, same are wholly in apposite under the current posture of this action, for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 134 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

135.    The allegations contained in paragraph 135 of the TAC have been pleaded, in part, on behalf of the members of a FLSA § 216(b) collective, which, although previously certified, was subsequently decertified by the Court in its Order dated February 9, 2024.  There no longer being any FLSA § 216(b) collective to speak of in this action, and to the extent that the allegations contained in paragraph 135 of the TAC have been pleaded on behalf of such a collective, same are wholly in apposite under the current posture of this action, for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 135 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of

Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

136.    The allegations contained in paragraph 136 of the TAC have been pleaded, in part, on behalf of the members of a FLSA § 216(b) collective, which, although previously certified, was subsequently decertified by the Court in its Order dated February 9, 2024.  There no longer being any FLSA § 216(b) collective to speak of in this action, and to the extent that the allegations contained in paragraph 136 of the TAC have been pleaded on behalf of such a collective, same are wholly in apposite under the current posture of this action, for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 136 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

## AS TO SECOND CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION TO RECOVER OVERTIME

### New York Labor Law

137.    Defendants repeat and reallege each and every allegation pleaded in paragraph 1 through 136 of the instant Answer with the same force and effect as if fully set forth herein.

138.    The allegations contained in paragraph 138 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  The

foregoing notwithstanding, and to the extent that the allegations contained in paragraph 138 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

139.    The allegations contained in paragraph 139 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 139 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

140.    The allegations contained in paragraph 140 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 140 of the

TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

## AS TO THIRD CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION TO RECOVER REGULAR (NON-OVERTIME) WAGES

### New York Labor Law

141.    Defendants repeat and reallege each and every allegation pleaded in paragraph 1 through 140 of the instant Answer with the same force and effect as if fully set forth herein.

142.    The allegations contained in paragraph 142 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class. Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants. The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 142 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants. To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

143.    The allegations contained in paragraph 143 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class. Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the

putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 143 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

144.    The allegations contained in paragraph 144 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 144 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

## AS TO FOURTH CAUSE OF ACTION

### BROUGHT AS A CLASS ACTION TO ENFORCE PREVAILING WAGE CONTRACTS

### New York Common Law

145.    Defendants repeat and reallege each and every allegation pleaded in paragraph 1 through 144 of the instant Answer with the same force and effect as if fully set forth herein.

146.     The allegations contained in paragraph 146 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants. Moreover, the allegations pleaded in paragraph 146 of the TAC relate to claims that the Court deemed Plaintiffs to have abandoned in its Order dated February 9, 2024, and for which additional reason no response thereto is required of Defendants.

147.     The allegations contained in paragraph 147 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants. Moreover, the allegations pleaded in paragraph 147 of the TAC relate to claims that the Court deemed Plaintiffs to have abandoned in its Order dated February 9, 2024, and for which additional reason no response thereto is required of Defendants.

148.     The allegations contained in paragraph 148 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current

posture of this action, and for which reason no response thereto is required of Defendants. Moreover, the allegations pleaded in paragraph 148 of the TAC relate to claims that the Court deemed Plaintiffs to have abandoned in its Order dated February 9, 2024, and for which additional reason no response thereto is required of Defendants.

149.    The allegations contained in paragraph 149 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants. Moreover, the allegations pleaded in paragraph 149 of the TAC relate to claims that the Court deemed Plaintiffs to have abandoned in its Order dated February 9, 2024, and for which additional reason no response thereto is required of Defendants.

## AS TO FIFTH CAUSE OF ACTION

**ON BEHALF OF ALVAREZ AND VILLATORO AND THOSE SIMILARLY SITUATED FOR LIQUIDATED DAMAGES FOR KELCO'S FAILURE TO FURNISH WAGE NOTICES**

### New York Labor Law

150.    Defendants repeat and reallege each and every allegation pleaded in paragraph 1 through 149 of the instant Answer with the same force and effect as if fully set forth herein.

151.    The allegations contained in paragraph 151 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current

posture of this action, and for which reason no response thereto is required of Defendants. Moreover, insofar as the term "Kelco" has nowhere been defined in the TAC, and the allegations pleaded in paragraph 151 thereof otherwise fail to indicate whether the "Kelco" to which they refer is Kelco Construction or Kelco Landscaping, Defendants would be forced to speculate in endeavoring to formulate a response thereto, and, accordingly, must deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the said allegations. Moreover, while the Fifth Cause of action purports to have been brought on behalf of Messrs. Alvarez Chicas and Villatoro, paragraph 151 alleges that "Kelco" hired all of the Plaintiffs.  The foregoing notwithstanding, and to the extent that Defendants are willing to overlook the aforesaid defects, and construe the contents of paragraph 151 of the TAC as alleging that *Kelco Construction* hired *Messrs. Alvarez Chicas* and *Villatoro* only, Defendants admit same as so construed.

152.    The allegations contained in paragraph 152 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants. Moreover, insofar as the term "Kelco" has nowhere been defined in the TAC, and the allegations pleaded in paragraph 152 thereof otherwise fail to indicate whether the "Kelco" to which they refer is Kelco Construction or Kelco Landscaping, Defendants would be forced to speculate in endeavoring to formulate a response thereto, and, accordingly, must deny having knowledge or information sufficient to form a belief as to the truthfulness or falsity of the said allegations.  Still further, while the Fifth Cause of action purports to have been brought on behalf of Messrs. Alvarez

Chicas and Villatoro, paragraph 152 alleges that "Kelco" failed to issue wage notices to all of the Plaintiffs. The foregoing notwithstanding, and to the extent that Defendants are willing to overlook the aforesaid defects, and construe the contents of paragraph 152 of the TAC as alleging that *Kelco Construction* failed to furnish *Messrs. Alvarez Chicas* and *Villatoro* only with wage notices, same are nonetheless statements and/or conclusions of law, for which no response thereto is required of Defendants. To the extent, however, that a response to the allegations pleaded in paragraph 152 of the TAC, as so construed by Defendants, may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the codified law therein referenced for the true and complete contents thereof, which speak for themselves, and otherwise deny same in their entirety.

153.    The allegations contained in paragraph 153 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class. Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants. Still further, while the Fifth Cause of action purports to have been brought on behalf of Messrs. Alvarez Chicas and Villatoro, paragraph 153 alleges that "[a]ll Defendants are jointly and severally liable for the damages to [all of] the [] Plaintiffs[.]" The foregoing notwithstanding, and to the extent that Defendants are willing to overlook the aforesaid defects, and construe the contents of paragraph 153 of the TAC as alleging that "[a]ll Defendants are jointly and severally liable for the damages to [*Messrs. Alvarez Chicas* and *Villatoro* only[,]" same are nonetheless statements and/or conclusions of law, for which no response thereto is required of Defendants. To the extent,

however, that a response to the allegations pleaded in paragraph 153 of the TAC, as so construed by Defendants, may nonetheless hereafter be deemed to be required, Defendants deny same in their entirety.

### AS TO SIXTH CAUSE OF ACTION

**BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S
FAILURE TO FURNISH WAGE NOTICES**

**New York Labor Law**

154.    Defendants repeat and reallege each and every allegation pleaded in paragraph 1 through 153 of the instant Answer with the same force and effect as if fully set forth herein.

155.    The allegations contained in paragraph 155 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 155 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

156.    The allegations contained in paragraph 156 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf

of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 156 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs may nonetheless hereafter deemed to be required, Defendants respectfully refer Plaintiffs to the codified law therein referenced for the true and complete contents thereof, which speak for themselves, and otherwise deny same in their entirety.

157.    The allegations contained in paragraph 157 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 157 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

<u>**AS TO SEVENTH CAUSE OF ACTION**</u>

**ON BEHALF OF ALVAREZ AND VILLATORO AND THOSE SIMILARLY SITUATED FOR
LIQUIDATED DAMAGES FOR KELCO'S FAILURE TO FURNISH ACCURATE AND TRUE WAGE
STATEMENTS**

**New York Labor Law**

158.    Defendants repeat and reallege each and every allegation pleaded in paragraph 1
through 157 of the instant Answer with the same force and effect as if fully set forth herein.

159.    The allegations contained in paragraph 159 of the TAC have been pleaded, in part,
on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been
barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification
of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the
putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current
posture of this action, and for which reason no response thereto is required of Defendants.
Moreover, insofar as the term "Kelco" has nowhere been defined in the TAC, and the allegations
pleaded in paragraph 159 thereof otherwise fail to indicate whether the "Kelco" to which they refer
is Kelco Construction or Kelco Landscaping, Defendants would be forced to speculate in
endeavoring to formulate a response thereto, and, accordingly, must deny having knowledge or
information sufficient to form a belief as to the truthfulness or falsity of the said allegations.  Still
further, while the Seventh Cause of action purports to have been brought on behalf of Messrs.
Alvarez Chicas and Villatoro, paragraph 159 alleges that "Kelco furnished fictitious wage
statements" to all of the Plaintiffs.  The foregoing notwithstanding, and to the extent that
Defendants are willing to overlook the aforesaid defects, and construe the contents of paragraph
159 of the TAC as alleging that *Kelco Construction* "furnished fictitious wage statements" to
furnish *Messrs. Alvarez Chicas* and *Villatoro* only, same are nonetheless statements and/or
conclusions of law, for which no response thereto is required of Defendants.  To the extent,

however, that a response to the allegations pleaded in paragraph 159 of the TAC, as so construed by Defendants, may nonetheless hereafter be deemed to be required, Defendants respectfully refer Plaintiffs to the codified law therein referenced for the true and complete contents thereof, which speak for themselves, and otherwise deny same in their entirety.

160.    The allegations contained in paragraph 160 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  Still further, while the Seventh Cause of action purports to have been brought on behalf of Messrs. Alvarez Chicas and Villatoro, paragraph 160 alleges that "[a]ll Defendants are jointly and severally liable for the damages to [all of] the [] Plaintiffs[.]"  The foregoing notwithstanding, and to the extent that Defendants are willing to overlook the aforesaid defects, and construe the contents of paragraph 160 of the TAC as alleging that "[a]ll Defendants are jointly and severally liable for the damages to [*Messrs. Alvarez Chicas* and *Villatoro* only[,]" same are nonetheless statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the allegations pleaded in paragraph 160 of the TAC, as so construed by Defendants, may nonetheless hereafter be deemed to be required, Defendants deny same in their entirety.

## AS TO EIGHTH CAUSE OF ACTION

**BROUGHT AS A CLASS ACTION FOR LIQUIDATED DAMAGES FOR ELM'S
FAILURE TO FURNISH ACCURATE AND TRUE WAGE STATEMENTS**

### New York Labor Law

161.    Defendants repeat and reallege each and every allegation pleaded in paragraph 1 through 160 of the instant Answer with the same force and effect as if fully set forth herein.

162.    The allegations contained in paragraph 162 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current posture of this action, and for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 162 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs may nonetheless hereafter deemed to be required, Defendants respectfully refer Plaintiffs to the codified law therein referenced for the true and complete contents thereof, which speak for themselves, and otherwise deny same in their entirety.

163.    The allegations contained in paragraph 163 of the TAC have been pleaded, in part, on behalf of the members of a putative FED. R. CIV. P. 23 class.  Insofar as Plaintiffs have been barred, pursuant to the Court's February 9, 2024, Order, from hereafter moving for the certification of such a FED. R. CIV. P. 23 class, the said allegations, to the extent pleaded on behalf of the putative members of such a FED. R. CIV. P. 23 class, are wholly inapposite under the current

posture of this action, and for which reason no response thereto is required of Defendants.  The foregoing notwithstanding, and to the extent that the allegations contained in paragraph 163 of the TAC have been pleaded on behalf of Plaintiffs, same are, in reality, statements and/or conclusions of law, for which no response thereto is required of Defendants.  To the extent, however, that a response to the said allegations pleaded on behalf of Plaintiffs is nonetheless hereafter deemed to be required, Defendants deny same in their entirety.

## AS TO JURY DEMAND

Defendants admit that Plaintiffs seek to have the claims and defenses in this action tried by a jury, but deny the existence of any issue(s) of material fact that would otherwise preclude the Court's grant of summary judgment in Defendants' favor.

## AS TO PRAYER FOR RELIEF / AD DAMNUM
## SECTION OF TAC AND FACTS NOT ADMITTED

Defendants deny that Plaintiffs are entitled to any of the relief for which they have prayed, or to which they have pleaded entitlement in the *ad damnum* section of the TAC, as well as any and all allegations that form the basis thereof.  Defendants further deny any and all allegations pleaded in the TAC not otherwise expressly admitted herein.

## AFFIRMATIVE DEFENSES

By way of separate, additional, and/or distinct defenses to the TAC and each claim therein, and without conceding that Defendant bears the burden of proof or the burden of persuasion as to any of these issues, Defendant asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1.        As a separate and distinct defense, Defendants assert that the TAC, and each and every alleged claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(No Employer-Employee Relationship)**

2.        As a separate and distinct defense, Defendants allege that the TAC fails, in whole or in part, on the grounds that none of the Defendants were an employer or joint employer of Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE
**(Insufficient Facts to Establish Employer-Employee Relationship)**

3.        As a separate and distinct defense, Defendants allege that the TAC fails to state facts sufficient to assert coverage under the FLSA that a joint or direct employer-employee relationship existed with any of the Defendants, or that any of the Defendants owe regular or overtime compensation, or other benefits sought, to Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE
**(No Further Obligations to Plaintiffs)**

4.        As a separate and distinct defense, Defendants allege that they fulfilled any and all obligations that they may have bad to Plaintiffs, and owe no further obligations to Plaintiffs. Therefore, Plaintiffs are barred from maintaining this action against Defendants.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Exhaust Administrative Remedies)**

5.        As a separate and distinct defense, Defendants allege that the TAC, and each and every cause of action alleged therein, is barred, in whole or in part, because Plaintiffs failed to

exhaust any applicable administrative, arbitral, and/or contractual procedures and/or remedies, or otherwise properly perfect a right of action against Defendants.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver, Release, Estoppel, Unclean Hands, Avoidable Consequences, and Laches)**

6.      As a separate and distinct defense, Defendants allege that the Plaintiffs' claims are barred by the doctrines of waiver, release, estoppel, unclean hands, avoidable consequences, and laches.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

7.      As a separate and distinct defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part.  Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years).  29 U.S.C. § 255.  Plaintiffs' claims do not arise out of a willful violation, so the applicable statute of limitations under the FLSA is two years.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Not Entitled to Overtime)**

8.      As a separate and distinct defense, Defendants allege that Plaintiffs' claims are barred to the extent that they did not work more than forty (40) hours in any given workweek, and, therefore, are not entitled to overtime under the FLSA or state law.

**NINTH AFFIRMATIVE DEFENSE**
**(Properly Compensated)**

9.      As a separate and distinct defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings,

approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, under 29 U.S.C. § 259.

## TENTH AFFIRMATIVE DEFENSE
### (Not Entitled to Liquidated Damages)

10.     As a separate and distinct defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.  Accordingly, the Court should exercise its discretion to eliminate and/or reduce any potential award of liquidated damages under 29 U.S.C. § 260.

## ELEVENTH AFFIRMATIVE DEFENSE
### (State Law Claims Preempted)

11.     As a separate and distinct defense, Defendants allege that the FLSA preempts Plaintiffs' state law claims in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE
### (Overtime Calculated)

12.     As a separate and distinct defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, because any payments for overtime owed—and which Defendants deny is owed—must be calculated at no more than one-half of each individual's regular rate of pay for the workweek in which the time was worked.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Paid for All Hours Worked)

13.     As a separate and distinct defense, Defendants allege that Plaintiffs were paid for all hours they reported working.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (*De Minimis*)

14.     As a separate and distinct defense, Defendants allege that Plaintiffs are barred from recovering under the "*de minimis*" doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Knowledge of Work)

15.     As a separate and distinct defense, Defendants allege that Plaintiffs' claims are barred, in whole or in part, as to all hours allegedly worked that Defendants did not suffer or permit Plaintiffs to work, of which Defendants lacked actual or constructive knowledge, or which Plaintiffs deliberately misreported by failing to report all hours worked.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Class Action Foreclosed/Barred)

16.     As a separate and distinct defense, Defendants allege that, by Order of the Honorable Steward D. Aaron, U.S.M.J., dated February 9, 2024, Plaintiffs are barred from hereafter moving, pursuant to FED. R. CIV. P. 23, for the certification of a class with respect to their NYLL claims in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Hours Worked)

17.     As a separate and distinct defense, Defendants allege that the TAC fails, in whole or in part, because the time that Plaintiffs spent commuting to and/or from work do not constitute compensable "hours worked" under the FLSA and other applicable federal and state laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Fully Compensated)

18.     As a separate and distinct defense, Defendants allege that Plaintiffs were compensated at all times in compliance with applicable FLSA and NYLL requirements.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Collective Action Foreclosed/Barred)

19.     As a separate and distinct defense, Defendants allege that, by virtue of the Order of the Honorable Stewart D. Aaron, U.S.D.J., dated February 9, 2024, and which decertified the FLSA § 216(b) collective that had been previously certified, conditionally, Plaintiffs are barred from hereafter seeking to certify or re-certify, whether conditionally or otherwise, a FLSA § 216(b) collective action.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Plaintiffs Lack Standing)

20.     As a separate and distinct defense, Defendants allege that Plaintiffs lack standing to maintain this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Exempt Status)

21.      As a separate and distinct defense, Defendants allege that Plaintiffs' overtime claims are barred to the extent that Plaintiffs are exempt from the overtime requirements of the FLSA or New York State laws.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Offset)

22.     As a separate and distinct defense, Defendants allege that in the event that any sum may be found due and owing to Plaintiffs, Defendants are entitled to an offset against the said sum to the extent paid, tenders, waived, compromised, and/or released, including, but not limited to, those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or overpayment of wages paid in some other pay period during the Plaintiffs' employment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Principal Activities of Employment)

23.     As a separate and distinct defense, Defendants allege that some or all of the activities for which Plaintiffs seek overtime compensation under the FLSA and/or NYLL were not an integral, essential, and/or indispensable part of the principal activities of their employment, and, accordingly, were, and remain, non-compensable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Occupations Not Covered)

24.     As a separate and distinct defense, Defendants allege that Plaintiffs did not work in trades and/or occupations covered by rates set forth in the New York Prevailing Wage Law, or for which the payment of prevailing wages has been recognized or deemed required by the Office of the New York City Comptroller.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Complete and Timely Payments Made)

25.     As a separate and distinct defense, Defendants allege that, at all times, Defendants made complete and timely payments of all wages due to Plaintiffs under Article 6 or Article 19 or Article 19-A of the NYLL, or under the FLSA.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Adequate Notice to Plaintiffs)

26.     As a separate and distinct defense, Defendants allege that, at all times, Defendants provided Plaintiffs with adequate notice of wage information pursuant to NYLL § 195(1).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Defendants Acted in Good Faith in Providing Adequate Notice)

27.     As a separate and distinct defense, Defendants allege that, at all times, Defendants reasonably believed, in good faith, that they had provided Plaintiffs with adequate notice of wage information pursuant to NYLL § 195(1).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Injury Resulted from Act or Omission of Plaintiffs)

28.    As a separate and distinct defense, Defendants allege that one or more of the claims pleaded in the TAC are barred on the grounds that the losses or harms allegedly sustained by Plaintiffs, if any, resulted from the acts or omissions of Plaintiffs, and/or were proximately caused by the actions or inactions of Plaintiffs.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to seek leave of court to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray that:

i.    the TAC be dismissed in its entirety and with prejudice;

ii.    Plaintiffs take nothing by this action;

iii.    Defendants be awarded their costs and attorneys' fees incurred in connection with the defense of this action; and

iv.    Defendants be awarded such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
      March 7, 2024

**GRAE & GRAE, LLC**

By: _____
Previn A. Waran
The Equitable Building

49

120 Broadway, Floor 28
New York, New York 10271
Tel.: (212) 221-8763
E-mail: pwaran@graelaw.com
*Attorneys for Defendants*
*Kelco Construction, Inc., Kelco*
*Landscaping, Inc., E.L.M. General*
*Construction Corp. d/b/a Kelly's Crew,*
*John Kelly, and Joseph Provenzano*