

MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

March 20, 2024

**VIA ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_03/21/2024_
```

Hon. Stewart D. Aaron, USMJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Alvarez v Kelco Landscaping, Inc et al,* Case No. 21-cv-09014-JGLC-SDA

Dear Judge Aaron:

  As Your Honor is aware, I represent the Plaintiffs in the above captioned matter.  On Monday the deposition of Carlos Alvarez Chicas was completed.  As the Court is also well aware, there were allegations made by the Defendants during Monday's conference that Angel Martinez, one of the named Plaintiffs, had informed them directly that he had not retained me to represent him nor was I authorized to file this lawsuit on his behalf.  The Court instructed me to furnish the retainer agreements by this Friday.  I annex hereto the retainer agreement signed by Mr. Martinez, as it is germane to the issues raised herein, and will furnish the remaining agreements under separate cover.

  I write to request a conference at the Court's earliest convenience regarding an anticipated motion to withdraw as counsel for all Plaintiffs, or in the alternative, for a settlement conference with the Court, as well as a stay of the Plaintiffs' depositions pending the outcome of that motion.  Defendants have indicated that they do not consent to the motion to withdraw or any stay, and intend to proceed with the depositions of the plaintiffs on separate days, rather than doubling up as was suggested by the Court, stating:

  [U]nless you/they are willing to stipulate, as we did with respect to Mr. Alvarez, that they are neither claiming nor seeking to recover any allegedly unpaid or underpaid wages for work performed at (1) any ELM worksites or (2) any Kelco worksites at which they worked as ELM employees, I don't think that we will be able to avoid having to examine each such witness with respect to the contents of each of his available paystubs.

  The testimony of Mr. Alvarez appears to contradict the claims made by other jointly represented clients.  The New York Rules of Professional Conduct permit a lawyer, as here, to represent multiple clients in a single case, *as long as the interests of the clients are aligned and not in conflict with each other.*  Here, it appears that there may be an unwaivable conflict between Mr. Carlos Alvarez Chicas and the Plaintiffs who were employed by ELM General Contracting.

Hon. Stuart D. Aaron, USMJ
March 20, 2024
Page 2



MOSER LAW FIRM, PC

Finally, the most important part of the attorney-client relationship – trust – has been irreparably damaged.  Earlier in this case two individuals who had opted-in indicated to the Defendants that they had mistakenly filed consent to join forms and accused the undersigned of refusing to honor their wish to withdraw from the collective.  This animosity toward Plaintiffs' counsel and potential communications with the Defendants by our clients was originally thought to be limited to the opt-in plaintiffs.  However, another client informed me today for the first time that he has lost interest in the case and doesn't want to be involved any more.[1]

Following the allegations made on Monday we reached out to Mr. Martinez.  Apparently, Mr. Martinez has a workers' compensation claim pending with regard to his employment with defendants.  Based upon the advice of his workers' compensation counsel, he sent a text message to Anthony Paglinco, one of the Defendants' managers, saying that he wanted his job back.  Instead of responding to the text message, Mr. Paglinco called Mr. Martinez and invited him to the Defendants' offices at 25 Newton Avenue in Hauppauge.  Upon arriving, however, Mr. Paglinco did not address the issue of whether Mr. Martinez would be re-hired.  Instead, he spoke about the within action and informed Mr. Martinez that the Defendants would be willing to pay $1,500 to him  to settle the case, and that all he needed to do was call me and instruct me that he was willing to accept that amount.

Another reason for withdrawal is that it appears as though statements made by Mr. Carlos Alvarez Chicas at his deposition on Monday may contradict the undersigned's various representations to the Court.  He also testified that he could not remember approximately when he spoke with Shirley Navarro-Losito regarding the settlement offer which was communicated to him.  He stated that the conversation with Ms. Navarro-Losito happened in the last 3 weeks, but could not be more specific.  Moreover, he denied responding to the offer.  At one point at the deposition on Monday, Mr. Waran asked Mr. Alvarez Chicas – "Are you lying or is Mr. Moser lying?"  His response was "I don't know."

Today, I spoke with another of my clients who informed me that approximately a week and a half ago he received a call from a blocked number.  The caller did not identify himself and said that he was calling on behalf of Kelco.  The caller indicated that if the current settlement offer that had been communicated to him by his attorney was not enough, that the defendants could pay more.

Today the attorneys for the respective parties conferred in good faith. I explained to opposing counsel that, based upon Mr. Alvarez's testimony, I had concerns about joint representation and had regarding whether or not the remaining Plaintiffs would take positions adverse to counsel and/or adverse to each other.

On Friday, March 15, 2024 Mr. Waran confided in me: "My clients want to bury you." Reacting emotionally, I shouted that if they were going to try to "bury" me, that I would "bury" them.

---

[1] As I write this letter I am afraid that my clients will deny their statements to me.



Hon. Stuart D. Aaron, USMJ
March 20, 2024
Page 3

MOSER LAW FIRM, PC

   Today I sought ethical counsel for the Moser Law Firm and was informed that withdrawal from representation of all plaintiffs was advisable.  In the alternative, we remain amenable to a virtual or in-person settlement conference with Your Honor.

   It is my understanding that Defendants consent to the request for a settlement conference, but not to any stay of the Plaintiffs' depositions.  Defendants have declined to adjourn the pending depositions and are continuing to accrue costs and expenses that they want the Plaintiffs to pay in order to make a record that the Plaintiffs did not appear on their noticed dates.

   For the foregoing reasons I respectfully request a conference with the Court at Your Honor's earliest convenience, and that the depositions of the Plaintiffs be immediately stayed pending the conclusion of the conference.

       Respectfully Submitted,

       *Steven J. Moser*

       Steven J. Moser

CC:  All counsel of record via ECF

Plaintiffs' Letter Motion is GRANTED IN PART and DENIED IN PART. Based upon the representations made by Plaintiffs' counsel in this letter, including regarding the legal advice he received "that withdrawal from representation of all plaintiffs was advisable," Plaintiffs' counsel shall file his motion to withdraw as counsel for Plaintiffs no later than 3/26/2024, in compliance with Local Civil Rule 1.4, and shall serve such motion and a copy of this Order upon each of his Plaintiff-clients. Any papers in opposition to such motion from the Defendants shall be filed no later than 4/5/2024. Any papers in opposition to such motion from the Plaintiff-clients shall be delivered to Plaintiffs' counsel by them no later than 4/5/2024. In turn, Plaintiffs' counsel shall file on the ECF docket any such opposition papers that he receives from his clients as soon as practicable, but no later than 4/8/2024. No later than today, 3/21/2024, at 5:00 p.m., Defendants' counsel shall show cause why discovery in this case should not be stayed pending the Court's decision on Plaintiffs' counsel's motion to withdraw. Any depositions scheduled for today hereby are adjourned *sine die*.

SO ORDERED.
Dated: 3/21/2024