# GRAE & GRAE LLC

The Law Firm                                                                                           www.graelaw.com

**Previn A. Waran**
**Partner**
School House Plaza
374 Millburn Ave., Suite 200E
Tel. (212) 221-8763
E-mail: pwaran@graelaw.com

April 19, 2024

**VIA CM/ECF**
The Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1970
New York, New York 10007

> Re:   **Alvarez Chicas et al. v. Kelco Construction, Inc. et al.** – 1:21-cv-09014-JGLC-SDA

Dear Judge Aaron:

      The undersigned's law offices are counsel to Defendants Kelco Construction, Inc. ("Kelco"), Kelco Landscaping, Inc., E.L.M. General Construction Corp. ("E.L.M."), John Kelly, and Joseph Provenzano (collectively, the "Defendants") in connection with the above-referenced action.  We write, in accordance with the directive set forth in Your Honor's order, dated March 27, 2024, and in response to the motion (the "Motion") of Steven J. Moser, Esq. ("Attorney Moser") to withdraw as counsel for Plaintiffs Carlos Alvarez Chicas ("Chicas"), Alonso Villatoro, Misael Alexander Martinez Castro, Angel Martinez ("Martinez"), Edwin Ulloa Moreira, and Mateo Umaña (collectively, the "Plaintiffs").  Although Defendants do not have any opposition, *per se*, to the Motion, a formal response thereto is nonetheless warranted in order to clarify certain representations made by Attorney Moser therein, and to ensure the protection of Defendants' various interests in the event that the Court were to grant such application.

      As an initial matter, Defendants would respectfully submit that what Attorney Moser refers to as an "unwaivable conflict of interest" preclusive of his joint representation of Plaintiffs is, in reality, nothing more than testimony that, albeit admittedly unfavorable, merely contradicts, and, therefore, forcefully calls into question the credibility of, the remaining Plaintiffs' so-called drive-time claims.  Specifically, and in contradiction of the remaining Plaintiffs' claims, Chicas repeatedly testified that, on each occasion that he claims to have come to Kelco's facility to pick up and load/unload a company courtesy vehicle, he was alone, and, moreover, that it was only the drivers of the courtesy vehicles, as opposed to the passengers, that ever performed such tasks.  Still further, Chicas testified emphatically that he would always pick up and drop off those of his fellow employees that wished to be driven to work at various park and ride locations away from Kelco's home offices.  Such testimony flatly belies the remaining Plaintiffs' allegations that they were required to report to Kelco's or E.L.M.'s "facilities" in order to avail themselves of the ride-share, and that, whenever they did so, they were required to load and/or unload the courtesy vehicles.  Insofar as these allegations serve as the linchpin of Plaintiffs' drive-time claim, Chicas's testimony was particularly damaging.  That such

testimony may have undercut Plaintiffs' claims, however, does not necessarily mean that a conflict of interest mandating attorney withdrawal has been presented.

That said, Defendants wish to be clear that they do not purport to know the extent, if any, to which Plaintiffs' and Attorney Moser's relationship may have deteriorated, or to suggest that their relationship, if already impaired, might still be salvaged. That the relationship does, however, appear to have grown strained, is strongly suggested by the fact that Martinez, despite having executed a retainer agreement with Attorney Moser, disclaimed having ever consented to Attorney Moser's representation of him in connection with the action. Similarly, while Attorney Moser emphatically represented to Your Honor that each of the Plaintiffs had categorically rejected Defendants' settlement offers, Chicas, at his deposition, repeatedly denied ever having done so. Moreover, when asked, given the plainly contradictory nature of their representations, whether it was him or Attorney Moser that was telling the truth, Chicas attempted to hedge, first stating that "[i]t might be that I am lying," but ultimately claiming that he "do[es]n't know" who was being dishonest. Based on the foregoing, it would seem that any concerns that Attorney Moser might have with respect Plaintiffs' willingness to make material misrepresentations in furtherance of their collective and/or individual interests in this action may be well-founded. Under such circumstances, that Attorney Moser is under an obligation to prevent them from doing so, or otherwise withdraw as their counsel, is manifest.

Separate and apart from the foregoing, Defendants would note that, despite having been directed by the Court, in its Order dated March 21, 2024, to disclose to Defendants the name of the plaintiff that "has lost interest in the case and doesn't want to be involved anymore[,]" Attorney Moser has yet to do so. Accordingly, and regardless of whether the Court grants his Motion, Attorney Moser must be compelled to forthwith disclose the identity of such individual so as to facilitate his prompt withdrawal from the action. Finally, the matter of Defendants' costs incurred in connection with the multiple depositions, duly noticed for various dates in or about December, 2023, and at which Plaintiffs failed, without notice or explanation, to appear, remains unresolved. While Your Honor had helpfully suggested that the parties, in endeavoring to settle the action, credit such costs against whatever figure they might ultimately agree upon, it appears that, based on the matter's current posture, this may no longer be a possibility. Accordingly, Defendants would respectfully request that the Court direct Plaintiffs and/or Attorney Moser to make Defendants whole in respect of any and all such costs, the precise value thereof having already been substantiated to Attorney Moser via documentary proffer at the time that he and the undersigned were actively negotiating the potential resolution of this action.

We thank the Court for its time and attention to these matters.

Respectfully submitted,

Previn A. Waran

2