**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2024
```

**Carlos Alvarez Chicas, et al.,**

                                **Plaintiffs,**

        **-against-**

**Kelco Construction, Inc. et al.,**

                                **Defendants.**

**1:21-cv-09014 (JGLC) (SDA)**

<u>**OPINION AND ORDER**</u>

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion, dated March 26, 2024, by Plaintiffs' counsel Steven J. Moser ("Attorney Moser") to withdraw from representing all Plaintiffs in this action, pursuant to Local Civil Rule 1.4. (Motion to Withdraw, ECF Nos. 189/190.[1]) For the reasons set forth below, Attorney Moser's Letter Motion is GRANTED.

<u>**BACKGROUND**</u>

On November 2, 2021, the Complaint was filed in this putative class/collective action by Plaintiffs Carlos Alvarez Chicas and Alonso Villatoro against Defendants Kelco Construction, Inc., E.L.M. General Construction Corp., John Kelly and Joseph Provenzano to recover, among other things, overtime wages and prevailing wages as third-party beneficiaries of public works contracts. (*See* Compl., ECF No. 1, Prayer for Relief.) On January 18, 2022, Defendants filed their Answer to the Complaint. (Defs.' Answer, ECF No. 23.)

On May 9, 2022, Plaintiffs filed a motion to amend (Pls.' 5/9/22 Not. of Mot., ECF No. 34) including a proposed First Amended Complaint ("FAC"). (Proposed FAC, ECF No. 34-1.) The

---

[1] ECF No. 189 is a publicly filed, redacted version of ECF No. 190, which was filed under seal and *ex parte*.

Proposed FAC added Misael Alexander Martinez Castro, Angel Martinez, Edwin Ulloa Moreira and Mateo Umana as named Plaintiffs. (*See id*.) On June 4, 2022, prior to any response by Defendants to Plaintiffs' motion to amend, Plaintiffs' counsel sent to Defendants' counsel a further amended pleading. (Defs.' 6/18/22 Ltr., ECF No. 46, at 1.) By letter dated June 24, 2022, Defendants advised the Court that they consented to the filing of Plaintiffs' amended pleading.[2] (Defs.' 6/24/22 Ltr., ECF No. 48, at 1.) Thereafter, with leave of Court (6/27/22 Order, ECF No. 49), Plaintiffs filed their First Amended Complaint. (FAC, ECF No. 50.)

On December 14, 2022, before Defendants answered the FAC, Plaintiffs furnished a proposed Second Amended Complaint ("SAC") to the Defendants, which added Kelco Landscaping, Inc. ("Kelco Landscaping") as a defendant. (*See* Pls.' 12/19/22 Ltr., ECF No. 60, at 1; Proposed SAC, ECF No. 60-1.) Defendants consented to the filing of the SAC. (*See id*.) After the Court granted leave (12/19/22 Order, ECF No. 61), Plaintiffs filed their SAC on December 29, 2022. (*See* SAC, ECF No. 68.)

On January 20, 2023, Defendants filed a partial motion to dismiss the SAC, seeking, among other things, dismissal of claims against Kelco Landscaping and the prevailing wage contract claim.[3] (*See* Defs.' 1/20/23 Not. of Mot., ECF No. 69; Defs.' 1/20/23 Mem., ECF No. 70.) On March 22, 2023, prior to any response by Plaintiffs to Defendants' motion, Defendants consented to Plaintiffs filing a further proposed amended pleading. (*See* Pls.' 3/23/23 Ltr., ECF No. 110, at 1.)

---

[2] Defendants' June 24, 2022 letter stated that Defendants consented to the filing of a second amended complaint by Plaintiffs (*see* Defs.' 6/24/22 Ltr. at 1), but since a first amended complaint only had been proposed by Plaintiffs and never had been filed, the pleading that Plaintiffs later filed at ECF No. 50 was denominated their First Amended Complaint on the ECF docket.

[3] On February 19, 2023, the Court granted conditional certification of three collective classes under the Fair Labor Standards Act ("FLSA"). *See Chicas v. Kelco Constr., Inc*., No. 21-CV-09014 (PAE) (SDA), 2023 WL 2072026, at *7 (S.D.N.Y. Feb. 19, 2023).

Thereafter, with leave of Court (3/24/24 Memo Endorsement, ECF No. 111), Plaintiffs filed their Third Amended Complaint ("TAC"). (*See* TAC, ECF No. 112.)

On June 12, 2023, Defendants filed a partial motion to dismiss the TAC (Defs.' 6/12/23 Not. of Mot., ECF No. 149), which was referred to the undersigned for a report and recommendation. (Am. Order of Ref., ECF No. 152.) On July 25, 2023, the undersigned recommended that that Defendants' motion be denied insofar as it sought to dismiss claims asserted in the TAC against Kelco Landscaping, that it be granted insofar as it sought to dismiss the prevailing wage contract claim (*i.e.*, the Fourth Cause of Action) and that Plaintiffs be given leave to replead the Fourth Cause of Action. *Chicas v. Kelco Constr., Inc.*, No. 21-CV-09014 (JGLC) (SDA), 2023 WL 5016457, at *5 (S.D.N.Y. July 25, 2023). On August 16, 2023, the undersigned's recommendation was adopted. *Chicas v. Kelco Constr., Inc.*, No. 21-CV-09014 (JGLC) (SDA), 2023 WL 5278515 (S.D.N.Y. Aug. 16, 2023).

During a telephone conference on February 9, 2024, the parties stipulated and agreed that the conditionally certified collective under the FLSA was decertified such that the FLSA claims were asserted solely by the six individually-named Plaintiffs: Carlos Alvarez Chicas, Alonso Villatoro, Misael Alexander Martinez Castro, Mateo Umana, Angel Martinez and Edwin Ulloa Moreira; that Plaintiffs would not move for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to the New York Labor Law ("NYLL") claims in this action such that the NYLL claims are asserted solely by the six individually-named Plaintiffs; and that Plaintiffs chose not to replead, and abandoned, their Fourth Cause of Action. (2/9/24 Order, ECF No. 176, ¶ 1.)

On March 20, 2024, Attorney Moser filed a Letter Motion requesting a conference for his anticipated motion to withdraw as counsel, or in the alternative, a settlement conference requesting a stay of Plaintiffs' depositions pending the Court's resolution of the aforesaid motion. (Pls.' 3/20/24 Ltr. Motion, ECF No. 183, at 1-2.) The Court permitted Attorney Moser to proceed with his contemplated motion to withdraw and stayed discovery in this action pending its resolution of the same. (3/21/24 Order #1, ECF No. 184; 3/21/24 Order #2, ECF No. 186.)

On March 26, 2024, Attorney Moser filed the Letter Motion now before the Court seeking to withdraw as counsel, stating that "the most important part of the attorney-client relationship – trust – has been damaged," that "there is a potential conflict between Mr. Carlos Alvarez Chicas and the Plaintiffs who were employed by ELM General Contracting" and that "there is a potential conflict between Mr. Alvarez and the undersigned." (Motion to Withdraw at 2-3.) By Order, dated March 27, 2024, the Court directed any Plaintiffs who opposed the Letter Motion to deliver to Attorney Moser no later than April 19, 2024, a written opposition to the Letter Motion, stating the grounds for opposition and further directed Attorney Moser to file to the ECF docket any and all opposition papers he receives promptly thereafter, but no later than April 22, 2024. (3/27/24 Order, ECF No. 191, at 1.) On March 27, 2024, Plaintiffs were served with copies of the 3/27/24 Order, including Spanish translations thereof (*see* Aff. of Service, ECF No. 192), but no opposition papers from any Plaintiff have been filed to date.

Defendants filed a response to the Letter Motion by Attorney Moser to withdraw as counsel for Plaintiffs, indicating that Defendants had no opposition to the Letter Motion. (*See* Defs.' 4/19/24 Ltr., ECF No. 193, at 1.) In their response (*see id*. at 2), Defendants request that Attorney Moser be compelled to disclose the identity of the individual who has "lost interest in

the case[,]" as required by the Court's March 21, 2024 Order. (*See* 3/21/24 Order, ECF No. 186.)

Attorney Moser already has made such disclosure to the Court. In a redacted portion of the Letter

Motion filed at ECF No. 190, Attorney Moser states that Edwin Ulloa "advised [Attorney Moser]

that he was no longer interested in the case and did not want to be involved anymore."[4]

## LEGAL STANDARDS

Withdrawal of counsel is governed by Local Civil Rule 1.4, which provides:

An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

S.D.N.Y. & E.D.N.Y. Local Civ. R. 1.4.

Satisfactory reasons for withdrawal include, for example, an acrimonious relationship

developing between the law firm and the plaintiff, *see Munoz v. City of New York*, No. 04-CV-

01105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008), and the existence of an

irreconcilable conflict between attorney and client. *See Griffin v. Norwegian Cruise Line, Ltd.*, No.

01-CV-09755 (PKL), 2002 WL 500375, at *1 (S.D.N.Y. Apr. 3, 2002). Ultimately, the decision

"[w]hether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the

---

[4] In their response, Defendants also request "that the Court direct Plaintiffs and/or Attorney Moser to make Defendants whole" for the "costs incurred in connection with the multiple depositions, duly noticed for various dates in or about December, 2023, and at which Plaintiffs failed, without notice or explanation, to appear." (Defs.' 4/19/24 Ltr. at 2.) This issue previously had been raised by Defendants (*see* 2/9/24 Tr., ECF No. 177, at 18-19, 23-24), but remains unresolved. If Defendants intend to pursue these costs, they shall file a motion, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, no later than May 10, 2024.

trial court." *SEC v. Gibraltar Global Secs., Inc.*, No. 13-CV-02575 (GBD) (JCF), 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015) (internal quotation marks and citations omitted).

## DISCUSSION

Having carefully considered the Letter Motion, including the portions thereof filed under seal *ex parte*, the Court, in its discretion, finds that Attorney Moser has made a showing of satisfactory reasons for withdrawal. Thus, the Court hereby grants the Letter Motion to withdraw.

Plaintiffs are advised that they may secure new counsel or may appear *pro se*, but are required to comply with all Court Orders and deadlines. Failure to do so may result in the imposition of sanctions, up to and including an Order that this case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b). In addition, each Plaintiff has an independent duty to advise the Court of his address and to inform the Court of any changes to his address. *See Reyes v. NY F&B Servs. LLC*, No. 15-CV-02882 (LTS) (DCF), 2016 WL 3826283, at *1 n.1 (S.D.N.Y. July 12, 2016) ("duty to inform the Court and defendants of any changes of address is an obligation that rests with all *pro se* plaintiffs") (internal quotation marks and citation omitted).

## CONCLUSION

For the foregoing reasons, Attorney Moser's Letter Motion to withdraw is GRANTED. Attorney Moser promptly shall serve a copy of this Order (including a Spanish-language translation thereof) on each of the Plaintiffs and, no later than May 1, 2024, shall file proof of service on the ECF docket. In addition, by the same date, Attorney Moser shall file a letter to the ECF docket with the last known address and contact information for each Plaintiff.

The Court hereby retains jurisdiction over Attorney Moser with respect to any motion filed by Defendants, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, by May 10, 2024. (*See* footnote 4, *supra*.) Accordingly, Attorney Moser shall not be terminated from the ECF docket at this time.

Plaintiffs and Defendants shall appear for a telephone conference on Wednesday, May 29, 2024, at 2:00 p.m. to discuss the status of this action. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745.

**SO ORDERED.**

Dated:       New York, New York
             April 26, 2024

_____
STEWART D. AARON
United States Magistrate Judge